# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# MIDLAND-ODESSA DIVISION

| | |
|---|---|
| RICHARD LOGAN, Individually and On Behalf of All Others Similarly Situated, | Case No. 7:19-cv-217-DC |
| Plaintiff, | CLASS ACTION |
| v. | |
| PROPETRO HOLDING CORP., DALE REDMAN, JEFFREY SMITH, IAN DENHOLM, SPENCER D. ARMOUR, III, SCHUYLER E. COPPEDGE, STEPHEN HERMAN, MATTHEW H. HIMLER, PETER LABBAT, GOLDMAN, SACHS & CO., BARCLAYS CAPITAL INC., CREDIT SUISSE SECURITIES (USA) LLC, J.P. MORGAN SECURITIES LLC, EVERCORE GROUP L.L.C., RBC CAPITAL MARKETS, LLC, PIPER JAFFRAY & CO., RAYMOND JAMES & ASSOCIATES, INC., DEUTSCHE BANK SECURITIES INC., JOHNSON RICE & COMPANY L.L.C., and TUDOR, PICKERING, HOLT & CO. SECURITIES, INC., | |
| Defendants. | |

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE UNOPPOSED MOTION OF THE INSTITUTIONAL INVESTORS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF THEIR SELECTION OF LEAD COUNSEL**

The Institutional Investors respectfully submit this memorandum of law in further support of their unopposed motion for appointment as Lead Plaintiff and approval of their selection of counsel in the ProPetro securities class action.[1]  *See* ECF No. 35.

The Institutional Investors are the presumptive Lead Plaintiff in this action.  The Institutional Investors' motion is unopposed and, with losses of approximately $4.9 million on their Class Period investments in ProPetro securities, they have the "largest financial interest" in the outcome of the litigation.  15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(bb); *see also* ECF No. 35-4.  The Institutional Investors also satisfy the typicality and adequacy requirements of Rule 23 and are ideally suited to represent the Class.  *See* 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(cc); ECF No. 35-1 at 5-6.  As sophisticated institutional investors with extensive experience serving as fiduciaries, the Institutional Investors fully understand the Lead Plaintiff's obligations to the Class and have the experience, resources, and commitment to vigorously prosecute this action.  *See* ECF No. 35-6 ¶¶ 6-9.

Aside from the Institutional Investors, four other Class members initially filed motions seeking appointment as Lead Plaintiff: (1) United Food and Commercial Workers International Union Local 464A and the Trustees of Local 464A United Food and Commercial Workers Union Welfare Service Benefit Fund, Welfare and Pension Funds of Local 464A – Pension Fund, and New York-New Jersey Amalgamated Pension Plan for ACME Employees ("Local 464A"); (2) City of Boca Raton Police and Firefighters Retirement System ("Boca Raton"); (3) Carson Weber, Kara Zajac, Sean Henry, and Randall Ford ("ProPetro Investor Group"); and (4) Nicholas Friedman ("Friedman").  In recognition that the Institutional Investors have the largest financial

---

[1] All capitalized terms are defined in the Institutional Investors' initial brief, unless otherwise indicated.  *See* ECF No. 35-1.

interest of any movant and are otherwise adequate to represent the Class, all four movants have withdrawn their motions or stated that they do not oppose the Institutional Investors' appointment.[2]

Because the Institutional Investors have the largest financial interest in the litigation and have made a *prima facie* showing of their typicality and adequacy, and their motion is unopposed, they are entitled to appointment as Lead Plaintiff. Under the PSLRA, the presumption entitling the Institutional Investors to appointment as Lead Plaintiff can only be rebutted "upon proof" that the Institutional Investors are inadequate or atypical. 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II). Here, no movant opposes the Institutional Investors' appointment as Lead Plaintiff, as there are no grounds to challenge their qualifications to represent the Class.

