IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| **RICHARD LOGAN, individually and** | § | |
| **on behalf of all others similarly situated,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **MO:19-CV-217-DC** |
| | § | |
| **PROPETRO HOLDING CORP., DALE** | § | |
| **REDMAN, JEFFREY SMITH, IAN** | § | |
| **DENHOLM, SPENCER D. ARMOUR, III,** | § | |
| **SCHUYLER E. COPPEDGE, STEPHEN** | § | |
| **HERMAN, MATTEW H. HIMLER, PETER** | § | |
| **LABBAT, GOLDMAN, SACHS & CO.,** | § | |
| **BARCLAYS CAPITAL INC., CREDIT** | § | |
| **SUISSE SECURITIES (USA) LLC,** | § | |
| **J.P. MORGAN SECURITIES LLC,** | § | |
| **EVERCORE GROUP LLC, RBC CAPITAL** | § | |
| **MARKETS, LLC, PIPER JAFFRAY & CO.,** | § | |
| **RAYMOND JAMES & ASSOCIATES, INC.,** | § | |
| **DEUTSCHE BANK SECURITIES, INC.,** | § | |
| **JOHNSON RICE & COMPANY LLC, and** | § | |
| **TUDOR, PICKERING, HOLT & CO.** | § | |
| **SECURITIES, INC.** | § | |
| *Defendants.* | § | |

## ORDER APPOINTING LEAD PLAINTIFF AND APPROVING LEAD COUNSEL

On this day, the Court considered the status of the above-captioned cause. After due

consideration, the Court **GRANTS** the Motion for Appointment as Lead Plaintiff and Approval

of Their Selection of Lead Counsel filed by Nykredit Portefølje Administration A/S, Oklahoma

Firefighters Pension and Retirement System, Oklahoma Law Enforcement Retirement System,

Oklahoma Police Pension and Retirement System, and Oklahoma City Employee Retirement

System (collectively, the "Institutional Investors"). (Doc. 35). Additionally, the Court **DENIES**

the Joint Motion for Appointment as Lead Plaintiff and Approval of Selection of Counsel filed

by United Food and Commercial Workers International Union Local 464A and the Trustees of

Local 464A United Food and Commercial Workers Union Welfare Service Benefit Fund, Welfare and Pension Funds of Local 464A–Pension Fund, and New York-New Jersey Amalgamated Pension Plan for ACME Employees (collectively, "Local 464A") and the Motion for Appointment as Lead Plaintiff and Approval of Lead Counsel filed by the City of Boca Raton Police and Firefighters Retirement System. (Docs. 32, 33).

## I. BACKGROUND

Plaintiff Richard Logan (Plaintiff) filed the Complaint in this action on September 16, 2019. (Doc. 1). Plaintiff filed this action as a class action on behalf of all persons and entities who purchased or otherwise acquired ProPetro Holding Corp. (ProPetro) securities traceable to the Registration Statement issued in connection with ProPetro's March 2017 initial public offering (IPO) or acquired ProPetro Securities between March 17, 2017 and August 8, 2019, inclusive (the "Class Period"). *Id.* at 2.

Plaintiff brings claims against ProPetro, three of ProPetro's corporate officers: Dale Redman, Jeffrey Smith, Ian Denholm (collectively, the "Officer Defendants"), ProPetro's directors: Spencer D. Armour, III, Schuyler E. Coppedge, Stephen Herman, Matthew H. Himler, Peter Labbat (collectively, the "Director Defendants"), and the underwriters of ProPetro's IPO: Goldman, Sachs & Co., Barclays Capital Inc., Credit Suisse Securities (USA) LLC, J.P. Morgan Securities LLC, Evercore Group LLC, RBC Capital Markets, LLC, Piper Jaffray & Co., Raymond James & Associates, Inc., Deutsche Bank Securities, Inc., Johnson Rice & Company LLC, and Tudor, Pickering, Holt & Co. Securities, Inc. (collectively, the "Underwriter Defendants"). *Id.* at 4–6. Plaintiff alleges that the Registration Statement made in connection with ProPetro's IPO was false and misleading and omitted material adverse facts. *Id.* at 7–9. Additionally, Plaintiff alleges that Defendants made false or misleading statements and failed to

disclose material adverse facts regarding ProPetro's operations and prospects during the Class Period. *Id.* at 9–14.

