UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

Richard Logan

vs.

ProPetro Holding Corp., et al.

Case No.:  7:19-cv-00217-DC

# MOTION FOR ADMISSION PRO HAC VICE

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now Daniel L. Berger, applicant herein, and moves this Court to grant admission to the United States District Court for the Western District of Texas pro hac vice to represent See Attachment A in this case, and would respectfully show the Court as follows:

1. Applicant is an attorney and a member of the law firm (or practices under the name of) Grant & Eisenhofer P.A. with offices at:

   Mailing address: 485 Lexington Ave.

   City, State, Zip Code: New York, N.Y. 10017

   Telephone: 646-722-8500    Facsimile: 646-722-8501

2. Since 1/29/80, Applicant has been and presently is a member of and in good standing with the Bar of the State of New York. Applicant's bar license number is 1656321.

3. Applicant has been admitted to practice before the following courts:

   Court:                          Admission date:

   See Attachment B

4. Applicant is presently a member in good standing of the bars of the courts listed above, except as provided below (list any court named in the preceding paragraph before which Applicant is no longer admitted to practice):
Circuit Court of Appeals for the 5th Cir. (inactive).

5. I ☒ have ☐ have not previously applied to Appear Pro Hac Vice in this district court in Case[s]:
Number: 1:98-cv-0550 on the 1st day of March, 1999.
Number: 5:95-cv-1180 on the 8th day of February, 1996.
Number: 5:95-cv-1249 on the 8th day of February, 1996.

6. Applicant has never been subject to grievance proceedings or involuntary removal proceedings while a member of the bar of any state or federal court, except as provided:
See Attachment C

7. Applicant has not been charged, arrested, or convicted of a criminal offense or offenses, except as provided below (omit minor traffic offenses):
N/A

8. Applicant has read and is familiar with the Local Rules of the Western District of Texas and will comply with the standards of practice set out therein.

9. Applicant will file an Application for Admission to Practice before the United States District Court for the Western District of Texas, if so requested; or Applicant has co-counsel in this case who is admitted to practice before the United States District Court for the Western District of Texas.

Co-counsel: Gerald T. Drought

Mailing address: Martin & Drought, P.C., BoA Plaza, 300 Convent St.-25th Floor

City, State, Zip Code: San Antonio, TX 78205-3789

Telephone: 210-227-7591

Should the Court grant applicant's motion, Applicant shall tender the amount of $100.00 pro hac vice fee in compliance with Local Court Rule AT-1(f)(2) [checks made payable to: Clerk, U.S. District Court].

Wherefore, Applicant prays that this Court enter an order permitting the admission of Daniel L. Berger to the Western District of Texas pro hac vice for this case only.

Respectfully submitted,

Daniel L. Berger
[printed name of Applicant]

[signature of Applicant]

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of this motion upon each attorney of record and the original upon the Clerk of Court on this the 28th day of January, 2020.

Daniel L. Berger
[printed name of Applicant]

[signature of Applicant]

## **ATTACHMENT A**

Lead Plaintiff is Nykredit Portefølje Administration A/S ("Nykredit"), Oklahoma Firefighters Pension and Retirement System, Oklahoma Law Enforcement Retirement System, Oklahoma Police Pension and Retirement System, and Oklahoma City Employee Retirement System (together, the "Institutional Investors").

ATTACHMENT B

## ADDITIONAL BAR INFORMATION

| COURT OF ADMISSION | YEAR ADMITTED |
|---|---|
| Southern District of New York | 1980 |
| Eastern District of New York | 1992 |
| Court of Appeals for the 1st Circuit | 2013 |
| Court of Appeals for the 2nd Circuit | 1983 |
| Court of Appeals for the 3rd Circuit | 2000 |
| Court of Appeals for the 5th Circuit | 1989 (inactive) |
| Court of Appeals for the 6th Circuit | 1999 |
| Court of Appeals for the 7th Circuit | 2001 |
| Court of Appeals for the 9th Circuit | 1991 |

ATTACHMENT C

On October 6, 2008, I received a Private and Confidential Letter Reprimand from the Departmental Disciplinary Committee of the Supreme Court of the State of New York, Appellate Division, First Judicial Department. I was found to have violated Local Civil Rule 83.53.3(a)(1) of the United States District Court for the Northern District of Illinois (the "Court"), which provides that a lawyer shall not make a statement of material fact or law to a tribunal which the lawyer knows or reasonably should know is false. I (and others) had represented a class of women employees of the Ford Motor Company asserting claims of discrimination under Title VII of the Civil Rights Act in an action brought in the Northern District of Illinois (*Warnell, et al. v. Ford Motor Company*). In 2000, in connection with a class-wide settlement of that action, my firm and co-counsel applied to the Court for an award of attorneys' fees to be paid from the settlement fund that was created as part of the settlement; however, we did not then inform the Court in connection with the settlement and fee application that we had contingent fee retainer agreements with our individual clients (who were the class representatives) and that we intended to collect additional attorneys' fees under those retainers from the recovery that those clients would receive in the settlement. The Referee appointed by the Disciplinary Committee to hear the matter determined that my failure to so inform the District Court rendered our fee application misleading. She recommended that I receive a sanction of a "Private Reprimand Without Referral to the Court" (i.e., the Appellate Division, First Department); the Hearing Panel of the Disciplinary Committee confirmed the findings of the Referee and her recommendation a for sanction.

Separate charges that had been brought against me by the Disciplinary Committee stemming from this conduct for violations of other Local Civil Rules of the Northern District of Illinois, specifically that a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation [Local Rule 83.58.4(a)(4)], and that a lawyer shall not engage in conduct that is prejudicial to the administration of justice [Local Civil Rule 83.58.4 (a)(5) were not sustained by the Referee, or the Hearing Panel of the Disciplinary Committee.

Other than this, I have never been disbarred, suspended from practice, reprimanded, or the subject of any type of sanction pertaining to my conduct or fitness to practice law in any court, agency, department, bureau or commission of any state or the United States.

*[signature]*

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
## MIDLAND DIVISION

Richard Logan

vs.  Case No.: 7:19-cv-00217-DC

ProPetro Holding Corp., et al.

# ORDER

BE IT REMEMBERED on this day, there was presented to the Court the Motion for Admission Pro Hac Vice filed by <u>Daniel L. Berger</u>, counsel for <u>See Attachment A</u>, and the Court, having reviewed the motion, enters the following order:

IT IS ORDERED that the Motion for Admission Pro Hac Vice is GRANTED, and <u>Daniel L. Berger</u> may appear on behalf of <u>See Attachment A</u> in the above case.

IT IS FURTHER ORDERED that <u>Daniel L. Berger</u>, if he/she has not already done so, shall immediately tender the amount of $100.00, made payable to: **Clerk, U.S. District Court**, in compliance with Local Court Rule AT-1(f)(2).

SIGNED this the _____ day of <u>January</u>, 20<u>20</u>.

_____
UNITED STATES DISTRICT JUDGE