**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

| | |
|---|---|
| **RICHARD LOGAN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, ET AL.** *Plaintiffs,* <br><br> **VS.** <br><br> **PROPETRO HOLDING CORP., ET AL.** *Defendants.* | **CASE No. MO:19-CV-00217-DC** |

**SCHEDULING RECOMMENDATIONS**

On September 16, 2019, Plaintiff Richard Logan ("Plaintiff"), individually and on behalf of all others similarly situated, filed a complaint in the above-captioned action against Defendants ProPetro Holding Corp. ("ProPetro"), Dale Redman, Jeffrey Smith, Ian Denholm, Spencer D. Armour, III, Schuyler E. Coppedge, Stephen Herman, Matthew H. Himler, Peter Labbat, Goldman, Sachs & Co., Barclays Capital Inc., Credit Suisse Securities (USA) LLC, J.P. Morgan Securities LLC, Evercore Group L.L.C., RBC Capital Markets, LLC, Piper Jaffray & Co., Raymond James & Associates, Inc., Deutsche Bank Securities Inc., Johnson Rice & Company L.L.C., and Tudor, Pickering, Holt & Co. Securities, Inc., (collectively, "Defendants") that contained claims under various provisions of the federal securities laws subject to the requirements of the Private Securities Litigation Reform Act of 1995, Pub. L. 104-67, 109 Stat. 737 ("PSLRA"). (Doc. 1.)

After the filing of a timely motion for appointment as Lead Plaintiffs, on December 16, 2019, the Court appointed Nykredit Portefølje Administration A/S, Oklahoma Firefighters Pension

and Retirement System, Oklahoma Law Enforcement Retirement System, Oklahoma Police Pension and Retirement System, and Oklahoma City Employee Retirement System as Lead Plaintiffs ("Lead Plaintiffs") and appointed Bernstein Litowitz Berger & Grossmann LLP and Grant & Eisenhofer P.A. as co-Lead Counsel. (Doc. 43.)

Lead Plaintiffs intend to file a consolidated amended complaint and Defendants intend to move to dismiss the contemplated complaint.

Under the PSLRA, this case is currently subject to a mandatory stay of all discovery and other proceedings during the pendency of any Motion(s) to Dismiss, which, if not modified, affects the timing of discovery and other scheduling order deadlines. *See* 15 U.S.C. §§ 77z-1(b)(1); 78u-4(b)(3)(B).

On January 8, 2020, the Court ordered the parties to confer as required by FED R. CIV. P. 26(f) and the Local Rules. (Doc. 45.) The parties have conferred as required by the Court. However, the mandatory stay provisions of the PSLRA make it impossible for the parties to propose firm deadlines for discovery and other key benchmarks, as required by the Court's Order, because the case will by stayed by statute until the Court rules on Defendants' motion to dismiss, or otherwise lifts or modifies the stay.  Therefore, in an attempt to comply with the Court's Order and the mandatory provisions of the PSLRA, the parties jointly agree and propose the benchmarks below. The parties believe the agreed-upon schedule promotes judicial efficiency, is not for the purpose of delay, will not cause prejudice to any party, and complies with both the Court's Order and the relevant statutory provisions.

Accordingly, the parties request the Court enter the following deadlines in its scheduling order to control the course of the case:

1. The schedule for the filing of the Lead Plaintiffs' complaint and any briefing on motions to dismiss that complaint shall be as follows:

    a) Lead Plaintiffs shall file an amended complaint on or before February 13, 2020;

    b) Defendants shall answer or otherwise move, including filing any motions to dismiss, on or before April 16, 2020;

    c) Lead Plaintiffs' opposition to any motion by Defendants, including a motion to dismiss, shall be filed on or before May 21, 2020; and

    d) Defendants' reply shall be filed on or before June 19, 2020.

2. ProPetro anticipates that it may file updated financial disclosures relevant to the subject matter of the case. In the event that ProPetro releases updated financial disclosures relevant to the subject matter of the case after February 13, 2020, Defendants will not oppose the filing of a new amended complaint to address the Company's updated disclosures.

3. Given the complexity of the case, it is most efficient for the parties to have an understanding of their respective positions as set forth in Defendants' anticipated motions to dismiss prior to engaging in alternative dispute resolution. Accordingly, a report on alternative dispute resolution in compliance with Local Rule CV-88 shall be filed by 90 days from the date the motions to dismiss are fully briefed.

4. The parties asserting claims for relief shall submit a written offer of settlement to opposing parties within 90 days of the Court's ruling on any motion(s) to dismiss, and each opposing party shall respond, in writing, within 14 days of receiving such a written offer of settlement.

5. The parties shall file all motions to amend or supplement pleadings or to join additional parties four months prior to the close of discovery.

6. All parties asserting claims for relief shall file their designation of potential witnesses, testifying experts, and proposed exhibits, and shall serve on all parties, but not file the materials required by FED. R. CIV. P. 26(a)(2)(B) by 90 days prior to the discovery deadline. Parties

resisting claims for relief shall file their designation of potential witnesses, testifying experts, and proposed exhibits, and shall serve on all parties, but not file the materials required by FED. R. CIV. P. 26(a)(2)(B) by 45 days before the close of discovery. All designations of rebuttal experts shall be designated within 14 days of receipt of the report of the opposing expert.

7. An objection to the reliability of an expert's proposed testimony under FED R. EVID. 702 shall be made by motion, specifically stating the basis for the objection and identifying the objectionable testimony, within 30 days of receipt of the written report of the expert's proposed testimony, or within 30 days of the expert's deposition, if a deposition is taken, whichever is later.

