**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

| | |
|---|---|
| **RICHARD LOGAN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, ET AL.** *Plaintiffs,* <br><br> **VS.** <br><br> **PROPETRO HOLDING CORP., ET AL.** *Defendants.* | **CASE No. MO:19-CV-00217-DC** |

SCHEDULING ORDER

The scheduling recommendations provided by the parties on February 4, 2020 (Doc. 53) are adopted by the Court. Therefore, the following dates are entered to control the course of this case:

1. The schedule for the filing of the Lead Plaintiffs' complaint and any briefing on motions to dismiss that complaint shall be as follows:

    a) Lead Plaintiffs shall file an amended complaint on or before February 13, 2020;

    b) Defendants shall answer or otherwise move, including filing any motions to dismiss, on or before April 16, 2020;

    c) Lead Plaintiffs' opposition to any motion by Defendants, including a motion to dismiss, shall be filed on or before May 21, 2020; and

    d) Defendants' reply shall be filed on or before June 19, 2020.

2. ProPetro anticipates that it may file updated financial disclosures relevant to the subject matter of the case. In the event that ProPetro releases updated financial disclosures relevant to the subject matter of the case after February 13, 2020, Defendants will not oppose the filing of a new amended complaint to address the Company's updated disclosures.

3. Given the complexity of the case, it is most efficient for the parties to have an understanding of their respective positions as set forth in Defendants' anticipated motions to dismiss prior to engaging in alternative dispute resolution. Accordingly, a report on alternative dispute resolution in compliance

        with Local Rule CV-88 shall be filed by 90 days from the date the motions to dismiss are fully briefed.

4. The parties asserting claims for relief shall submit a written offer of settlement to opposing parties within 90 days of the Court's ruling on any motion(s) to dismiss, and each opposing party shall respond, in writing, within 14 days of receiving such a written offer of settlement.

5. The parties shall file all motions to amend or supplement pleadings or to join additional parties four months prior to the close of discovery.

6. All parties asserting claims for relief shall file their designation of potential witnesses, testifying experts, and proposed exhibits, and shall serve on all parties, but not file the materials required by FED. R. CIV. P. 26(a)(2)(B) by 90 days prior to the discovery deadline. Parties resisting claims for relief shall file their designation of potential witnesses, testifying experts, and proposed exhibits, and shall serve on all parties, but not file the materials required by FED. R. CIV. P. 26(a)(2)(B) by 45 days before the close of discovery. All designations of rebuttal experts shall be designated within 14 days of receipt of the report of the opposing expert.

7. An objection to the reliability of an expert's proposed testimony under FED R. EVID. 702 shall be made by motion, specifically stating the basis for the objection and identifying the objectionable testimony, within 30 days of receipt of the written report of the expert's proposed testimony, or within 30 days of the expert's deposition, if a deposition is taken, whichever is later.

8. Owing to the significant amount of materials likely to be required to be produced in this matter, the parties shall complete all discovery within 12 months from the Court's ruling on any motion(s) to dismiss. Counsel may by agreement modify this deadline or continue discovery beyond the deadline, but there will be no intervention by the Court except in extraordinary circumstances, and no trial setting will be vacated because of information obtained in post-deadline discovery.

9. Lead Plaintiffs have requested that the parties shall substantially complete production of fact (non-expert) documents within five months of the Court's ruling on any motion(s) to dismiss and that the parties shall complete all fact (non-expert) discovery, including depositions, within nine months of

the Court's ruling on any motion(s) to dismiss. Defendants wish to reserve the right to revisit the interim deadlines with the Court if Lead Plaintiffs' document and other discovery requests make the proposed interim deadlines unreasonable.  The parties anticipate that the scope of discovery and practicality of the interim deadlines will become clearer following adjudication of any motion(s) to dismiss and will endeavor to provide the Court with further agreed scheduling dates thereafter.

10. All dispositive motions shall be filed no later than 60 days following the discovery deadline. Dispositive motions as defined in Local Rule CV-7(c) and responses to dispositive motions shall be limited to 50 pages in length. Replies, if any, shall be limited to 20 pages in length in accordance with Local Rule CV-7(e).

It is so **ORDERED.**

**SIGNED this 21st day of February, 2020.**

**DAVID COUNTS**
**UNITED STATES DISTRICT JUDGE**