**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

| | |
|---|---|
| RICHARD LOGAN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, ET AL. <br><br>　　　　　　　　　Plaintiffs, <br><br> vs. <br><br> PROPETRO HOLDING CORP., ET AL. <br><br>　　　　　　　　　Defendants. | Case No. MO:7:19-CV-00217-DC <br><br> CLASS ACTION |

**JEFFREY SMITH'S REPLY IN SUPPORT OF MOTION TO DISMISS**
**PLAINTIFFS' THIRD AMENDED CLASS ACTION COMPLAINT**

**EDMUNDSON SHELTON WEISS PLLC**

J. Kevin Edmundson
Ryan T. Shelton
Jesse Z. Weiss
317 Grace Lane, Suite 210
Austin, Texas 78746
Tel: 512-596-3058

## I.    INTRODUCTION

Smith's Motion to Dismiss (Doc. 89, "Motion" or "Mot.) focused almost entirely on the scienter element of Plaintiffs' Section 10(b) and Rule 10b-5 claims against Smith.[1] In their 85-page Omnibus Memorandum of Law in Opposition to Defendants' Motions to Dismiss (Doc. 97, "Opposition" or "Opp."), Plaintiffs alternately ignored Smith's arguments and authority or made halfhearted swipes at them. Plaintiffs' Opposition also almost completely sidesteps the key fact that ProPetro never restated any of its financials,[2] a fact that significantly undermines Plaintiffs' attempts to establish scienter.[3]

The Court should dismiss all claims against Smith alleged in Plaintiffs' Third Amended Complaint ("TAC").

## II.    ARGUMENT AND AUTHORITY

### A.    Adequately Alleging Scienter under the PSLRA

To survive a motion to dismiss claims under Section 10(b) and Rule 10b-5 under the PSLRA, Plaintiffs must allege particularized facts raising a strong inference of scienter. 15 U.S.C. § 78u–4(b)(2). Scienter means an "intent to deceive,

---

[1] Smith also joined in defendant ProPetro Holding Corp.'s ("ProPetro") motion to dismiss which addresses all other elements of these claims as well as Plaintiffs' claims under the Securities Act of 1933. Mot. at 2.

[2] *See* Opp. at 24 (arguing that "[m]aterial falsity does not hinge on whether the defective controls resulted in misstated financials").

[3] *See City of Pontiac General Employees Ret. Sys. v. Schweitzer-Maudiuit Int'l, Inc.*, 806 F.Supp.2d 1267, 1295-96 (N.D. Ga. 2011) (refusing to impute knowledge to individual defendants who certified financial statements where company did not restate); *Lapiner v. Camtek, Ltd.*, 2011 WL 445849, at *8 (N.D. Cal. Feb. 2, 2011) (absence of a restatement weighs against inference of scienter); *In re HomeBanc Corp. Sec. Litig.*, 706 F.Supp.2d 1336, 1359 (N.D. Ga. 2010) (absence of allegations concerning a restatement, motive, and other items "compels the conclusion that scienter is lacking"); *Druskin v. Answerthink, Inc.*, 299 F.Supp.2d 1307, 1323-24 (S.D. Fla. 2004) (same).

manipulate, or defraud" or "severe recklessness in which the danger of misleading buyers or sellers is either known to the defendant or is so obvious that the defendant must have been aware of it." *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 366 (5th Cir. 2004). The Fifth Circuit has explained that district courts should examine each individual allegation of scienter in a complaint, and if any gives rise to a strong inference of scienter, the plaintiff's burden is satisfied. *See Municipal Employees' Retirement Sys. of Michigan v. Pier 1 Imports, Inc.*, 935 F.3d 425, 430 (5th Cir. 2019). If no individual allegation satisfies the pleading requirement, the district court must look at the allegations of scienter collectively. *See id.*

Further, a "failure to show motive means that 'the strength of the circumstantial evidence of scienter must be correspondingly greater.'" *Pier 1 Imports*, 935 F.3d at 430.[4] In their TAC, Plaintiffs identify no plausible motive for Smith to commit the securities fraud alleged, and none of Plaintiffs' other well-pleaded allegations provides any circumstantial evidence of Smith's scienter. Therefore, Plaintiffs' allegations do not—individually or collectively—give rise to any inference of scienter and certainly not the required strong inference. Therefore, Plaintiffs' 10(b) and 10b-5 claims against Smith must be dismissed. *See* 15 U.S.C. § 78u-4(b)(3)(A) (mandating dismissal if scienter is insufficiently alleged).

---

[4] Quoting *Neiman v. Bulmahn*, 854 F.3d 741, 748 (5th Cir. 2017).

## B.    Plaintiffs' Allegations Regarding Related Party Transactions Raise No Inference of Scienter

Plaintiffs do not identify any undisclosed transactions between ProPetro and any of the six companies they associate with Smith under the non-sequitur heading "ProPetro Has a History of Related-Party Transactions, and Its Senior Executives and Directors Control Several Undisclosed Related Entities." TAC at 40 & ¶ 127; *see* Mot. at 13. Plaintiffs ignore the fact that the TAC alleges no undisclosed related party transactions as to Smith and instead simply reiterate in their Opposition that Smith is connected to these companies. Opp. at 56. Plaintiffs cannot raise an inference of scienter based upon undisclosed related party transactions without actually alleging such transactions.

