**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

RICHARD LOGAN, INDIVIDUALLY AND
ON BEHALF OF ALL OTHERS SIMILARLY
SITUATED, ET AL.,
     *Plaintiffs,*

VS.

PROPETRO HOLDING CORP., ET AL.,
     *Defendants.*

CASE No. MO:19-CV-00217-DC

**Motion to Strike Under FRCP 12(f)**

HUGHES HUBBARD & REED LLP
1775 I Street, N.W.
Washington, D.C.  20006-2401
Tel: (202) 721-4600
Fax: (202) 721-4646

## I.    INTRODUCTION

By order dated September 13, 2021, this Court granted in part and denied in part Defendants' Motions to Dismiss the Plaintiffs' Third Amended Complaint ("TAC").  ECF No. 105 ("Order").  In the Order, this Court invited Plaintiffs to "further amend the pleadings if desired," *id.* at 64, which Plaintiffs have declined to do.  ECF No. 107.  The TAC, despite being the fourth effort to coherently plead its claims, as this Court aptly described it, "is a sprawling web of allegations, often repetitive and overlapping with circular reasoning." *Id.* at 28.  Given the nature of Plaintiffs' pleading and in light of this Court's Order, Defendants respectfully move pursuant to Federal Rule of Civil Procedure 12(f) for this Court to strike those portions of the TAC that are rendered immaterial and impertinent by the Order.

## II.    LEGAL STANDARD

Under Rule 12(f) of the Federal Rules of Civil Procedure, a court may strike any impertinent or immaterial matter on a motion by a party before responding to the pleading. Motions to strike are utilized "to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." *Murphy v. Remedial Constr. Servs., L.P.*, No. CV H-09-1134, 2010 WL 11583237 at *8 (S.D. Tex. Jan. 11, 2010) (quoting *Sun Microsystems, Inc. v. Versata Enterprises, Inc.,* 630 F. Supp. 2d 395, 402 (D. Del. 2009).  "A motion to strike under Federal Rule 12(f) is the appropriate remedy for the elimination of redundant, immaterial, impertinent, or scandalous matter in any pleadings."  5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1380 (3d ed. 1998).  "The decision to grant or deny a motion to strike lies within the sound discretion of the trial court."  *David v. Signal Int'l, LLC*, No. 08-1220, 2013 WL 2181293, at *2 (E.D. La. May. 20, 2013).

## III.    ARGUMENT

Plaintiffs TAC is a lengthy 149-page, 409-paragraph document, riddled with vague allegations, repetitive statements, and confusing claims.  In light of the Order, much of the TAC is

now rendered superfluous.  Defendants are entitled under Rule 8 of the Federal Rules of Civil Procedure to be on notice of the claims they are facing and the allegations that purportedly support those claims.  *Conley v. Gibson*, 355 U.S. 41, 47 (1957), FED. R. CIV. P. 8(a). As a corollary, Defendants should be freed from any obligation to answer allegations that relate to claims that were dismissed, or to otherwise respond to such dismissed claims and irrelevant allegations.  Striking those allegations that are no longer germane to the proceedings — cleaning out the proverbial clutter — and thereby affording Defendants the short and plain statement granted to them under Rule 8, is the appropriate remedy following the Order and in light of the prolix web of allegations in the TAC.

### A.  The Order Eliminated or Limited Plaintiffs' Claims

The Order circumscribes Plaintiffs' claims in three essential ways, drawing bright lines between those claims that could proceed and those that could not.  *See* Order, at 64-66.

First, the Order limits Plaintiffs' claims under Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 as follows:

> Statements regarding the adequacy of ProPetro's internal and disclosure controls in relation to (i) improper expense reimbursements to Redman and Smith (*limited to statements made prior to the IPO and secondary offerings*), (ii) related-party transactions (*limited to statements made prior to the IPO and secondary offerings*), and (iii) Redman's pledging of ProPetro's stock as collateral for personal loans.

Order, at 64 (emphasis added).  Plaintiffs therefore can make allegations regarding improper expense reimbursements to Redman and Smith and related-party transactions in support of their claims regarding ProPetro's internal and disclosure controls, but (other than as regards the stock pledge) only to the extent the alleged conduct occurred (if at all) prior to the IPO and secondary offerings (*i.e.*, no later than May 10, 2018).  Order, at 64.

Second, the Order dismisses Section 10(b) and Rule 10b-5 claims with respect to false statements relating to the following alleged related-party transactions: "PBEX, PT Petroleum, and

the Clarabby Transactions" (Order, at 64) as well as any statements regarding Audit Committee

Independence. *Id.* at 38-39.   Disclosures relating to these matters, therefore, cannot form an

independent basis for liability.  Rather, Plaintiffs may only offer evidence of the PT Petroleum and

Clarabby Transactions in support of their claims that statements regarding ProPetro's controls made

prior to the IPO and Secondary Offering documents were materially false or misleading.  The Court

dismissed the PBEX allegations entirely, ruling that the omission of PBEX from ProPetro

disclosures was simply not material—regardless of timing—because Plaintiffs did not allege any

"transactio[n] with the registrant company[.]" *Id.* at 48-49.

