**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

|  |  |
|---|---|
| RICHARD LOGAN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, ET AL., <br> *Plaintiffs,* <br><br> VS. <br><br> PROPETRO HOLDING CORP., ET AL., <br> *Defendants.* | CASE No. MO:19-CV-00217-DC |

**<u>Reply in Support of Defendants' Motion to Strike Under FRCP 12(f)</u>**

HUGHES HUBBARD & REED LLP
1775 I Street, N.W.
Washington, D.C. 20006-2401
Tel: (202) 721-4600
Fax: (202) 721-4646

1

## I.    INTRODUCTION

On September 13, 2021 this Court issued a highly detailed 67-page Order on Defendants' Motions to Dismiss.  As part of that Order, this Court recognized the prolix and convoluted nature of the Third Amended Complaint ("TAC").  Order at 28, ECF No. 105.  Rule 12(f) provides a remedy for such situations by allowing the Court to strike "redundant, immaterial, impertinent, or scandalous matter[s]."  FED. R. CIV. P. 12(f).  Defendants therefore filed a Motion to Strike in order to streamline this case, afford Defendants proper notice, and avert the unnecessary expenditure of resources in responding to dismissed claims and allegations and discovery related thereto.  Plaintiffs' Memorandum of Law in Opposition shows why Defendants' Motion was necessary as it showcases Plaintiffs' efforts to read back into the case clearly dismissed claims, twists the language of the Order to expand remaining claims and otherwise attempts to stitch together disparate language in contravention of the dictates of the Order.  These efforts, together with the loosely styled technical and "policy" arguments, make clear the legitimate and necessary bases for Defendants' requested relief.

The Order was clear on what the Court was dismissing and what it was allowing to proceed. With respect to Plaintiffs' claims under the Exchange Act, the Court held that:

> The claims against Defendants ProPetro, Redman, Smith, Denholm, and Armour under Section 10(b) of the Exchange Act and Rule 10b-5 will proceed but are limited as follows:
>
> Statements regarding the adequacy of ProPetro's internal and disclosure controls in relation to (i) improper expense reimbursements to Redman and Smith (limited to statements made prior to the IPO and secondary offerings), (ii) related-party transactions (*limited to statements made prior to the IPO and secondary offerings*), and (iii) Redman's pledging of ProPetro stock as collateral for personal loans.
>
> *Claims based on any statements outside the scope of the categories listed above will not go forward.* Specifically, the Court **GRANTS** Defendants' Motions to Dismiss under the Exchange Act in part with respect to any false statements relating to audit committee independence, PBEX, PT Petroleum, and the Clarabby Transactions, for the reasons stated above.

Order at 64-65 (italics added).

The Court was equally clear with respect to Plaintiffs' Securities Act claim:

Plaintiff OLERS's claims against Defendants ProPetro, Redman, and Smith under Section 11 of the Securities Act will proceed but are limited as follows:

Statements regarding the adequacy of ProPetro's internal and disclosure controls made in connection with the IPO.

Specifically, the Court **GRANTS** Defendants' Motions to Dismiss under the Securities Act in part with respect to any false statements relating to audit committee independence, PBEX, PT Petroleum, the Clarabby Transactions, and Redman's share pledges for the reasons stated above.

Order at 65.

Plaintiffs' remaining 10(b)-5 claims therefore are limited to (i) ProPetro's pre-IPO and secondary offering statements regarding its internal and disclosure controls in relation to expense reimbursements and related parties; and (ii) ProPetro's statements during the class period regarding its internal controls in relation to Redman's share pledges.  Plaintiffs' Section 11 claims are limited singularly to "statements regarding the adequacy of ProPetro's internal and disclosure controls made in connection with the IPO;" the Order *expressly excludes* any claim for a false statement in connection with audit committee independence, PBEX, PT Petroleum, the Clarabby Transactions, and Redman's share pledges.  Order at 65.

In keeping with the Court's express language, Defendants' Motion requested that the TAC be pared down to the allegations remaining at issue, removing allegations that ProPetro misled investors by (i) not disclosing the Clarabby Transactions; (ii) not disclosing the PT Petroleum Transactions; (iii) not disclosing Mr. Denholm's work at PBEX; (iv) not disclosing Mr. Douglas's supposed lack of independence; or (v) not disclosing Redman's share pledge in connection with the IPO.  Defendants also sought to remove allegations regarding statements about internal controls

regarding expenses or related party transactions where such statements post-dated the IPO and secondary offerings.

