IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| **NYKREDIT PORTEFØLJE ADMINISTRATION A/S, OKLAHOMA FIREFIGHTERS PENSION AND RETIREMENT SYSTEM, OKLAHOMA LAW ENFORCEMENT RETIREMENT SYSTEM, OKLAHOMA POLICE PENSION AND RETIREMENT SYSTEM, OKLAHOMA CITY EMPLOYEE RETIREMENT SYSTEM, POLICE AND FIRE RETIREMENT SYSTEM OF THE CITY OF DETROIT,** Individually and on behalf of all others similarly situated, § § § § § § § § § § § § § § | |
| *Plaintiffs*, § | |
| v. § | No. MO:19-CV-217-DC |
| § | |
| **PROPETRO HOLDING CORP., DALE REDMAN, JEFFREY SMITH, IAN DENHOLM, and SPENCER D. ARMOUR III,** § § § § § | |
| *Defendants*. § | |

**ORDER**

BEFORE THE COURT is Defendants Jeffrey Smith ("Smith"), Spencer D. Armour, III ("Armour"), Dale Redman ("Redman"), Ian Denholm ("Denholm"), and ProPetro Holding Corp.'s ("ProPetro") (collectively, "Defendants") Motion to Strike under Fed. R. Civ. P. 12(f) (Doc. 109), Lead Plaintiffs Nykredit Portefølje Administration A/S, Oklahoma Firefighters Pension and Retirement System, Oklahoma Law Enforcement Retirement System, Oklahoma Police Pension and Retirement System, Oklahoma City Employee Retirement System, together with additional named plaintiff Police and Fire Retirement System of the City of Detroit's (collectively, "Plaintiffs") Memorandum of Law in Opposition to Defendants' Motion to Strike

1

(Doc. 110), Defendants' Reply (Doc. 111), and the Parties' Joint Motion to Modify Proposed Scheduling Order (Doc. 115).  After due consideration, the Court **GRANTS** Defendants' Motion to Strike (Doc. 109) and **GRANTS** the Parties' Joint Motion to Modify Proposed Scheduling Order (Doc. 115):

## I. BACKGROUND

Plaintiff Richard Logan filed the Complaint in this action on September 16, 2019.  (Doc. 1).  Plaintiff filed this action as a class action on behalf of all persons and entities who purchased or otherwise acquired ProPetro securities traceable to the Registration Statement issued in connection with ProPetro's March 2017 initial public offering ("IPO") or acquired ProPetro Securities between March 17, 2017 and August 8, 2019 (the "Class Period").  (*Id*. at 2).  On December 16, 2019, the Court granted the Motion for Appointment as Lead Plaintiff filed by Nykredit Portefølje Administration A/S, Oklahoma Firefighters Pension and Retirement System, Oklahoma Law Enforcement Retirement System, Oklahoma Police Pension and Retirement System, and Oklahoma City Employee Retirement System (the "Lead Plaintiffs").  (Doc. 43).

On February 13, 2020, Lead Plaintiffs and additional named plaintiff Police and Fire Retirement System of the City of Detroit, individually and on behalf of all others similarly situated (collectively, "Plaintiffs"), filed an Amended Class Action Complaint for Violations of Federal Securities Laws against Defendants ProPetro Holding Corp., Dale Redman, Jeffrey Smith, and Ian Denholm (collectively, "Defendants").  (Doc. 55).  On February 14, 2020, Plaintiffs filed their Second Amended Class Action Complaint.  (Doc. 73).

On July 20, 2020, Plaintiffs filed their Third Amended Complaint.  (Doc. 81).  On August 31, 2020, Defendants Smith (Doc. 89), Armour (Doc. 90), Redman (Doc. 91), Denholm (Doc. 91), and ProPetro Holding Corp. (Doc. 93) filed Motions to Dismiss.  On September 13, 2021,

the Court granted in part and denied in part Defendants' Motions to Dismiss Plaintiffs' Third Amended Complaint. (Doc. 105).

