**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| **NYKREDIT PORTEFØLJE ADMINISTRATION A/S, OKLAHOMA FIREFIGHTERS PENSION AND RETIREMENT SYSTEM, OKLAHOMA LAW ENFORCEMENT RETIREMENT SYSTEM, OKLAHOMA POLICE PENSION AND RETIREMENT SYSTEM, OKLAHOMA CITY EMPLOYEE RETIREMENT SYSTEM, POLICE AND FIRE RETIREMENT SYSTEM OF THE CITY OF DETROIT,** Individually and on behalf of all others similarly situated, | § § § § § § § § § § § § § § § | |
| *Plaintiffs,* | § § | |
| **v.** | § § | **No. MO:19-CV-217-DC** |
| **PROPETRO HOLDING CORP., DALE REDMAN, JEFFREY SMITH, IAN DENHOLM, and SPENCER D. ARMOUR III,** | § § § § § § | |
| *Defendants.* | § | |

**[PROPOSED] PROTOCOL GOVERNING THE PRODUCTION OF
ELECTRONICALLY STORED INFORMATION**

The parties, by their undersigned Counsel, hereby agree to the following regarding the

forms of production of documents and Electronically Stored Information ("ESI") in discovery:

1. **General Format of Production**: With the exception of spreadsheet, audio, audiovisual, video, and PowerPoint presentation files that do not require redaction, all of which will be produced in native file format with the same metadata and text as described herein, all documents shall be produced in electronic image format with accompanying text and metadata files in the

manner provided herein, at the producing Party's own expense. Documents will be produced in a family complete manner. Spreadsheet files and PowerPoint Presentations that require redaction to protect privileged information shall be produced in the format set forth in Paragraph 4 below. The Parties shall meet and confer to attempt to resolve any problems related to the imaging or formatting of produced documents. To the extent exceptions to the foregoing are required, the Parties will meet and confer to discuss alternative production requirements, concerns, or formats.

2. **Parent-Child Relationships**: Parent-child relationships (i.e., the association between an attachment and its parent document) must be preserved. For example, electronic documents attached to an email are to be produced with contemporaneous and sequential Bates numbers, immediately following those of the parent document. Similarly, if a Party produces a document with attachments, appendices or indices that are part of that same document family, those documents should be produced with contemporaneous and sequential Bates numbers in the order in which they were attached.

3. **Partially Withheld Families**: The Parties agree that if any part of an Email family is responsive, the entire Email family will be produced, except for any attachments that are withheld or redacted on the basis of privilege, immunity, or applicable privacy laws. Where an attachment or attachments must be withheld in their entirety for privilege, and another document or documents in the family must be produced, the privileged attachment(s) will either be redacted in full or produced as a slip sheet bearing only a Bates number, and the non-privileged portions of the family will be produced in their entirety. Emails in partially withheld families will not be slipsheeted (and instead will be redacted) even if all Email content is

withheld on privilege or similar bases.

4.  **Document Image Format**: Except as provided in Paragraph 3 and Paragraph 17 herein, all production document images will be provided in a single-page, 300 DPI, Group IV TIFF format with load files.  Images for documents created with office or personal productivity software (e.g., word processing documents, spreadsheets, and presentations) shall include tracked changes, comments, hidden rows, columns or worksheets, speaker notes, and any other similar content that can be made visible with the application.  Load files should be produced in an agreed-upon database format (i.e., Relativity format), with an agreed-upon image format (i.e., Opticon*.opt) cross-reference file, together with the TIFF images.  The file name of each TIFF image file shall be the corresponding Bates number of the page of the document portrayed, followed by the extension ".TIF."

5.  **Hard-Copy Document Unitization**: Each page of a hard-copy document shall be scanned or electronically saved into an image in accordance with Paragraph 4.  If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be reflected in the load file referenced above to the extent reasonably practicable.

6.  **Bates Numbering and Native File Production**: Each page of a produced document shall be sequentially marked with a legible Bates number.  Confidentiality designations, if needed or required, shall also be marked on each page of produced documents.  Neither the Bates numbering nor the confidentiality designation shall cover, obliterate, or obscure any other information on the document.  For native files, a placeholder TIFF image marked with the Bates number and confidentiality designation and stating "File Produced Natively" shall be produced.  The native produced file shall be named to the corresponding Bates number (e.g., ABC_01.xls) and may also be named to include any confidentiality designation (e.g.,

3

ABC_01_CONFIDENTIAL.xls). For the avoidance of doubt, native files are not required to include a confidentiality designation in their file names to preserve the confidentiality of the native file.

