**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

| | |
|---|---|
| NYKREDIT PORTEFØLJE ADMINISTRATION A/S, OKLAHOMA FIREFIGHTERS PENSION AND RETIREMENT SYSTEM, OKLAHOMA LAW ENFORCEMENT RETIREMENT SYSTEM, OKLAHOMA POLICE PENSION AND RETIREMENT SYSTEM, OKLAHOMA CITY EMPLOYEE RETIREMENT SYSTEM, POLICE AND FIRE RETIREMENT SYSTEM OF THE CITY OF DETROIT, INDIVIDUALLY AND ON BEHALF OF ALL OTHER SIMILARLY SITUATED,<br><br>                                        Plaintiffs,<br><br>              -against-<br><br>PROPETRO HOLDING CORP., ET AL.,<br><br>                                        Defendants. | Case No. MO:7:19-CV-00217-DC<br><br>CLASS ACTION |

**DALE REDMAN'S ANSWER AND AFFIRMATIVE DEFENSES TO**
**PLAINTIFFS' THIRD AMENDED CLASS ACTION COMPLAINT**

WINSTEAD PC

300 Throckmorton Street, Suite 1700
Fort Worth, Texas 76102
Tel:  (817) 420-8200
Fax: (817) 420-8281

2

Defendant Dale Redman ("Redman" or "Defendant") answers the allegations in Plaintiffs' Third Amended Complaint (the "Complaint") in the above-captioned case, and asserts the affirmative defenses as follows:

Redman denies that Plaintiffs have been damaged in any amount, sum, or manner whatsoever by reason of any breach or omission on the part of Redman. Redman denies that Plaintiffs, or any members of the class that Plaintiffs purport to represent, are entitled to any relief, including but not limited to the relief sought in the Prayer for Relief on page 147 of the Complaint.

Except as otherwise expressly admitted in this Answer, Redman denies each and every allegation contained or implied anywhere in the Complaint, whether in the body, titles, headings, sub-headings, footnotes, or otherwise. For the sake of clarity, and unless otherwise expressly stated, capitalized terms not defined in this Answer have the meanings given to them in the Complaint, but Redman does not concede that any such definitions are proper or accurate. To the extent that the allegations in the Complaint concern knowledge or conduct of persons or entities other than Redman, he denies knowledge or information sufficient to form a belief as to the truth of the allegation as to those persons or entities and responds solely with respect to Redman's knowledge and conduct.

Redman has not knowingly or intentionally waived any applicable defenses. Redman reserves the right to supplement his Answer and reserves the right to add additional defenses of which he becomes aware through discovery or other investigation.

## I.    ANSWER

With respect to the numbered Paragraphs of the Complaint, Redman answers as follows:

1.    Paragraph 1 purports to characterize Plaintiffs' action and states conclusions of law to which no response is required. To the extent a response is required, Redman denies the

allegations in Paragraph 1, except admits that Lead Plaintiffs Nykredit Portefølje Administration A/S, Oklahoma Firefighters Pension and Retirement System, Oklahoma Law Enforcement Retirement System, Oklahoma Police Pension and Retirement System, and Oklahoma City Employee Retirement System (together, "Lead Plaintiffs") and the additional named Plaintiff Policy and Fire Retirement System of the City of Detroit have brought this action against ProPetro and the Individual Defendants (as defined in the Complaint).

2.      Paragraph 2 characterizes Plaintiffs' own actions and beliefs and states conclusions of law to which no response is required.  To the extent a response is required, Redman denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 2.

3.      Paragraph 3 characterizes Plaintiffs' action and states conclusions of law to which no response is required.  To the extent a response is required, Redman denies the allegations in Paragraph 3, except admits that Plaintiffs purport to bring this action on behalf of themselves and others against the named defendants and to premise their claims on the statutes and rules cited.

4.      Redman denies the allegations in Paragraph 4 of the Complaint.

5.      With respect to Paragraph 5 of the Complaint, Redman admits that ProPetro's IPO occurred in March 2017.  The time period applicable to the remaining allegations in Paragraph 5 is unclear.  Redman admits that, at times, he certified that ProPetro's internal and disclosures controls were accurate, but states that the allegations in Paragraph 5 do not specify a time period for such certifications.  Redman denies the remaining allegations in Paragraph 5 of the Complaint.

6.      With respect to Paragraph 6 of the Complaint, Redman admits that ProPetro has stated that certain material weaknesses existed at times during the Class Period with respect to its

internal and disclosure controls.  Redman denies the remaining allegations in Paragraph 6 of the Complaint.

7.      Redman denies the allegations in Paragraph 7 of the Complaint.

8.      Redman admits that he repaid ProPetro for certain expense reimbursements which ProPetro subsequently determined should have been categorized as personal expenses.  Redman further admits that he resigned as ProPetro's CEO in March 2020 and that ProPetro was involved, in one form or another, in an SEC investigation.  Redman denies the remaining allegations in Paragraph 8 of the Complaint.

9.      With respect to Paragraph 9 of the Complaint, Redman admits that ProPetro has stated that certain material weaknesses existed at times during the Class Period with respect to its internal and disclosure controls.  Redman further admits that he pledged ProPetro stock in 2017 and 2018 as collateral for loans to purchase real estate.  Redman further admits that he resigned as ProPetro's CEO in March 2020.  Redman denies the remaining allegations in Paragraph 9 of the Complaint.

10.     Paragraph 10 of the Complaint summarizes statements from various public SEC filings and/or press releases made by ProPetro which speak for themselves.  Redman denies that the allegations fairly characterize these SEC filings and/or press releases.  Redman admits that ProPetro's stock price declined after its August 8, 2019 SEC filings, but denies that any drop in ProPetro's stock price was due to the substance of the SEC filings.  Redman denies any remaining allegations in Paragraph 10.

11.      With respect to Paragraph 11 of the Complaint, Redman admits that ProPetro announced Howell's resignation on or about August 30, 2019, and admits that ProPetro's stock price fell around this time.  Redman denies that any drop in ProPetro's stock price was due to the

announcement of Howell's resignation and further denies any remaining allegations in Paragraph 11.

12.     With respect to Paragraph 12 of the Complaint, Redman admits that news outlet reported the SEC investigation or about October 18, 2019, and admits that ProPetro's stock price fell around this time.  Redman denies that any drop in ProPetro's stock price was due to the announcement of the SEC investigation and further denies any remaining allegations in Paragraph 12.

13.     With respect to Paragraph 13 of the Complaint, Redman admits that a report by Culper Research released on or about October 31, 2019, alleged related-party transactions involving Defendant Denholm.  Redman further admits that ProPetro's stock price fell around that time.  Redman denies that any drop in ProPetro's stock price was due to the Culper Research report and further denies any remaining allegations in Paragraph 13.

14.     With respect to Paragraph 14 of the Complaint, Redman admits that he pledged ProPetro stock in 2017 and 2018 as collateral for loans to purchase real estate.  Redman further admits that these share pledges were in technical violation of ProPetro's Code of Ethics and Conduct.  Redman further admits that he resigned as ProPetro's CEO in March 2020 and that ProPetro's stock price declined around that time.  Paragraph 14 of the Complaint summarizes statements from various public SEC filings and/or press releases made by ProPetro which speak for themselves.  Redman denies that the allegations fairly characterize these SEC filings and/or press releases.  Redman further denies that any drop in ProPetro's stock price was due to these SEC filings and/or press releases and further denies any remaining allegations in Paragraph 14.

15.     Paragraph 15 of the Complaint summarizes statements from various public SEC filings and/or press releases made by ProPetro which speak for themselves.  Redman denies that

the allegations fairly characterize these SEC filings and/or press releases. Redman further denies any remaining allegations in Paragraph 15.

16.    Paragraph 16 of the Complaint summarizes statements from various public SEC filings and/or press releases made by ProPetro which speak for themselves. Redman denies that the allegations fairly characterize these SEC filings and/or press releases. Redman further denies any remaining allegations in Paragraph 16.

17.    Paragraph 17 contains allegations related to claims that have been stricken from the Complaint to which no response is required. To the extent a response is required, Redman is without sufficient information to admit or deny the allegations in Paragraph 17 of the Complaint.

18.    Paragraph 18 contains allegations related to claims that have been dismissed and conclusions of law to which no response is required. To the extent a response is required, Redman is without sufficient information to admit or deny the allegations in Paragraph 18 of the Complaint.

19.    Paragraph 19 contains conclusions of law as to which no response is required. To the extent a response is required, Redman is without sufficient information to admit or deny the allegations in Paragraph 19 of the Complaint.

20.    With respect to the allegations in Paragraph 20 of the Complaint, Redman admits that he resigned as CEO of ProPetro in March 2020. Redman is without sufficient information to admit or deny the remaining allegations in Paragraph 20 of the Complaint.

21.    Redman denies the allegations in Paragraph 21 of the Complaint, except admits that Plaintiffs have filed this action.

22.    With respect to the allegations in Paragraph 22, Redman admits that Plaintiffs' claims arise under the cited statutes but denies that Plaintiffs' claims have validity. Redman denies any remaining allegations in Paragraph 22 of the Complaint.

23.     With respect to the allegations in Paragraph 23, Redman admits that the Court has jurisdiction over this case.  Redman denies any remaining allegations in Paragraph 23 of the Complaint.

24.     With respect to the allegations in Paragraph 24, Redman denies that any violations of law occurred.  Redman admits the remaining allegations in Paragraph 24 of the Complaint.

25.     Redman denies the allegations in Paragraph 25 of the Complaint.

26.     Redman is without sufficient information to admit or deny the allegations in Paragraph 26 of the Complaint, except denies that any funds represented by NPA have suffered any damages as a result of any conduct by Redman or the conduct complained of in the Complaint.

27.     Redman is without sufficient information to admit or deny the allegations in Paragraph 27 of the Complaint.

28.     Redman is without sufficient information to admit or deny the allegations in Paragraph 28 of the Complaint.

29.     Redman is without sufficient information to admit or deny the allegations in Paragraph 29 of the Complaint.

30.     Redman is without sufficient information to admit or deny the allegations in Paragraph 30 of the Complaint.

31.     Redman is without sufficient information to admit or deny the allegations in Paragraph 31 of the Complaint, except denies that Oklahoma Firefighters, Oklahoma Law Enforcement, Oklahoma Police, and Oklahoma City suffered damages as a result of any conduct by Redman and that the IPO Public Offering Documents were materially false and misleading.

32.    Redman is without sufficient information to admit or deny the allegations in Paragraph 32 of the Complaint, except denies that Detroit PFRS suffered damages as a result of any conduct by Redman.

33.    Paragraph 33 does not contain allegations of fact which Redman is required to admit or deny.

34.    Redman admits the allegations in Paragraph 34 of the Complaint.

35.    Redman admits that he pledged ProPetro stock in 2017 and 2018 as collateral for loans to purchase real estate and that those pledges were in technical violation of ProPetro's Code of Ethics and Conduct.  Redman further admits that he repaid ProPetro for certain expense reimbursements which ProPetro subsequently determined should have been categorized as personal expenses.  Redman further admits that he was no longer as ProPetro's principal executive officer as of October 3, 2019.  Redman denies the remaining allegations in Paragraph 35.

36.    Redman admits that Smith was a co-founder of ProPetro and served as its CFO. Redman is without sufficient information to admit or deny the remaining allegations in Paragraph 36.

37.    Paragraph 37 contains allegations that have been stricken from the Complaint to which no response is required. To the extent a response is required, Redman admits that Denholm served as ProPetro's CAO.  Redman is without sufficient information to admit or deny the remaining allegations in Paragraph 37.

38.    Paragraph 38 contains allegations that have been stricken from the Complaint to which no response is required. To the extent a response is required, Redman admits that Armour previously served as Chairman of ProPetro's Board of Directors. Redman is without sufficient information to admit or deny the remaining allegations in Paragraph 38.

39.    With respect to the allegations in Paragraph 39 of the Complaint, Redman admits that Redman, Smith, Denholm, and Armour participated in ProPetro's management at various times.  Redman denies the remaining allegations in Paragraph 39.

40.    Paragraph 40 of the Complaint does not contain factual allegations which Redman is required to admit or deny.

41.    Redman admits the allegations in Paragraph 41 of the Complaint, except denies that Redman is the Company's current CEO and that Smith is its current Chief Administrative Officer.

42.    Redman admits the allegations in Paragraph 42 of the Complaint.

43.    Redman admits the allegations in Paragraph 43 of the Complaint.

44.    Redman admits the allegations in Paragraph 44 of the Complaint.

45.    Paragraph 45 quotes a ProPetro SEC filing, which speaks for itself. Redman admits the allegations in Paragraph 45 of the Complaint.