Indeed, the Institutional Investors are exactly the kind of Lead Plaintiff Congress envisioned when enacting the PSLRA. *See* H.R. Conf. Rep. No. 104-369, at *34 (1995), reprinted in 1995 U.S.C.C.A.N. 730, 733 (1995) ("The Conference Committee believes that increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions."); *In re Kosmos Energy Ltd. Sec. Litig.*, 2012 WL 6199318, at *2 n.2 (N.D. Tex. Nov. 1, 2012) (noting that "through the PSLRA, Congress has unequivocally expressed its preference for securities fraud litigation to be directed by large institutional investors") (citation omitted).

As set forth in their Joint Declaration, the Institutional Investors are sophisticated and experienced institutional investors that are the paradigmatic Lead Plaintiff and are committed to achieving the best possible result for the Class. *See* ECF No. 35-6 ¶¶ 2-7. In fact, members of the

---

[2] *See* ECF Nos. 37 (Friedman withdrawal) and 39 (ProPetro Investor Group withdrawal); ECF Nos. 40 (Local 464A acknowledging that the Institutional Investors "possess the largest financial interest in this litigation" and stating that it "does not oppose the Institutional Investors' motion") and 41 (Boca Raton notice of non-opposition).

2

Institutional Investors have a prior history of success serving as members of Lead Plaintiff groups in securities class actions prosecuted under the PSLRA, recovering hundreds of millions of dollars on behalf of defrauded investors in those actions. *See id.* ¶¶ 3-5. Moreover, prior to seeking appointment as Lead Plaintiff, representatives of the Institutional Investors formalized their leadership over this action, including by participating in a conference call to discuss, among other things, litigation strategy, their commitment to overseeing Lead Counsel and this litigation, and their common goals in ensuring that this action is litigated efficiently, zealously and in the best interests of the Class. *See id.* ¶¶ 7-12. This evidence demonstrates that the Institutional Investors will provide excellent representation to the Class in this case. *See, e.g.*, *Kakkar v. Bellicum Pharm., Inc.*, 2019 WL 1367653, at *4 (S.D. Tex. Mar. 26, 2019) (appointing a group of investors where the "joint declaration submitted by the group demonstrate[d] their plan to 'coordinate their efforts, oversee counsel, and diligently prosecute this litigation for the benefit of the class'").

      For the reasons discussed above and in their opening motion, the Institutional Investors respectfully request that the Court appoint them as Lead Plaintiff, approve their selection of Bernstein Litowitz and G&E as Lead Counsel for the Class, and grant such other relief as the Court may deem just and proper.

Dated: November 22, 2019                                            Respectfully submitted,

                                                                                   **MARTIN & DROUGHT, P.C.**

                                                                                    */s/ Gerald T. Drought*
                                                                                    Gerald T. Drought
                                                                                   State Bar No. 06134800
                                                                                  Federal Bar No. 8942
                                                                                  Frank B. Burney
                                                                                  State Bar No. 03438100
                                                                                  Bank of America Plaza, 25th Floor
                                                                                 300 Convent Street
                                                                                 San Antonio, Texas 78205
                                                                                 Telephone: (210) 227-7591

Facsimile: (210) 227-7924
gdrought@mdtlaw.com
fburney@mdtlaw.com

*Liaison Counsel for the Institutional Investors*

**BERNSTEIN LITOWITZ BERGER
 & GROSSMANN LLP**

Jeroen van Kwawegen
Avi Josefson
Michael D. Blatchley
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
jeroen@blbglaw.com
avi@blbglaw.com
michaelb@blbglaw.com

**GRANT & EISENHOFER P.A.**

Jay W. Eisenhofer
Daniel L. Berger
Jonathan D. Park
485 Lexington Avenue
New York, NY 10017
Telephone: (646) 722-8500
Facsimile: (646) 722-8501
jeisenhofer@gelaw.com
dberger@gelaw.com
jpark@gelaw.com

*Counsel for the Institutional Investors and Proposed Lead Counsel for the Class*

**CERTIFICATE OF SERVICE**

    I certify that on November 22, 2019, a true and correct copy of the foregoing document was filed with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to all counsel of record.

                                            */s/ Gerald T. Drought*
                                            Gerald T. Drought