Plaintiff alleges that in its March 2017 IPO ProPetro sold 25 million shares of common stock at $14.00 per share. *Id.* at 1. After the close of the market on August 8, 2019, ProPetro "issued a press release delaying its second quarter earnings conference call and quarterly report, citing an ongoing review by its audit committee." *Id.* at 3. The August 8, 2019 Form 8-K filed with the Securities and Exchange Commission (SEC) stated in part that the audit committee's review involved transactions with related parties and $370,000 in improper reimbursements to members of senior management. *Id.* On August 9, 2019, ProPetro's "share price fell $4.59 per share, or over 26%, to close at $12.75 per share." *Id.*

The heart of the allegations is that Defendants failed to disclose to investors the following:

> (1) that [ProPetro's] executive officers were improperly reimbursed for certain expenses; (2) that [ProPetro] had engaged in certain undisclosed transactions with related parties; (3) that [ProPetro] lacked adequate disclosure controls and procedures; (4) that [ProPetro] lacked effective internal control over financial reporting; and (5) that, as a result of the foregoing, Defendants' positive statements about [ProPetro's] business, operations, and prospects[] were materially misleading and/or lacked a reasonable basis.

*Id.* at 3. Plaintiff asserts "ProPetro's securities traded at artificially inflated prices during the Class Period" and the prospective class members who acquired ProPetro shares during the Class Period suffered damages due to Defendants' materially false or misleading statements and failures to disclose. *Id.* at 17.

Plaintiff sues all Defendants for violations of Section 11 of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77k; sues the Director Defendants for violations of Section 15

of the Securities Act, 15 U.S.C. § 77o; sues ProPetro and the Officer Defendants for violations of Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder by the SEC, 17 C.F.R. § 240.10b–5; and sues the Officer Defendants for violations of Section 20(a) of the Exchange Act, 15 U.S.C. § 78t(a). *See id.* at 21–26.

On November 15, 2019, the Institutional Investors, Local 464A, and the City of Boca Raton Police and Firefighters Retirement System filed motions asking the Court to appoint them as lead plaintiff and approve their selection of lead counsel. (Docs. 32, 33, 35). Carson Weber, Kara Zajac, Sean Henry, and Randall Ford (collectively, the "ProPetro Investor Group") and Nicholas Friedman also filed motions to be appointed lead plaintiff but withdrew the motions. (*See* Docs. 34, 36, 37, 39). On November 22, 2019, Local 464A and the City of Boca Raton Police and Firefighters Retirement System each filed a Notice of Non-Opposition to the appointment of lead plaintiff acknowledging that they did not have the largest financial interest in the litigation. (Docs. 40, 41).

## II. LEGAL STANDARD

The Private Securities Litigation Reform Act of 1995 (PSLRA), Pub. L. 104-67, 109 Stat. 737, governs the appointment of a lead plaintiff in a securities class action.[1] *See* 15 U.S.C. § 78u–4. No later than twenty days after a private securities class action complaint is filed, the plaintiff is required to publish notice of the action, claims, and proposed class period in a "widely circulated national business-oriented publication or wire service." 15 U.S.C. § 78u–4(a)(3)(A)(i). Within sixty days of the publication of the notice, "any member of the purported class may move the court to serve as lead plaintiff of the purported class." 15 U.S.C. § 78u–4(a)(3)(A)(i)(II).

---

1. The provisions regarding the appointment of lead plaintiff are identical in both the Securities Act and the Exchange Act. *Compare* 15 U.S.C. § 77z–1(a)(3) *with* 15 U.S.C. § 78u–4(a)(3). For convenience, the Court cites only the relevant provisions in the Exchange Act.