8. Owing to the significant amount of materials likely to be required to be produced in this matter, the parties shall complete all discovery within 12 months from the Court's ruling on any motion(s) to dismiss. Counsel may by agreement modify this deadline or continue discovery beyond the deadline, but there will be no intervention by the Court except in extraordinary circumstances, and no trial setting will be vacated because of information obtained in post-deadline discovery.

9. Lead Plaintiffs have requested that the parties shall substantially complete production of fact (non-expert) documents within five months of the Court's ruling on any motion(s) to dismiss and that the parties shall complete all fact (non-expert) discovery, including depositions, within nine months of the Court's ruling on any motion(s) to dismiss. Defendants wish to reserve the right to revisit the interim deadlines with the Court if Lead Plaintiffs' document and other discovery requests make the proposed interim deadlines unreasonable. The parties anticipate that the scope of discovery and practicality of the interim deadlines will become clearer

        following adjudication of any motion(s) to dismiss and will endeavor to provide the Court with further agreed scheduling dates thereafter.

10.     All dispositive motions shall be filed no later than 60 days following the discovery deadline. Dispositive motions as defined in Local Rule CV-7(c) and responses to dispositive motions shall be limited to 50 pages in length. Replies, if any, shall be limited to 20 pages in length in accordance with Local Rule CV-7(e).

11.     The Court will set the case for the final pretrial conference and jury trial by separate order.

12.     All of the parties to the action conferred concerning the contents of the proposed scheduling order and the parties have agreed as to its contents.

DATED: February 4, 2020

**MARTIN & DROUGHT, P.C.**

By: */s/ Gerald T. Drought*

Gerald T. Drought
State Bar No. 06134800
Federal Bar No. 8942
Frank B. Burney
State Bar No. 03438100
Bank of America Plaza, 25th Floor 300
Convent Street San Antonio, Texas 78205
Telephone: (210) 227-7591
Facsimile: (210) 227-7924
gdrought@mdtlaw.com
fburney@mdtlaw.com

*Liaison Counsel for the Institutional Investors*

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

Jeroen van Kwawegen
James A. Harrod
Brenna Nelinson
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
jeroen@blbglaw.com
jim.harrod@blbglaw.com
brenna.nelinson@blbglaw.com

**GRANT & EISENHOFER P.A.**

Daniel L. Berger
Caitlin M. Moyna
Jonathan D. Park
485 Lexington Avenue
New York, NY 10017
Telephone: (646) 722-8500
Facsimile: (646) 722-8501
dberger@gelaw.com
cmoyna@gelaw.com
jpark@gelaw.com

DATED: February 4, 2020

**HUGHES HUBBARD & REED LLP**

By: */s/ Kevin T. Abikoff*
Kevin T. Abikoff (Texas Bar No: 24034118)
Benjamin S. Britz
1775 I Street, NW
Washington, DC 20006
Telephone: (202) 761-4600
Email: kevin.abikoff@hugheshubbard.com
Email: benjamin.britz@hugheshubbard.com

*Attorneys for Defendants ProPetro Holding Corp., Spencer D. Armour, III, Schuyler E. Coppedge, Stephen Herman, Matthew H. Himler, and Peter Labbat*

**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**

By: */s/ Noelle M. Reed*
Noelle M. Reed (Texas Bar No: 24044211)
1000 Louisiana Street
Suite 6800
Houston, Texas 77002
T:1.713.655.5100
F:1.713.655.5200
Email: noelle.reed@skadden.com

*Attorney for Defendants Goldman, Sachs & Co., Barclays Capital Inc., Credit Suisse Securities (USA) LLC, J.P. Morgan Securities LLC, Evercore Group L.L.C., RBC Capital Markets, LLC, Piper Jaffray & Co., Raymond James & Associates, Inc., Deutsche Bank Securities Inc., Johnson Rice & Company L.L.C., and Tudor, Pickering, Holt & Co. Securities, Inc.*

**WINSTEAD PC**

By: */s/Toby M. Galloway*
Toby M. Galloway (Texas Bar No. 00790733)

*Counsel for Lead Plaintiffs Nykredit Portefølje Administration A/S, Oklahoma Firefighters Pension and Retirement System, Oklahoma Law Enforcement Retirement System, Oklahoma Police Pension and Retirement System, and Oklahoma City Employee Retirement System and Lead Counsel for the Class*

Matthias J. Kleinsasser (Texas Bar No. 24071357)
300 Throckmorton Street
Suite 1700
Fort Worth, Texas 76102
817.420.8200 Phone
817.420.8201 Fax

*Attorneys for Defendant Dale Redman*

**BELL NUNNALLY & MARTIN LLP**

By: */s/ Jeffrey Ansley*
Jeffrey Ansley (Texas Bar No: 00790235)
Craig Warner (Texas Bar No: 24084158 )
2323 Ross Avenue
Suite 1900
Dallas, Texas 75201
Tel 214-740-1400
Fax 214-740-1499

*Attorneys for Defendant Ian Denholm*

**BROPHY EDMUNDSON SHELTON WEISS**

By: */s/ J. Kevin Edmundson*
J. Kevin Edmundson (Texas Bar No: 24044020)
210 Barton Springs Rd., Suite 500
Austin, Texas 78704
Phone: 512-596-3622

*Attorney for Defendant Jeffrey Smith*

## **CERTIFICATE OF SERVICE**

        I hereby certify that on February 4, 2020, I electronically filed the foregoing by using the court's CM/ECF system.  Per agreement among the parties, all parties will be served by the CM/ECF system.


        By: */s/ Kevin T Abikoff*
              Kevin T. Abikoff