In addition, the Motion notes that Smith was never associated with two of these companies which appear to involve a different person with the same name. *See* Motion at 13. Smith and his counsel are more than comfortable with their Rule 11 basis for saying that Plaintiffs have the wrong man. In response, Plaintiffs make no mention of any effort taken to determine whether they were making public allegations about the wrong Jeff Smith, though there are likely thousands of them in the U.S.[5] Instead, and tellingly, Plaintiffs encourage the Court to ignore this information. Opp. at 56 n.30.

---

[5] On the U.S. Census' website, Smith is listed as the most popular surname for the last three decades. https://www.census.gov/library/visualizations/2016/comm/cb16-tps154_surnames_top15.html. According to one non-governmental website, there are more than 8,600 Jeffrey Smiths in the U.S. *See* http://howmanyofme.com/search/. Even a simple Google search reveals more than one Jeff Smith in Midland, including one who provides casing and laydown services for drilling operations. *See* https://www.linkedin.com/in/jeff-smith-9bb13361/ (Smith Laydown & Casing Services LLC).

Finally, Plaintiffs complain of Smith's submission of publicly available documents filed with the Texas Secretary of State regarding four of these companies. *See* Opp. at 56 n.28; Motion at 12-13 & Exs. A-D. Smith provided the Court with this public information to show that (a) two of the companies—South of the Border Materials, LLC, and HR Double S, LLC—had been dissolved, the former years before the start of the putative class period and the latter shortly after its start; and (b) two of the companies involve a different Jeff Smith. That two of the companies were dissolved, and when, is not subject to reasonable dispute, and Plaintiffs do not dispute it. Exhibits C and D are provided simply to shed light on Plaintiffs' questionable efforts to research their allegations before publicly asserting them, as they are obligated to do. Judicial notice of these documents is entirely proper. *See Victory Medical Center Beaumont, L.P. v. Connecticut Gen. Life Ins. Co.*, 2018 WL 3467915, at *3-4 (E.D. Tex. July 17, 2018); *Gomez v. Niemann & Heyer, L.L.P.*, 2016 WL 3562148, at *15 (W.D. Tex. June 24, 2016); *In re Doctors Hosp. 1997, L.P.*, 351 B.R. 813, 822 (Bnkr. S.D. Tex. 2006).

## C.   **Smith's Job Changes Raise No Inference of Scienter**

The fact that Smith moved from his CFO position to become ProPetro's Chief Administrative Officer and then Special Advisor to ProPetro's CEO raises no inference of scienter. *See* Mot. at 10-12. Smith cited numerous cases for the proposition that executive resignations raise no inference of scienter—two Fifth Circuit cases and thirteen district court cases, including three in the Western District of Texas. *See* Mot. at 11 & n.29; Opp. at 64-69. And Smith did not resign from

ProPetro, is employed there to this day, is similarly compensated in proportion to his responsibilities, and his options continue to vest. *See* Mot. at 11-12.

Nevertheless, Plaintiffs urge this Court to ignore Smith's authorities and instead rely upon two inapposite cases. *See* Opp. at 64-65. First, in *Hall v. Rent-A-Center, Inc.*, 2017 WL 6398742 (E.D. Tex. Oct. 19, 2017), the plaintiffs alleged, based upon multiple confidential witness statements, that the company and certain executives knew of but failed to disclose significant problems with the implementation of a point-of-sale system that ultimately resulted in a 12% reduction in quarterly sales. *See id.* at *1-4. Two executives were terminated shortly after the company disclosed the problems. *See id.* The Magistrate Judge opined that their terminations—"in the context of all the factual allegations pleaded in the Complaint"—were because of the point-of-sale issue, and that this was an additional factor supporting scienter. *Id.* at *34. Here, in contrast, Plaintiffs allege no particularized facts establishing Smith's knowledge that any of ProPetro's public statements were false or misleading or that he was severely reckless in ignoring any obvious red flags. Nor was Smith terminated by ProPetro.

Second, in *In re ArthroCare Corp. Sec. Litig.*, 726 F.Supp.2d 696 (W.D. Tex. 2010), which unlike this case involved a financial restatement of almost four years of corporate earnings, one of the two resigning executives "expressly resigned as a result of facts identified in the [investigation]." *Id.* at 725. Even so, the court noted that "[m]ultiple Fifth Circuit decisions suggest resignations have little impact on the

5

scienter analysis," and concluded that "the resignations in this case bear little, if at all, on the scienter analysis." *Id.* at 724-25.

The few particularized facts regarding Smith that are alleged in the TAC bear no resemblance to the facts of either *Rent-A-Center* or *ArthroCare*, and the overwhelming weight of authority holds that executive resignations raise no inference of scienter at all. *See* Mot. at 11 & n.29. And again, Smith remains gainfully employed by ProPetro. Accordingly, the Court should not infer any scienter from Smith's job changes.