Third, the Order limits Plaintiffs claims under Section 11 of the Securities Act of 1933

("Securities Act") as follows: "Statements regarding the adequacy of ProPetro's internal and

disclosure controls made in connection with the IPO." Order, at 65.  The Order dismisses *all claims*

under Section 11 "with respect to any false statements relating to audit committee independence,

PBEX, PT Petroleum, the Clarabby Transactions, and Redman's share pledges."  *Id.*

## B.  The Court Should Strike Irrelevant and Dismissed Matters from the TAC

The Court "has broad discretion to determine whether [a] challenged matter should be

stricken." *Gilchrist v. Schlumberger Tech. Corp.*, 321 F.R.D. 300, 302 (W.D. Tex. 2017).  Because, "[t]he

purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid

unnecessary forays into immaterial matters," courts have used them to protect defendants from

"being forced to continue to litigate issues [after it has] obtained dismissal of these claims and

theories." *Int'l Constr. Prod. LLC v. Caterpillar Inc.,* No. 15-108-RGA, 2020 WL 4607882, at *2 (D.

Del. Aug. 11, 2020) (granting motion to strike references to dismissed matters from complaint). The

court may similarly exercise this power when a matter "is sufficiently redundant and distant from the

specific controversy at issue." *Davis v. United Health Servs.*, No. 1:18-CV-1093-RP, 2020 U.S. Dist.

LEXIS 78 at *8 n.4 (W.D. Tex. Jan. 2, 2020). Here, not only has the Court already deemed Plaintiffs'

allegations "repetitive," it has dismissed an array of claims to the extent they rest on the allegations noted above. Order, at 64-66.

Specifically, the Court should strike all allegations that statements in ProPetro's filings were misleading on any grounds other than its statements about its internal and disclosure controls. *Id.* It should likewise strike all allegations of false or misleading statements regarding ProPetro's internal controls (unrelated to Redman's share pledges) in filings after the secondary offerings. *Id.* These allegations have been flatly dismissed as issues in this litigation. This includes the *entirety* of TAC Sections **IV.C(1)(a)** ("Statements or Omissions Concerning Redman's Improper, Undisclosed Share Pledge" in Offering Documents); **IV.C(1)(c)** ("Statements Concerning Related-Party Transactions" in Offering Documents); **IV.C(2)(b)** ("Statements Concerning Related-Party Transactions" in Forms 10-Q); **IV.C(3)(b)** ("Statements Concerning Related-Party Transactions" in Forms 10-K); **IV.C(4)** ("Materially False and Misleading Statements in ProPetro's August 16, 2017 Form 8-K" relating solely to non-disclosure of Clarabby transactions); **V.B(1)** ("Materially False and Misleading Statements and Omissions Concerning Redman's Improper, Undisclosed Share Pledge" under Securities Act); and **V.B(2)** ("Materially False and Misleading Statements Concerning Related-Party Transactions" under Securities Act). This also includes the majority of TAC Section **IV.C(5)** ("Materially False and Misleading Statements in ProPetro's Proxy Statements").[1]

The Court should further strike all other allegations relating to extraneous and dismissed matters such as Audit Committee Independence (Paragraphs **128-131**) and PBEX (*passim*). Order, at 48-49.

---

[1] Paragraphs **286-287** relate solely to Audit Committee Independence; Paragraph **288** and **292-295** challenges statements that do not address ProPetro's internal or disclosure controls; Portions of Paragraph **290** allege failures to disclose expense reimbursements compensation as well as failures to disclose Clarabby, PBEX, and PT Petroleum matters (each of which has been dismissed); and Paragraph **291** relates to statements about expenses and related parties made after the IPO and secondary offerings.

.²

### C. Striking Irrelevant and Dismissed Material Will Streamline and Clarify the Case and Avoid Undue Prejudice to Defendants

The Court has already observed that the TAC runs afoul of Rule 8. Order, at 28.  The Order brings the TAC's deficiencies into even starker relief.  Because of the TAC's "repetitive," "overlapping," and "circular" pleading style (Order, at 28), claims that have been dismissed (and the allegations on which they rest) are interwoven with what remains of the TAC.  Defendants cannot coherently respond until the Court strikes this extraneous material from the Complaint. Without such clarifying action, it will be incumbent upon each defendant to assert objections to answering each individual allegation that should no longer be part of this case—an inefficient, confusing, and potentially prejudicial process (as Defendants might be required to expend unnecessary resources with respect to dismissed claims and their underlying allegations).

Therefore, as a matter of judicial economy, Defendants should not be required to respond to allegations that are demonstrably no longer part of the case.  Removing from the TAC irrelevant and dismissed material will streamline and clarify the remaining issues before the Court. *See Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989) ("[w]here, as here, motions to strike remove unnecessary clutter from the case, they serve to expedite, not delay.") Not only will this allow Defendants to reasonably frame an Answer, the net effect will be to streamline discovery and nip in the bud discovery disputes that would otherwise drain the Court's and the Parties' time and resources.