Plaintiffs, however, ignore the Court's express determination as to what liability claims remain at issue.   In opposing this Motion, Plaintiffs' attempt to reintroduce claims on matters such as PT Petroleum and Clarabby that the Court dismissed; attempt to rewrite the Court's Order to flip its temporal limitations on what statements remain at issue; and play a mischievous "connect the dots" style game of jumping from page to page to cherry pick their favored sentences and then string them together in order to argue that the Order does not mean what it says.

The Court should enforce its Order, strike irrelevant, immaterial, and impertinent matters, and thereby provide the parties a path to focus litigation in this matter on what remains of the case.

## II.    ARGUMENT

### a.    Plaintiffs' Attempt to Rewrite the Court's Order to Expand the Case Should be Rejected

Plaintiffs' Opposition is a transparent exercise in revanchism, seeking to regain claims they have lost.

First, where it suits them, Plaintiffs simply ignore the Court's decision.  Remarkably, as to both the Clarabby Transactions and the PT Petroleum Transactions, Plaintiffs contend that the Court "sustained [their claims] for conduct that occurred prior to the IPO and Secondary Offerings."  Opp. at 7, ECF No. 110.  The Court did no such thing.  Plaintiffs' argument is based on the Court's materiality analysis, which found that the statements regarding the Clarabby Transactions and the PT Petroleum Transactions may be material.  *See* Order at 48, 51.  However, Plaintiffs ignore that the Court then dismissed those allegations in their entireties based on Plaintiffs' failure to adequately plead loss causation.  *See* Order at 59 ("Accordingly, the Court **GRANTS** in part Defendants' Motions to Dismiss to the extent they relate to the PT Petroleum Transactions;" and

"Accordingly, the Court **GRANTS** in part Defendants' Motions to Dismiss to the extent they relate to the Clarabby allegations.").[1]

If there was any doubt about the court's ultimate holdings on the PBEX, PT Petroleum, and Clarabby matters, all of this was repeated in the Court's conclusion:

> "Specifically, the Court **GRANTS** Defendants' Motions to Dismiss under the Exchange Act in part with respect to any false statements relating to audit committee independence, PBEX, PT Petroleum, and the Clarabby Transactions."

Order at 64.[2]

Second, Plaintiffs incorrectly restate the Court's conclusions. The Court's Order clearly states—on multiple occasions—that claims regarding ProPetro's internal and disclosure controls in relation to expense reimbursements and related-party transactions are to be "limited to statements made prior to the IPO and secondary offerings." Order at 64. "Claims based on any statements outside the scope of [these categories] will not go forward." *Id.* Plaintiffs pretend that the Order says "conduct" instead of "statements," and "after" instead of "prior to." Opp. at 6 n.2. Plaintiffs' position apparently is that the Court upheld allegations regarding statements made *after* (rather than "prior to") the IPO and secondary offerings so long as the statements were "*concerning conduct* that

---

[1] Plaintiffs repeat this error throughout their Opposition, even expanding it to encompass the similarly dismissed PBEX allegations. At page 11 of their Opposition, Plaintiffs argue that it is "incorrect" for Defendants to argue that the Section 10(b) and Rule 10b-5 claims regarding PT Petroleum, Clarabby, and PBEX were dismissed, and that all the Court did was "temporally limit[]" the allegations. Opp. at 11. This is simply wrong. As discussed, claims based upon Clarabby and PT Petroleum were dismissed on loss causation grounds. Order at 59 (dismissing Clarabby and PT Petroleum). The PBEX allegations, meanwhile, were dismissed on materiality grounds. Order at 49 ("Accordingly, Defendants' Motions to Dismiss shall be **GRANTED** in part to the extent they relate to the PBEX statements and/or omissions"). Plaintiffs are not even consistent in the scope of their argument; the table at page 7 of their brief identifies claims regarding "Defendant Denholm's Employment at PBEX" as "Dismissed." Opp. at 7.