The Court previously held with respect to Plaintiffs' claims under the Securities Exchange Act of 1932 (the "Exchange Act"):

> The claims against Defendants ProPetro, Redman, Smith, Denholm, and Armour under Section 10(b) of the Exchange Act and Rule 10b-5 will proceed but are limited as follows:
>
>> Statements regarding the adequacy of ProPetro's internal and disclosure controls in relation to (i) improper expense reimbursements to Redman and Smith (limited to statements made prior to the IPO and secondary offerings), (ii) related-party transactions (limited to statements made prior to the IPO and secondary offerings), and (iii) Redman's pledging of ProPetro stock as collateral for personal loans.
>
> Claims based on any statements outside the scope of the categories listed above will not go forward. Specifically, the Court **GRANTS** Defendants' Motions to Dismiss under the Exchange Act in part with respect to any false statements relating to audit committee independence, PBEX, PT Petroleum, and the Clarabby Transactions, for the reasons stated above.

(Doc. 105 at 64–65).

The Court previously held with respect to Plaintiffs' claims under the Securities Act of 1933 ("Securities Act"):

> Plaintiff [Oklahoma Law Enforcement Retirement System ("OLERS")]'s claims against Defendants ProPetro, Redman, and Smith under Section 11 of the Securities Act will proceed but are limited as follows:
>
>> Statements regarding the adequacy of ProPetro's internal and disclosure controls made in connection with the IPO.
>
> Specifically, the Court **GRANTS** Defendants' Motions to Dismiss under the Securities Act in part with respect to any false statements relating to audit committee independence, PBEX, PT Petroleum, the Clarabby Transactions, and Redman's share pledges for the reasons stated above.

(*Id.* at 65).

3

Plaintiffs' remaining 10(b)-5 claims therefore are limited to (i) ProPetro's pre-IPO and secondary offering statements regarding its internal and disclosure controls in relation to expense reimbursements and related parties; and (ii) ProPetro's statements during the class period regarding its internal controls in relation to Redman's share pledges. Plaintiffs' Section 11 claims are limited singularly to "statements regarding the adequacy of ProPetro's internal and disclosure controls made in connection with the IPO;" the Order expressly excludes any claim for a false statement in connection with audit committee independence, PBEX, PT Petroleum, the Clarabby Transactions, and Redman's share pledges. (*Id*. at 65).

Plaintiffs have since declined to amend their Complaint. As a result, Defendants move pursuant to Fed. R. Civ. P. 12(f) for the Court to strike those portions of the Complaint that are rendered immaterial by the Court's prior order of dismissal. (Doc. 109). Defendants request the removal of allegations that ProPetro misled investors by (i) not disclosing the Clarabby Transactions; (ii) not disclosing the PT Petroleum Transactions; (iii) not disclosing Mr. Denholm's work at PBEX; (iv) not disclosing Mr. Douglas's supposed lack of independence; or (v) not disclosing Redman's share pledge in connection with the IPO. Defendants also seek to remove allegations regarding statements about internal controls regarding expenses or related party transactions where such statements post-dated the IPO and secondary offerings.

On March 14, 2022, the Parties moved to modify the proposed scheduling order. (Doc. 115). The Parties are currently engaged in discovery. "[D]ue to the complexity of the issues surrounding discovery and given the volume of documents at issue," the Parties seek to continue the previously proposed scheduling deadlines.

## II. LEGAL STANDARD

Under Rule 12(f) of the Federal Rules of Civil Procedure, a court may strike "redundant, immaterial, impertinent, or scandalous matter[s]" on a motion by a party before responding to the pleading.  Fed. R. Civ. P. 12(f).  Motions to strike are utilized "to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters."  *Murphy v. Remedial Constr. Servs., L.P.*, No. CV H-09-1134, 2010 WL 11583237 at *8 (S.D. Tex. Jan. 11, 2010) (internal citations omitted).  "The essential function of a Rule 12(f) motion is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial."  *Dishner v. Universal Health Servs., Inc.,* No. 3:17-CV-3321-D, 2018 WL 1617844, at *1 (N.D. Tex. Apr. 4, 2018) (internal citations omitted).

"Prejudice results to the moving party where the [challenged] allegation . . . would have the effect of confusing the issues or is so lengthy and complex that it places an undue burden on the responding party." *Id*. at *2 (internal citations omitted).  "[W]hile 26(b) provides remedies for unduly broad and burdensome discovery, the scope of permissible discovery is tethered to the pleaded claims and defenses."  2018 WL 1617844 at *4.  Rule 26 provides no remedy for the prejudice that occurs from requiring Defendants to respond to masses of "immaterial and impertinent" allegations, nor does it provide *ex ante* protection against unnecessary discovery.  *Id*. (internal citations omitted).