7. **Document Production**: Documents produced in this action, or subsequently provided to any third parties pursuant to the Confidentiality Order, shall be produced or provided via a secure encrypted electronic file transfer or file sharing system (e.g., FTP site). To the extent it is not practicable to produce or provide documents via secure electronic file transfer system, documents shall be produced or provided in encrypted format on either a CD, single density DVD, or portable hard drive. If a disk or drive is used, the media will have a label containing the case name, the name of the party making the production, the range of Bates numbers for the documents contained in that production, the volume number of the production, and the date of the production.

8. **Metadata**: Responsive documents shall include the metadata fields set forth below to the extent available. The Parties will make reasonable efforts to ensure that metadata fields automatically extracted from the documents are correct, however, the Parties acknowledge that such metadata may not always be accurate and might instead contain irrelevant or incorrect information generated during the collection process.

| Field Name | Sample Data | Description | Applies To |
|---|---|---|---|
| BEGBATES | NITT0000001 | First Bates number of document | All |
| ENDBATES | NITT0000001 | Last Bates number of document | All |
| BEGATTACH | NITT0000001 | First Bates number of attachment range | All |
| ENDATTACH | NITT0000015 | Last Bates number of attachment range | All |

4

| Field Name | Sample Data | Description | Applies To |
|---|---|---|---|
| ALL_CUSTODIANS | Doe, John; Doe, Jane; Roe, John | If documents are de-duplicated, all custodians with a particular document should be provided with a semicolon delimiter | All |
| EMAIL_FROM | John Doe | Sender<br>Semi-colon should be used to separate multiple entries | E-Mail |
| EMAIL_TO | Jane Doe [mailto:Jane_Doe@msn.com] | Recipient(s)<br>Semi-colon should be used to separate multiple entries | E-Mail |
| EMAIL_CC | John Doe [mailto:John_Doe@msn.com] | Carbon copy recipient(s)<br>Semi-colon should be used to separate multiple entries | E-Mail |
| EMAIL_BCC | Jane Doe | Blind carbon copy recipient(s)<br>Semi-colon should be used to separate multiple entries | E-Mail |
| EMAIL_SUBJECT | Board Meeting Minutes | Subject line of the email | Email |
| DATE_SENT | 12/15/2010 | Date the email was sent<br>Format shall be MM/DD/YYYY | Email |
| TIME_SENT | 18:02:03 UTC | Time the email was sent in 24-Hour format, standardized to Coordinated Universal Time (UTC) | Email |
| Attachment Count | 3 | Number of attachments | E-Mail |

| Field Name | Sample Data | Description | Applies To |
|---|---|---|---|
| Conversation Index | 01D6CCDE4CCEA 4771583E6844702 B69EC1C1119A95 56 | Email ID for Email Threads | Email |
| Author | Jane Doe | As attributed in Author field of electronic document | E-Doc |
| File Name | File.PDF | Original native file name | All |
| Application | Microsoft Word | Name of software used to open document | E-Doc |
| File Size | 47 KB | Size of file in KB | E-Doc |
| FILEPATH | C:\MY DOCUMENTS\AG ENDA | Pathway for the document | Email or E-Doc |
| FILE_EXTEN | MSG | The file type extension representing the Email or native file document; will vary depending on the email format | Email or E-Doc |
| DATE_CREATED | 12/15/2010 | Date the document was created, in MM/DD/YYYY format | E-Doc |
| TIME_CREATED | 15:01:00 UTC | 24-Hour format | E-Doc |
| DATE_MODIFIED | 12/15/2010 | Date the document was modified, in MM/DD/YYYY format | E-Doc |

| Field Name | Sample Data | Description | Applies To |
|---|---|---|---|
| TIME_ MODIFIED | 10:01:00 UTC | 24-Hour format | E-Doc |
| NATIVE_LINK | \Native\001\ABC00 00001.msg | Hyperlink to the email or native file document to enable loading to database for review | Native format production documents |
| OCRPATH | TEXT/001/EDC000 0001.txt | Path to extracted text of the native file | Documents with available text |
| Page Count | 27 | Number of pages/images per document | All |
| MD5HASH | 276AEE7CDE03C C9338015530C9C8 1E43 | Hash value used for de-duplication | All |
| Confidentiality | Confidential | Document has been determined by counsel to be Confidential | Documents determined by producing Party to be confidential |
| Redactions | Redaction stamp(s) | Redaction – Privilege | All |

9. **OCR/Extracted Text**: Producing parties shall produce corresponding document level text files—extracted text if available in the native file, or Optical Character Recognition ("OCR") for documents with no extractable text and for redacted documents—for all produced documents. The OCR/extracted text files shall be provided in a manner suitable for importing the information into commercially available document management or litigation support software (i.e., Relativity). OCR/extracted text files shall be provided in Text file format with

individual files corresponding to each document.  The file name of each extracted or OCR text file shall be the Bates number of the image of the first page of the corresponding document, followed by the extension ".txt."