46.    Paragraph 46 quotes a ProPetro SEC filing, which speaks for itself. Redman admits the allegations in Paragraph 46 of the Complaint.

47.    Paragraph 47 quotes a ProPetro SEC filing, which speaks for itself. Redman admits the allegations in Paragraph 47 of the Complaint.

48.    Paragraph 48 quotes a ProPetro SEC filing, which speaks for itself. Redman admits the allegations in Paragraph 48 of the Complaint.

49.    Paragraph 49 quotes a ProPetro SEC filing, which speaks for itself. Redman admits the allegations in Paragraph 49 of the Complaint.

50.    Paragraph 50 quotes a ProPetro SEC filing, which speaks for itself. Redman is without sufficient information to admit or deny the allegations in Paragraph 50 of the Complaint.

51.    Paragraph 45 appears to quote industry analyst reports, which speak for themselves. Redman is without sufficient information to admit or deny the allegations in Paragraph 51 of the Complaint.

52.    Redman is without sufficient information to admit or deny the allegations in Paragraph 52 of the Complaint.

53.    Paragraph 53 of the Complaint summarizes a press release, which speaks for itself. Redman denies that Paragraph 53 accurately summarizes the substance of this press release. Redman denies any remaining allegations in Paragraph 53.

54.    Paragraph 54 purports to selectively quote ProPetro's conference call with investors, which speaks for itself. Redman admits the allegations in Paragraph 54 of the Complaint.

55.    Paragraph 55 quotes statements made by ProPetro in SEC filings, which speak for themselves.  To the extent Paragraph 55 contains other allegations other than the statements made in SEC filings, those allegations are denied.

56.    Redman is without sufficient information to admit or deny the allegations in Paragraph 56 of the Complaint.

57.    Redman is without sufficient information to admit or deny the allegations in Paragraph 57 of the Complaint.

58.    Paragraph 58 of the Complaint summarizes a Credit Suisse report, which speaks for itself.  Redman is without sufficient information to admit or deny the allegations in Paragraph 58 of the Complaint.

59.    Paragraph 59 of the Complaint summarizes a Credit Suisse report, which speaks for itself.  Redman is without sufficient information to admit or deny the allegations in Paragraph 59 of the Complaint.

60.     Redman is without sufficient information to admit or deny the allegations in Paragraph 60 of the Complaint.

61.     Redman denies the allegations in the first sentence of Paragraph 61 of the Complaint. Redman is without sufficient information to admit or deny the remaining allegations in Paragraph 61 of the Complaint.

62.     The statements in Paragraph 62 are statements of law, not fact, which Redman is not required to admit or deny.  To the extent any allegation is a statement of fact, Redman is without sufficient information to admit or deny the allegations in Paragraph 62 of the Complaint.

63.     The statements in Paragraph 63 are statements of law, not fact, which Redman is not required to admit or deny.  To the extent any allegation is a statement of fact, Redman is without sufficient information to admit or deny the allegations in Paragraph 63 of the Complaint.

64.     The statements in Paragraph 64 are statements of law, not fact, which Redman is not required to admit or deny.  To the extent any allegation is a statement of fact, Redman is without sufficient information to admit or deny the allegations in Paragraph 64 of the Complaint.

65.     The statements in Paragraph 65 are statements of law, not fact, which Redman is not required to admit or deny.  To the extent any allegation is a statement of fact, Redman is without sufficient information to admit or deny such allegation.

66.     The statements in Paragraph 66 are statements of law, not fact, which Redman is not required to admit or deny.  To the extent any allegation is a statement of fact, Redman is without sufficient information to admit or deny such allegation.

67.     The statements in Paragraph 67 are statements of law, not fact, which Redman is not required to admit or deny.  To the extent any allegation is a statement of fact, Redman is without sufficient information to admit or deny such allegation.

68.    The statements in Paragraph 68 are statements of law, not fact, which Redman is not required to admit or deny.  To the extent any allegation is a statement of fact, Redman is without sufficient information to admit or deny such allegation. Redman respectfully refers the Court to Section 404 and denies any allegations inconsistent therewith.

69.    With respect to Paragraph 69 of the Complaint, Redman denies that Defendants made any false statements whatsoever.  The remaining statements in Paragraph 69 are statements of law, not fact, which Redman is not required to admit or deny.  To the extent any remaining allegation is a statement of fact, Redman is without sufficient information to admit or deny such allegation.

70.    The statements in Paragraph 70 are statements of law, not fact, which Redman is not required to admit or deny.  To the extent any allegation is a statement of fact, Redman is without sufficient information to admit or deny such allegation. Redman respectfully refers the Court to Item 307 and denies any allegations inconsistent therewith.

71.    The statements in Paragraph 71 are statements of law, not fact, which Redman is not required to admit or deny.  To the extent any allegation is a statement of fact, Redman is without sufficient information to admit or deny such allegation. Redman respectfully refers the Court to Item 308 and denies any allegations inconsistent therewith.

72.    The statements in Paragraph 72 are statements of law, not fact, which Redman is not required to admit or deny.  To the extent any allegation is a statement of fact, Redman is without sufficient information to admit or deny such allegation. Redman respectfully refers the Court to the referenced framework and denies any allegations inconsistent therewith.

73.    With respect to Paragraph 73 of the Complaint, Redman is without sufficient information to admit or deny the allegations that Defendants evaluated internal controls based on

the COSO framework and that certain components of that framework were lacking.  The remaining allegations are statements of law which Redman is not required to admit or deny. Redman respectfully refers the Court to the referenced framework and disclosures and denies any allegations inconsistent therewith.

74.     The statements in Paragraph 74 of the Complaint are statements of law which Redman is not required to admit or deny.  To the extent any allegation is a statement of fact, Redman lacks sufficient information to admit or deny such allegation. Redman respectfully refers the Court to the referenced framework and denies any allegations inconsistent therewith.

75.     The statements in Paragraph 75 of the Complaint are statements of law which Redman is not required to admit or deny.  To the extent any allegation is a statement of fact, Redman lacks sufficient information to admit or deny such allegation. Redman respectfully refers the Court to the referenced framework and denies any allegations inconsistent therewith.

76.     The statements in Paragraph 76 of the Complaint are statements of law which Redman is not required to admit or deny.  To the extent any allegation is a statement of fact, Redman lacks sufficient information to admit or deny such allegation. Redman respectfully refers the Court to the referenced framework and denies any allegations inconsistent therewith.

77.     The statements in Paragraph 77 of the Complaint are statements of law which Redman is not required to admit or deny.  To the extent any allegation is a statement of fact, Redman lacks sufficient information to admit or deny such allegation. Redman respectfully refers the Court to Item 404 and denies any allegations inconsistent therewith.

78.     The statements in Paragraph 78 of the Complaint are statements of law which Redman is not required to admit or deny.  To the extent any allegation is a statement of fact,

Redman lacks sufficient information to admit or deny such allegation. Redman respectfully refers the Court to GAAP and denies any allegations inconsistent therewith.

79.    The statements in Paragraph 79 of the Complaint are statements of law which Redman is not required to admit or deny.  To the extent any allegation is a statement of fact, Redman lacks sufficient information to admit or deny such allegation. Redman respectfully refers the Court to ASC 850 and denies any allegations inconsistent therewith.

80.    The statements in Paragraph 80 of the Complaint are statements of law which Redman is not required to admit or deny.  To the extent any allegation is a statement of fact, Redman lacks sufficient information to admit or deny such allegation. Redman respectfully refers the Court to ASC 850 and denies any allegations inconsistent therewith.

81.    The statements in Paragraph 81 of the Complaint are statements of law which Redman is not required to admit or deny.  To the extent any allegation is a statement of fact, Redman lacks sufficient information to admit or deny such allegation. Redman respectfully refers the Court to referenced professional standards and denies any allegations inconsistent therewith.

82.    The statements in Paragraph 82 of the Complaint are statements of law which Redman is not required to admit or deny.  To the extent any allegation is a statement of fact, Redman lacks sufficient information to admit or deny such allegation.

83.    Redman is without sufficient information to admit or deny the allegations in Paragraph 83.

84.    Redman is without sufficient information to admit or deny the allegations in Paragraph 84.

85.    Redman is without sufficient information to admit or deny the allegations in Paragraph 85.

86. Paragraph 86 references certifications purportedly made by Redman and Smith with respect to SEC filings, but does not identify a particular filing. Therefore, Redman is without sufficient information to admit or deny the statements in Paragraph 86 regarding the certifications he purportedly made. Redman denies any remaining allegations in Paragraph 86.

87. Redman is without sufficient information to admit or deny the allegations in Paragraph 87.

88. With respect to the allegations in Paragraph 88 of the Complaint, Redman admits that he pledged ProPetro stock in 2017 and 2018 as collateral for loans to purchase real estate and that those pledges were in technical violation of ProPetro's Code of Ethics and Conduct. Redman further admits that he repaid ProPetro for certain expense reimbursements which ProPetro subsequently determined should have been categorized as personal expenses. Redman denies that any statements made by ProPetro or any other Defendant was false and misleading. Redman is without sufficient information to admit or deny the remaining allegations in Paragraph 88.

89. Paragraph 89 purports to selectively quote and characterize the Company's Form 8-K, filed March 16, 2020, which speaks for itself. With respect to the allegations in Paragraph 89 of the Complaint, Redman admits that he pledged ProPetro stock in 2017 and 2018 as collateral for loans to purchase real estate and that those pledges were in technical violation of ProPetro's Code of Ethics and Conduct. Any SEC filings quoted in Paragraph 89 speak for themselves. Redman is without sufficient information to admit or deny any remaining allegations in Paragraph 89.

90. Paragraph 90 purports to quote ProPetro's Insider Trading Compliance Policy, which speaks for itself. Redman is without sufficient information to admit or deny the allegations in Paragraph 90.

91.    Redman is without sufficient information to admit or deny the allegations in Paragraph 91.

92.    Paragraph 92 references ProPetro's Code of Ethics and Conduct, which speaks for itself.  Redman is without sufficient information to admit or deny any allegations in Paragraph 92.

93.    Redman admits that he pledged ProPetro stock in 2017 and 2018 as collateral for loans to purchase real estate and that those pledges were in technical violation of ProPetro's Code of Ethics and Conduct.  Redman denies any remaining allegations in Paragraph 93.

94.    Paragraph 94 purports to selectively quote from the Company's Form 10-K, filed June 22, 2020, which speaks for itself. Redman is without sufficient information to admit or deny the allegations in Paragraph 94.

95.    With respect to the allegations in Paragraph 95 of the Complaint, Redman admits that he pledged ProPetro stock in 2017 and 2018 as collateral for loans to purchase real estate and that those pledges were in technical violation of ProPetro's Code of Ethics and Conduct and Insider Trading Compliance Policy.  Redman further admits that he resigned as ProPetro's CEO in March 2020.  Redman denies any remaining allegations in Paragraph 95.

96.    Paragraph 96 purports to selectively quote and characterize the Company's Code of Ethics and Conduct, which speaks for itself. Redman is without Redman is without sufficient information to admit or deny the allegations in Paragraph 96.

97.    Paragraph 97 purports to selectively quote and characterize the Company's Code of Ethics and Conduct, which speaks for itself. Redman is without sufficient information to admit or deny the allegations in Paragraph 97.

98.     Paragraph 98 purports to selectively quote the Company's Code of Ethics and Conduct, which speaks for itself. Redman is without sufficient information to admit or deny the allegations in Paragraph 98.

99.     Paragraph 99 purports to selectively quote and characterize the Company's Code of Ethics and Conduct, which speaks for itself. Redman is without sufficient information to admit or deny the allegations in Paragraph 99.

100.    Redman denies the allegations in Paragraph 100 of the Complaint.

101.    Redman is without sufficient information to admit or deny the allegations in Paragraph 101.

102.    Redman denies the allegations in Paragraph 102 of the Complaint.

103.    With respect to the allegations in Paragraph 103 of the Complaint, Redman admits that he pledged ProPetro stock in 2017 and 2018 as collateral for loans used to purchase real estate. Redman is without sufficient information to admit or deny the remaining allegations in Paragraph 103.

104.    With respect to the allegations in Paragraph 104 of the Complaint, Redman admits that he pledged ProPetro stock in 2017 that he used as collateral to obtain a loan from Vista Bank to purchase real property.  Redman denies that this pledge was never disclosed to ProPetro or its Board.  Redman is without sufficient information to admit or deny any remaining allegations in Paragraph 104.