The court appoints "the most adequate plaintiff" as lead plaintiff, that is, "the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of the class members." 15 U.S.C. § 78u–4(a)(3)(B)(i). There is a rebuttable presumption that the most adequate plaintiff is the person or group that (1) filed the complaint or a motion to be appointed lead plaintiff, (2) "has the largest financial interest in the relief sought by the class," and (3) "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I).

The statutory presumption may be rebutted by another member of the prospective class who shows that the presumptive lead plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u–4(a)(3)(B)(iii)(II).

In addition, the PSLRA provides that the lead plaintiff will select and retain lead counsel, subject to court approval. 15 U.S.C. § 78u–4(a)(3)(B)(v).

### III. DISCUSSION

Although the Institutional Investors' Motion is unopposed, the Court has an obligation to independently "ensure that the statutory and rule requirements are met." *Cambria Cty. Emps. Ret. Sys. v. Venator Materials PLC*, Civil Action No. H-19-3464, 2019 WL 5328877, at *1 (S.D. Tex. Oct. 21, 2019). Accordingly, the Court will examine the relevant requirements.

#### A. Timely Motion

As previously noted, the PSLRA requires prospective lead plaintiffs to move for appointment as such within sixty days of the date the notice of the action is issued. *See* 15 U.S.C. § 78u–4(a)(3)(A)(i)(II). The notice of this action was published in Business Wire on September 16, 2019. (*See* Doc. 35-7 at 2–3). The sixty-day period to move for appointment as lead counsel

5

expired on November 15, 2019. Consequently, the Institutional Investors' November 15, 2019 Motion was timely. (*See* Doc. 35).

### B. Largest Financial Interest

The PSLRA does not define "largest financial interest in the relief sought" or instruct courts how to determine which prospective lead plaintiff possesses it. Courts in this Circuit have considered the following factors in making the determination: "(1) the number of shares purchased; (2) the number of net shares purchased; (3) the total net funds expended by the plaintiffs during the class period; and (4) the approximate losses suffered during the class period." *In re Enron Corp. Sec. Litig.*, 206 F.R.D. 427, 440 (S.D. Tex. 2002); *see also In re BP, PLC Sec. Litig.*, 758 F. Supp. 2d 428, 433 (S.D. Tex. 2010); *Giovagnoli v. GlobalSCAPE, Inc.*, Civil Action No. SA-17-CV-753-XR, 2017 WL 11220692, at *3 (W.D. Tex. Nov. 6, 2017). "Courts consistently consider the fourth factor—the approximate losses suffered—as most determinative to identify the plaintiff with the largest financial loss." *Giovagnoli*, 2017 WL 11220692, at *3 (collecting cases).

The Institutional Investors allege they have the largest financial interest in the relief the prospective class seeks. (Doc. 35 at 2; *see generally* Doc.35-4). They estimate their losses during the Class Period to be approximately $4.88 million (under either a first in, first out basis, or a first in, last out basis). (Doc. 35 at 2). Together they purchased approximately 550,000 shares in the Class Period. *Id.* A review of the motions demonstrates the Institutional Investors purchased the most shares and had the highest approximate losses of the lead plaintiff movants. (See Docs. 32, 33, 34, 35, 36). This conclusion is further supported by the withdrawals and notices of non-opposition filed by the other lead plaintiff movants. (*See* Docs. 37, 39, 40, 41). Therefore, the

Court determines that the Institutional Investors have "the largest financial interest in the relief sought by the class." *See* 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I)(bb).

### C. Rule 23's Requirements

In addition to the specific requirements of the PSLRA, lead plaintiffs must also satisfy the requirements of Federal Rule of Civil Procedure 23. *See* 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I)(cc). Federal Rule of Civil Procedure Rule 23(a) provides the following:

> One or more members of a class may sue or be sued as representative parties on behalf of all members only if:
> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the class.