### D.    Smith's SOX Certifications Raise No Inference of Scienter

Plaintiffs contend that Smith signing SOX certifications as ProPetro's CFO establishes either that he knew those certifications were false or was reckless in not knowing it. *See* Opp. at 62-64. But Plaintiffs do not allege any particularized facts showing Smith's knowledge of the alleged falsity of these certifications or his severe recklessness in not knowing of their alleged falsity, and his signatures alone cannot give rise to any inference of scienter. *See* Mot. at 15-16; *Pier 1 Imports*, 935 F.3d at 434; *Zhang Yang v. Nobilis Health Corp.*, 2020 WL 5512456, at *3 (S.D. Tex. Sept. 14, 2020); *Heck v. Orion Group Holdings, Inc.*, 2020 WL 3403111, at *17-18 (S.D. Tex. June 19, 2020).

Plaintiffs attempt to coax an inference of scienter from these mandatory certifications by pointing to ProPetro's after-the-fact statements regarding material weaknesses in certain of its controls. *See* Opp. at 62-64. This is likewise insufficient to establish that Smith acted with scienter in making the certifications. *See* Mot. at

15-16; *Kohut v. KBR, Inc.*, 2015 WL 11995250, at *25 (S.D. Tex. Sept. 3, 2015) ("[A]fter-the-fact admissions are not enough to show that individual officers who signed SOX certifications acted with scienter."); *see also Smallen v. The Western Union Co.*, 950 F.3d 1297, 1311 n.10 (10th Cir. 2020); *In re Hertz Global Holdings Inc.*, 905 F.3d 106, 117-18 (3rd Cir. 2018); *Kumar v. Kulicke and Soffa Indus., Inc.*, 2019 WL 5081896, at *9 (E.D. Pa. Oct. 9, 2019); *Pension Trust Fund for Operating Engineers v. Kohl's Corp.*, 266 F.Supp.3d 1154, 1167 (E.D. Wis. 2017).

### E.    Smith's Sales During ProPetro's IPO Raise No Inference of Scienter

In his Motion, Smith showed that, for multiple reasons, his sale of stock during ProPetro's initial public offering was not suspicious in timing or amount traded, and therefore raised no inference of scienter. *See* Mot. at 7-10. Plaintiffs respond with the naked assertions that: "Defendants' insider selling supports a strong inference of scienter" and "[Defendants' offering] stock sales are suspicious in amount". Opp. at 69. Plaintiffs make no effort to counter any of the arguments or authority provided in Smith's Motion and effectively concede that Smith is correct by noting that Plaintiffs "are not required to allege insider trading for a finding of scienter." *Id.*

### F.    Smith's Expense Reimbursements of $18,000 over Twenty-Eight Months Raise No Inference of Scienter

Although Plaintiffs repeatedly suggest that Smith obtained "improper expense reimbursements totaling over $350,000,"[6] the TAC admits that the actual expense

---

[6] *See* Opp. at 9, 38.

amount was $18,000 which was expensed within a 28-month period between ProPetro's IPO and August 8, 2019. *See* TAC ¶ 350.

The TAC contains no particularized facts showing that: (a) these amounts were anything other than business expenses submitted with "inadequate documentation" as the Audit Committee found,[7] (b) Smith's submission of these amounts for reimbursement violated any ProPetro policy,[8] or (c) expensing an average of $643 per month constitutes a motive to commit the securities fraud alleged. *See* Mot. at 13-14. Plaintiffs' allegations regarding these expenses support no inference of scienter. *See Rok v. Identiv, Inc.*, 2018 WL 807147, at *3 (N.D. Cal. Feb. 9, 2018) (affirming court's previous conclusion that scienter was not established by allegations of the CEO "improperly charging the Company for personal expenses" because the "scienter that the [complaint] is required to allege is an intent to defraud investors—not an intent to get reimbursed for personal items, or an intent to reimburse someone else for personal items.") (emphasis in original).

## III.   CONCLUSION

For the reasons stated herein, in Smith's Motion, and in the motion to dismiss and reply filed by ProPetro, Smith respectfully requests that the Court dismiss all of the claims alleged against him.

---

[7] *See* TAC ¶ 350 (quoting ProPetro Form 8-K filed August 8, 2019).
[8] *See* Opp. at 50 (admitting that expense reimbursements violated no company policy).

Respectfully submitted,


**EDMUNDSON SHELTON WEISS PLLC**

By:  /s/ *J. Kevin Edmundson*

J. Kevin Edmundson
SBN # 24044020
Ryan T. Shelton
SBN # 24037484
Jesse Z. Weiss
SBN # 24013728
317 Grace Lane, Suite 210
Austin, Texas 78746
Tel:  512-596-3058
Fax:  512-532-6637
Email:  kevin@eswpllc.com
          ryan@eswpllc.com
          jesse@eswpllc.com

***Attorneys for Defendant Jeff Smith***

9

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing instrument has been served on all counsel of record pursuant to the Federal Rules of Civil Procedure this 30th day of October 2020.

/s/ J. Kevin Edmundson
J. Kevin Edmundson