Granting the Motion to Strike will also prevent prejudice to Defendants that is otherwise likely. "Prejudice results to the moving party where the allegation or defense would have 'the effect

---

² The TAC Paragraphs identified in this Motion are not intended as an exhaustive listing of all matters or allegations that might properly be struck or that Defendants believe are now irrelevant or dismissed.  This motion is instead intended to focus the Court on the most easily identifiable portions of the TAC that can be dispensed with.

of confusing the issues or is so lengthy and complex that it places an undue burden on the responding party." *Certain Underwriters at Lloyd's Subscribing to Pol'y no. TCN034699 v. Bell*, No. 5:13-CV-113-DCB-MTP, 2014 WL 4546046, at *4 (S.D. Miss. Sept. 11, 2014) (quoting *Cumis Ins. Soc., Inc. v. Peters*, 983 F. Supp. 787, 798 (N.D. Ill. 1997). Allowing these dismissed, confusing, and repetitive allegations to remain a part of the TAC could threaten to unduly broaden the scope of discovery and require litigation of unrelated and impertinent issues. It would particularly prejudice the individual Defendants, by allowing Plaintiffs to focus discovery on allegations of personal impropriety rather than the alleged fraudulent disclosures regarding corporate controls. *See Dishner v. Universal Health Servs., Inc.*, No. 3:17-CV-3321-D, 2018 WL 1617844, at *3-4 (N.D. Tex. Apr. 4, 2018) (granting motion to strike allegations from the complaint in part, where "background fact allegations are not relevant to any specific element of a premises liability.").

## IV.    CONCLUSION

Defendants respectfully request that this Court strike portions of the TAC dismissed by the Court's Order pursuant to Federal Rule of Civil Procedure 12(f).

DATED: October 22, 2021

**HUGHES HUBBARD & REED LLP**

By:  */s/ Kevin Abikoff*
Kevin T. Abikoff (Texas Bar No. 24034118)
Benjamin S. Britz (admitted *pro hac vice*)
1775 I Street, NW
Washington, DC 20006
Telephone: (202) 761-4600
Fax: (202) 721-4646
Email: abikoff@hugheshubbard.com
Email: britz@hugheshubbard.com

*Attorneys for Defendants ProPetro Holding Corp., and Spencer D. Armour, III*

**WINSTEAD PC**

By: _/s/    Toby Galloway_
Toby M. Galloway (Texas Bar No. 00790733)
Matthias Kleinsasser (Texas Bar No. 24071357)
300 Throckmorton Street
Suite 1700
Fort Worth, Texas 76102
Telephone: (817) 420-8200
Fax: (817) 420-8201
Email: tgalloway@winstead.com
Email: mkleinsasser@winstead.com

*Attorneys for Defendant Dale Redman*


**BELL NUNNALLY & MARTIN LLP**

By: _/s/Jeff Ansley_
Jeffrey J. Ansley (Texas Bar No. 00790235)
Craig M. Warner (Texas Bar No. 24084158)
2323 Ross Avenue
Suite 1900
Dallas, Texas 75201
Telephone: (214) 740-1400
Fax: (214) 740-1499
Email: cwarner@bellnunnally.com
Email: jansley@bellnunnally.com

*Attorneys for Defendant Ian Denholm*

**EDMUNDSON SHELTON WEISS**

By:_____/s/ *Kevin Edmundson*_____
J. Kevin Edmundson (Texas Bar No. 24044020)
Jesse Z. Weiss (Texas Bar No. 24013728)
317 Grace Lane
Suite 210
Austin, Texas 78746
Telephone: (512) 596-3058
Fax: (512) 532-6637
Email: kevin@eswpllc.com
Email: jesse@eswpllc.com

*Attorneys for Defendant Jeffrey Smith*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed with the Court's electronic case filing (ECF) system on October 22, 2021, which caused an electronic copy of this document to be served on all counsel of record in this matter.

*/s/Kevin Abikoff*

Kevin T. Abikoff

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7(G), I certify that I conferred by email with Daniel Berger, counsel for Plaintiffs, regarding Defendants' Motion to Strike under FRCP 12(f) via email on Wednesday, October 20, 2021 and thereafter.  Mr. Berger indicated Plaintiffs were not able to respond at that time, but would respond by close of business on the following Wednesday, October 27, 2021.  If the Parties reach agreement during the pendency of this motion, we shall so notify the Court.

/s/ Kevin Abikoff

Kevin T. Abikoff

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

RICHARD LOGAN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, ET AL.,
    *Plaintiffs,*

VS.

PROPETRO HOLDING CORP., ET AL.,
    *Defendants.*

CASE No. MO:19-CV-00217-DC

## [PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO STRIKE

THIS MATTER BEFORE THE COURT on Defendants' Motion to Strike under FRCP 12(f). The Court, having considered all moving and opposing papers and arguments, orders as follows:

Defendants' Motion to Strike is GRANTED.

SO ORDERED.

DATED this _____ day of _____ 2021.

_____
UNITED STATES DISTRICT JUDGE
DAVID COUNTS