[2] The court allowed the use of "evidence of related-party transactions in support of Plaintiffs' live claims," but not as claims themselves. Order at 65.

occurred prior to the IPO and secondary offerings." Opp. at 6 n.2. (emphasis in original).[3]  But this

is not what the Order said.  Plaintiffs cannot simply substitute "conduct" for "statements" and

"after" for "prior to" in the Court's Order because they believe that is more "logical."  Opp. at 6

n.2.[4]

Third, Plaintiffs latch onto the Court's occasional reference to certain paragraphs of the

TAC contained in the challenged Sections, but overlook the Court's ultimate conclusions, which

control. For instance, Plaintiffs cite the Court's various mentions of allegations contained in Section

IV.C(1)(a) of the TAC (Statements or Omissions Concerning Redman's Improper Undisclosed

Share Pledge).  But claims that ProPetro violated the securities laws by not disclosing Redman's

share encumbrances in, for instance, the beneficial ownership tables are outside the scope of the

claims permitted to go forward in the Court's Order.  The Court sustained certain claims "regarding

the adequacy of ProPetro's internal and disclosure controls," but ruled that "Claims based on

statements outside [that] scope" could not proceed.  Order at 64.  Similarly, Plaintiffs contend that

portions of Section IV.C(5) should not be struck because the Court's Order addressed paragraphs

288, 289, and 291.  But Defendants have not asked the Court to strike paragraphs 288 or 289, and

paragraph 291 relates entirely to the 2019 Proxy, which clearly postdates the IPO and secondary

---

[3] The only basis proffered by Plaintiffs for this argument is that they did not challenge any statements prior to the IPO and the Secondary Offerings.  Opp. at 6 n.2.  That is not true.  The TAC clearly challenges statements made in the IPO Offering Documents (issued before the IPO was consummated) and before the Secondary Offerings took place in May 2018.

[4] Plaintiffs similarly appear to contend that, at the top of page 37 of the Order, the Court limited their claims to statements concerning conduct that occurred prior to the IPO and secondary offerings.  But the court was clear that Plaintiffs pleaded no such conduct.  Plaintiffs ignore the prior paragraph, where the Court stated, "the allegedly false statements concerning ProPetro's related-party transactions cannot be false and misleading because the facts underscoring falsity—i.e., improper expense reimbursements, the Clarabby Transactions, and the PT Petroleum Transaction—did not occur until after the statements were made."  Order at 36.  Far from being "the only logical interpretation," Plaintiffs' wholesale rewriting turns the Order on its head.

offerings and is thus outside of the Order's limitation of claims to those regarding statements made prior to the IPO and secondary offerings. That the Court may have made passing reference to these paragraphs elsewhere in its opinion is irrelevant. *Dixon v. Edwards*, 290 F.3d 699, 720 (4th Cir. 2002)(Stating that language in the order—and not the opinion—is controlling, "because courts speak through their orders."); *Eakin v. Continental Ill. Nat'l Bank & Trust Co.*, 875 F.2d 114 , 118 (7th Cir. 1989) ("In the event of a conflict between the opinion and the judgment, the judgment controls."); *cf. Friedland v. Zickefoose*, 538 F. App'x 122, 124 n.4 (3d Cir. 2013) (finding the Court's order controlling where it was in conflict with hearing transcript); *FTC v. Educare Ctr. Servs., Inc.*, 433 F. Supp. 3d 1008, 1013 n.1 (W.D. Tex. 2020) (explaining that courts are bound by holdings, not dictum).

### b. Defendants Face Significant Threat of Prejudice

Defendants' use of Rule 12(f) is both appropriate and necessary. "The essential function of a Rule 12(f) motion is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Dishner v. Universal Health Servs., Inc.*, No. 3:17-CV-3321-D, 2018 WL 1617844, at *1 (N.D. Tex. Apr. 4, 2018) (citation omitted). "Prejudice results to the moving party where the [challenged] allegation . . . would have the effect of confusing the issues or is so lengthy and complex that it places an undue burden on the responding party." *Id.* at *2 (citation omitted). These concerns are present and valid here.

As a threshold matter, Defendants should not be burdened by having to answer the TAC's "sprawling web of allegations" to get to the small set of remaining core issues in the case. Order at 28. Plaintiffs' kitchen sink approach to pleading resulted in a 149-page complaint, unnecessary for the purposes of the case. Indeed, in its (since declined) offer of leave to replead, the Court allotted Plaintiffs just 20 pages—a far more accurate estimate of the space proper to a succinct pleading of the remaining live claims. Order at 64. Defendants should be spared the time and expense of

responding to a mass of repetitive and irrelevant material.  This concern is exacerbated by Plaintiffs'

obvious desire and intent to expand the scope of this case, and likely associated discovery, beyond

the limited set of claims allowed to proceed by the Order.  *See supra* at 3-6.  Defendants should not

have to engage in lengthy and wasteful discovery conferences and disputes simply to avoid

producing materials that are not responsive to the remaining live claims; but, in the absence of an

Order striking surplusage, it is clear that is what will happen.