"The decision to grant or deny a motion to strike lies within the sound discretion of the trial court."  *David v. Signal Int'l, LLC*, No. 08-1220, 2013 WL 2181293, at *2 (E.D. La. May. 20, 2013); *Gilchrist v. Schlumberger Tech. Corp*., 321 F.R.D. 300, 302 (W.D. Tex. 2017) (explaining the Court "has broad discretion to determine whether [a] challenged matter should be stricken.") (citing *In re Beef Indus. Antitrust Litig.,* 600 F.2d 1148, 1168 (5th Cir. 1979).

## III.     DISCUSSION

### A.     Defendants' Motion to Strike

As an initial matter, the Court finds that Defendants' Motion to Strike is timely as it was filed "before responding to the pleading." Fed. R. Civ. P. 12. Defendants have not yet answered Plaintiffs' Third Amended Complaint. Defendants file the instant motion to strike to streamline this case, afford Defendants proper notice, and avert the unnecessary expenditure of resources in responding to dismissed claims and allegations and discovery related thereto.

*First*, the Order on Defendants' motions to dismiss limited Plaintiffs' claims under Section 10(b) of the Exchange Act and Rule 10b-5 as follows:

> Statements regarding the adequacy of ProPetro's internal and disclosure controls in relation to (i) improper expense reimbursements to Redman and Smith (limited to statements made prior to the IPO and secondary offerings), (ii) related-party transactions (limited to statements made prior to the IPO and secondary offerings), and (iii) Redman's pledging of ProPetro's stock as collateral for personal loans.

(Doc. 105 at 64). Plaintiffs therefore can make allegations regarding improper expense reimbursements to Redman and Smith and related-party transactions in support of their claims regarding ProPetro's internal and disclosure controls but only to the extent the alleged conduct occurred, if at all, prior to the IPO and secondary offerings and no later than May 10, 2018.

*Second*, the Order dismissed Section 10(b) and Rule 10b-5 claims with respect to false statements relating to the following alleged related-party transactions: "PBEX, PT Petroleum, and the Clarabby Transactions" as well as any statements regarding Audit Committee Independence. (*Id*. at 38–39). Disclosures relating to these matters, therefore, cannot form an independent basis for liability. Rather, Plaintiffs may only offer evidence of the PT Petroleum and Clarabby Transactions in support of their claims that statements regarding ProPetro's controls made prior to the IPO and Secondary Offering documents were materially false or

6

misleading. The Court dismissed the PBEX allegations entirely, ruling that the omission of PBEX from ProPetro disclosures was simply not material—regardless of timing—because Plaintiffs did not allege any "transactio[n] with the registrant company[.]" (*Id*. at 48–49).

***Third***, the Order limited Plaintiffs claims under Section 11 of the Securities Act as follows: "Statements regarding the adequacy of ProPetro's internal and disclosure controls made in connection with the IPO." (*Id*. at 65). The Order dismissed all claims under Section 11 "with respect to any false statements relating to audit committee independence, PBEX, PT Petroleum, the Clarabby Transactions, and Redman's share pledges." (*Id*.).

To clean up the pleadings, streamline the present litigation, avoid unnecessary forays into immaterial matters, and protect Defendants from being forced to litigate issues after the Court has dismissed certain claims and theories, the Court hereby **GRANTS** Defendants' Motion to Strike (Doc. 109) the portions of the Complaint to the extent they rest on the allegations noted above. (Doc. 81). Specifically, the Court finds the following matters to be "redundant and distant from the specific controversy at issue"[1] pursuant to the Court's prior Order of dismissal:

- The Court **STRIKES** all allegations that statements in ProPetro's filings were misleading on any grounds other than its statements about its internal and disclosure controls;

- The Court **STRIKES** all allegations of false or misleading statements regarding ProPetro's internal controls unrelated to Redman's share pledges in filings after the secondary offerings previously dismissed as issues in this litigation including:

    o Section IV.C(1)(a) ("Statements or Omissions Concerning Redman's Improper, Undisclosed Share Pledge" in Offering Documents);

    o Section IV.C(1)(c) ("Statements Concerning Related-Party Transactions" in Offering Documents);

    o Section IV.C(2)(b) ("Statements Concerning Related-Party Transactions" in Forms 10-Q);

---

[1] *Davis v. United Health Servs.,* No. 1:18-CV-1093-RP, 2020 U.S. Dist. LEXIS 78 at *8 n. 4 (W.D. Tex. Jan. 2, 2020).