10. **Color**: Documents need not be produced in color.  The Parties shall honor reasonable and specific requests for the production of color image(s) of documents produced in black and white.

11. **Duplicates**: The Parties may de-duplicate stand-alone documents or entire document families globally.  The custodian associated with the first processed copy of an email or non-email document family shall be considered the primary custodian for that document (i.e., the custodian who will be used as the basis for determining which other collected documents are duplicative).  To the extent that it can be determined from an automated process that multiple individuals possessed copies of a duplicate email or other electronic document, all such individuals shall be identified in a separate "All Custodians" metadata field.  To the extent emails or other electronic documents are de-duplicated, the Parties agree to preserve the source information, to the extent such information is reasonably accessible or available, for each custodian in whose files the duplicate document originally resided, and that such information will be securely retained and made available for inspection upon reasonable request.

12. **Native Versions of Electronic Documents**: The Parties shall, upon reasonable request, make native versions of any non-privileged and unredacted electronic document produced in TIFF format available for inspection by the requesting Party.

13. **Processing Errors**: The producing Party need not initially produce documents that cannot be processed for technical reasons.  Should the other Party believe that processing and production of a certain document is warranted despite the technical difficulties initially encountered, the

Parties shall meet and confer to determine an appropriate course of action and which Party should bear the cost of further processing.

14. **Password Protected and Encrypted Files**: A producing Party need not initially produce documents that cannot be processed because they are encrypted or protected by a password. If requested for specific files, the producing Party must then make reasonable efforts to obtain passwords for the specified password-protected or encrypted documents identified by other Party and process those documents for production at the producing Party's own expense. Should the producing Party fail to obtain passwords for any such documents despite reasonable efforts, the parties shall meet and confer to determine any further course of action, including which Party should bear the cost of any special processing or password cracking procedure that might be required to further process and produce the document(s) in question.

15. **Use of Documents**: When any document produced in accordance with this Stipulation is to be used in any hearing, deposition, or at trial, the production image of the document shall be the copy used, except for documents produced solely in native format. OCR versions or extracted text may not be used as a substitute for the full image of any document, although any Party may use or present accurate excerpts of any document for demonstrative purposes in accordance with the Federal Rules of Evidence.

16. **Oversized Documents**: Documents that cannot for technical or other reasons be legibly produced in the manner described in Paragraph 4 above (e.g., documents having a size larger than 11 x 17 inches) shall be produced by scanning a representative identifying portion of the document as a place holder (e.g., a map or drawing legend) and numbering it as described in Paragraph 4 above or by producing a native electronic version of the document. The placeholder shall bear a legend stating that the document is an excerpt, and that the full version

is available in another format.

17. **Non-Convertible Files**: Certain types of files, such as system, executable, and program files, do not contain substantive information and are not amenable to conversion into TIFF format. In general, these types of files will not be processed for review or production.

18. **Privilege Logs**: Any privilege logs produced shall be in an electronic format that allows text searching. The parties shall be required to log partially redacted documents

19. **Scope**: This Order shall govern all productions made in this case and shall supersede any other requests regarding the form of production. However, nothing herein shall prevent the Parties from agreeing to modify the terms of this Order, or agreeing to make exceptions to its terms for certain documents or productions provided that any such agreements are in writing.

20. **Objections Preserved**: Nothing in this Order shall be interpreted to require the disclosure of irrelevant information or relevant information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity. The Parties do not waive any objections as to the production, discoverability, admissibility, relevance, or confidentiality of documents and ESI. The mere production of ESI in this litigation as part of a mass production shall not itself constitute waiver for any purpose.

21. **Obligation to Meet and Confer**: The Parties shall meet and confer regarding the production of any type of document or data that is not addressed in this Stipulation.


It is SO ORDERED this _____ day of _____, 20__ .


_____
United States District Judge David Counts

10