105.     With respect to the allegations in Paragraph 105 of the Complaint, Redman admits that he pledged ProPetro stock in 2017 and 2018 as collateral for loans to purchase real estate and that those pledges were in technical violation of ProPetro's Code of Ethics and Conduct and Insider

Trading Compliance Policy.  Redman denies any remaining allegations in Paragraph 105 of the Complaint.

106.    With respect to the allegations in Paragraph 106 of the Complaint, Redman admits that he pledged ProPetro in 2018 as collateral for a loan from West Texas National Bank used to purchase real property.  Redman further admits that the 2018 share pledge was subsequently replaced by a negative pledge.  Redman denies that the 2018 share pledge and negative pledge were never disclosed to ProPetro or its Board, and that the negative pledge was executed on October 1, 2018.  Redman is without sufficient information to admit or deny any remaining allegations in Paragraph 106.

107.    With respect to the allegations in Paragraph 107 of the Complaint, Redman admits that the 2018 pledge was in technical violation of ProPetro's Code of Ethics and Conduct and Insider Trading Compliance Policy.  Redman denies any remaining allegations in Paragraph 107.

108.    The statements in Paragraph 108 of the Complaint are statements of law which Redman is not required to admit or deny.  To the extent any allegation is a statement of fact, Redman admits that the 2017 and 2018 pledge were in technical violation of ProPetro's Code of Ethics and Conduct and Insider Trading Compliance Policy.  Redman denies that he misrepresented or concealed any facts.  Redman is without sufficient information to admit or deny any remaining allegations in Paragraph 108.

109.    Redman lacks sufficient information to admit or deny the allegations in Paragraph 109 of the Complaint.

110.    With respect to the allegations in Paragraph 110 of the Complaint, Redman denies that Redman, ProPetro, or any of the other Individual Defendants made misrepresentations.

Redman is without sufficient information to admit or deny the remaining allegations in Paragraph 110.

111.    Redman denies the allegations in Paragraph 111 of the Complaint.

112.    Redman is without sufficient information to admit or deny the allegations in Paragraph 112 of the Complaint.

113.    Paragraph 113 concerns allegations that have been dismissed and stricken from the Complaint to which no response is required. To the extent a response is required, Redman is without sufficient information to admit or deny the allegations in Paragraph 113 of the Complaint.

114.    Paragraph 114 concerns allegations that have been dismissed and stricken from the Complaint to which no response is required. To the extent a response is required, Redman is without sufficient information to admit or deny the allegations in Paragraph 114 of the Complaint.

115.    To the extent a response is required, Redman is without sufficient information to admit or deny the allegations in Paragraph 115 of the Complaint.

116.    Paragraph 116 concerns allegations that have been dismissed and stricken from the Complaint to which no response is required. To the extent a response is required, Redman is without sufficient information to admit or deny the allegations in Paragraph 116 of the Complaint.

117.    Paragraph 117 concerns allegations that have been dismissed and stricken from the Complaint to which no response is required. To the extent a response is required, Redman is without sufficient information to admit or deny the allegations in Paragraph 117 of the Complaint.

118.    Paragraph 118 concerns allegations that have been dismissed and stricken from the Complaint to which no response is required. To the extent a response is required, Redman is without sufficient information to admit or deny the allegations in Paragraph 118 of the Complaint.

119.    Paragraph 119 concerns allegations that have been dismissed and stricken from the Complaint to which no response is required. To the extent a response is required, Redman is without sufficient information to admit or deny the allegations in Paragraph 119 of the Complaint.

120.    Paragraph 120 concerns allegations that have been dismissed and stricken from the Complaint to which no response is required. To the extent a response is required, Redman is without sufficient information to admit or deny the allegations in Paragraph 120 of the Complaint.

121.    Paragraph 121 concerns allegations that have been dismissed and stricken from the Complaint to which no response is required. To the extent a response is required, Redman is without sufficient information to admit or deny the allegations in Paragraph 121 of the Complaint.

122.    Redman is without sufficient information to admit or deny the allegations in Paragraph 122 of the Complaint.

123.    With respect to the allegations in Paragraph 123 of the Complaint, Redman admits that ProPetro leased office space from PD Properties, an entity in which Redman owned an interest. Redman is without sufficient information to admit or deny the remaining allegations in Paragraph 123 of the Complaint.

124.    With respect to the allegations in Paragraph 124 of the Complain, Redman admits that South Midkiff Partners LLC leased equipment to ProPetro and that Redman and Smith owned interests in South Midkiff Partners.  Redman is without sufficient information to admit or deny the remaining allegations in Paragraph 124 of the Complaint.

125.    With respect to the allegations in Paragraph 125 of the Complaint, Redman admits that he owns an interest in Red Hogg LLC.  Redman is without sufficient information to admit or deny the remaining allegations in Paragraph 125.

126.    Redman is without sufficient information to admit or deny the allegations in Paragraph 126 of the Complaint.

127.    Paragraph 127 concerns allegations that have been dismissed to which no response is required. To the extent a response is required, Paragraph 127 selectively quotes and characterizes a report by Culper Research, dated October 31, 2019, which speaks for itself. Redman admits that he owns an interest in Red Hogg LLC.  Redman is without sufficient information to admit or deny the remaining allegations in Paragraph 127.

128.    The Court struck Paragraph 128 from the Complaint, and no response is required.

129.    The Court struck Paragraph 129 from the Complaint, and no response is required.

130.    The Court struck Paragraph 130 from the Complaint, and no response is required.

131.    The Court struck Paragraph 131 from the Complaint, and no response is required.

132.    Redman is without sufficient information to admit or deny the allegations in Paragraph 132 of the Complaint.

133.    Redman is without sufficient information to admit or deny the allegations in Paragraph 133 of the Complaint.

134.    Redman is without sufficient information to admit or deny the allegations in Paragraph 134 of the Complaint.

135.    Redman is without sufficient information to admit or deny the allegations in Paragraph 135 of the Complaint.

136.    Redman is without sufficient information to admit or deny the allegations in Paragraph 136 of the Complaint.

137.    Redman is without sufficient information to admit or deny the allegations in Paragraph 137 of the Complaint.

138.    The first sentence of Paragraph 138 selectively quotes the 2017 Secondary Offering Prospectus, dated November 6, 2017, and 2018 Secondary Offering Prospectus Supplement, dated May 14, 2018, which speak for themselves. Redman admits that he pledged ProPetro stock in 2017 and 2018 as collateral for loans to purchased real estate.  Redman further admits that these pledges were in technical violation of ProPetro's Code of Ethics and Conduct and Insider Trading Compliance Policy.  Redman is without sufficient information to admit or deny the remaining allegations in Paragraph 138 of the Complaint.

139.    Redman is without sufficient information to admit or deny the allegations in Paragraph 139 of the Complaint.

140.    With respect to the allegations in Paragraph 139, Redman admits that Phillip Gobe became Chairman of ProPetro's Board in July 2019.  Redman is without sufficient information to admit or deny the remaining allegations in Paragraph 139 of the Complaint.

141.    With respect to the allegations in Paragraph 141, Redman admits that Royce Mitchell resigned from ProPetro's Board on or about August 1, 2019.  Redman is without sufficient information to admit or deny the remaining allegations in Paragraph 141 of the Complaint.

142.    Paragraph 142 contains allegations related to claims that have been dismissed to which no response is required.  To the extent a response is required, Redman is without sufficient information to admit or deny the allegations in Paragraph 142 of the Complaint.

143.    Redman admits that he repaid certain reimbursed expenses that ProPetro subsequently concluded should have been classified as personal expenses.  Redman denies the remaining allegations in Paragraph 143 of the Complaint.

144.    With respect to the allegations in Paragraph 144 of the Complaint, Redman denies the allegation that Defendants misrepresented anything in the first sentence.  The remaining

sentences in Paragraph 144, purport to selectively quote and characterize the Company's public disclosures, including Form 10-K, filed June 22, 2020, which speak for themselves. Redman denies the remaining allegations in Paragraph 144 of the Complaint.

145. With respect to the allegations in Paragraph 145 of the Complaint, Redman admits that ProPetro conducted an internal investigation. Redman is without sufficient information to admit or deny whether ProPetro delayed its second quarter 2019 quarterly filing and earnings call as a result of the internal investigation. Redman denies the remaining allegations in Paragraph 145 of the Complaint.

146. With respect to the allegations in Paragraph 146 of the Complaint, Redman admits that ProPetro conducted an internal investigation. Redman is without sufficient information to admit or deny whether ProPetro delayed its second quarter 2019 quarterly filing and earnings call as a result of the internal investigation. Redman denies the remaining allegations in Paragraph 146 of the Complaint.

147. Paragraph 147 appears to quote a ProPetro press release, which speaks for itself. Redman admits that ProPetro conducted an internal investigation. Redman is without sufficient information to admit or deny the remaining allegations in Paragraph 147 of the Complaint.

148. Redman is without sufficient information to admit or deny the allegations in Paragraph 148 of the Complaint.

149. Paragraph 149 appears to quote a ProPetro press release, which speaks for itself. Redman admits that he repaid ProPetro for certain expense reimbursements which ProPetro subsequently determined should have been categorized as personal expenses. Redman is without sufficient information to admit or deny any remaining allegations in Paragraph 149 of the Complaint.

150. Paragraph 150 appears to quote a ProPetro press release, which speaks for itself. Redman is without sufficient information to admit or deny the allegations in Paragraph 150 of the Complaint.

151. Paragraph 151 appears to quote a ProPetro press release, which speaks for itself. Redman is without sufficient information to admit or deny the allegations in Paragraph 151 of the Complaint.

152. Paragraph 152 appears to quote a ProPetro press release, which speaks for itself. Redman is without sufficient information to admit or deny the allegations in Paragraph 152 of the Complaint.

153. With respect to the allegations in Paragraph 153 of the Complaint, Redman admits that ProPetro's stock price declined between August 8 and 9, 2019. Redman is without sufficient information to admit or deny the remaining allegations in Paragraph 153 of the Complaint.

154. Paragraph 154 appears to quote a Jeffries report, dated August 8, 2019, which speaks for itself. Redman is without sufficient information to admit or deny the allegations in Paragraph 154 of the Complaint.

155. Paragraph 155 appears to quote a JPMorgan report, dated August 8, 2019, which speaks for itself. Redman is without sufficient information to admit or deny the allegations in Paragraph 155 of the Complaint.

156. Paragraph 156 appears to quote Stephens and Wolfe Research reports, dated August 9, 2019, which speak for themselves. Redman is without sufficient information to admit or deny the allegations in Paragraph 156 of the Complaint.

157.    Paragraph 157 purports to selectively quote and characterize a Wells Fargo report, dated August 11, 2019, which speaks for itself. Redman is without sufficient information to admit or deny the allegations in Paragraph 157 of the Complaint.

158.    Paragraph 158 purports to selectively quote and characterize a Wells Fargo report, dated August 11, 2019, which speaks for itself. Redman is without sufficient information to admit or deny the allegations in Paragraph 158 of the Complaint.

159.    Paragraph 159 purports to selectively quote and characterize a JPMorgan report, dated August 12, 2019, which speaks for itself.  Redman is without sufficient information to admit or deny the allegations in Paragraph 159 of the Complaint.

160.    With respect to the allegations in Paragraph 160 of the Complaint, Redman admits that Mark Howell resigned from his position in September 2019.  Redman is without sufficient information to admit or deny the remaining allegations in Paragraph 160 of the Complaint.

161.    Redman is without sufficient information to admit or deny the allegations in Paragraph 161 of the Complaint.

162.    Paragraph 162 purports to selectively quote and characterize an Alta Corp. Capital report, dated September 2, 2019, which speaks for itself. Redman is without sufficient information to admit or deny the allegations in Paragraph 162 of the Complaint.

163.    Paragraph 163 purports to selectively quote and characterize a Simmons report, dated September 3, 2019, which speaks for itself. Redman is without sufficient information to admit or deny the allegations in Paragraph 163 of the Complaint.

164.    Paragraph 164 of the Complaint appears to quote a ProPetro SEC filing, which speaks for itself.  Redman is without sufficient information to admit or deny the allegations in Paragraph 164 of the Complaint.

165. Paragraph 165 of the Complaint appears to quote a ProPetro SEC filing, which speaks for itself. Redman is without sufficient information to admit or deny the allegations in Paragraph 165 of the Complaint.