Adequacy and typicality are the most relevant inquiries in securities fraud class actions. *In re Enron Corp., Sec. Litig.*, 206 F.R.D. at 441. The current inquiry is not as demanding as that conducted in the context of a motion for class certification, but "the proposed Lead Plaintiff must make at least a preliminary showing that it has claims that are typical of those of the putative class and the capacity to provide adequate representation for those class members." *In re Waste Mgmt., Inc. Sec. Litig.*, 128 F. Supp. 2d 401, 411 (S.D. Tex. 2000).

"The typicality inquiry rests 'less on the relative strengths of the named and unnamed plaintiffs' cases than on the similarity of legal and remedial theories behind their claims.'" *Ibe v. Jones*, 836 F.3d 516, 528–29 (5th Cir. 2016) (quoting *Jenkins v. Raymark Indus. Inc.*, 782 F.2d 468, 472 (5th Cir. 1986)). If the lead plaintiff's claims have the "same essential characteristics of those of the putative class" the typicality requirement is satisfied. *Cleven v. Mid-America Apartment Communities, Inc.*, 328 F.R.D. 452, 460 (W.D. Tex. 2018). In this case, the

Institutional Investors assert that they purchased ProPetro securities during the Class Period at allegedly inflated prices and allegedly suffered harm when the prices fell. (*See* Doc. 35-1 at 7). This is allegedly true of all members of the prospective class. Consequently, the Court finds that the Institutional Investors' claims are typical of the putative class.

Rule 23's adequacy requirement requires courts to examine "the zeal and competence of the representative[s'] counsel" and "the willingness and ability of the representative[s] to take an active role in and control the litigation and to protect the interests of absentees." *Berger v. Compaq Computer Corp.*, 257 F.3d 475, 479 (5th Cir. 2001) (alternations in original). The Institutional Investors have retained firms with significant experience litigating securities class actions. (*See generally* Docs. 35-8, 35-9). Additionally, representatives of the Institutional Investors have acknowledged the responsibilities associated with the lead-plaintiff role and affirmed their commitment to actively overseeing the prosecution of the prospective class's claims. (*See generally* Doc. 35-6). Accordingly, the Court finds that the Institutional Investors are jointly an adequate representative of the putative class.

*     *     *

As the Institutional Investors filed a timely motion to be appointed lead plaintiff, have the largest financial interest in the relief sought, and satisfy the requirements of Rule 23, the Court finds the Institutional Investors should be jointly named lead plaintiff.

Under the PSLRA the "most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u–4(a)(3)(B)(v). Both Bernstein Litowitz Berger & Grossman LLP and Grant & Eisenhofer P.A. submitted firm resumes that outline their extensive experience litigating securities class actions. (*See generally* Docs. 35-8, 35-9). The Court finds the law firms are adequate to represent the interests of the prospective

8

class and approves the Institutional Investors' selection of Bernstein Litowitz Berger & Grossman LLP and Grant & Eisenhofer P.A. as lead counsel.

### IV. CONCLUSION

For the foregoing reasons the Court appoints the Institutional Investors lead plaintiff and approves the selection of Bernstein Litowitz Berger & Grossman LLP and Grant & Eisenhofer P.A. as lead counsel.

Accordingly, the Court **ORDERS** the following:

1. The Motion for Appointment as Lead Plaintiff and Approval of Their Selection of Lead Counsel filed by the Institutional Investors is **GRANTED** (Doc. 35);

2. The Joint Motion for Appointment as Lead Plaintiff and Approval of Selection of Counsel filed by Local 464A is **DENIED** (Doc. 32);

3. The Motion for Appointment as Lead Plaintiff and Approval of Lead Counsel filed by the City of Boca Raton Police and Firefighters Retirement System is **DENIED** (Doc. 33).

It is so **ORDERED**.

SIGNED this 16th day of December, 2019.

DAVID COUNTS
UNITED STATES DISTRICT JUDGE