Plaintiffs' attempt to downplay the threat of prejudice on the grounds that the parties have

not yet engaged in discovery and can challenge discovery requests at a later point in the litigation

should be rejected.  *See* Opp. at 4.  As the *Dishner* court recognized, "while Rule 26(b) provides

remedies for unduly broad and burdensome discovery, the scope of permissible discovery is tethered

to the pleaded claims and defenses."  2018 WL 1617844 at *4.  Rule 26 provides no remedy for the

prejudice that occurs from requiring Defendants to respond to masses of "immaterial and

impertinent" allegations, nor does it provide *ex ante* protection against unnecessary discovery.  *Id.*

(citations omitted).  "Rule 26 does not provide a remedy for the initial prejudice caused by requiring

[defendant] to respond to a complaint in which 32 paragraphs are immaterial and impertinent in

their current form.  Even when a complaint contains a clear statement, length alone can sufficiently

render it laborious to comprehend and manage.  Additional prejudice arises when, as here, the

pleadings would require defendants to respond to unnecessary discovery."  *Id.* (citations omitted).

Plaintiffs' Opposition addresses none of these concerns, opting instead for rote recitations

of the Rule 12(f) standard.[5]  But the Court "has broad discretion to determine whether [a]

---

[5] Plaintiffs claim that two of the other cases Defendants rely on–*Caterpillar Inc.* and *Davis*–are "not applicable and inapposite."  Opp. at 7-8 n.4.  Plaintiffs miss the forest for the trees. In *Caterpillar Inc.*, the court plainly said that it was granting defendant's motion to strike "[t]o avoid prejudice to [defendant] and unnecessary forays into immaterial mat[t]ers."  *Int'l Constr. Prods. LLC v. Caterpillar Inc.*, Civ. No. 15-108-RGA, 2020 WL 4607882, at *2 (D. Del. Aug. 11, 2020).  The crux of the opinion is that unnecessary allegations in a complaint should be stricken therefrom.  The allegations

challenged matter should be stricken." *Gilchrist v. Schlumberger Tech. Corp.*, 321 F.R.D. 300, 302 (W.D. Tex. 2017) (citing *In re Beef Indus. Antitrust Litig.*, 600 F.2d 1148, 1168 (5th Cir. 1979)).  Given that Plaintiffs now argue that the court upheld claims it actually dismissed, the necessity of this Motion could not be clearer.

### c.  Plaintiffs' Procedural Concerns are Frivolous

Plaintiffs additionally offer a grab-bag of procedural objections to Defendants' Motion, contending that it is untimely, that Defendants did not comply with the meet-and-confer rules, and that Plaintiffs' appellate rights would be prejudiced.  None of these complaints holds water.

First, Plaintiffs contend that Defendants' Motion to Strike is untimely.  However, a Rule 12(f) motion is timely when the movant files it "before responding to the pleading."  Opp. at 12 n.5 (quoting FED. R. CIV. P. 12).  Defendants have not yet filed their answers to Plaintiff's TAC. Therefore, Defendants' Motion to Strike is timely.  Moreover, the impetus for the Motion to Strike is the impact of the Court's Order on the claims contained in the Complaint—that is, the motion could not have been made within 21 days of service of the TAC, as Plaintiffs appear to contend it should have been.

Second, Defendants met their meet-and-confer duties.  As Plaintiffs recount, counsel for Defendants contacted Plaintiffs' counsel on October 20, 2021 regarding Defendants' intent to file a motion to strike.  *See* Opp. at 3 n.1.  The following day, Plaintiffs' counsel informed counsel for

---

in *Caterpillar, Inc.* were unnecessary because the court had already ruled on them, declaring the alleged misconduct lawful.  Similarly, the allegations in Plaintiffs' TAC are unnecessary because this Court has already ruled on them, declaring them "repetitive and overlapping with circular reasoning." Order at 28.  Plaintiffs also contend that *Davis* is inapposite because the case "does not even concern striking dismissed allegations from a complaint; rather, it concerned a motion to strike the plaintiff's sur-reply brief."  Opp. at 7-8 n.4.  Again, Plaintiffs' miss the point—the court was focused on removing unnecessary and redundant matter from the case, wherever it arose.  *See Davis v. United Health Servs.*, No. 1:18-CV-1093-RP, 2020 U.S. Dist. LEXIS 78 at *8 n.4 (W.D. Tex. Jan. 2, 2020).  That is what Defendants request here.