- o   Section IV.C(3)(b) ("Statements Concerning Related-Party Transactions" in Forms 10-K);

- o   Section IV.C(4) ("Materially False and Misleading Statements in ProPetro's August 16, 2017 Form 8-K" relating solely to non-disclosure of Clarabby transactions);

- o   Section V.B(1) ("Materially False and Misleading Statements and Omissions Concerning Redman's Improper, Undisclosed Share Pledge" under Securities Act);

- o   Section V.B(2) ("Materially False and Misleading Statements Concerning Related-Party Transactions" under Securities Act); and

- o   Portions of Section TAC Section IV.C(5) ("Materially False and Misleading Statements in ProPetro's Proxy Statements"):

- o   Paragraphs 286–287 relating to Audit Committee Independence;

- o   Paragraphs 292–295 challenging statements unrelated to ProPetro's internal and disclosure controls;

- o   Portions of paragraph 290 alleging failures to disclose expense reimbursement compensation as well as failures to disclose Clarabby, PBEX, and PT Petroleum matters each of which were dismissed; and

- o   Paragraph 291 relating to statements about expenses and related parties after the IPO and secondary offerings.

- The Court **STRIKES** all other allegations relating to extraneous and dismissed matters such as Audit Committee Independence (Paragraphs 128–131) and PBEX. (Doc. 105 at 48–49).

The Court finds that removing this unnecessary clutter from the Compliant will serve to expedite and not delay this action by streamlining discovery and preventing prejudice to Defendants that may otherwise result from confusion, length, or complexity of the live allegations that places an undue burden on the responding parties.  Nothing in this Order shall be construed as a waiver of Plaintiffs' appellate rights with respect to the claims in the Third Amended Complaint previously dismissed by the Court.

**B.      The Parties' Motion to Modify Scheduling Deadlines**

On March 14, 2022, the Parties submitted a joint motion to modify proposed scheduling order. (Doc. 115). The Court hereby **GRANTS** the Parties' Joint Motion and enters the following scheduling deadlines:

| | |
|---|---|
| **March 18, 2022** | Deadline to agree or submit disputes concerning search protocol for ProPetro documents, ESI protocol, and Confidentiality Order |
| **March 18, 2022** | Deadline for ProPetro to begin production of documents |
| **June 1, 2022** | Deadline for ProPetro to produce documents |
| **June 7, 2022** | Deadline for Plaintiffs to produce documents |
| **May 27, 2022** | Deadline for Class Certification Motion and Identification of Plaintiffs' Class Certification Experts |
| **July 14, 2022** | Deadline to Complete Defendants' Depositions Including Experts for Class Certification |
| **July 22, 2022** | Deadline for Class Certification Opposition Brief and Identification of Defendants' Class Certification Experts |
| **August 19, 2022** | Completion of Plaintiffs' Depositions Including Experts for Class Certification |
| **August 29, 2022** | Deadline for Class Certification Reply Brief |
| **July 15, 2022** | Deadline to Amend Complaint or Add Parties |
| **September 16, 2022** | Deadline for Fact Discovery |
| **September 23, 2022** | Deadline for Expert Discovery Other than Class Certification Experts; Deadline for Comments and Opening Reports |
| **October 28, 2022** | Deadline for Responsive Expert Reports |
| **November 22, 2022** | Deadline for Rebuttal Expert Reports |
| **December 23, 2022** | Deadline for Expert Discovery |
| **January 23, 2023** | Deadline for Expert Challenges and Summary Judgment Motions |
| **March 10, 2023** | Deadline for Responses to Expert Challenges and Summary Judgment Oppositions |
| **April 17, 2023** | Deadline for Expert and Summary Judgment Replies |

Because this action cannot proceed to the next stage of trial until the parties have finished their document production in preparation for briefing class certification, the Court finds this case is appropriate for administrative closure. *See Mire v. Full Spectrum Lending, Inc.,* 389 F.3d 163, 167 (5th Cir. 2014) ("District courts frequently make use of this device to remove from their pending cases suits which are temporarily active elsewhere. . . . The effect of an administrative closure is no different from a simple stay[.]").

The Clerk's office is therefore **DIRECTED** to administratively close this case pending further order of the Court. Though administratively closed, this case will still exist on the docket of this Court and may be reopened upon request or on the Court's own motion.

It is so **ORDERED**.

SIGNED this 18th day of March, 2022.

_____
DAVID COUNTS
UNITED STATES DISTRICT JUDGE