166. Paragraph 166 of the Complaint appears to quote a ProPetro SEC filing, which speaks for itself. Redman is without sufficient information to admit or deny the allegations in Paragraph 166 of the Complaint.

167. Paragraph 167 of the Complaint appears to quote a ProPetro SEC filing, which speaks for itself. Redman is without sufficient information to admit or deny the allegations in Paragraph 167 of the Complaint.

168. Paragraph 168 of the Complaint appears to quote a ProPetro SEC filing, which speaks for itself. Redman admits that Phillip Gobe replaced Redman is ProPetro's principal executive officer in October 2019. Redman is without sufficient information to admit or deny the remaining allegations in Paragraph 168 of the Complaint.

169. Paragraph 169 of the Complaint appears to quote a ProPetro SEC filing, which speaks for itself. Redman is without sufficient information to admit or deny the allegations in Paragraph 169 of the Complaint.

170. Redman is without sufficient information to admit or deny the allegations in Paragraph 170 of the Complaint.

171. Paragraph 171 of the Complaint appears to quote a ProPetro SEC filing, which speaks for itself. Redman is without sufficient information to admit or deny the allegations in Paragraph 171 of the Complaint.

172.     Paragraph 172 purports to selectively quote and characterize a Barclay's report, dated October 10, 2019, which speaks for itself. Redman is without sufficient information to admit or deny the allegations in Paragraph 172 of the Complaint.

173.     Paragraph 173 purports to selectively quote and characterize a Credit Suisse report, dated October 9, 2019, which speaks for itself. Redman is without sufficient information to admit or deny the allegations in Paragraph 173 of the Complaint.

174.     Redman is without sufficient information to admit or deny the allegations in Paragraph 174 of the Complaint.

175.     Redman is without sufficient information to admit or deny the allegations in Paragraph 175 of the Complaint.

176.     Paragraph 176 purports to selectively quote and characterize an Alta Corp. Capital report, dated October 20, 2019, which speaks for itself. Redman is without sufficient information to admit or deny the allegations in Paragraph 176 of the Complaint.

177.     Paragraph 177 purports to selectively quote a Stephens report, dated October 21, 2019, which speaks for itself. Redman is without sufficient information to admit or deny the allegations in Paragraph 177 of the Complaint.

178.     Paragraph 178 purports to selectively quote a JPMorgan report, dated October 28, 2019, and Alta Corp. Capital report, dated October 31, 2019, which speak for themselves. Redman is without sufficient information to admit or deny the allegations in Paragraph 178 of the Complaint.

179.     Redman is without sufficient information to admit or deny the allegations in Paragraph 179 of the Complaint.

180.    Redman is without sufficient information to admit or deny the allegations in Paragraph 180 of the Complaint.

181.    Redman is without sufficient information to admit or deny the allegations in Paragraph 181 of the Complaint.

182.    Paragraph 182 contains allegations related to claims that have been dismissed and stricken from the Complaint pursuant to the Court's March 18, 2022 Order and no response is required.   To the extent a response is required, Redman admits that Alan Douglas is a personal friend of Redman's and has provided accounting services to Redman in the past.  Redman is without sufficient information to admit or deny the remaining allegations in Paragraph 182 of the Complaint.

183.     Redman is without sufficient information to admit or deny the allegations in Paragraph 183 of the Complaint.

184.    Redman is without sufficient information to admit or deny the allegations in Paragraph 184 of the Complaint.

185.    Paragraph 185 purports to selectively quote and characterize a Seeking Alpha report, dated October 31, 2019, which speaks for itself. Redman is without sufficient information to admit or deny the allegations in Paragraph 185 of the Complaint.

186.    Paragraph 186 purports to selectively quote and characterize a Reuters report, dated October 31, 2019, which speaks for itself. Redman is without sufficient information to admit or deny the allegations in Paragraph 186 of the Complaint.

187.    Paragraph 187 of the Complaint appears to quote a ProPetro SEC filing, which speaks for itself.  Redman is without sufficient information to admit or deny the allegations in Paragraph 187 of the Complaint.

188.   Paragraph 188 of the Complaint appears to quote a ProPetro SEC filing, which speaks for itself.  Redman is without sufficient information to admit or deny the allegations in Paragraph 188 of the Complaint.

189.   Paragraph 189 of the Complaint appears to quote a ProPetro SEC filing, which speaks for itself.  Redman is without sufficient information to admit or deny the allegations in Paragraph 189 of the Complaint.

190.   Paragraph 190 of the Complaint appears to quote a ProPetro SEC filing, which speaks for itself.  Redman is without sufficient information to admit or deny the allegations in Paragraph 190 of the Complaint.

191.   Paragraph 191 of the Complaint appears to quote a ProPetro SEC filing, which speaks for itself.  Redman is without sufficient information to admit or deny the allegations in Paragraph 191 of the Complaint.

192.   Paragraph 192 of the Complaint appears to quote a ProPetro SEC filing, which speaks for itself.  Redman admits that ProPetro is involved, in one form or another, in an ongoing SEC investigation.  Redman is without sufficient information to admit or deny the remaining allegations in Paragraph 192 of the Complaint.

193.   Paragraph 193 purports to selectively quote and characterize an Alta Capital Corp. report, dated November 13, 2019, which speaks for itself. Redman is without sufficient information to admit or deny the allegations in Paragraph 193 of the Complaint.

194.   With respect to the allegations in Paragraph 194 of the Complaint, Redman admits that he resigned as ProPetro's CEO in March 2020.  Redman is without sufficient information to admit or deny the remaining allegations in Paragraph 194 of the Complaint.

195.    Redman is without sufficient information to admit or deny the allegations in Paragraph 195 of the Complaint.

196.    Redman is without sufficient information to admit or deny the allegations in Paragraph 196 of the Complaint.

197.    With respect to the allegations in Paragraph 197 of the Complaint, Redman admits that he pledged ProPetro stock in 2017 and 2018 as collateral for loans to purchase real property. Redman further admits that those pledges were in technical violation of ProPetro's Code of Ethics and Conduct and Insider Trading Compliance Policy.  Redman is without sufficient information to admit or deny the remaining allegations in Paragraph 197 of the Complaint.

198.    With respect to the allegations in Paragraph 198 of the Complaint, Redman denies that the 2017 and 2018 pledges were never disclosed to ProPetro.  Redman is without sufficient information to admit or deny the remaining allegations in Paragraph 198 of the Complaint.

199.    Redman is without sufficient information to admit or deny the remaining allegations in Paragraph 199 of the Complaint.

200.    Paragraph 200 purports to selectively quote and characterize a Reuters report, dated March 16, 2020, which speaks for itself. Redman is without sufficient information to admit or deny the allegations in Paragraph 200 of the Complaint.

201.    Paragraph 201 purports to selectively quote and characterize a Reuters report, dated March 16, 2020, which speaks for itself. Redman is without sufficient information to admit or deny the allegations in Paragraph 201 of the Complaint.

202.    Paragraph 202 purports to selectively quote and characterize a Stephens report, dated March 16, 2020, which speaks for itself. Redman is without sufficient information to admit or deny the allegations in Paragraph 202 of the Complaint.

203.    Paragraph 203 purports to selectively quote and characterize a Reuters report, dated March 19, 2020, which speaks for itself. Redman admits that he pledged ProPetro stock in 2017 and 2018 as collateral for loans to purchase real property.  Redman further admits that those pledges were in technical violation of ProPetro's Code of Ethics and Conduct and Insider Trading Compliance Policy.    Redman  further  admits  that  he  repaid  ProPetro  for  certain  expense reimbursements which ProPetro subsequently determined should have been categorized as personal expenses.  Redman further admits that he owns an interest in Red Hogg LLC.  Redman is without sufficient information to admit or deny the remaining allegations in Paragraph 203 of the Complaint.

204.    Redman  is  without  sufficient  information  to  admit  or  deny  the  allegations  in Paragraph 204 of the Complaint.

205.    Paragraph 205 appears to quote a ProPetro SEC filing, which speaks for itself. Redman is without sufficient information to admit or deny the allegations in Paragraph 205 of the Complaint.

206.    Paragraph 206 appears to quote a ProPetro SEC filing, which speaks for itself. Redman is without sufficient information to admit or deny the allegations in Paragraph 206 of the Complaint.

207.    Paragraph 207 appears to quote a ProPetro SEC filing, which speaks for itself. Redman is without sufficient information to admit or deny the allegations in Paragraph 207 of the Complaint.

208.    Paragraph 208 appears to quote a ProPetro SEC filing, which speaks for itself. Redman is without sufficient information to admit or deny the allegations in Paragraph 208 of the Complaint.

209.    Paragraph 209 appears to quote a ProPetro SEC filing, which speaks for itself. Redman is without sufficient information to admit or deny the allegations in Paragraph 209 of the Complaint.

210.    Paragraph 210 appears to quote a ProPetro SEC filing, which speaks for itself. Redman is without sufficient information to admit or deny the allegations in Paragraph 210 of the Complaint.

211.    Paragraph 211 appears to quote a ProPetro SEC filing, which speaks for itself. Redman is without sufficient information to admit or deny the allegations in Paragraph 211 of the Complaint.

212.    Redman is without sufficient information to admit or deny the allegations in Paragraph 212 of the Complaint.

213.    Paragraph 213 appears to quote a ProPetro SEC filing, which speaks for itself. Redman is without sufficient information to admit or deny the allegations in Paragraph 213 of the Complaint.

214.    Paragraph 214 appears to quote a ProPetro SEC filing, which speaks for itself. Redman admits that he repaid ProPetro for certain expense reimbursements which ProPetro subsequently determined should have been categorized as personal expenses.  Redman is without sufficient information to admit or deny the remaining allegations in Paragraph 214.

215.    Redman is without sufficient information to admit or deny the allegations in Paragraph 215 of the Complaint.

216.    Paragraph 216 appears to quote a Deloitte opinion, which speaks for itself.  Redman is without sufficient information to admit or deny the allegations in Paragraph 216 of the Complaint.

217.     Paragraph 217 appears to quote a ProPetro SEC filing, which speaks for itself. Redman is without sufficient information to admit or deny the allegations in Paragraph 217 of the Complaint.

218.     Redman is without sufficient information to admit or deny the allegations in Paragraph 218 of the Complaint.

219.     Redman is without sufficient information to admit or deny the allegations in Paragraph 219 of the Complaint.

220.     Redman denies the allegations in Paragraph 220 of the Complaint.

221.     Paragraph 221 appears to quote a ProPetro SEC filing, which speaks for itself. Redman admits that he pledged ProPetro stock in 2017 and 2018 as collateral for loans to purchase real property.  Redman further admits that he repaid ProPetro for certain expense reimbursements which ProPetro subsequently determined should have been categorized as personal expenses. Redman denies the remaining allegations in Paragraph 221 of the Complaint.

222.     With respect to the allegations in Paragraph 222 of the Complaint, Redman admits that he pledged ProPetro stock in 2017 and 2018 as collateral for loans to purchase real property and that those pledges were in technical violation of ProPetro's Code of Ethics and Conduct and Insider Trading Compliance Policy.  Redman denies the remaining allegations in Paragraph 222 of the Complaint.

223.     With respect to the allegations in Paragraph 223 of the Complaint, Redman admits that he repaid ProPetro for certain expense reimbursements which ProPetro subsequently determined should have been categorized as personal expenses.  Redman denies the remaining allegations in Paragraph 223 of the Complaint.

224.   Paragraph 224 appears to quote a ProPetro SEC filing or press release, which speaks for itself.  Redman admits that he repaid ProPetro for certain expense reimbursements which ProPetro subsequently determined should have been categorized as personal expenses. Redman further admits that, in his capacity as CEO of ProPetro, he signed certifications regarding the effectiveness of ProPetro's internal controls at various times.  Redman denies the remaining allegations in Paragraph 224 of the Complaint.

225.   Redman is without sufficient information to admit or deny the allegations regarding Smith's state-of-mind. Redman denies the remaining allegations in Paragraph 225 of the Complaint.

226.   Redman is without sufficient information to admit or deny the allegations in Paragraph 226 of the Complaint.

227.   With respect to the allegations in Paragraph 227 of the Complaint, Redman admits that, in his capacity as CEO of ProPetro, he signed certifications regarding the effectiveness of ProPetro's internal controls at various times.  Redman further admits that Phillip Gobe replaced Redman in October 2019 as ProPetro's principal executive officer.  Redman denies the remaining allegations in Paragraph 227 of the Complaint.