Defendants that they would not be able to respond to Defendants for *seven days*, until October 27, 2021.  Plaintiffs' response was tantamount to refusing to consent given that Plaintiffs knew Defendants' answers would be due that same day.  *See* Opp. at 12 n.5 (stating that Defendants' "Answers to the Complaint . . . were due on October 27, 2021").  Moreover, counsel for Defendants specifically offered—and stood ready—to withdraw the motion and enter into an agreement if Plaintiffs indicated that they were amenable.  Plaintiffs' counsel failed to respond.

Third, Plaintiffs' appellate rights are secure.  The Court's entry of an Order striking portions of a complaint does not affect Plaintiff's right to appeal the Court's earlier decisions.  The cases Plaintiffs cite to support their argument are inapposite, as the plaintiffs in those cases voluntarily amended their complaints, which resulted in a waiver of appellate rights with respect to their abandoned claims.  *See Gonzalez v. Aztex Advantage*, 547 F. App'x 424, 428 n.8 (5th Cir. 2013) (claim waived where plaintiff "dropped his breach of fiduciary duty claim in his Fourth Amended Complaint and did not seek to reassert it"); *King v. Dogan*, 31 F.3d 344, 345-46 (5th Cir. 1994) (after filing initial complaint *pro se*, plaintiff "retained counsel, who filed [two] amended complaint[s]").  Defendants are not asking Plaintiffs to voluntarily amend; they are asking the Court to strike dismissed matters from the TAC.  If the Court does so, Plaintiffs will be free to ultimately appeal both the Court's order on this motion and its prior Order on Defendants' motion to dismiss.[6]

## III.   CONCLUSION

Defendants respectfully request that this Court strike portions of the TAC dismissed by the Court's Order pursuant to Federal Rule of Civil Procedure 12(f).

---

[6] *See Young v. City of Mount Ranier,* 238 F.3d 567, 573 (4th Cir. 2001) ("[I]f the claims not included in the amended complaint have previously been dismissed by the court without leave to amend, then the waiver rule does not apply and the plaintiff may challenge the dismissal on appeal without repleading the dismissed claims.")

DATED: November 12, 2021

**HUGHES HUBBARD & REED LLP**

By:  */s/ Kevin Abikoff*
Kevin T. Abikoff (Texas Bar No. 24034118)
Benjamin S. Britz (admitted *pro hac vice*)
1775 I Street, NW
Washington, DC 20006
Telephone: (202) 761-4600
Fax: (202) 721-4646
Email: abikoff@hugheshubbard.com
Email: britz@hugheshubbard.com

*Attorneys for Defendants ProPetro Holding Corp., and Spencer D. Armour, III*

**WINSTEAD PC**

By: */s/   Toby Galloway*
Toby M. Galloway (Texas Bar No. 00790733)
Matthias Kleinsasser (Texas Bar No. 24071357)
300 Throckmorton Street
Suite 1700
Fort Worth, Texas 76102
Telephone: (817) 420-8200
Fax: (817) 420-8201
Email: tgalloway@winstead.com
Email: mkleinsasser@winstead.com

*Attorneys for Defendant Dale Redman*

**BELL NUNNALLY & MARTIN LLP**

By:_____/s/ Jeff Ansley_____
Jeffrey J. Ansley (Texas Bar No. 00790235)
Craig M. Warner (Texas Bar No. 24084158)
2323 Ross Avenue
Suite 1900
Dallas, Texas 75201
Telephone: (214) 740-1400
Fax: (214) 740-1499
Email: cwarner@bellnunnally.com
Email: jansley@bellnunnally.com

*Attorneys for Defendant Ian Denholm*

**EDMUNDSON SHELTON WEISS PLLC**

By:_____/s/ J. Kevin Edmundson_____
J. Kevin Edmundson (Texas Bar No. 24044020)
Jesse Z. Weiss (Texas Bar No. 24013728)
317 Grace Lane
Suite 210
Austin, Texas 78746
Telephone: (512) 596-3058
Fax: (512) 532-6637
Email: kevin@eswpllc.com
Email: jesse@eswpllc.com

*Attorneys for Defendant Jeffrey Smith*

12

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was filed with the Court's electronic case filing (ECF) system on November 12, 2021, which caused an electronic copy of this document to be served on all counsel of record in this matter.

/s/ Kevin Abikoff
Kevin T. Abikoff