228.   With respect to the allegations in Paragraph 228 of the Complaint, Redman admits that he pledged ProPetro stock in 2017 and 2018 as collateral for loans to purchase real property and that those pledges were in technical violation of ProPetro's Code of Ethics and Conduct and Insider Trading Compliance Policy.  Redman further admits that Phillip Gobe replaced Redman in October 2019 as ProPetro's principal executive officer.  Redman denies the remaining allegations in Paragraph 228 of the Complaint.

229. Redman is without sufficient information to admit or deny the allegations in Paragraph 229 of the Complaint.

230. Redman is without sufficient information to admit or deny the allegations in Paragraph 230 of the Complaint.

231. Redman is without sufficient information to admit or deny the allegations in Paragraph 231 of the Complaint.

232. The Court struck Paragraph 232 from the Complaint, and no response is required. To the extent a response is required, Redman is without sufficient information to admit or deny the allegations in Paragraph 232 of the Complaint.

233. Redman is without sufficient information to admit or deny the allegations in Paragraph 233 of the Complaint.

234. With respect to the allegations in Paragraph 234 of the Complaint, Redman admits that he sold ProPetro stock during ProPetro's IPO. Redman denies the remaining allegations in Paragraph 234 of the Complaint.

235. Redman denies the allegations in Paragraph 235 of the Complaint.

236. The Court struck Paragraph 236 from the Complaint, and no response is required. To the extent a response is required, Paragraph 236 appears to quote an IPO Lock-Up Agreement that speaks for itself. Redman is without sufficient information to admit or deny the allegations in Paragraph 236 of the Complaint.

237. The Court struck Paragraph 237 from the Complaint, and no response is required. To the extent a response is required, Paragraph 237 appears to quote an IPO Lock-Up Agreement that speaks for itself. Redman is without sufficient information to admit or deny the allegations in Paragraph 237 of the Complaint.

238.    The Court struck Paragraph 238 from the Complaint, and no response is required. To the extent a response is required, Redman admits that he pledged ProPetro stock in 2017 and 2018 as collateral for loans to purchase real property and that those pledges were in technical violation of ProPetro's Code of Ethics and Conduct and Insider Trading Compliance Policy. Redman denies the remaining allegations in Paragraph 238 of the Complaint.

239.    The Court struck Paragraph 239 from the Complaint, and no response is required. To the extent a response is required, Redman is without sufficient information to admit or deny the allegations in Paragraph 239 of the Complaint.

240.    The Court struck Paragraph 240 from the Complaint, and no response is required. To the extent a response is required, Redman admits that he pledged ProPetro stock in 2017 and 2018 as collateral for loans to purchase real property and that those pledges were in technical violation of ProPetro's Code of Ethics and Conduct and Insider Trading Compliance Policy. Redman denies the remaining allegations in Paragraph 240 of the Complaint.

241.    The Court struck Paragraph 241 from the Complaint, and no response is required. To the extent a response is required, Redman denies the allegations in Paragraph 241 of the Complaint.

242.    The Court struck Paragraph 242 from the Complaint, and no response is required. To the extent a response is required, Redman is without sufficient information to admit or deny the allegations in Paragraph 242 of the Complaint.

243.    The Court struck Paragraph 243 from the Complaint, and no response is required. To the extent a response is required, Redman admits that he pledged ProPetro stock in 2017 and 2018 as collateral for loans to purchase real property and that those pledges were in technical

violation of ProPetro's Code of Ethics and Conduct and Insider Trading Compliance Policy. Redman denies the remaining allegations in Paragraph 243 of the Complaint.

244. Paragraph 244 of the Complaint appears to quote ProPetro's IPO Offering Documents, which speak for themselves. Redman admits that he signed certain documents in connection with ProPetro's IPO. Redman denies the remaining allegations in Paragraph 244 of the Complaint.

245. With respect to the allegations in Paragraph 245 of the Complaint, Redman admits that he pledged ProPetro stock in 2017 and 2018 as collateral for loans to purchase real property. Redman further admits that those pledges were in technical violation of ProPetro's Code of Ethics and Conduct and Insider Trading Compliance Policy. Redman further admits that he repaid ProPetro for certain expense reimbursements which ProPetro subsequently determined should have been categorized as personal expenses. Redman denies the remaining allegations in Paragraph 245 of the Complaint.

246. Paragraph 246 of the Complaint appears to quote certain ProPetro 2017 Secondary Offering Documents, which speak for themselves. Redman is without sufficient information to admit or deny the allegations in Paragraph 246 of the Complaint.

247. With respect to the allegations in Paragraph 247 of the Complaint, the last sentence was stricken from the Complaint and to which no response is required. Redman admits that he pledged ProPetro stock in 2017 and 2018 as collateral for loans to purchase real property. Redman further admits that those pledges were in technical violation of ProPetro's Code of Ethics and Conduct and Insider Trading Compliance Policy. Redman further admits that he repaid ProPetro for certain expense reimbursements which ProPetro subsequently determined should have been

categorized as personal expenses. Redman denies the remaining allegations in Paragraph 247 of the Complaint.

248.    With respect to the allegations in Paragraph 248 of the Complaint, Redman admits that he pledged ProPetro stock in 2017 and 2018 as collateral for loans to purchase real property. Redman further admits that those pledges were in technical violation of ProPetro's Code of Ethics and Conduct and Insider Trading Compliance Policy. Redman denies the remaining allegations in Paragraph 248 of the Complaint.

249.    With respect to the allegations in Paragraph 249 of the Complaint, Redman admits that he pledged ProPetro stock in 2017 and 2018 as collateral for loans to purchase real property. Redman further admits that those pledges were in technical violation of ProPetro's Code of Ethics and Conduct and Insider Trading Compliance Policy. Redman denies the remaining allegations in Paragraph 249 of the Complaint.

250.    The Court struck Paragraph 250 from the Complaint, and no response is required. To the extent a response is required, Redman is without sufficient information to admit or deny the allegations in Paragraph 250 of the Complaint.

251.    The Court struck Paragraph 251 from the Complaint, and no response is required. To the extent a response is required, Redman is without sufficient information to admit or deny the allegations in Paragraph 251 of the Complaint.

252.    The Court struck Paragraph 252 from the Complaint, and no response is required. To the extent a response is required, Redman is without sufficient information to admit or deny the allegations in Paragraph 252 of the Complaint.

253.    The Court struck Paragraph 253 from the Complaint, and no response is required. To the extent a response is required, Redman admits that he pledged ProPetro stock in 2017 and

2018 as collateral for loans to purchase real property. Redman further admits that those pledges were in technical violation of ProPetro's Code of Ethics and Conduct and Insider Trading Compliance Policy. Redman denies the remaining allegations in Paragraph 253 of the Complaint.

254. The Court struck Paragraph 254 from the Complaint, and no response is required. To the extent a response is required, Redman admits that Alan Douglas served on ProPetro's Board of Directors and Audit Committee. Redman denies the remaining allegations in Paragraph 254 of the Complaint.

255. The Court struck Paragraph 255 from the Complaint, and no response is required. To the extent a response is required, Redman admits that he signed certain documents in connection with ProPetro's 2018 Secondary Offering Documents. Redman denies the remaining allegations in Paragraph 255 of the Complaint.

256. Paragraph 256 of the Complaint appears to quote a ProPetro SEC filing, which speaks for itself. Redman admits that he signed certifications and SEC filings in his capacity as ProPetro's CEO at various times. Redman is without sufficient information to admit or deny the remaining allegations in Paragraph 256 of the Complaint.

257. Paragraph 257 of the Complaint appears to quote a ProPetro SEC filing, which speaks for itself. Redman admits that he signed certifications and SEC filings in his capacity as ProPetro's CEO at various times. Redman is without sufficient information to admit or deny the remaining allegations in Paragraph 257 of the Complaint.

258. Paragraph 258 of the Complaint appears to quote a ProPetro SEC filing, which speaks for itself. Redman admits that he signed certifications and SEC filings in his capacity as ProPetro's CEO at various times. Redman is without sufficient information to admit or deny the remaining allegations in Paragraph 258 of the Complaint.

259.    With respect to the allegations in Paragraph 259 of the Complaint, Redman admits that he pledged ProPetro stock in 2017 and 2018 as collateral for loans to purchase real property. Redman further admits that those pledges were in technical violation of ProPetro's Code of Ethics and Conduct and Insider Trading Compliance Policy.  Redman further admits that he repaid ProPetro for certain expense reimbursements which ProPetro subsequently determined should have been categorized as personal expenses.  Redman denies the remaining allegations in Paragraph 259 of the Complaint.

260.    Redman admits that he signed certifications and SEC filings in his capacity as ProPetro's CEO at various times.  Redman is without sufficient information to admit or deny the remaining allegations in Paragraph 260 of the Complaint.

261.    Paragraph 261 contains allegations related to claims that have been stricken from the Complaint to which no response is required, specifically the second and third sentences.  To the extent a response is required, Redman admits that he signed certifications and SEC filings in his capacity as ProPetro's CEO at various times.  Redman further admits that he pledged ProPetro stock in 2017 and 2018 as collateral for loans to purchase real property.  Redman further admits that those pledges were in technical violation of ProPetro's Code of Ethics and Conduct and Insider Trading Compliance Policy.  Redman denies the remaining allegations in Paragraph 261 of the Complaint.

262.    Paragraph 262 quotes a ProPetro Audit Committee report that speaks for itself. Redman denies the allegations in Paragraph 262 of the Complaint.

263.    Paragraph 263 quotes several ProPetro SEC filings, which speak for themselves. Redman denies the allegations in Paragraph 263 of the Complaint.

264.    Paragraph 264 quotes a ProPetro SEC filing, which speaks for itself.  Redman denies the allegations in Paragraph 264 of the Complaint.

265.    The Court struck Paragraph 265 from the Complaint, and no response is required. To the extent a response is required, Paragraph 265 quotes a ProPetro SEC filing, which speaks for itself.  Redman is without sufficient information to admit or deny the allegations in Paragraph 265 of the Complaint.

266.    The Court struck Paragraph 266 from the Complaint, and no response is required. To the extent a response is required, Paragraph 266 references several ProPetro SEC filings, which speak for themselves.  Redman is without sufficient information to admit or deny the allegations in Paragraph 266 of the Complaint.

267.    The Court struck Paragraph 267 from the Complaint, and no response is required. To the extent a response is required, Redman admits that he pledged ProPetro stock in 2017 and 2018 as collateral for loans to purchase real property.  Redman further admits that those pledges were in technical violation of ProPetro's Code of Ethics and Conduct and Insider Trading Compliance Policy.  Redman denies the remaining allegations in Paragraph 267 of the Complaint.

268.    With respect to the allegations in Paragraph 268 of the Complaint, Redman admits that he signed certifications and SEC filings in his capacity as CEO of ProPetro.  Redman is without sufficient information to admit or deny the remaining allegations in Paragraph 268 of the Complaint.

269.    Paragraph 269 quotes ProPetro SEC filings, which speak for themselves.  Redman is without sufficient information to admit or deny the allegations in Paragraph 269 of the Complaint.

270.    Paragraph 270 quotes ProPetro SEC filings, which speak for themselves.  Redman is without sufficient information to admit or deny the allegations in Paragraph 270 of the Complaint.

271.    Paragraph 271 quotes a ProPetro SEC filing, which speaks for itself.  Redman is without sufficient information to admit or deny the allegations in Paragraph 271 of the Complaint.

272.    Paragraph 272 appears to quote ProPetro SEC filings that speaks for themselves.  Redman admits that he signed certain ProPetro SEC filings and certifications in his capacity as CEO.  Redman is without sufficient information to admit or deny any remaining allegations in Paragraph 272 of the Complaint.

273.    Paragraph 273 of the Complaint appears to quote ProPetro SEC filings that speak for themselves.  Redman admits that he signed certain ProPetro SEC filings and certifications in his capacity as CEO.  Redman is without sufficient information to admit or deny any remaining allegations in Paragraph 273 of the Complaint.

274.    Paragraph 274 of the Complaint appears to quote ProPetro SEC filings that speak for themselves.  Redman admits that he signed certain ProPetro SEC filings and certifications in his capacity as CEO.  Redman further admits that he pledged ProPetro stock in 2017 and 2018 as collateral for loans to purchase real property.  Redman further admits that those pledges were in technical violation of ProPetro's Code of Ethics and Conduct and Insider Trading Compliance Policy.  Redman further admits that he repaid ProPetro for certain expense reimbursements which ProPetro subsequently determined should have been categorized as personal expenses.  Redman denies the remaining allegations in Paragraph 274 of the Complaint.

275.    Paragraph 275 appears to quote ProPetro SEC filings which speak for themselves.  Redman denies the allegations in Paragraph 275 of the Complaint.

276. Paragraph 276 appears to quote a ProPetro SEC filing which speaks for itself. Redman is without sufficient information to admit or deny the allegations in Paragraph 276 of the Complaint.

277. Paragraph 277 appears to quote ProPetro SEC filings which speak for themselves. Redman admits that he signed certain ProPetro SEC filings and certifications in his capacity as CEO. Redman further admits that he pledged ProPetro stock in 2017 and 2018 as collateral for loans to purchase real property. Redman further admits that those pledges were in technical violation of ProPetro's Code of Ethics and Conduct and Insider Trading Compliance Policy. Redman further admits that he repaid ProPetro for certain expense reimbursements which ProPetro subsequently determined should have been categorized as personal expenses. Redman denies the remaining allegations in Paragraph 277 of the Complaint.

278. Paragraph 278 appears to quote a ProPetro SEC filing which speaks for itself. Redman is without sufficient information to admit or deny the allegations in Paragraph 278 of the Complaint.

279. With respect to the allegations in Paragraph 279, Redman admits that he signed certain ProPetro SEC filings and certifications in his capacity as CEO. Redman further admits that he pledged ProPetro stock in 2017 and 2018 as collateral for loans to purchase real property. Redman further admits that those pledges were in technical violation of ProPetro's Code of Ethics and Conduct and Insider Trading Compliance Policy. Redman denies the remaining allegations in Paragraph 277 of the Complaint.

280. The Court struck Paragraph 280 from the Complaint, and no response is required. To the extent a response is required, Paragraph 280 of the Compliant purports to quote ProPetro

SEC filings, which speak for themselves.  Redman is without sufficient information to admit or deny the allegations in Paragraph 280 of the Complaint.

281.    The Court struck Paragraph 281 from the Complaint, and no response is required. To the extent a response is required, Paragraph 281 of the Complaint purports to quote ProPetro SEC filings, which speak for themselves.  Redman admits that he repaid ProPetro for certain expense reimbursements which ProPetro subsequently determined should have been categorized as personal expenses.  Redman denies the remaining allegations in Paragraph 281 of the Complaint.

282.    The Court struck Paragraph 283 from the Complaint, and no response is required. To the extent a response is required, The Court struck Paragraph 282 from the Complaint, and no response is required. To the extent a response is required, Paragraph 282 appears to quote ProPetro SEC filings, which speak for themselves.  Redman denies any remaining allegations in Paragraph 282 of the Complaint.

283.    The Court struck Paragraph 283 from the Complaint, and no response is required. To the extent a response is required, Paragraph 283 appears to quote ProPetro SEC filings, which speak for themselves.  Redman admits that he pledged ProPetro stock in 2017 and 2018 as collateral for loans to purchase real property.  Redman further admits that those pledges were in technical violation of ProPetro's Code of Ethics and Conduct and Insider Trading Compliance Policy.  Redman denies the remaining allegations in Paragraph 283 of the Complaint.

284.    The Court struck Paragraph 284 from the Complaint, and no response is required. To the extent a response is required, Paragraph 284 appears to quote ProPetro's SEC filings, which speak for themselves.  Redman is without sufficient information to admit or deny the allegations in Paragraph 284 of the Complaint.

285.    The Court struck Paragraph 285 from the Complaint, and no response is required. To the extent a response is required, Redman denies that ProPetro made any false or misleading statements.  Redman is without sufficient information to admit or deny any remaining allegations in Paragraph 285 of the Complaint.

286.    The Court struck Paragraph 286 from the Complaint, and no response is required. To the extent a response is required, Paragraph 286 of the Complaint appears to quote ProPetro SEC filings, which speak for themselves.  Redman is without sufficient information to admit or deny the allegations in Paragraph 286 of the Complaint.

287.    The Court struck Paragraph 287 from the Complaint, and no response is required. To the extent a response is required, Redman admits that Alan Douglas served on ProPetro's Board of Directors and Audit Committee, is a personal friend of Redman's, and has provided accounting services in the past to Redman.  Redman denies the remaining allegations in Paragraph 287 of the Complaint.

288.    Paragraph 288 contains allegations related to claims that have been dismissed to which no response is required.  To the extent a response is required, Paragraph 288 appears to quote ProPetro SEC filings, which speak for themselves.  Redman is without sufficient information to admit or deny the allegations in Paragraph 288 of the Complaint.

289.    Paragraph 289 appears to quote a ProPetro SEC filing, which speak for itself. Redman is without sufficient information to admit or deny the allegations in Paragraph 289 of the Complaint.

290.    Paragraph 290 contains allegations related to claims that have been stricken from the Complaint to which no response is required.  To the extent a response is required, Redman admits that he repaid ProPetro for certain expense reimbursements which ProPetro subsequently

determined should have been categorized as personal expenses. Redman denies the remaining allegations in Paragraph 291 of the Complaint.

291. The Court struck Paragraph 291 from the Complaint, and no response is required. To the extent a response is required, Paragraph 291 appears to references ProPetro SEC filings, which speak for themselves. Redman denies the allegations in Paragraph 291 of the Complaint.

292. The Court struck Paragraph 292 from the Complaint, and no response is required. To the extent a response is required, Paragraph 292 appears to references ProPetro SEC filings, which speak for themselves. Redman is without sufficient information to admit or deny the allegations in Paragraph 292 of the Complaint.

293. The Court struck Paragraph 293 from the Complaint, and no response is required. To the extent a response is required, Redman admits that he pledged ProPetro stock in 2017 and 2018 as collateral for loans to purchase real property. Redman further admits that those pledges were in technical violation of ProPetro's Code of Ethics and Conduct and Insider Trading Compliance Policy. Redman denies the remaining allegations in Paragraph 293 of the Complaint.

294. The Court struck Paragraph 294 from the Complaint, and no response is required. To the extent a response is required, Paragraph 294 of the Complaint appears to quote ProPetro SEC filings, which speak for themselves. Redman is without sufficient information to admit or deny the allegations in Paragraph 294 of the Complaint.

295. The Court struck Paragraph 295 from the Complaint, and no response is required. To the extent a response is required, Redman denies that ProPetro made any false or misleading statements. Redman is without sufficient information to admit or deny the remaining allegations in Paragraph 295 of the Complaint.

296.    With respect to the allegations in Paragraph 296 of the Complaint, Redman denies that ProPetro made any false or misleading statements.  Redman is without sufficient information to admit or deny the remaining allegations in Paragraph 296 of the Complaint.

297.    Redman is without sufficient information to admit or deny the allegations in Paragraph 297 of the Complaint.

298.    Paragraph 298 contains allegations related to claims that have been dismissed to which no response is required.  To the extent a response is required, Redman is without sufficient information to admit or deny the allegations in Paragraph 298 of the Complaint.

299.    Paragraph 299 contains allegations related to claims that have been dismissed to which no response is required.  To the extent a response is required, Redman denies that ProPetro made any false or misleading statements.  Redman is without sufficient information to admit or deny the remaining allegations in Paragraph 299 of the Complaint.

300.    With respect to the allegations in Paragraph 300 of the Complaint, Redman denies that ProPetro made any false or misleading statements.  Redman is without sufficient information to admit or deny the remaining allegations in Paragraph 300 of the Complaint.

301.    Paragraph 301 contains allegations related to claims that have been dismissed to which no response is required.  To the extent a response is required, Redman denies that ProPetro made any false or misleading statements.  Redman is without sufficient information to admit or deny the remaining allegations in Paragraph 301 of the Complaint.

302.    Paragraph 302 appears to quote the Company's Code of Conduct & Ethics at the time this action was filed, which speaks for itself. Redman is without sufficient information to admit or deny the allegations in Paragraph 302 of the Complaint.

303.    Paragraph 303 appears to quote the Company's Code of Conduct & Ethics at the time this action was filed, which speaks for itself. Redman is without sufficient information to admit or deny the allegations in Paragraph 303 of the Complaint.

304.    Paragraph 304 contains allegations that have been stricken from the Complaint to which no response is required.  To the extent a response is required, Redman admits that he pledged ProPetro stock in 2017 and 2018 as collateral for loans to purchase real property.  Redman further admits that those pledges were in technical violation of ProPetro's Code of Ethics and Conduct and Insider Trading Compliance Policy.  Redman further admits that he repaid ProPetro for certain expense reimbursements which ProPetro subsequently determined should have been categorized as personal expenses.  Redman denies the remaining allegations in Paragraph 304 of the Complaint.

305.    With respect to the allegations in Paragraph 305 of the Complaint, Redman denies that ProPetro made any false or misleading statements.  Redman is without sufficient information to admit or deny the remaining allegations in Paragraph 305 of the Complaint.

306.    Paragraph 306 appears to quote the Company's Code of Conduct & Ethics at the time this action was filed, which speaks for itself. Redman is without sufficient information to admit or deny the allegations in Paragraph 306 of the Complaint.

307.    Paragraph 307 appears to quote the Company's Code of Conduct & Ethics at the time this action was filed, which speaks for itself. Redman is without sufficient information to admit or deny the allegations in Paragraph 307 of the Complaint.

308.    With respect to the allegations in Paragraph 308 of the Complaint, Redman admits that he pledged ProPetro stock in 2017 and 2018 as collateral for loans to purchase real property. Redman further admits that those pledges were in technical violation of ProPetro's Code of Ethics

and Conduct and Insider Trading Compliance Policy. Redman further admits that he repaid ProPetro for certain expense reimbursements which ProPetro subsequently determined should have been categorized as personal expenses. Redman denies the remaining allegations in Paragraph 308 of the Complaint.

309. The second sentence of Paragraph 309 concerns matters stricken from the Complaint and to which no response is required. Redman admits that he pledged ProPetro stock in 2017 and 2018 as collateral for loans to purchase real property. Redman further admits that those pledges were in technical violation of ProPetro's Code of Ethics and Conduct and Insider Trading Compliance Policy. Redman denies the remaining allegations in Paragraph 309 of the Complaint.

310. Redman denies the allegations in Paragraph 310 of the Complaint.

311. With respect to the allegations in Paragraph 311 of the Complaint, Redman denies that ProPetro or any other Defendant made any false or misleading statements. Redman is without sufficient information to admit or deny any remaining allegations in Paragraph 311 of the Complaint.

312. Redman is without sufficient information to admit or deny the allegations in Paragraph 312 of the Complaint.

313. With respect to the allegations in Paragraph 313 of the Complaint, Redman denies that ProPetro or any other Defendant made any false or misleading statements or omissions. Redman is without sufficient information to admit or deny the remaining allegations in Paragraph 313 of the Complaint.

314. Redman is without sufficient information to admit or deny the allegations in Paragraph 314 of the Complaint.

315.    With respect to the allegations in Paragraph 315 of the Complaint, Redman denies that ProPetro or any other Defendant made any false or misleading statements or omissions. Redman is without sufficient information to admit or deny the remaining allegations in Paragraph 315 of the Complaint.

316.    Redman is without sufficient information to admit or deny the allegations in Paragraph 316 of the Complaint.

317.    With respect to the allegations in Paragraph 316 of the Complaint, Redman denies that ProPetro or any other Defendant made any false or misleading statements or omissions. Redman is without sufficient information to admit or deny the remaining allegations in Paragraph 316 of the Complaint.

318.    Redman is without sufficient information to admit or deny the allegations in Paragraph 318 of the Complaint.

319.    Redman is without sufficient information to admit or deny the allegations in Paragraph 319 of the Complaint.

320.    With respect to the allegations in Paragraph 320 of the Complaint, Redman admits that he pledged ProPetro stock in 2017 and 2018 as collateral for loans to purchase real property. Redman further admits that those pledges were in technical violation of ProPetro's Code of Ethics and Conduct and Insider Trading Compliance Policy. Redman is without sufficient information to admit or deny the allegations in Paragraph 320 of the Complaint.

321.    Paragraph 321 state conclusions of law to which no response is required. To the extent a response is required, Redman denies that ProPetro or any other Defendant made false or misleading representations or omissions. Redman further denies that Plaintiffs are entitled to a presumption of reliance. Redman admits that, since the IPO, ProPetro's stock has been publicly

traded and that ProPetro made filings with the SEC at certain times. Redman is without sufficient information to admit or deny the allegations in Paragraph 321 of the Complaint.

322. Paragraph 322 state conclusions of law to which no response is required. To the extent a response is required, Redman denies that ProPetro or any other Defendant made false or misleading representations or omissions. Redman further denies that Plaintiffs are entitled to a presumption of reliance. Redman is without sufficient information to admit or deny the allegations in Paragraph 322 of the Complaint.

323. Paragraph 323 state conclusions of law to which no response is required. To the extent a response is required, Redman denies that ProPetro or any other Defendant made false or misleading representations or omissions. Redman further denies that Plaintiffs are entitled to a presumption of reliance. Redman is without sufficient information to admit or deny the allegations in Paragraph 323 of the Complaint.

324. With respect to the allegations in Paragraph 324 of the Complaint, Redman repeats the admissions, denials, and other statements set forth above.

325. Redman denies the allegations in Paragraph 325 of the Complaint.

326. Paragraph 326 states conclusions of law to which no response is required. To the extent a response is required, Redman denies the allegations in Paragraph 326 of the Complaint.

327. Redman denies the allegations in Paragraph 327 of the Complaint.

328. Redman denies the allegations in Paragraph 328 of the Complaint.

329. Redman denies the allegations in Paragraph 329 of the Complaint.

330. Redman denies the allegations in Paragraph 330 of the Complaint.

331. Redman denies the allegations in Paragraph 331 of the Complaint.

332. Redman denies the allegations in Paragraph 332 of the Complaint.

333.    Redman denies the allegations in Paragraph 333 of the Complaint.

334.    Redman denies the allegations in Paragraph 334 of the Complaint.

335.    With respect to the allegations in Paragraph 335 of the Complaint, Redman repeats the admissions, denials, and other statements set forth above.

336.    The statements in Paragraph 336 are statements of law, not fact, which Redman is not required to admit or deny.  To the extent a response is required, Redman is without sufficient information to admit or deny the allegations in Paragraph 336 of the Complaint.

337.    Redman denies the allegations in Paragraph 337 of the Complaint.

338.    With respect to the allegations in Paragraph 338 of the Complaint, Redman admits that he signed certifications and other SEC filings at certain times when he was ProPetro's CEO. Redman denies the remaining allegations in Paragraph 338 of the Complaint.

339.    The statements in Paragraph 339 are statements of law, not fact, which Redman is not required to admit or deny.  To the extent a response is required, Redman denies the allegations in Paragraph 339 of the Complaint.

340.    The statements in Paragraph 340 are statements of law, not fact, which Redman is not required to admit or deny.  To the extent a response is required, Redman denies the allegations in Paragraph 340 of the Complaint.

341.    With respect to the allegations in Paragraph 341 of the Complaint, Redman denies that Plaintiffs' Securities Act claims are pled separately from their Exchange Act claims, since the same allegations are offered in support of both sets of claims.  Redman is without sufficient information to admit or deny the remaining allegations in Paragraph 341 of the Complaint.

342.    Redman admits the allegations in Paragraph 342 of the Complaint.

343.    Redman denies the allegations in Paragraph 343 of the Complaint.

344.    Redman is without sufficient information to admit or deny the allegations in Paragraph 344 of the Complaint.

345.    The statements in Paragraph 345 are statements of law, not fact, which Redman is not required to admit or deny.  To the extent a response is required, Redman denies the allegations in Paragraph 345 of the Complaint.

346.    With respect to the allegations in Paragraph 346 of the Complaint, Redman admits that Redman and Smith were officers of ProPetro at certain times and that they signed the IPO Registration Statement.  Redman further admits that he was a ProPetro board member at certain times, including when the IPO Offering Documents were filed.

347.    Redman admits the allegations in Paragraph 347 of the Complaint.

348.    Paragraph 348 of the Complaint does not contain allegations that Redman is required to admit or deny.

349.    Paragraph 349 references a ProPetro SEC filing or other document, that document speaks for itself.  Redman denies that ProPetro or any other Defendant made any misrepresentations, misleading statements, or omission, and further denies any remaining allegations in Paragraph 349.

350.    With respect to Paragraph 350, to the extent Paragraph 350 references Paragraph 350 references a ProPetro SEC filing or other document, that document speaks for itself.  Redman denies that ProPetro or any other Defendant made any misrepresentations, misleading statements, or omission.  Any remaining allegations in Paragraph 350 are denied.

351.    With respect to Paragraph 351, to the extent Paragraph 351 references a ProPetro SEC filing or other document, that document speaks for itself.  Redman denies that ProPetro or

any other Defendant made any misrepresentations, misleading statements, or omission. Any remaining allegations in Paragraph 351 are denied.

352. With respect to Paragraph 352, to the extent Paragraph 352 references a ProPetro SEC filing or other document, that document speaks for itself. Redman denies that ProPetro or any other Defendant made any misrepresentations, misleading statements, or omission. Any remaining allegations in Paragraph 352 are denied.

353. Paragraph 353 contains allegations related to claims that have been dismissed to which no response is required. To the extent a response is required, Paragraph 353 references a ProPetro SEC filing or other document, that document speaks for itself. Redman denies that ProPetro or any other Defendant made any misrepresentations, misleading statements, or omission. Any remaining allegations in Paragraph 353 are denied.

354. With respect to Paragraph 354, to the extent Paragraph 354 references a ProPetro SEC filing or other document, that document speaks for itself. Redman denies that ProPetro or any other Defendant made any misrepresentations, misleading statements, or omission. Any remaining allegations in Paragraph 354 are denied.

355. Paragraph 355 contains allegations related to claims that have been dismissed to which no response is required. To the extent a response is required, Paragraph 355 references a ProPetro SEC filing or other document, that document speaks for itself. Redman denies that ProPetro or any other Defendant made any misrepresentations, misleading statements, or omissions. Any remaining allegations in Paragraph 355 are denied.

356. Paragraph 356 contains allegations related to claims that have been dismissed to which no response is required. To the extent a response is required, Paragraph 356 references a ProPetro SEC filing or other document, that document speaks for itself. Redman denies that

ProPetro or any other Defendant made any misrepresentations, misleading statements, or omission. Any remaining allegations in Paragraph 356 are denied.

357.    Paragraph 357 contains allegations related to claims that have been dismissed to which no response is required.  To the extent a response is required, Paragraph 357 references a ProPetro SEC filing or other document, that document speaks for itself.  Redman denies that ProPetro or any other Defendant made any misrepresentations, misleading statements, or omission. Any remaining allegations in Paragraph 357 are denied.

358.    Paragraph 358 contains allegations related to claims that have been dismissed to which no response is required.  To the extent a response is required, Paragraph 358 references a ProPetro SEC filing or other document, that document speaks for itself.  Redman denies that ProPetro or any other Defendant made any misrepresentations, misleading statements, or omission. Any remaining allegations in Paragraph 358 are denied.

359.    With respect to Paragraph 359, to the extent Paragraph 359 references a ProPetro SEC filing or other document, that document speaks for itself.  Redman denies that ProPetro or any other Defendant made any misrepresentations, misleading statements, or omission.  Any remaining allegations in Paragraph 359 are denied.

360.    With respect to Paragraph 360, to the extent Paragraph 360 references a ProPetro SEC filing or other document, that document speaks for itself.  Redman denies that ProPetro or any other Defendant made any misrepresentations, misleading statements, or omission.  Any remaining allegations in Paragraph 360 are denied.

361.    With respect to Paragraph 361, to the extent Paragraph 361 references a ProPetro SEC filing or other document, that document speaks for itself.  Redman denies that ProPetro or

any other Defendant made any misrepresentations, misleading statements, or omission.  Any remaining allegations in Paragraph 361 are denied.

362.    With respect to Paragraph 362, to the extent Paragraph 362 references a ProPetro SEC filing or other document, that document speaks for itself.  Redman denies that ProPetro or any other Defendant made any misrepresentations, misleading statements, or omission.  Any remaining allegations in Paragraph 362 are denied.

363.    With respect to Paragraph 363, to the extent Paragraph 363 references a ProPetro SEC filing or other document, that document speaks for itself.  Redman denies that ProPetro or any other Defendant made any misrepresentations, misleading statements, or omission.  Any remaining allegations in Paragraph 363 are denied.

364.    With respect to Paragraph 364, to the extent Paragraph 364 references a ProPetro SEC filing or other document, that document speaks for itself.  Redman denies that ProPetro or any other Defendant made any misrepresentations, misleading statements, or omission.  Any remaining allegations in Paragraph 364 are denied.

365.    With respect to Paragraph 365, to the extent Paragraph 365 references a ProPetro SEC filing or other document, that document speaks for itself.  Redman denies that ProPetro or any other Defendant made any misrepresentations, misleading statements, or omission.  Any remaining allegations in Paragraph 365 are denied.

366.    With respect to Paragraph 366, to the extent Paragraph 366 references a ProPetro SEC filing or other document, that document speaks for itself.  Redman denies that ProPetro or any other Defendant made any misrepresentations, misleading statements, or omission.  Any remaining allegations in Paragraph 366 are denied.

367.    Paragraph 367 contains allegations related to claims that have been dismissed to which no response is required.  To the extent a response is required, Paragraph 367 references a ProPetro SEC filing or other document, that document speaks for itself.  Redman denies that ProPetro or any other Defendant made any misrepresentations, misleading statements, or omission.  Any remaining allegations in Paragraph 367 are denied.

368.    Paragraph 368 contains allegations related to claims that have been dismissed to which no response is required.  To the extent a response is required, Paragraph 368 references a ProPetro SEC filing or other document, that document speaks for itself.  Redman denies that ProPetro or any other Defendant made any misrepresentations, misleading statements, or omission.  Any remaining allegations in Paragraph 368 are denied.

369.    With respect to Paragraph 369, to the extent Paragraph 369 references a ProPetro SEC filing or other document, that document speaks for itself.  Redman denies that ProPetro or any other Defendant made any misrepresentations, misleading statements, or omission.  Any remaining allegations in Paragraph 369 are denied.

370.    With respect to Paragraph 370, to the extent Paragraph 370 references a Deloitte audit opinion or other document, that document speaks for itself.  Redman denies that ProPetro or any other Defendant made any misrepresentations, misleading statements, or omission.  Redman is without sufficient information to admit or deny any remaining allegations in Paragraph 370.

371.    With respect to Paragraph 371, to the extent Paragraph 371 references a Deloitte audit opinion or other document, that document speaks for itself.  Redman denies that ProPetro or any other Defendant made any misrepresentations, misleading statements, or omission.  Redman is without sufficient information to admit or deny any remaining allegations in Paragraph 371.

372.    With respect to Paragraph 372, to the extent Paragraph 372 references a ProPetro SEC filing or other document, that document speaks for itself.  Redman denies that ProPetro or any other Defendant made any misrepresentations, misleading statements, or omission.  Redman is without sufficient information to admit or deny any remaining allegations in Paragraph 372.

373.    The Court struck Paragraph 373 from the Complaint, and no response is required. To the extent a response is required, Paragraph 373 references a ProPetro SEC filing or other document, that document speaks for itself.  Redman denies that ProPetro or any other Defendant made any misrepresentations, misleading statements, or omission.  Any remaining allegations in Paragraph 373 are denied.

374.    The Court struck Paragraph 374 from the Complaint, and no response is required. To the extent a response is required, Paragraph 374 references a ProPetro SEC filing or other document, that document speaks for itself.  Redman denies that ProPetro or any other Defendant made any misrepresentations, misleading statements, or omission.  Any remaining allegations in Paragraph 374 are denied.

375.    The Court struck Paragraph 375 from the Complaint, and no response is required. To the extent a response is required, Paragraph 375 references a ProPetro SEC filing or other document, that document speaks for itself.  Redman denies that ProPetro or any other Defendant made any misrepresentations, misleading statements, or omission.  Any remaining allegations in Paragraph 375 are denied.

376.    The Court struck Paragraph 376 from the Complaint, and no response is required. To the extent a response is required, Paragraph 376 references a ProPetro SEC filing or other document, that document speaks for itself.  Redman denies that ProPetro or any other Defendant

made any misrepresentations, misleading statements, or omission. Redman is without sufficient information to admit or deny the remaining allegations in Paragraph 376.

377. The Court struck Paragraph 377 from the Complaint, and no response is required. To the extent a response is required, Paragraph 377 references a ProPetro SEC filing or other document, that document speaks for itself. Redman denies that ProPetro or any other Defendant made any misrepresentations, misleading statements, or omission. Any remaining allegations in Paragraph 377 are denied.

378. The Court struck Paragraph 378 from the Complaint, and no response is required. To the extent a response is required, Paragraph 378 references a ProPetro SEC filing or other document, that document speaks for itself. Redman denies that ProPetro or any other Defendant made any misrepresentations, misleading statements, or omission. Any remaining allegations in Paragraph 378 are denied.

379. The Court struck Paragraph 379 from the Complaint, and no response is required. To the extent a response is required, Paragraph 379 references a ProPetro SEC filing or other document, that document speaks for itself. Redman denies that ProPetro or any other Defendant made any misrepresentations, misleading statements, or omission. Any remaining allegations in Paragraph 379 are denied.

380. The Court struck Paragraph 380 from the Complaint, and no response is required. To the extent a response is required, Paragraph 380 references a ProPetro SEC filing or other document, that document speaks for itself. Redman denies that ProPetro or any other Defendant made any misrepresentations, misleading statements, or omission. Any remaining allegations in Paragraph 380 are denied.

60

381.    The Court struck Paragraph 381 from the Complaint, and no response is required. To the extent a response is required, Paragraph 381 references a ProPetro SEC filing or other document, that document speaks for itself.  Redman denies that ProPetro or any other Defendant made any misrepresentations, misleading statements, or omission.  Any remaining allegations in Paragraph 381 are denied.

382.    With respect to Paragraph 382, to the extent Paragraph 382 references a ProPetro SEC filing or other document, that document speaks for itself.  Redman denies that ProPetro or any other Defendant made any misrepresentations, misleading statements, or omission.  Any remaining allegations in Paragraph 382 are denied.

383.    Paragraph 383 contains allegations related to claims that have been dismissed to which no response is required.  To the extent a response is required, Paragraph 383 references a ProPetro SEC filing or other document, that document speaks for itself.  Redman denies that ProPetro or any other Defendant made any misrepresentations, misleading statements, or omission. Any remaining allegations in Paragraph 383 are denied.

384.    With respect to the allegations in Paragraph 384 of the Complaint, Redman repeats the admissions, denials, and other statements set forth above. To the extent the remainder of Paragraph 384 contains allegations which Redman is required to admit or deny, Redman denies those allegations and denies that Defendants are entitled to any relief.

385.    Redman is without sufficient information to admit or deny and remaining allegations in Paragraph 385.

386.    Redman admits that he signed SEC filings and other documents in his capacity as an officer of ProPetro.  Redman denies any remaining allegations in Paragraph 386.

387.   Redman is without sufficient information to admit or deny any remaining allegations in Paragraph 387.

388.   Redman denies the allegations in Paragraph 388.

389.   Redman denies the allegations in Paragraph 389.

390.   Redman denies the allegations in Paragraph 390.

391.   Redman denies the allegations in Paragraph 391.

392.   Redman denies the allegations in Paragraph 392.

393.   Redman denies the allegations in Paragraph 393.

394.   Redman denies the allegations in Paragraph 394 and denies that Defendants are entitled to any relief.

395.   Redman denies that Defendants are entitled to any relief.  Redman is without sufficient information to admit or deny any remaining allegations in Paragraph 395.

396.   With respect to the allegations in Paragraph 396 of the Complaint, Redman repeats the admissions, denials, and other statements set forth above.

397.   To the extent the allegations in Paragraph 397 require admission or denial, those allegations are denied.

398.   With respect to the allegations in Paragraph 398 of the Complaint, Redman admits that he and Jeff Smith served as officers of ProPetro at certain times and that Redman served on the Board of Directors.  Redman denies any remaining allegations in Paragraph 398.

399.   The statements in Paragraph 399 contain statements of law, not fact, which Redman is not required to admit or deny.  To the extent any allegation is a statement of fact, Redman admits that he and Jeff Smith served as officers of ProPetro at certain times and that Redman served on the Board of Directors.  Redman admits that Redman and Smith signed certifications and other

documents filed with the SEC in their respective capacities as officers at certain times. Redman denies any remaining allegations in Paragraph 398.

400.    Redman denies the allegations in Paragraph 400 and denies that Plaintiffs are entitled to any relief whatsoever.

401.    To the extent the allegations in Paragraph 401 require admission or denial, those allegations are denied, except admits Plaintiffs purport to bring a putative class action lawsuit on behalf of the putative class described in Paragraph 401.

402.    With respect to the allegations in Paragraph 402 of the Complaint, Redman admits that ProPetro shares were traded on the New York Stock Exchange at certain times. Redman is without sufficient information to determine the number of shares issued and outstanding on April 30, 2019. To the extent the remaining allegations in Paragraph 402 require admission or denial, those allegations are denied.

403.    Redman denies the allegations in Paragraph 403 of the Complaint.

404.    Redman denies the allegations in Paragraph 404 of the Complaint.

405.    Redman denies the allegations in Paragraph 405 of the Complaint.

406.    Redman denies the allegations in Paragraph 406 of the Complaint.

407.    Redman denies the allegations in Paragraph 407 of the Complaint.

408.    Redman denies the allegations in Paragraph 408 and denies that Defendants made any false or misleading statements or omissions.

409.    Redman denies the allegations in Paragraph 409 and denies that Defendants made any false or misleading statements or omissions.

410.    With respect to Plaintiffs' Prayer for Relief and Jury Demand, Redman denies that Plaintiffs are entitled to any relief whatsoever.

## II.   AFFIRMATIVE AND OTHER DEFENSES

Redman asserts the following defenses with respect to the causes of action alleged against him in the Complaint without assuming the burden of proof or persuasion where such burden rests on Plaintiffs.   Redman reserves the right to supplement his defenses and/or raise additional defenses that may be available or appropriate.

411.   The Complaint fails to state a claim against Redman upon which relief can be granted.

412.   This action, in whole or in part, is not maintainable as a class action under Federal Rule of Civil Procedure 23.

413.   Plaintiffs cannot meet their burden of proving the essential elements of a claim under Section 10(b) of the Exchange Act: (1) a material misstatement or omission, (2) by the defendant, (3) made in connection with the purchase or sale of a security, (4) and with scienter, (5) on which the investor reasonably relied, (6) that resulted in economic loss, (7) proximately caused by the alleged misstatement or omission (*i.e.,* loss causation).

414.   Plaintiffs cannot meet their burden of proving the essential elements of a claim under Section 11 of the Securities Act: (1) registration statement contained a materially untrue statement or misleading omission and (2) plaintiff purchased a registered security in or traceable to the offering.

415.   Plaintiffs' purported claims and those of the putative class are barred because the Complaint fails to allege facts demonstrating false or misleading statements and to adequately describe the manner in which those statements were false or misleading as required by the Private Securities Litigation Reform Act ("PSLRA").

416.    Plaintiffs' purported claims and those of the putative class are barred based on the truth and sufficiency of all statements upon which their alleged claims are based.

417.    Plaintiffs' purported claims and those of the putative class are barred because Defendant had no duty of disclosure with respect to the alleged misrepresentations or omissions.

418.    Plaintiffs' purported claims and those of the putative class are barred because the allegedly false and misleading statements were immaterial.

419.    Plaintiffs' purported claims and those of the putative class are barred because the allegedly false and misleading statements were immaterial and non-actionable "puffery."

420.    Plaintiffs' purported claims and those of the putative class are barred by the "Bespeaks Caution Doctrine" and the "Safe Harbor Provision" of the PSLRA.

421.    Plaintiffs' purported claims and those of the putative class are not actionable under the *Santa Fe* doctrine.

422.    Plaintiffs' purported claims and those of the putative class are barred as and to the extent that they are allegations of "fraud by hindsight."

423.    Plaintiffs' purported claims and those of the putative class are barred because the Complaint fails to allege facts demonstrating a strong inference of scienter or actual knowledge of falsity, and Plaintiffs are unable to prove any such facts with regard to the Defendant and as to each alleged misstatement.

424.    Plaintiffs' purported claims and those of the putative class are barred because Defendant acted in good faith.

425.    Plaintiffs' purported claims and those of the putative class are barred because the Defendant's actions or alleged omissions were not the direct or proximate cause of Plaintiffs' or the putative class' averred damages and requisite "loss causation" is lacking.

426. Plaintiffs' purported claims and those of the putative class are barred because there is no causal link between the alleged misrepresentations and the harm alleged to have occurred.

427. Any decline in the value in ProPetro shares was caused by intervening and superseding causes.

428. Plaintiffs' purported claims and those of the putative class are barred because the damages allegedly suffered (which the Defendant contends are none) are the proximate result of affirmative and/or independent actions of one or more third persons or parties over whom Defendant had no control and for whom Defendant is not liable.

429. Plaintiffs' purported claims and those of the putative class are barred to the extent that they are based on statements that are not attributable to Defendant.

430. Plaintiffs' purported claims and those of the putative class are barred because Plaintiffs cannot prove reliance on any alleged statement or omission.

431. Plaintiffs' purported claims and those of the putative class are barred because Defendant did not employ any device, scheme, or artifice to defraud and did not engage in any act, practice, or course of conduct that operates or would operate as a fraud or deceit in connection with the purchase or sale of securities.

432. The Complaint fails to state a claim against Defendant based upon "fraud-on-the-market" principles for any class member who did not trade shares between the time the alleged misstatements were made and the time the purported "truth" was "revealed."

433. The Complaint fails to state a claim against Defendant based upon "fraud-on-the-market" principles because the alleged misrepresentations and omissions would not have induced a reasonable investor to misjudge the value of ProPetro.

434.    To the extent Defendant failed to disclose material information, which Defendant denies, the "truth-on-the-market" doctrine precludes Plaintiffs' claims because the information at issue was credibly made available to the market by other sources.

435.    Plaintiffs' purported claims and those of the putative class are barred because Defendant did not know, and in the exercise of reasonable care could not have known, of any untruth or material omission that may be proved by Plaintiffs.

436.    Plaintiffs' purported claims and those of the putative class are barred by Plaintiffs' failure to mitigate damages as required by law and/or to the extent any alleged damages are not attributable to alleged violations of law.

437.    Plaintiffs' purported claims and those of the putative class are barred based on the doctrines of contributory negligence, comparative negligence and/or assumption of the risk. Plaintiffs knew, or in the exercise of reasonable care should have known, the risks inherent in investing in the securities at issue and thus assumed the risk of a decline in value of their investments.

438.    Plaintiffs' purported claims and those of the putative class are barred, in whole or in part, by the doctrines of estoppel, laches, waiver, ratification, acquiescence and/or the applicable statutes of limitation and repose.

439.    Plaintiffs are not entitled to recover attorneys' fees in this action.

440.    Any recovery by Plaintiffs and the putative class against Defendant would constitute unjust enrichment.

441.    Plaintiffs lack standing to prosecute this action.

442.    Additional facts that are currently unknown to Defendant may be revealed through the course of discovery and further investigation that will support additional defenses.  Defendant reserves the right to assert such defenses in the future.

443.    Plaintiffs' purported claims and those of the putative class are barred because they have "unclean hands."

444.    Plaintiffs cannot meet their burden of proving the essential elements of a claim under Section 20(a) of the Exchange Act: (1) a primary violation under Section 10(b)(2), power by the defendant to control the specific transaction or activity upon which the primary violation is predicated, and (3) actual participation by the defendant (*i.e.,* exercise of control) in the operations of the primary violator in general.

445.    Plaintiffs cannot meet their burden of proving the essential elements of a claim under Section 15 of the Securities Act: (1) a primary violation under Section 11, (2) power by the defendant to control the specific transaction or activity upon which the primary violation is predicated, and (3) actual participation by the defendant (*i.e.,* exercise of control) in the operations of the primary violator in general.

446.    To the extent Redman was in possession of any of the information the Plaintiffs claim he failed to disclose, which Redman contends he was not, Redman did not assimilate and comprehend the significance of that information.

## III.    PRAYER

For these reasons, Redman requests that the Court enter judgment that Plaintiffs' take nothing on their claims against Redman.  Redman further requests that the Court grant any other relief to which he may be entitled.

Dated: April 1, 2022

WINSTEAD PC


By: /s/ Toby M. Galloway_____
    Toby M. Galloway
    State Bar No. 00790733
    tgalloway@winstead.com
    Matthias Kleinsasser
    State Bar No. 24071357
    mkleinsasser@winstead.com
    300 Throckmorton Street, Suite 1700
    Fort Worth, Texas 76102
    Tel:  817-420-8200
    Fax:  817-420-8201

**COUNSEL FOR DEFENDANT DALE REDMAN**

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was filed with the Court's electronic case filing (ECF) system on April 1, 2022, which caused an electronic copy of this document to be served on all counsel of record in this matter.

/s/ Toby M. Galloway_____