**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| **NYKREDIT PORTEFØLJE ADMINISTRATION A/S, OKLAHOMA FIREFIGHTERS PENSION AND RETIREMENT SYSTEM, OKLAHOMA LAW ENFORCEMENT RETIREMENT SYSTEM, OKLAHOMA POLICE PENSION AND RETIREMENT SYSTEM, OKLAHOMA CITY EMPLOYEE RETIREMENT SYSTEM, POLICE AND FIRE RETIREMENT SYSTEM OF THE CITY OF DETROIT, Individually and on behalf of all other similarly situated,** | § § § § § § § § § § § § | |
| *Plaintiffs*, | § § § | **Case No. MO:7:19-CV-00217-DC** |
| vs. | § § § | **CLASS ACTION** |
| **PROPETRO HOLDING CORP., ET AL.,** | § § § | |
| *Defendants*. | § § | |

**ANSWER OF DEFENDANT PROPETRO HOLDING CORP.**
**TO PLAINTIFFS' THIRD AMENDED COMPLAINT**

Defendant ProPetro Holding Corp. ("ProPetro" or "Defendant") answers Plaintiffs' Third Amended Complaint ("Complaint") in the above-captioned case and provides affirmative defenses as follows:

ProPetro denies that Plaintiffs have been damaged in any amount, sum, or manner whatsoever by reason of any breach or omission on the part of ProPetro. ProPetro denies that Plaintiffs, or any members of the class that Plaintiffs purport to represent, are entitled to any relief, including but not limited to the relief sought in the Prayer for Relief on page 147 of the Complaint.

Except as otherwise expressly admitted in this Answer, ProPetro denies each and every allegation contained or implied anywhere in the Complaint, whether in the body, titles, headings, sub-

headings, footnotes, or otherwise.[1]  For the sake of clarity, and unless otherwise expressly stated, capitalized terms not defined in this Answer have the meanings given to them in the Complaint, but ProPetro does not concede that any such definitions are proper or accurate.  To the extent that the allegations in the Complaint concern knowledge or conduct of persons or entities other than ProPetro, ProPetro denies knowledge or information sufficient to form a belief as to the truth of the allegation as to those persons or entities and responds solely with respect to ProPetro's knowledge and conduct.

The filing of this Answer is without waiver of the arguments presented in ProPetro's Motion to Dismiss the Third Amended Complaint (ECF No. 93), which are expressly adopted herein and asserted against the Complaint.  ProPetro has not knowingly or intentionally waived any applicable defenses. ProPetro reserves the right to supplement its Answer and reserves the right to add additional defenses of which it becomes aware through discovery or other investigation.

**NUMBERED PARAGRAPHS**

With respect to the numbered Paragraphs of the Complaint, ProPetro answers as follows:

1.      Paragraph 1 purports to characterize Plaintiffs' action and states conclusions of law to which no response is required.  To the extent a response is required, ProPetro denies the allegations in Paragraph 1, except admits that Lead Plaintiffs Nykredit Portefølje Administration A/S, Oklahoma Firefighters Pension and Retirement System, Oklahoma Law Enforcement Retirement System, Oklahoma Police Pension and Retirement System, and Oklahoma City Employee Retirement System (together, "Lead Plaintiffs") and the additional named plaintiff Police and Fire Retirement System of the City of Detroit have brought this action against ProPetro and the Individual Defendants (as defined in the Complaint).

---

[1] For ease of reference, captions and headings used in the Complaint are included in this Answer, but ProPetro does not thereby admit the truth of any allegation contained in the captions and headings or any inference that could be drawn from those captions or headings.

2.　　Paragraph 2 characterizes Plaintiffs' own actions and beliefs and states conclusions of law to which no response is required.  To the extent a response is required, ProPetro denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 2.

3.　　Paragraph 3 characterizes Plaintiffs' action and states conclusions of law to which no response is required.  To the extent a response is required, ProPetro denies the allegations in Paragraph 3, except admits that Plaintiffs purport to bring this action on behalf of themselves and others against the named defendants and to premise their claims on the statutes and rules cited.

## I.　　PRELIMINARY STATEMENT – EXCHANGE ACT CLAIMS ONLY

4.　　ProPetro denies the allegations in Paragraph 4.

5.　　The first three sentences of Paragraph 5 purport to characterize the Company's public filings, which speak for themselves, and to which no response is required but, to the extent a response is required, ProPetro denies Plaintiffs' characterizations.  ProPetro denies the remaining allegations in Paragraph 5.

6.　　Paragraph 6 contains argument and legal conclusions to which no response is required. To the extent a response is required, ProPetro denies the allegations in Paragraph 6, except to the extent they purport to selectively quote or characterize the Company's Form 8-K, dated November 13, 2019, which speaks for itself, and to which no response is required.  To the extent Plaintiffs' summary mischaracterizes the referenced filing, ProPetro denies such mischaracterizations.

7.　　Paragraph 7 contains argument and legal conclusions to which no response is required. To the extent a response is required, ProPetro denies the allegations in Paragraph 7.

8.　　Paragraph 8 contains argument and legal conclusions to which no response is required. To the extent a response is required, ProPetro denies the allegations in Paragraph 8.

9.　　Paragraph 9 contains argument and legal conclusions to which no response is required. To the extent a response is required, ProPetro denies the allegations in Paragraph 9, except to the

extent they purport to selectively quote from and characterize the Company's Forms 8-K, filed July 12, 2019; August 8, 2019; August 31, 2019; October 9, 2019; and November 13, 2019, and Form 10-K, filed June 22, 2020, to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced filings, ProPetro denies such mischaracterizations.

10. Paragraph 10 purports to selectively quote and characterize the Company's Forms 8-K, filed July 12, 2019; August 8, 2019; and November 13, 2019, and Form 10-K, filed June 22, 2020, and historical stock price data, which speak for themselves, and to which no response is required. To the extent Plaintiffs' summary mischaracterizes ProPetro's disclosures and the referenced data, ProPetro denies such mischaracterizations. ProPetro denies the remaining allegations in Paragraph 10.

11. Paragraph 11 purports to characterize the Company's Form 8-K, filed August 31, 2019, and historical stock price data, which speak for themselves, and to which no response is required. To the extent Plaintiffs' summary mischaracterizes the referenced reports and data, ProPetro denies such mischaracterizations. ProPetro denies the remaining allegations in Paragraph 11.

12. Paragraph 12 purports to characterize media reports, dated October 18, 2019, and historical stock price data, which speak for themselves, and to which no response is required. To the extent Plaintiffs' summary mischaracterizes the referenced reports and data, ProPetro denies such mischaracterizations. ProPetro denies the remaining allegations in Paragraph 12.

13. Paragraph 13 purports to characterize a report by Culper Research, dated October 31, 2019, and historical stock price data, which speak for themselves, and to which no response is required. To the extent Plaintiffs' summary mischaracterizes the referenced report and data, ProPetro denies such mischaracterizations. ProPetro denies the remaining allegations in Paragraph 13.

14. Paragraph 14 purports to characterize the Company's Form 8-K, filed on March 16, 2020, and historical stock price data, which speak for themselves, and to which no response is required.

To the extent Plaintiffs' summary mischaracterizes ProPetro's filing and stock price data, ProPetro denies such mischaracterizations. ProPetro denies the remaining allegations in Paragraph 14.

15.     Paragraph 15 purports to characterize the Company's Form 10-K, filed June 22, 2020, which speaks for itself, and to which no response is required. To the extent Plaintiffs' summary mischaracterizes ProPetro's filing, ProPetro denies such mischaracterizations. ProPetro denies the remaining allegations in Paragraph 15.

16.     Paragraph 16 purports to selectively quote and characterize the Company's Form 10-Q, filed July 2, 2020, which speaks for itself, and to which no response is required. To the extent Plaintiffs' summary mischaracterizes ProPetro's filing, ProPetro denies such mischaracterizations. ProPetro denies the remaining allegations in Paragraph 16.

17.     The first sentence of Paragraph 17 purports to characterize the Company's Form 8-K, filed November 13, 2019, which speaks for itself, and to which no response is required. To the extent Plaintiffs' summary mischaracterizes ProPetro's filing, ProPetro denies such mischaracterizations. The remaining allegations in this paragraph have been stricken from the Complaint pursuant to the Court's March 18, 2022 Order and no response is required.

18.     Paragraph 18 contains allegations related to claims that have been dismissed and conclusions of law to which no response is required. To the extent a response is required, Paragraph 18 purports to characterize the Company's Form 10-K, filed June 22, 2020, which speaks for itself, and to which no response is required. To the extent Plaintiffs' summary mischaracterizes ProPetro's disclosure, ProPetro denies such mischaracterizations. ProPetro denies the remaining allegations in Paragraph 18.

19.     Paragraph 19 contains argument and conclusions of law as to which no response is required. To the extent a response is required, ProPetro denies the allegations in the first four sentences of Paragraph 19. The last sentence of this paragraph purports to characterize the

Company's Form 10-K, filed June 22, 2020, and Form 10-Q, filed July 2, 2020, which speak for themselves, and to which no response is required. To the extent Plaintiffs' summary mischaracterizes ProPetro's disclosures, ProPetro denies such mischaracterizations. ProPetro denies the remaining allegations in Paragraph 19.

20.    ProPetro denies the allegations in the first sentence of Paragraph 20, except admits that the Company implemented remediation efforts to address material weaknesses in its internal controls, including adopting and implementing new policies and procedures related to internal controls. ProPetro admits the allegations in the second sentence of Paragraph 20.

21.    ProPetro denies the Paragraph 21, except admits Plaintiffs have filed this action.

## II.    JURISDICTION AND VENUE

22.    Paragraph 22 alleges conclusions of law as to which no response is required. To the extent that a response is required, ProPetro admits that Plaintiffs purport to assert claims based on the statutes, rules, and regulations cited in Paragraph 22 and otherwise denies the allegations in Paragraph 22.

23.    Paragraph 23 alleges conclusions of law as to which no response is required. To the extent that a response is required, ProPetro admits that Plaintiffs purport to premise jurisdiction over the subject matter of this action on the statutes cited in Paragraph 23 and otherwise denies the allegations in Paragraph 23.

24.    Paragraph 24 alleges conclusions of law as to which no response is required. To the extent that a response is required, ProPetro admits that Plaintiffs purport to premise venue in this District on the statutes cited in Paragraph 24 and the purported occurrences and transactions in this District, and that ProPetro maintains its corporate headquarters and principal executive offices in this District. ProPetro otherwise denies the allegations in Paragraph 24.

25.    Paragraph 25 alleges conclusions of law as to which no response is required. To the

extent that a response is required, ProPetro denies the allegations in Paragraph 25.

## III.    THE PARTIES

### A.    Plaintiffs

26.    ProPetro denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations described in Paragraph 26, except denies that any funds represented by NPA have suffered any damages as a result of any conduct by ProPetro.

27.    ProPetro denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations described in Paragraph 27.

28.    ProPetro denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations described in Paragraph 28.

29.    ProPetro denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations described in Paragraph 29.

30.    ProPetro denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations described in Paragraph 30.

31.    ProPetro denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations described in Paragraph 31, except denies that Oklahoma Firefighters, Oklahoma Law Enforcement, Oklahoma Police, and Oklahoma City suffered damages as a result of any conduct by ProPetro and that the IPO Public Offering Documents were materially false and misleading.

32.    ProPetro denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations described in Paragraph 32, except denies that Detroit PFRS suffered damages as a result of any conduct by ProPetro.

33.    ProPetro admits the allegations in Paragraph 33.

### B.    Exchange Act Defendants

34.     ProPetro admits the allegations in Paragraph 34.

35.     ProPetro admits the allegations in the first, second, and third sentences of Paragraph 35; and denies the remaining allegations in Paragraph 35.

36.     ProPetro admits the allegations in the first sentence of Paragraph 36; denies the second sentence of Paragraph 36, except admits that Smith was reassigned as Special Advisor to the Chief Executive Officer in March 2020; and denies the remaining allegations in the third sentence of Paragraph 36.

37.     ProPetro admits the first sentence of Paragraph 37 and denies the second sentence of Paragraph 37. The remaining allegations in this paragraph have been stricken from the Complaint pursuant to the Court's March 18, 2022 Order and no response is required.

38.     ProPetro admits the first and second sentences of Paragraph 38 and denies the third sentence of Paragraph 38. The remaining allegations in this paragraph have been stricken from the Complaint pursuant to the Court's March 18, 2022 Order and no response is required.

39.     The first sentence of Paragraph 39 purports to characterize the Complaint, which speaks for itself and to which no response is required. ProPetro admits that Redman, Smith, and Denholm were involved in management of the day-to-day operations of ProPetro for certain periods of time and otherwise denies the allegations in Paragraph 39 except to the extent they state legal conclusions to which no response is required.

40.     Paragraph 40 purports to characterize the Complaint, which speaks for itself and to which no response is required.

## IV.    EXCHANGE ACT CLAIMS

### A.    Background and Summary of the Fraud

#### 1.    ProPetro's Business Operations

41.     ProPetro admits the allegations in Paragraph 41, except denies that Redman is the

Company's current CEO and that Smith is its current Chief Administrative Officer.

42.     Paragraph 42 purports to characterize the Company's "IPO Prospectus" (*i.e.*, the prospectus pursuant to Rule 424(b)(4) dated March 16, 2017 and filed on March 20, 2017), which speaks for itself, and to which no response is required.   To the extent Plaintiffs' summary mischaracterizes the referenced filing, ProPetro denies such mischaracterizations.

43.     Paragraph 43 purports to characterize the "IPO Registration Statement" (*i.e.*, Form S-1 filed on February 8, 2017) and "IPO Registration Statement Amendments" (*i.e.*, Forms S-1A filed on February 23, 2017; March 7, 2017; and March 13, 2017), which speak for themselves, and to which no response is required.   To the extent Plaintiffs' summary mischaracterizes ProPetro's filings, ProPetro denies such mischaracterizations.

44.     Paragraph 44 purports to characterize the "IPO Offering Documents" (*i.e.*, the IPO Prospectus together with the IPO Registration Statement, IPO Registration Statement Amendments, and Underwriting Agreement), which speak for themselves, and to which no response is required.  To the extent Plaintiffs' summary mischaracterizes ProPetro's filings, ProPetro denies such mischaracterizations.

45.     Paragraph 45 purports to selectively quote and characterize the "Underwriting Agreement" (*i.e.*, Exhibit 1.1 to the IPO Registration Statement filed with IPO Registration Statement Amendment Form S-1A dated February 23, 2017), which speaks for itself, and to which no response is required.   ProPetro respectfully refers the Court to the referenced agreement and denies any allegations inconsistent therewith.

46.     Paragraph 46 selectively quotes and characterizes the IPO Prospectus, which speaks for itself, and to which no response is required.   ProPetro respectfully refers the Court to the referenced prospectus and denies any allegations inconsistent therewith.

47.     Paragraph 47 selectively quotes and characterizes the IPO Prospectus, which speaks

for itself, and to which no response is required. ProPetro respectfully refers the Court to the referenced prospectus and denies any allegations inconsistent therewith.

48.    Paragraph 48 selectively quotes and characterizes the IPO Prospectus, which speaks for itself, and to which no response is required. ProPetro respectfully refers the Court to the referenced prospectus and denies any allegations inconsistent therewith.

49.    Paragraph 49 selectively quotes and characterizes the IPO Prospectus and other public disclosures, which speak for themselves, and to which no response is required. ProPetro respectfully refers the Court to the referenced prospectus and filings and denies any allegations inconsistent therewith.

50.    Paragraph 50 selectively quotes and characterizes the IPO Prospectus and other public disclosures, which speak for themselves, and to which no response is required. ProPetro respectfully refers the Court to the referenced prospectus and filings and denies any allegations inconsistent therewith.

51.    Paragraph 51 selectively quotes and characterizes industry analyst reports, which speak for themselves, and to which no response is required. ProPetro respectfully refers the Court to the referenced reports and denies any allegations inconsistent therewith.

**2. Throughout the Class Period, Investors Focused on ProPetro's Leadership Team and Their Longstanding Relationships as Fundamental to the Company's Rapid Success**

52.    ProPetro admits the allegations in Paragraph 52.

53.    Paragraph 53 purports to selectively quote and characterize the Company's press release, dated August 8, 2017, and conference call with investors, dated August 9, 2017, which speak for themselves, and to which no response is required. To the extent Plaintiffs' summary mischaracterizes ProPetro's press release and the transcript, ProPetro denies such mischaracterizations.

54.     Paragraph 54 purports to selectively quote and characterize the Company's conference call with investors, dated November 2, 2017, which speaks for itself, and to which no response is required.  To the extent Plaintiffs' summary mischaracterizes the transcript, ProPetro denies such mischaracterizations.

55.     Paragraph 55 purports to selectively quote and characterize the Company's Forms 10-K for the fiscal years 2018 and 2019, which are publicly available and speak for themselves, and to which no response is required.  To the extent Plaintiffs' summary mischaracterizes ProPetro's disclosures, ProPetro denies such mischaracterizations.

56.     ProPetro denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding the state of mind of "the market" or "investors" contained in Paragraph 56, and for that reason, denies them.

57.     ProPetro denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning the state-of-mind of unnamed "analysts" contained in Paragraph 57, and for that reason, denies them.

58.     Paragraph 58 selectively quotes and characterizes a Credit Suisse report, dated April 11, 2017, which speaks for itself, and to which no response is required.  To the extent Plaintiffs' summary mischaracterizes the report, ProPetro denies such mischaracterizations.

59.     Paragraph 59 selectively quotes and characterizes a Credit Suisse report, dated May 11, 2017, which speaks for itself, and to which no response is required.  To the extent Plaintiffs' summary mischaracterizes the report, ProPetro denies such mischaracterizations.

60.     ProPetro denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 60, and for that reason, denies them.

61.     Paragraph 61 contains argument and conclusions of law as to which no response is required.  To the extent a response is required, ProPetro denies the allegations in Paragraph 61.

### 3. Defendants Were Required to Maintain Adequate Internal and Disclosure Controls and to Disclose Material Related-Party Transactions

62.     Paragraph 62 contains argument and conclusions of law as to which no response is required. ProPetro respectfully refers the court to the referenced laws, rules, and regulations, for their contents and denies any allegation inconsistent therewith.

63.     Paragraph 63 contains argument and conclusions of law as to which no response is required. ProPetro respectfully refers the court to the referenced laws, rules, and regulations, for their contents and denies any allegation inconsistent therewith.

64.     Paragraph 64 contains argument and conclusions of law as to which no response is required. ProPetro respectfully refers the court to the referenced laws, rules, and regulations, for their contents and denies any allegation inconsistent therewith.

65.     Paragraph 65 contains argument and conclusions of law as to which no response is required. ProPetro respectfully refers the court to the referenced statutes, regulations, and standards for their contents and denies any allegation inconsistent therewith.

66.     Paragraph 66 contains argument and conclusions of law as to which no response is required. ProPetro respectfully refers the court to the referenced laws for their contents and denies any allegation inconsistent therewith.

67.     Paragraph 67 contains argument and conclusions of law as to which no response is required. To the extent a response is required, Paragraph 67 purports to selectively quote and characterize Section 302 of the Sarbanes-Oxley Act of 2002, which speaks for itself, and to which no response is required. ProPetro respectfully refers the Court to Section 302 and denies any allegations inconsistent therewith.

68.     Paragraph 68 contains argument and conclusions of law as to which no response is required. To the extent a response is required, Paragraph 68 purports to selectively quote and characterize Section 404 of the Sarbanes-Oxley Act of 2002, which speaks for itself, and to which no

response is required. ProPetro respectfully refers the Court to Section 404 and denies any allegations inconsistent therewith.

69. Paragraph 69 contains argument and conclusions of law as to which no response is required. To the extent a response is required, the first two sentences of Paragraph 69 purport to selectively quote and characterize the PCAOB's Accounting Standards, which speak for themselves, and to which no response is required. ProPetro respectfully refers the Court to the referenced accounting standards and denies any allegations inconsistent therewith. ProPetro denies the remaining allegations in Paragraph 69.

70. Paragraph 70 contains argument and conclusions of law as to which no response is required. To the extent a response is required, Paragraph 70 purports to characterize Item 307 of SEC Reg S-K, which speaks for itself, and to which no response is required. ProPetro respectfully refers the Court to Item 307 and denies any allegations inconsistent therewith.

71. Paragraph 71 contains argument and conclusions of law as to which no response is required. To the extent a response is required, Paragraph 71 purports to characterize Item 308 of SEC Reg S-K, which speaks for itself, and to which no response is required. ProPetro respectfully refers the Court to Item 308 and denies any allegations inconsistent therewith.

72. Paragraph 72 contains argument and conclusions of law as to which no response is required. To the extent a response is required, Paragraph 72 purports to selectively quote and characterize the COSO framework, which speaks for itself, and to which no response is required. ProPetro respectfully refers the Court to the referenced framework and denies any allegations inconsistent therewith.

73. Paragraph 73 contains argument and conclusions of law as to which no response is required. To the extent a response is required, Paragraph 73 purports to selectively quote and characterize the COSO framework and ProPetro public disclosures, which speak for themselves, and

to which no response is required. ProPetro respectfully refers the Court to the referenced framework and disclosures and denies any allegations inconsistent therewith.

74.      Paragraph 74 contains argument and conclusions of law as to which no response is required. To the extent a response is required, Paragraph 74 purports to selectively quote the COSO framework, which speaks for itself, and to which no response is required. ProPetro respectfully refers the Court to the referenced framework and denies any allegations inconsistent therewith.

75.      Paragraph 75 contains argument and conclusions of law as to which no response is required. To the extent a response is required, Paragraph 75 purports to selectively quote and characterize the COSO framework, which speaks for itself, and to which no response is required. ProPetro respectfully refers the Court to the referenced framework and denies any allegations inconsistent therewith.

76.      Paragraph 76 contains argument and conclusions of law as to which no response is required. To the extent a response is required, Paragraph 76 purports to selectively quote and characterize the COSO framework, which speaks for itself, and to which no response is required. ProPetro respectfully refers the Court to the referenced framework and denies any allegations inconsistent therewith.

77.      Paragraph 77 contains argument and conclusions of law as to which no response is required. To the extent a response is required, Paragraph 77 purports to selectively quote and characterize Item 404 of SEC Reg S-K, which speaks for itself, and to which no response is required. ProPetro respectfully refers the Court to Item 404 and denies any allegations inconsistent therewith.

78.      Paragraph 78 contains argument and conclusions of law as to which no response is required. To the extent a response is required, Paragraph 78 purports to characterize GAAP, which speaks for itself, and to which no response is required. ProPetro respectfully refers the Court to GAAP and denies any allegations inconsistent therewith.

79.     Paragraph 79 contains argument and conclusions of law as to which no response is required.  To the extent a response is required, Paragraph 79 purports to selectively quote and characterize ASC 850, which speaks for itself, and to which no response is required.  ProPetro respectfully refers the Court to ASC 850 and denies any allegations inconsistent therewith.

80.     Paragraph 80 contains argument and conclusions of law as to which no response is required.  To the extent a response is required, Paragraph 80 purports to characterize ASC 850, which speaks for itself, and to which no response is required.  ProPetro respectfully refers the Court to ASC 850 and denies any allegations inconsistent therewith.

81.     Paragraph 81 contains argument and conclusions of law as to which no response is required.  To the extent a response is required, Paragraph 81 purports to selectively quote the AICPA Professional Standards, which speak for themselves, and to which no response is required.  ProPetro respectfully refers the Court to the referenced professional standards and denies any allegations inconsistent therewith.

82.     Paragraph 82 contains argument and conclusions of law as to which no response is required.  To the extent a response is required, Paragraph 82 purports to selectively quote and characterize and summarize Sarbanes-Oxley, SEC regulations, GAAP, and the Company's public disclosures, which speak for themselves, and to which no response is required.  To the extent Plaintiffs' summary mischaracterizes these sources, ProPetro denies such mischaracterizations.

### 4. Throughout the Class Period, Defendants Represented, and Investors Understood, That ProPetro Had Adequate Internal and Disclosure Controls and That All Related-Party Transactions Had Been Disclosed

83.     Paragraph 83 purports to characterize the Company's public filings, which speak for themselves, and to which no response is required.  To the extent Plaintiffs' summary mischaracterizes the referenced filings, ProPetro denies such mischaracterizations.  ProPetro denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding the state-

of-mind of "investors" in the second sentence in Paragraph 83, and for that reason, denies them.

84. Paragraph 84 purports to characterize the Company's quarterly and annual SEC filings, which speak for themselves, and to which no response is required. To the extent Plaintiffs' summary mischaracterizes ProPetro's filings, ProPetro denies such mischaracterizations. ProPetro denies any remaining allegations in Paragraph 84.

85. Paragraph 85 purports to characterize the Company's quarterly and annual SEC filings, which speak for themselves, and to which no response is required. To the extent Plaintiffs' summary mischaracterizes ProPetro's filings, ProPetro denies such mischaracterizations. ProPetro denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding the state-of-mind of "investors" in Paragraph 85, and for that reason, denies them.

86. Paragraph 86 purports to selectively quote and characterize the Company's quarterly and annual SEC filings, which speak for themselves, and to which no response is required. To the extent Plaintiffs' summary mischaracterizes ProPetro's filings, ProPetro denies such mischaracterizations.

87. ProPetro denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding the state-of-mind of "investors" contained in Paragraph 87, and for that reason, denies them.

88. ProPetro denies the allegations in Paragraph 88.

**5. Redman's Share Pledges Were an Active and Knowing Violation of the Company's Internal Controls, Code of Conduct, Insider Trading Policies and Various Agreements**

89. Paragraph 89 purports to selectively quote and characterize the Company's Form 8-K, filed March 16, 2020, which speaks for itself, and to which no response is required. To the extent Plaintiffs' summary mischaracterizes the referenced filing, ProPetro denies such mischaracterizations, and denies any remaining allegations in Paragraph 89.

90.      Paragraph 90 purports to selectively quote and characterize the Company's Form 8-K, filed March 16, 2020, which speaks for itself, and to which no response is required. To the extent Plaintiffs' summary mischaracterizes the referenced filing, ProPetro denies such mischaracterizations, and denies any remaining allegations in Paragraph 90.

91.      Paragraph 91 purports to characterize the Company's public disclosures, which speak for themselves, and to which no response is required. To the extent Plaintiffs' summary mischaracterizes the ProPetro's filings, ProPetro denies such mischaracterizations, and denies any remaining allegations in Paragraph 91.

92.      Paragraph 92 purports to characterize the Company's Code of Ethics and Conduct, which speaks for itself, and to which no response is required. To the extent Plaintiffs' summary mischaracterizes the referenced code, ProPetro denies such mischaracterizations, and denies any remaining allegations in Paragraph 92.

93.      Paragraph 93 purports to characterize the Company's Form 8-K, dated March 16, 2020, which speaks for itself, and to which no response is required. To the extent Plaintiffs' summary mischaracterizes the referenced filing, ProPetro denies such mischaracterizations. ProPetro denies the remaining allegations in Paragraph 93.

94.      Paragraph 94 purports to selectively quote from the Company's Form 10-K, filed June 22, 2020, which speaks for itself, and to which no response is required. To the extent Plaintiffs' summary mischaracterizes the referenced disclosure, ProPetro denies such mischaracterizations.

95.      Paragraph 95 purports to selectively quote from the Company's Form 8-K, filed March 16, 2020, which speaks for itself, and to which no response is required. To the extent Plaintiffs' summary mischaracterizes the referenced disclosure, ProPetro denies such mischaracterizations.

96.      Paragraph 96 purports to selectively quote and characterize the Company's Code of Ethics and Conduct, which speaks for itself, and to which no response is required. To the extent

Plaintiffs' summary mischaracterizes the referenced code, ProPetro denies such mischaracterizations.

97.    Paragraph 97 purports to selectively quote and characterize the Company's Code of Ethics and Conduct, which speaks for itself, and to which no response is required. To the extent Plaintiffs' summary mischaracterizes the referenced code, ProPetro denies such mischaracterizations.

98.    Paragraph 98 purports to selectively quote the Company's Code of Ethics and Conduct, which speaks for itself, and to which no response is required. To the extent Plaintiffs' summary mischaracterizes the referenced code, ProPetro denies such mischaracterizations.

99.    Paragraph 99 purports to selectively quote and characterize the Company's Code of Ethics and Conduct, which speaks for itself, and to which no response is required. To the extent Plaintiffs' summary mischaracterizes the referenced code, ProPetro denies such mischaracterizations.

100.    ProPetro denies the allegations in Paragraph 100.

101.    ProPetro denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 101, and for that reason, denies them.

102.    ProPetro denies the allegations in Paragraph 102.

103.    Paragraph 103 contains argument and conclusions of law to which no response is required. To the extent a response is required, ProPetro denies the allegations in Paragraph 103, except admits that Redman pledged 371,200 shares in January 2017 and pledged 230,000 shares in July 2018.

104.    ProPetro admits that Redman pledged 371,200 shares in January 2017, representing all of his common shares at the time, as collateral for a personal loan from Vista Bank, and that such loan was used to purchase Preston Ranch. ProPetro denies knowledge or information sufficient to form a belief as to the value of Preston Ranch in January 2017, and for that reason denies the allegation. ProPetro admits the remaining allegations in Paragraph 104.

105.    Paragraph 105 contains conclusions of law to which no response is required. To the

extent a response is required, ProPetro admits that Paragraph 105 purports to selectively quote from or characterize the Company's Form 8-K, filed March 16, 2020, and Form 10-K, filed June 22, 2020, which speak for themselves, and to which no response is required. To the extent Plaintiffs' summary mischaracterizes the referenced filings, ProPetro denies such mischaracterizations, and denies any remaining allegations in Paragraph 105.

106.    ProPetro admits the allegations in the first two sentences in Paragraph 106 and denies the remaining allegations in Paragraph 106.

107.    Paragraph 107 purports to characterize the Company's Form 10-K, filed June 22, 2020, which speaks for itself, and to which no response is required. To the extent Plaintiffs' summary mischaracterizes the referenced filing, ProPetro denies such mischaracterizations, and denies any remaining allegations in Paragraph 107.

108.    ProPetro denies the allegations in Paragraph 108.

### 6.   ProPetro's Rapid Growth

109.    Paragraph 109 contains argument to which no response is required. To the extent a response is required, ProPetro denies the allegations in Paragraph 109, except admits that the Company experienced rapid growth from the first quarter of 2017 through the first quarter of 2019, with a pause in growth during the third and fourth quarters of 2018.

110.    Paragraph 110 contains argument to which no response is required. To the extent a response is required, ProPetro denies the allegations in Paragraph 110, except admits the Company's revenue effectively tripled from the first quarter of 2017 through the first quarter of 2019.

111.    Paragraph 111 contains argument to which no response is required. To the extent a response is required, ProPetro denies the allegations in Paragraph 111.

112.    ProPetro denies knowledge or information sufficient to form a belief as to the views of unidentified analysts, and for that reason denies the allegation.

### 7. ProPetro CAO Denholm's Undisclosed Moonlighting at PBEX

113.    Paragraph 113 concerns allegations that have been dismissed and stricken from the Complaint pursuant to the Court's March 18, 2022 Order to which no response is required.

114.    Paragraph 114 concerns allegations that have been dismissed and stricken from the Complaint pursuant to the Court's March 18, 2022 Order to which no response is required.

115.    ProPetro admits that ProPetro purchased an iron-testing facility and maintenance facility from Clarabby Development, LLC, that the transactions were valued at approximately $3.6 million, and that such transaction was not disclosed prior to November 13, 2019.  ProPetro denies the remaining allegations in Paragraph 115.

116.    Paragraph 116 concerns allegations that have been dismissed and stricken from the Complaint pursuant to the Court's March 18, 2022 Order to which no response is required.

117.    Paragraph 117 concerns allegations that have been dismissed and stricken from the Complaint pursuant to the Court's March 18, 2022 Order to which no response is required.

118.    Paragraph 118 concerns allegations that have been dismissed and stricken from the Complaint pursuant to the Court's March 18, 2022 Order to which no response is required.

119.    Paragraph 119 concerns allegations that have been dismissed and stricken from the Complaint pursuant to the Court's March 18, 2022 Order to which no response is required.

120.    Paragraph 120 concerns allegations that have been dismissed and stricken from the Complaint pursuant to the Court's March 18, 2022 Order to which no response is required.

121.    Paragraph 121 concerns allegations that have been dismissed and stricken from the Complaint pursuant to the Court's March 18, 2022 Order to which no response is required. To the extent a response is required, ProPetro denies the allegations in Paragraph 121.

### 8. ProPetro Has a History of Related-Party Transactions, and Its Senior Executives and Directors Control Several Undisclosed Related Entities

122.    Paragraph 122 purports to characterize the Company's SEC filings, which speak for

themselves, and to which no response is required. To the extent Plaintiffs' summary mischaracterizes the referenced filings, ProPetro denies such mischaracterizations, and denies the remaining allegations in Paragraph 122.

123.    Paragraph 123 purports to characterize the Company's SEC filings, which speak for themselves, and to which no response is required. To the extent Plaintiffs' summary mischaracterizes the referenced filings, ProPetro denies such mischaracterizations.

124.    Paragraph 124 purports to characterize the Company's SEC filings, which speak for themselves, and to which no response is required. To the extent Plaintiffs' summary mischaracterizes the referenced filings, ProPetro denies such mischaracterizations.

125.    Paragraph 125 purports to characterize the Company's SEC filings, which speak for themselves, and to which no response is required. To the extent Plaintiffs' summary mischaracterizes the referenced filings, ProPetro denies such mischaracterizations, and denies the remaining allegations in Paragraph 125.

126.    Paragraph 126 purports to characterize the Company's Form 10-K, filed June 22, 2020, which speaks for itself and to which no response is required. To the extent Plaintiffs' summary mischaracterizes the referenced filing, ProPetro denies such mischaracterizations.

127.    Paragraph 127 contains allegations related to claims that have been dismissed to which no response is required. To the extent a response is required, Paragraph 127 selectively quotes and characterizes a report by Culper Research, dated October 31, 2019, which speaks for itself, and to which no response is required. To the extent Plaintiffs' summary mischaracterizes the referenced report, ProPetro denies such mischaracterizations. ProPetro denies all remaining allegations in Paragraph 127.

128.    Paragraph 128 has been stricken from the Complaint pursuant to the Court's March 18, 2022 Order and no response is required.

129.    Paragraph 129 has been stricken from the Complaint pursuant to the Court's March 18, 2022 Order and no response is required.

130.    Paragraph 130 has been stricken from the Complaint pursuant to the Court's March 18, 2022 Order and no response is required.

131.    Paragraph 131 has been stricken from the Complaint pursuant to the Court's March 18, 2022 Order and no response is required.

**9.    ProPetro Conducts Two Subsequent Secondary Offerings While Concealing Internal Control Deficiencies, Related-Party Transactions, and Redman's Improper Share Pledges**

132.    Paragraph 132 selectively quotes and characterizes the Company's Forms S-1, filed November 2 and 6, 2017, which speak for themselves, and to which no response is required.  To the extent Plaintiffs' summary mischaracterizes the referenced filings, ProPetro denies such mischaracterizations.

133.    Paragraph 133 purports to characterize the Company's Prospectus, filed November 6, 2017, which speaks for itself, and to which no response is required.  To the extent Plaintiffs' summary mischaracterizes the referenced Prospectus, ProPetro denies such mischaracterizations.

134.    Paragraph 134 purports to characterize the Company's press release, dated May 10, 2018, which speaks for itself, and to which no response is required.  To the extent Plaintiffs' summary mischaracterizes the referenced press release, ProPetro denies such mischaracterizations.

135.    Paragraph 135 purports to characterize the Company's preliminary prospectus, filed May 10, 2018, supplements to the prospectus, filed May 11 and 14, 2018, and a registration statement, filed on May 10, 2018, which speak for themselves, and to which no response is required.  To the extent Plaintiffs' summary mischaracterizes the referenced documents, ProPetro denies such mischaracterizations.

136.     ProPetro denies knowledge or information sufficient to form a belief as to the truth

or falsity of the information contained in Paragraph 136, and for that reason, denies them.

137.    ProPetro denies the first sentence of Paragraph 137. The second sentence of Paragraph 137 purports to characterize the Company's 2017 and 2018 Secondary Offering documents, which speak for themselves, and to which no response is required. To the extent Plaintiffs' summary mischaracterizes the referenced documents, ProPetro denies such mischaracterizations.

138.    The first sentence of Paragraph 138 purports to characterize the 2017 Secondary Offering Prospectus, dated November 6, 2017, and 2018 Secondary Offering Prospectus Supplement, dated May 14, 2018, which speak for themselves, and to which no response is required. To the extent Plaintiffs' summary mischaracterizes ProPetro's filings, ProPetro denies such mischaracterizations. ProPetro denies the allegations in the second sentence of Paragraph 138.

### 10. ProPetro Experiences Major Board Turnover, Replacing its Chairman and Losing Two of the Four Members of its Audit Committee

139.    Paragraph 139 contains argument to which no response is required. To the extent a response is required, Paragraph 139 purports to characterize the Company's Form 8-K, filed July 12, 2019, which speaks for itself, and to which no response is required. To the extent Plaintiffs' summary mischaracterizes the referenced filing, ProPetro denies such mischaracterizations and denies the remaining allegations in Paragraph 139.

140.    Paragraph 140 purports to characterize the Company's Form 8-K, filed July 12, 2019, which speaks for itself, and to which no response is required. To the extent Plaintiffs' summary mischaracterizes the referenced filing, ProPetro denies such mischaracterizations and denies the remaining allegations in Paragraph 140.

141.    Paragraph 141 purports to characterize the Company's Form 8-K, filed August 1, 2019, which speaks for itself, and to which no response is required. To the extent Plaintiffs' summary mischaracterizes the referenced filing, ProPetro denies such mischaracterizations.

142.    Paragraph 142 contains allegations related to claims that have been dismissed to which

no response is required. To the extent a response is required, Paragraph 142 characterizes the Company's Forms 8-K, filed July 12, 2019; August 1, 2019; and August 8, 2019, which speak for themselves, and to which no response is required. To the extent Plaintiffs' summary mischaracterizes the referenced filings, ProPetro denies such mischaracterizations and denies the remaining allegations in Paragraph 142.

**11. The Truth Is Revealed: Defendants Admit That They Engaged in Material Undisclosed Related-Party Transactions, That ProPetro Had Material Weaknesses in its Internal Controls, and That Redman Engaged in Improper, Undisclosed Share Pledges**

143. ProPetro denies the allegations in the first sentence of Paragraph 143. The remaining sentences in Paragraph 143 purport to selectively quote and characterize the Company's public disclosures, including Form 10-K, filed June 22, 2020, which speak for themselves, and to which no response is required. To the extent Plaintiffs' summary mischaracterizes the referenced disclosures, ProPetro denies such mischaracterizations and denies the remaining allegations in Paragraph 143.

144. ProPetro denies the allegations in the first sentence of Paragraph 144. The remaining sentences in Paragraph 144, purport to selectively quote and characterize the Company's public disclosures, including Form 10-K, filed June 22, 2020, which speak for themselves, and to which no response is required. To the extent Plaintiffs' summary mischaracterizes the referenced disclosures, ProPetro denies such mischaracterizations and denies the remaining allegations in Paragraph 144.

145. ProPetro denies the allegations in Paragraph 145.

**a. August 8, 2019—ProPetro Discloses an Internal Investigation Into Improper Expense Reimbursements and Related Party Transactions**

146. Paragraph 146 purports to characterize the Company's Form 8-K and press release, filed August 8, 2019, which speak for themselves, and to which no response is required. To the extent Plaintiffs' summary mischaracterizes the referenced disclosures, ProPetro denies such mischaracterizations.

147.    Paragraph 147 purports to selectively quote and characterize the Company's Form 8-K, filed August 8, 2019, which speaks for itself, and to which no response is required. To the extent Plaintiffs' summary mischaracterizes the referenced disclosure, ProPetro denies such mischaracterizations.

148.    ProPetro denies the allegations in Paragraph 148.

149.    Paragraph 149 purports to selectively quote and characterize the Company's Form 8-K, filed August 8, 2019, which speaks for itself, and to which no response is required. To the extent Plaintiffs' summary mischaracterizes the referenced filing, ProPetro denies such mischaracterizations and denies the remaining allegations in Paragraph 149.

150.    Paragraph 150 purports to selectively quote and characterize the Company's Form 8-K, filed August 8, 2019, and Form 10-K, filed June 22, 2020, which speak for themselves, and to which no response is required. To the extent Plaintiffs' summary mischaracterizes the referenced filings, ProPetro denies such mischaracterizations and denies the remaining allegations in Paragraph 150.

151.    Paragraph 151 purports to selectively quote and characterize the Company's Form 8-K, filed August 8, 2019, which speaks for itself, and to which no response is required. To the extent Plaintiffs' summary mischaracterizes the referenced filing, ProPetro denies such mischaracterizations.

152.    Paragraph 152 purports to selectively quote and characterize the Company's Form 8-K, filed August 8, 2019, which speaks for itself, and to which no response is required. To the extent Plaintiffs' summary mischaracterizes the referenced filing, ProPetro denies such mischaracterizations.

153.    ProPetro denies the allegations in Paragraph 153, except to the extent that it purports to characterize historical stock price data, which speaks for itself, and to which no response is required. To the extent Plaintiffs' summary mischaracterizes the referenced data, ProPetro denies such mischaracterizations.

154.    ProPetro denies knowledge or information sufficient to form a belief as to the truth

or falsity of the information contained in Paragraph 154, and for that reason, denies them, except to the extent that it purports to selectively quote and characterize a Jeffries report, dated August 8, 2019, which speaks for itself, and to which no response is required. To the extent Plaintiffs' summary mischaracterizes the referenced report, ProPetro denies such mischaracterizations.

155.    ProPetro denies knowledge or information sufficient to form a belief as to the truth or falsity of the information contained in Paragraph 155, and for that reason, denies them, except to the extent that it purports to selectively quote and characterize a JPMorgan report, dated August 8, 2019, which speaks for itself, and to which no response is required. To the extent Plaintiffs' summary mischaracterizes the referenced report, ProPetro denies such mischaracterizations.

156.    Paragraph 156 purports to selectively quote and characterize Stephens and Wolfe Research reports, dated August 9, 2019, which speak for themselves, and to which no response is required. To the extent Plaintiffs' summary mischaracterizes the referenced reports, ProPetro denies such mischaracterizations.

157.    Paragraph 157 purports to selectively quote and characterize a Wells Fargo report, dated August 11, 2019, which speaks for itself, and to which no response is required. To the extent Plaintiffs' summary mischaracterizes the referenced report, ProPetro denies such mischaracterizations.

158.    Paragraph 158 purports to selectively quote and characterize a Wells Fargo report, dated August 11, 2019, which speaks for itself, and to which no response is required. To the extent Plaintiffs' summary mischaracterizes the referenced report, ProPetro denies such mischaracterizations.

159.    Paragraph 159 purports to selectively quote and characterize a JPMorgan report, dated August 12, 2019, which speaks for itself, and to which no response is required. To the extent Plaintiffs' summary mischaracterizes the referenced report, ProPetro denies such mischaracterizations.

### b. August 30, 2019—ProPetro's General Counsel Announces His Resignation in the Wake of the Audit Committee Investigation

160.    Paragraph 160 purports to characterize the Company's Form 8-K, filed August 30,

2019, which speaks for itself, and to which no response is required. To the extent Plaintiffs' summary mischaracterizes the referenced filing, ProPetro denies such mischaracterizations.

161.    Paragraph 161 purports to characterize historical stock price data, which speaks for itself, and to which no response is required. To the extent Plaintiffs' summary mischaracterizes the referenced data, ProPetro denies such mischaracterizations. ProPetro denies the remaining allegations in Paragraph 161.

162.    ProPetro denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 162, and for that reason, denies them, except to the extent that it purports to selectively quote and characterize an Alta Corp. Capital report, dated September 2, 2019, which speaks for itself, and to which no response is required. To the extent Plaintiffs' summary mischaracterizes the referenced report, ProPetro denies such mischaracterizations.

163.    Paragraph 163 purports to selectively quote and characterize a Simmons report, dated September 3, 2019, which speaks for itself, and to which no response is required. To the extent Plaintiffs' summary mischaracterizes the referenced report, ProPetro denies such mischaracterizations.

### c.    October 9, 2019—CAO Denholm Resigns

164.    Paragraph 164 purports to selectively quote and characterize the Company's Form 8-K, filed October 9, 2019, which speaks for itself, and to which no response is required. To the extent Plaintiffs' summary mischaracterizes the referenced filing, ProPetro denies such mischaracterizations.

165.    Paragraph 165 purports to selectively quote and characterize the Company's Form 8-K, filed October 9, 2019, which speaks for itself, and to which no response is required. To the extent Plaintiffs' summary mischaracterizes the referenced filing, ProPetro denies such mischaracterizations.

166.    Paragraph 166 purports to selectively quote and characterize the Company's Form 8-K, filed October 9, 2019, which speaks for itself, and to which no response is required. To the extent Plaintiffs' summary mischaracterizes the referenced filing, ProPetro denies such mischaracterizations.

167.     Paragraph 167 purports to selectively quote and characterize the Company's Form 8-K, filed October 9, 2019, which speaks for itself, and to which no response is required. To the extent Plaintiffs' summary mischaracterizes the referenced filing, ProPetro denies such mischaracterizations.

168.     Paragraph 168 purports to selectively quote and characterize the Company's Form 8-K, filed October 9, 2019, which speaks for itself, and to which no response is required. To the extent Plaintiffs' summary mischaracterizes the referenced filing, ProPetro denies such mischaracterizations.

169.     Paragraph 169 purports to selectively quote and characterize the Company's Form 8-K and the attached separation agreement for Denholm, filed October 9, 2019, which speak for themselves, and to which no response is required. To the extent Plaintiffs' summary mischaracterizes the referenced documents, ProPetro denies such mischaracterizations. ProPetro denies the remaining allegations in Paragraph 169.

170.     Paragraph 170 purports to selectively quote and characterize the Company's Form 8-K, filed October 9, 2019, which speaks for itself, and to which no response is required. To the extent Plaintiffs' summary mischaracterizes the referenced filing, ProPetro denies such mischaracterizations.

171.     Paragraph 171 purports to selectively quote and characterize the Company's Form 8-K, filed October 9, 2019, which speaks for itself, and to which no response is required. To the extent Plaintiffs' summary mischaracterizes the referenced filing, ProPetro denies such mischaracterizations.

172.     ProPetro denies knowledge or information sufficient to form a belief as to the truth or falsity of the information contained in Paragraph 172, and for that reason, denies them, except to the extent that it purports to selectively quote and characterize a Barclay's report, dated October 10, 2019, which speaks for itself, and to which no response is required. To the extent Plaintiffs' summary mischaracterizes the referenced report, ProPetro denies such mischaracterizations and denies the remaining allegations in Paragraph 172.

173.     Paragraph 173 purports to selectively quote and characterize a Credit Suisse report,

dated October 9, 2019, which speaks for itself, and to which no response is required. To the extent Plaintiffs' summary mischaracterizes the referenced report, ProPetro denies such mischaracterizations.

### d.   October 18, 2019—the Market Learns of SEC Investigation

174.   Paragraph 174 purports to selectively quote and characterize a Reuters report, dated October 18, 2019, which speaks for itself, and to which no response is required. To the extent Plaintiffs' summary mischaracterizes the referenced report, ProPetro denies such mischaracterizations.

175.   ProPetro denies the allegations in Paragraph 175, except to the extent that it purports to characterize historical stock price data, which speaks for itself, and to which no response is required. ProPetro respectfully refers the Court to the referenced data and denies allegations inconsistent therewith.

176.   ProPetro denies knowledge or information sufficient to form a belief as to the truth or falsity of the information contained in Paragraph 176, and for that reason, denies them, except to the extent that it purports to selectively quote and characterize an Alta Corp. Capital report, dated October 20, 2019, which speaks for itself, and to which no response is required. To the extent Plaintiffs' summary mischaracterizes the referenced report, ProPetro denies such mischaracterizations.

177.   Paragraph 177 purports to selectively quote a Stephens report, dated October 21, 2019, which speaks for itself, and to which no response is required. To the extent Plaintiffs' summary mischaracterizes the referenced report, ProPetro denies such mischaracterizations.

178.   Paragraph 178 purports to selectively quote a JPMorgan report, dated October 28, 2019, and Alta Corp. Capital report, dated October 31, 2019, which speak for themselves, and to which no response is required. To the extent Plaintiffs' summary mischaracterizes the referenced reports, ProPetro denies such mischaracterizations.

### e.   October 31, 2019—Additional Details Regarding Denholm's Related Party Transactions Emerge

179.   Paragraph 179 purports to characterize a Culper Research report, dated October 31,

2019, which speaks for itself, and to which no response is required. To the extent Plaintiffs' summary mischaracterizes the referenced report, ProPetro denies such mischaracterizations. ProPetro denies the remaining allegations in Paragraph 179.

180.    Paragraph 180 purports to characterize a Culper Research report, dated October 31, 2019, which speaks for itself, and to which no response is required. To the extent Plaintiffs' summary mischaracterizes the referenced report, ProPetro denies such mischaracterizations. ProPetro denies the remaining allegations in Paragraph 180.

181.    Paragraph 181 purports to characterize a Culper Research report, dated October 31, 2019, which speaks for itself, and to which no response is required. To the extent Plaintiffs' summary mischaracterizes the referenced report, ProPetro denies such mischaracterizations. ProPetro denies the remaining allegations in Paragraph 181.

182.    Paragraph 182 contains allegations related to claims that have been dismissed and stricken from the Complaint pursuant to the Court's March 18, 2022 Order and no response is required.   To the extent a response is required, Paragraph 182 purports to characterize a Culper Research report, dated October 31, 2019, which speaks for itself, and to which no response is required. To the extent Plaintiffs' summary mischaracterizes the referenced report, ProPetro denies such mischaracterizations and denies the remaining allegations in Paragraph 182.

183.    Paragraph 183 purports to characterize a Culper Research report, dated October 31, 2019, which speaks for itself, and to which no response is required. To the extent Plaintiffs' summary mischaracterizes the referenced report, ProPetro denies such mischaracterizations. ProPetro denies the remaining allegations in Paragraph 183.

184.    ProPetro denies the allegations in Paragraph 184, except to the extent that it purports to characterize historical stock price data, which speaks for itself, and to which no response is required. ProPetro respectfully refers the Court to the referenced data and denies allegations inconsistent

therewith.

185.    Paragraph 185 purports to selectively quote and characterize a Seeking Alpha report, dated October 31, 2019, which speaks for itself, and to which no response is required. To the extent Plaintiffs' summary mischaracterizes the referenced report, ProPetro denies such mischaracterizations.

186.    Paragraph 186 purports to selectively quote and characterize a Reuters report, dated October 31, 2019 and a Bloomberg report, which speak for themselves, and to which no response is required. To the extent Plaintiffs' summary mischaracterizes the referenced reports, ProPetro denies such mischaracterizations.

187.    Paragraph 187 purports to selectively quote and characterize the Company's Form 8-K, filed November 13, 2019, which speaks for itself, and to which no response is required. To the extent Plaintiffs' summary mischaracterizes the referenced filing, ProPetro denies such mischaracterizations. ProPetro denies any remaining allegations in Paragraph 187.

188.    Paragraph 188 purports to selectively quote and characterize the Company's Form 8-K, filed November 13, 2019, which speaks for itself, and to which no response is required. To the extent Plaintiffs' summary mischaracterizes the referenced filing, ProPetro denies such mischaracterizations.

189.    Paragraph 189 purports to selectively quote and characterize the Company's Form 8-K, filed November 13, 2019, which speaks for itself, and to which no response is required. To the extent Plaintiffs' summary mischaracterizes the referenced filing, ProPetro denies such mischaracterizations.

190.    Paragraph 190 purports to selectively quote and characterize the Company's Form 8-K, filed November 13, 2019, which speaks for itself, and to which no response is required. To the extent Plaintiffs' summary mischaracterizes the referenced filing, ProPetro denies such mischaracterizations.

191. Paragraph 191 purports to selectively quote and characterize the Company's Form 8-K, filed November 13, 2019, which speaks for itself, and to which no response is required. To the extent Plaintiffs' summary mischaracterizes the referenced filing, ProPetro denies such mischaracterizations. ProPetro denies any remaining allegations in Paragraph 191.

192. Paragraph 192 purports to characterize the Company's Form 8-K, filed November 13, 2019, which speaks for itself, and to which no response is required. To the extent Plaintiffs' summary mischaracterizes the referenced filing, ProPetro denies such mischaracterizations. ProPetro denies any remaining allegations in Paragraph 192.

193. Paragraph 193 purports to selectively quote and characterize an Alta Capital Corp. report, dated November 13, 2019, which speaks for itself, and to which no response is required. To the extent Plaintiffs' summary mischaracterizes the referenced report, ProPetro denies such mischaracterizations.

### f. March 16, 2020—ProPetro Discloses Redman's Resignation, Smith Steps Down, and ProPetro Discloses Additional Violations

194. ProPetro denies the first sentence of Paragraph 194. The second sentence of Paragraph 194 purports to characterize the Company's Form 8-K, filed March 16, 2020, which speaks for itself, and to which no response is required. To the extent Plaintiffs' summary mischaracterizes the referenced filing, ProPetro denies such mischaracterizations. ProPetro denies any remaining allegations in Paragraph 194.

195. Paragraph 195 characterizes the Company's Form 8-K, filed March 16, 2020, which speaks for itself, and to which no response is required. To the extent Plaintiffs' summary mischaracterizes the referenced filing, ProPetro denies such mischaracterizations. ProPetro denies the remaining allegations in Paragraph 195.

196. Paragraph 196 characterizes the Company's Form 8-K, filed March 16, 2020, which speaks for itself, and to which no response is required. To the extent Plaintiffs' summary

mischaracterizes the referenced filing, ProPetro denies such mischaracterizations. ProPetro denies the remaining allegations in Paragraph 196.

197.    Paragraph 197 characterizes the Company's Form 8-K, filed March 16, 2020, which speaks for itself, and to which no response is required. To the extent Plaintiffs' summary mischaracterizes the referenced filing, ProPetro denies such mischaracterizations. ProPetro denies the remaining allegations in Paragraph 197.

198.    Paragraph 198 characterizes the Company's Form 8-K, filed March 16, 2020, which speaks for itself, and to which no response is required. To the extent Plaintiffs' summary mischaracterizes the referenced filing, ProPetro denies such mischaracterizations. ProPetro denies the remaining allegations in Paragraph 198.

199.    ProPetro denies the allegations in Paragraph 199, except to the extent that it purports to characterize historical stock price data, which speaks for itself, and to which no response is required. To the extent Plaintiffs' summary mischaracterizes the referenced data, ProPetro denies such mischaracterizations.

200.    Paragraph 200 purports to selectively quote and characterize a Reuters report, dated March 16, 2020, which speaks for itself, and to which no response is required. To the extent Plaintiffs' summary mischaracterizes the referenced report, ProPetro denies such mischaracterizations.

201.    Paragraph 201 purports to selectively quote and characterize a Reuters report, dated March 16, 2020, which speaks for itself, and to which no response is required. To the extent Plaintiffs' summary mischaracterizes the referenced report, ProPetro denies such mischaracterizations.

202.    ProPetro denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence regarding the views of "analysts," and for that reason, denies them. The remainder of Paragraph 202 purports to selectively quote and characterize a Stephens report, dated March 16, 2020, which speaks for itself, and to which no response is required.

To the extent Plaintiffs' summary mischaracterizes the referenced report, ProPetro denies such mischaracterizations.

203.    ProPetro denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence regarding the views and activities of "market commentary" or "news outlets," and for that reason, denies them.  The remainder of Paragraph 203 purports to selectively quote and characterize a Reuters report, dated March 19, 2020, which speaks for itself, and to which no response is required.  To the extent Plaintiffs' summary mischaracterizes the referenced report, ProPetro denies such mischaracterizations.

### 12. After the Class Period, ProPetro Confirms the Existence of Severe Internal Control Deficiencies

204.    Paragraph 204 purports to characterize the Company's Form 10-K, filed June 22, 2020, which speaks for itself, and to which no response is required.  To the extent Plaintiffs' summary mischaracterizes the referenced filing, ProPetro denies such mischaracterizations.  ProPetro denies the remaining allegations in Paragraph 204.

205.    Paragraph 205 purports to selectively quote and characterize the Company's Form 10-K, filed June 22, 2020, which speaks for itself, and to which no response is required.  To the extent Plaintiffs' summary mischaracterizes the referenced filing, ProPetro denies such mischaracterizations. ProPetro denies the remaining allegations in Paragraph 205.

206.    Paragraph 206 purports to selectively quote and characterize the Company's Form 10-K, filed June 22, 2020, which speaks for itself, and to which no response is required.  To the extent Plaintiffs' summary mischaracterizes the referenced filing, ProPetro denies such mischaracterizations.

207.    Paragraph 207 purports to selectively quote and characterize the Company's Form 10-K, filed June 22, 2020, which speaks for itself, and to which no response is required.  To the extent Plaintiffs' summary mischaracterizes the referenced filing, ProPetro denies such mischaracterizations. ProPetro denies the remaining allegations in Paragraph 207.

208.     Paragraph 208 purports to selectively quote and characterize the Company's Form 10-K, filed June 22, 2020, which speaks for itself, and to which no response is required.  To the extent Plaintiffs' summary mischaracterizes the referenced filing, ProPetro denies such mischaracterizations. ProPetro denies the remaining allegations in Paragraph 208.

209.     Paragraph 209 purports to selectively quote and characterize the Company's Form 10-K, filed June 22, 2020, which speaks for itself, and to which no response is required.  To the extent Plaintiffs' summary mischaracterizes the referenced filing, ProPetro denies such mischaracterizations.

210.     Paragraph 210 purports to selectively quote and characterize the Company's Form 10-K, filed June 22, 2020, which speaks for itself, and to which no response is required.  To the extent Plaintiffs' summary mischaracterizes the referenced filing, ProPetro denies such mischaracterizations.

211.     Paragraph 211 purports to selectively quote and characterize the Company's Form 10-K, filed June 22, 2020, which speaks for itself, and to which no response is required.  To the extent Plaintiffs' summary mischaracterizes the referenced filing, ProPetro denies such mischaracterizations. ProPetro denies the remaining allegations in Paragraph 211.

212.     Paragraph 212 purports to selectively quote and characterize the Company's Form 10-K, filed June 22, 2020, which speaks for itself, and to which no response is required.  To the extent Plaintiffs' summary mischaracterizes the referenced filing, ProPetro denies such mischaracterizations. ProPetro denies the remaining allegations in Paragraph 212.

213.     Paragraph 213 purports to selectively quote and characterize the Company's Form 10-K, filed June 22, 2020, which speaks for itself, and to which no response is required.  To the extent Plaintiffs' summary mischaracterizes the referenced filing, ProPetro denies such mischaracterizations.

214.     Paragraph 214 purports to selectively quote and characterize the Company's Form 10-K, filed June 22, 2020, which speaks for itself, and to which no response is required.  To the extent Plaintiffs' summary mischaracterizes the referenced filing, ProPetro denies such mischaracterizations.

ProPetro denies the remaining allegations in Paragraph 214.

215.    Paragraph 215 purports to selectively quote and characterize the Company's Form 10-K, filed June 22, 2020, which speaks for itself, and to which no response is required.  To the extent Plaintiffs' summary mischaracterizes the referenced filing, ProPetro denies such mischaracterizations.

216.    Paragraph 216 purports to selectively quote and characterize the Company's Form 10-K, filed June 22, 2020, which speaks for itself, and to which no response is required.  To the extent Plaintiffs' summary mischaracterizes the referenced filing, ProPetro denies such mischaracterizations.

217.    Paragraph 217 purports to selectively quote and characterize the Company's Form 10-K, filed June 22, 2020, which speaks for itself, and to which no response is required.  To the extent Plaintiffs' summary mischaracterizes the referenced filing, ProPetro denies such mischaracterizations. ProPetro denies the remaining allegations in Paragraph 217.

218.    ProPetro denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 218, and for that reason, denies them.

219.    ProPetro admits the allegations in Paragraph 219.

**B.  Additional Allegations of Scienter**

220.    Paragraph 220 contains argument and characterizations of Plaintiffs' claims to which no response is required.  To the extent a response is required, ProPetro denies the allegations in Paragraph 220.

221.    Paragraph 221 contains argument and characterizations of Plaintiffs' claims to which no response is required.  To the extent a response is required, ProPetro denies the allegations in Paragraph 221, except to the extent that they selectively quote and characterize ProPetro's Form 10-K, filed June 22, 2020, which speaks for itself, and to which no response is required.  To the extent Plaintiffs' summary mischaracterizes the referenced filing, ProPetro denies such mischaracterizations.

222.    Paragraph 222 contains argument and characterizations of Plaintiffs' claims to which

no response is required. To the extent a response is required, ProPetro denies the allegations in Paragraph 222, except to the extent that they selectively quote and characterize ProPetro's Form 8-K, filed March 16, 2020, which speaks for itself, and to which no response is required. To the extent Plaintiffs' summary mischaracterizes the referenced filing, ProPetro denies such mischaracterizations.

223. Paragraph 223 contains argument and characterizations of Plaintiffs' claims to which no response is required. To the extent a response is required, ProPetro denies the allegations in Paragraph 223, except to the extent that the second sentence of Paragraph 223 purports to characterize the Company's Forms 8-K, filed August 8, 2019 and November 13, 2019, and Form 10-K, filed June 22, 2020, which speak for themselves, and to which no response is required. To the extent Plaintiffs' summary mischaracterizes the referenced filings, ProPetro denies such mischaracterizations.

224. Paragraph 224 contains argument and characterizations of Plaintiffs' claims to which no response is required. To the extent a response is required, ProPetro denies the allegations in Paragraph 224, except to the extent that the last four sentences of Paragraph 224 purport to characterize the Company's publicly filed certifications, and quarterly and annual filings, which speak for themselves, and to which no response is required. To the extent Plaintiffs' summary mischaracterizes ProPetro's filings, ProPetro denies such mischaracterizations.

225. Paragraph 225 contains argument and characterizations of Plaintiffs' claims to which no response is required. To the extent a response is required, ProPetro denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Redman's and Smith's respective states-of-mind contained in the first and second sentences of Paragraph 225, and for that reason, denies them. ProPetro denies the remaining allegations in Paragraph 225.

226. Paragraph 226 contains argument and characterizations of Plaintiffs' claims to which no response is required. To the extent a response is required, ProPetro denies the allegations in Paragraph 226.

227.    Paragraph 227 contains argument and characterizations of Plaintiffs' claims to which no response is required. To the extent a response is required, ProPetro admits that while Redman remained CEO and Smith moved from Chief Financial Officer to Chief Administrative Officer, ProPetro assigned responsibility for certifying its financial statements to other Company executives. ProPetro denies the remaining allegations in the first and second sentences of Paragraph 227. The third sentence purports to characterize the representations of Redman and Smith in the Company's public filings, which speak for themselves, and to which no response is required. To the extent Plaintiffs' summary mischaracterizes ProPetro's filings, ProPetro denies such mischaracterizations. ProPetro denies the allegations in the fourth sentence of Paragraph 227.

228.    Paragraph 228 contains argument and characterizations of Plaintiffs' claims to which no response is required. To the extent a response is required, the first six sentences of Paragraph 228 purport to characterize the Company's Forms 8-K, filed on October 9, 2019 and March 16, 2020, which speak for themselves, and to which no response is required. To the extent Plaintiffs' summary mischaracterizes ProPetro's filings, ProPetro denies such mischaracterizations. ProPetro denies the seventh sentence of Paragraph 228, and any remaining allegations in Paragraph 228.

229.    Paragraph 229 contains argument and characterizations of Plaintiffs' claims to which no response is required. To the extent a response is required, the first five sentences of Paragraph 229 purport to characterize the Company's Forms 8-K, filed on October 9, 2019 and March 16, 2020, which speak for themselves, and to which no response is required. To the extent Plaintiffs' summary mischaracterizes ProPetro's filings, ProPetro denies such mischaracterizations. ProPetro denies the sixth and seventh sentences of Paragraph 229, and any remaining allegations in Paragraph 229.

230.    Paragraph 230 contains argument and characterizations of Plaintiffs' claims to which no response is required. To the extent a response is required, the first six sentences of Paragraph 230 purport to characterize the Company's Forms 8-K, filed on July 12, 2019 and August 1, 2019, and

Form 10-K, filed on June 22, 2020, which speak for themselves, and to which no response is required. To the extent Plaintiffs' summary mischaracterizes ProPetro's filings, ProPetro denies such mischaracterizations. ProPetro denies the seventh sentence of Paragraph 230.

231.    Paragraph 231 contains argument and characterizations of Plaintiffs' claims to which no response is required. To the extent a response is required, the first, third, fourth, fifth, and sixth sentences of Paragraph 231 purport to characterize the Company's Forms 8-K, filed on August 30, 2019 and October 9, 2019, which speak for themselves, and to which no response is required. To the extent Plaintiffs' summary mischaracterizes ProPetro's filings, ProPetro denies such mischaracterizations. ProPetro denies the second sentence of Paragraph 231.

232.    Paragraph 232 has been stricken from the Complaint pursuant to the Court's March 18, 2022 Order and no response is required.

233.     Paragraph 233 contains argument and characterizations of Plaintiffs' claims to which no response is required. To the extent a response is required, ProPetro admits that it filed Forms 8-K on August 8, 2019 and October 9, 2019, a Form 10-K on June 22, 2020, and a Form 10-Q on July 2, 2020, which speak for themselves. To the extent Plaintiffs' summary mischaracterizes ProPetro's filings, ProPetro denies such mischaracterizations. ProPetro denies the allegations in the second and seventh sentences of Paragraph 233.

234.    Paragraph 234 contains argument and characterizations of Plaintiffs' claims to which no response is required. To the extent a response is required, ProPetro denies the allegations in Paragraph 234 except admits that Redman, Smith and Armour sold shares of ProPetro stock at certain points in time, as disclosed in Forms 4 filed with the SEC between March 17, 2017 and March 13, 2020.

## C.    Defendants' Materially False and Misleading Statements and Omissions

235.    ProPetro denies the allegations in Paragraph 235.

### 1. Materially False and Misleading Statements and Omissions Contained in Offering Documents

#### a. Statements and Omissions Concerning Redman's Improper, Undisclosed Share Pledges

236.    Paragraph 236 has been stricken from the Complaint pursuant to the Court's March 18, 2022 Order and no response is required.

237.    Paragraph 237 has been stricken from the Complaint pursuant to the Court's March 18, 2022 Order and no response is required.

238.    Paragraph 238 has been stricken from the Complaint pursuant to the Court's March 18, 2022 Order and no response is required.

239.    Paragraph 239 has been stricken from the Complaint pursuant to the Court's March 18, 2022 Order and no response is required.

240.    Paragraph 240 has been stricken from the Complaint pursuant to the Court's March 18, 2022 Order and no response is required.

241.    Paragraph 241 has been stricken from the Complaint pursuant to the Court's March 18, 2022 Order and no response is required.

242.    Paragraph 242 has been stricken from the Complaint pursuant to the Court's March 18, 2022 Order and no response is required.

243.    Paragraph 243 has been stricken from the Complaint pursuant to the Court's March 18, 2022 Order and no response is required.

#### b. Statements Concerning ProPetro's Internal Controls and Disclosure Controls and Procedures

244.    ProPetro denies the allegations in the first sentence of Paragraph 244. The remaining sentences of Paragraph 244 purport to characterize the IPO Offering Documents, which speak for themselves, and to which no response is required. To the extent Plaintiffs' summary mischaracterizes ProPetro's filings, ProPetro denies such mischaracterizations.

245.    ProPetro denies the allegations in Paragraph 245 except to the extent they purport to characterize the Company's Form 8-K, filed August 8, 2019, and Form 10-K, filed June 22, 2020, which speak for themselves, and to which no response is required. To the extent Plaintiffs' summary mischaracterizes ProPetro's filings, ProPetro denies such mischaracterizations.

246.    Paragraph 246 purports to characterize the Secondary Offering Documents, which speak for themselves, and to which no response is required. To the extent Plaintiffs' summary mischaracterizes ProPetro's filings, ProPetro denies such mischaracterizations.

247.    ProPetro denies the allegations in Paragraph 247 except with respect to the last sentence which has been stricken pursuant to the Court's March 18, 2022 Order and to which no response is required.

248.    ProPetro denies the allegations in Paragraph 248.

249.    ProPetro denies the allegations in Paragraph 249 except to the extent they purport to characterize the 2018 Secondary Offering Documents and other filings that were incorporated by reference, which speak for themselves, and to which no response is required. To the extent Plaintiffs' summary mischaracterizes ProPetro's filings, ProPetro denies such mischaracterizations.

### c. Statements Concerning Related-Party Transactions

250.    Paragraph 250 has been stricken from the Complaint pursuant to the Court's March 18, 2022 Order and no response is required.

251.    Paragraph 251 has been stricken from the Complaint pursuant to the Court's March 18, 2022 Order and no response is required.

252.    Paragraph 252 has been stricken from the Complaint pursuant to the Court's March 18, 2022 Order and no response is required.

253.    Paragraph 253 has been stricken from the Complaint pursuant to the Court's March 18, 2022 Order and no response is required.

254.    Paragraph 254 has been stricken from the Complaint pursuant to the Court's March 18, 2022 Order and no response is required.

255.    Paragraph 255 has been stricken from the Complaint pursuant to the Court's March 18, 2022 Order and no response is required.

### 2. Materially False and Misleading Statements and Omissions Contained in ProPetro's Forms 10-Q

#### a. Statements Concerning Internal and Disclosure Controls

256.    Paragraph 256 purports to selectively quote or characterize the Company's Form 10-Q, filed May 12, 2017, which speaks for itself, and to which no response is required.  To the extent Plaintiffs' summary mischaracterizes the referenced filing, ProPetro denies such mischaracterizations.

257.    Paragraph 257 purports to selectively quote or characterize the Company's Form 10-Q, filed May 12, 2017, which speaks for itself, and to which no response is required.  To the extent Plaintiffs' summary mischaracterizes the referenced filing, ProPetro denies such mischaracterizations.

258.    Paragraph 258 purports to selectively quote or characterize the Company's Form 10-Q, filed May 12, 2017, which speaks for itself, and to which no response is required.  To the extent Plaintiffs' summary mischaracterizes the referenced filing, ProPetro denies such mischaracterizations.

259.    ProPetro denies the allegations in Paragraph 259, except to the extent they purport to selectively quote or characterize the Company's Form 8-K, filed August, 8, 2019, and Form 10-K, filed June 22, 2020, which speak for themselves, and to which no response is required.  To the extent Plaintiffs' summary mischaracterizes ProPetro's filings, ProPetro denies such mischaracterizations.

260.    The allegations in Paragraph 260 purport to characterize the Company's Forms 10-Q, filed between August 10, 2017 and May 9, 2018, that pre-date the IPO and secondary offerings, which speak for themselves, and to which no response is required.  To the extent Plaintiffs' summary mischaracterizes ProPetro's filings, ProPetro denies such mischaracterizations.

261.    ProPetro denies the allegations in Paragraph 261, except for the second and third

sentences which have been stricken from the Complaint pursuant to the Court's March 18, 2022 Order and to which no response is required.

262.    ProPetro denies the allegations in Paragraph 262 except to the extent they purport to selectively quote and characterize the Company's Form 10-Q, filed May 8, 2019; Form 8-K, filed November 13, 2019; and Form 10-K, filed June 22, 2020, which speak for themselves, and to which no response is required.  To the extent Plaintiffs' summary mischaracterizes ProPetro's filings, ProPetro denies such mischaracterizations.

263.    The first sentence of Paragraph 263 purports to selectively quote and characterize the Company's Forms 10-Q, filed May 12, 2017; August 11, 2017; and November 2, 2017, which speak for themselves, and to which no response is required.  To the extent Plaintiffs' summary mischaracterizes ProPetro's filings, ProPetro denies such mischaracterizations.  ProPetro denies the allegations the second sentence of Paragraph 263.

264.    The first sentence of Paragraph 264 purports to characterize the Company's Form 10-Q, filed May 8, 2019, which speaks for itself, and to which no response is required.  To the extent Plaintiffs' summary mischaracterizes the referenced filing, ProPetro denies such mischaracterizations. ProPetro denies the remaining allegations in Paragraph 264.

### b.  Statements Concerning Related-Party Transactions

265.    Paragraph 265 has been stricken from the Complaint pursuant to the Court's March 18, 2022 Order and no response is required.

266.    Paragraph 266 has been stricken from the Complaint pursuant to the Court's March 18, 2022 Order and no response is required.

267.    Paragraph 267 has been stricken from the Complaint pursuant to the Court's March 18, 2022 Order and no response is required.

### 3.  Materially False and Misleading Statements and Omissions Contained in ProPetro's Forms 10-K

### a.  Statements Concerning Internal Controls and Disclosure Controls

268.    ProPetro admits the allegations in Paragraph 268.

269.    Paragraph 269 purports to selectively quote and characterize the Company's Forms 10-K, filed March 27, 2018, and March 1, 2019, which speak for themselves, and to which no response is required.  To the extent Plaintiffs' summary mischaracterizes ProPetro's filings, ProPetro denies such mischaracterizations.

270.    Paragraph 270 purports to selectively quote and characterize the Company's Forms 10-K, filed March 27, 2018, and March 1, 2019, which speak for themselves, and to which no response is required.  To the extent Plaintiffs' summary mischaracterizes ProPetro's filings, ProPetro denies such mischaracterizations.

271.    Paragraph 271 purports to selectively quote and characterize the Company's Forms 10-K, filed March 27, 2018, and March 1, 2019, which speak for themselves, and to which no response is required.  To the extent Plaintiffs' summary mischaracterizes ProPetro's filings, ProPetro denies such mischaracterizations.

272.    Paragraph 272 purports to selectively quote and characterize the Company's Forms 10-K, filed March 27, 2018, and March 1, 2019, which speak for themselves, and to which no response is required.  To the extent Plaintiffs' summary mischaracterizes ProPetro's filings, ProPetro denies such mischaracterizations.  ProPetro denies the remaining allegations in Paragraph 272.

273.    Paragraph 273 purports to selectively quote and characterize the Company's Forms 10-K, filed March 27, 2018, and March 1, 2019, which speak for themselves, and to which no response is required.  To the extent Plaintiffs' summary mischaracterizes ProPetro's filings, ProPetro denies such mischaracterizations.

274.    Paragraph 274 contains argument and legal conclusions to which no response is required.  To the extent a response is required, ProPetro denies the allegations in Paragraph 274.

275.    ProPetro denies the allegations in Paragraph 275 except to the extent that they purport to selectively quote and characterize the Company's Form 8-K, filed November 13, 2019, which speaks for itself, and to which no response is required.  To the extent Plaintiffs' summary mischaracterizes the referenced filing, ProPetro denies such mischaracterizations.

276.    Paragraph 276 purports to characterize the Company's Form 10-K, filed March 1, 2019, which speaks for itself, and to which no response is required.  To the extent Plaintiffs' summary mischaracterizes the referenced filing, ProPetro denies such mischaracterizations.

277.    Paragraph 277 contains argument and legal conclusions to which no response is required.  To the extent a response is required, ProPetro denies the allegations in Paragraph 277.

278.    Paragraph 278 purports to characterize the Company's Form 10-K, filed March 1, 2019, which speaks for itself, and to which no response is required.  To the extent Plaintiffs' summary mischaracterizes the referenced filing, ProPetro denies such mischaracterizations.

279.    Paragraph 279 contains argument and legal conclusions to which no response is required.  To the extent a response is required, ProPetro denies the allegations in Paragraph 279.

### b.    Statements Concerning Related-Party Transactions

280.    Paragraph 280 has been stricken from the Complaint pursuant to the Court's March 18, 2022 Order and no response is required.

281.    Paragraph 281 has been stricken from the Complaint pursuant to the Court's March 18, 2022 Order and no response is required.

282.    Paragraph 282 has been stricken from the Complaint pursuant to the Court's March 18, 2022 Order and no response is required.

283.    Paragraph 283 has been stricken from the Complaint pursuant to the Court's March 18, 2022 Order and no response is required.

### 4.    Materially False and Misleading Statements and Omissions Contained in ProPetro's August 16, 2017 Form 8-K

284.    Paragraph 284 has been stricken from the Complaint pursuant to the Court's March 18, 2022 Order and no response is required.

285.    Paragraph 285 has been stricken from the Complaint pursuant to the Court's March 18, 2022 Order and no response is required.

### 5.    Materially False and Misleading Statements and Omissions Contained in ProPetro's Proxy Statements

286.    Paragraph 286 has been stricken from the Complaint pursuant to the Court's March 18, 2022 Order and no response is required.

287.    Paragraph 287 has been stricken from the Complaint pursuant to the Court's March 18, 2022 Order and no response is required.

288.    Paragraph 288 contains allegations related to claims that have been dismissed to which no response is required. To the extent a response is required, Paragraph 288 purports to characterize the Company's Proxy, filed April 16, 2018, which speaks for itself, and to which no response is required. ProPetro respectfully refers the Court to the referenced filing and denies any allegations inconsistent therewith.

289.    Paragraph 289 purports to selectively quote and characterize the Company's Proxy, filed April 16, 2018, which speaks for itself, and to which no response is required. To the extent Plaintiffs' summary mischaracterizes the referenced filing, ProPetro denies such mischaracterizations.

290.    ProPetro denies the allegations in Paragraph 290 except for the second sentence of Paragraph 290 which has been stricken from the Complaint pursuant to the Court's March 18, 2022 Order and to which no response is required.

291.    Paragraph 291 has been stricken from the Complaint pursuant to the Court's March 18, 2022 Order and no response is required.

292.    Paragraph 292 has been stricken from the Complaint pursuant to the Court's March 18, 2022 Order and no response is required.

293.     Paragraph 293 has been stricken from the Complaint pursuant to the Court's March 18, 2022 Order and no response is required.

294.     Paragraph 294 has been stricken from the Complaint pursuant to the Court's March 18, 2022 Order and no response is required.

295.     Paragraph 295 has been stricken from the Complaint pursuant to the Court's March 18, 2022 Order and no response is required.

### 6.  Materially False and Misleading Statements and Omissions Contained in ProPetro's Code of Ethics and Conduct

296.     ProPetro denies the allegations in Paragraph 296, except admits that it maintained a "Code of Ethics and Conduct" on its website and referred to the Code in some SEC filings.

297.     The second sentence of Paragraph 297 purports to characterize the Company's Code of Conduct & Ethics at the time this action was filed, which speaks for itself, and to which no response is required.  ProPetro respectfully refers the Court to the referenced code and denies any allegations inconsistent therewith.  ProPetro denies the remaining allegation in Paragraph 297.

298.     Paragraph 298 contains allegations related to claims that have been dismissed to which no response is required.  To the extent a response is required, the first sentence of Paragraph 298 purports to characterize the Company's Proxies, filed April 16, 2018 and April 23, 2019, which speak for themselves, and to which no response is required.  To the extent Plaintiffs' summary mischaracterizes the referenced filings, ProPetro denies such mischaracterizations.  ProPetro denies the remaining allegations in Paragraph 298.

299.     Paragraph 299 contains allegations related to claims that have been dismissed to which no response is required.  To the extent a response is required, the first sentence of Paragraph 299 purports to characterize the Company's Forms 10-K, filed March 27, 2018 and March 1, 2019, and Proxies, filed April 16, 2018, and April 23, 2019, which speak for themselves, and to which no response is required.  To the extent Plaintiffs' summary mischaracterizes the referenced filings, ProPetro denies

such mischaracterizations.    ProPetro denies the remaining allegations in Paragraph 299.

300.    Paragraph 300 purports to characterize the Company's 2017 Secondary Offering Documents which speak for themselves, and to which no response is required.    To the extent Plaintiffs' summary mischaracterizes the referenced filings, ProPetro denies such mischaracterizations. ProPetro denies the remaining allegations in Paragraph 300.

301.    Paragraph 301 contains allegations related to claims that have been dismissed to which no response is required.    To the extent a response is required, the second and third sentence of Paragraph 301 purport to selectively quote and characterize the Company's Form 10-K, filed June 22, 2020, which speaks for itself, and to which no response is required.    To the extent Plaintiffs' summary mischaracterizes the referenced filing, ProPetro denies such mischaracterizations.    ProPetro denies the remaining allegations in Paragraph 301.

### a.    Statements Concerning Related-Party Transactions

302.    Paragraph 302 purports to selectively quote and characterize the Company's Code of Conduct & Ethics at the time this action was filed, which speaks for itself, and to which no response is required.    ProPetro respectfully refers the Court to the referenced code and denies any allegations inconsistent therewith.

303.    Paragraph 303 purports to selectively quote and characterize the Company's Code of Conduct & Ethics at the time this action was filed, which speaks for itself, and to which no response is required.    ProPetro respectfully refers the Court to the referenced code and denies any allegations inconsistent therewith.

304.    The first, second, third, and seventh sentences of Paragraph 304 concern matters stricken from the Complaint pursuant to the Court's March 18, 2022 Order and no response is required. ProPetro denies the remaining allegations in Paragraph 304 except to the extent they purport to characterize the Company's Code of Conduct & Ethics at the time this action was filed, and Form

10-K, filed June 22, 2020, which speak for themselves, and to which no response is required. ProPetro respectfully refers the Court to the referenced code and filing and denies any allegations inconsistent therewith.

### b. Statements Concerning Internal and Disclosure Controls

305.    ProPetro denies the allegation in the first sentence of Paragraph 305. The second sentence of Paragraph 305 purports to selectively quote and characterize the Company's Code of Conduct & Ethics at the time this action was filed, which speaks for itself, and to which no response is required. ProPetro respectfully refers the Court to the referenced code and denies any allegations inconsistent therewith.

306.    Paragraph 306 purports to selectively quote and characterize the Company's Code of Conduct & Ethics at the time this action was filed, which speaks for itself, and to which no response is required. ProPetro respectfully refers the Court to the referenced code and denies any allegations inconsistent therewith.

307.    Paragraph 307 purports to selectively quote and characterize the Company's Code of Conduct & Ethics at the time this action was filed, which speaks for itself, and to which no response is required. ProPetro respectfully refers the Court to the referenced code and denies any allegations inconsistent therewith.

308.    ProPetro denies the allegations in Paragraph 308.

### c. Defendant Redman and ProPetro Omitted to Disclose That Redman's Undisclosed Pledges Violated ProPetro's Code and Insider Trading Policy

309.    The first sentence of Paragraph 309 purports to selectively quote and characterize the Company's Form 8-K, filed March 16, 2020, which speaks for itself, and to which no response is required. To the extent Plaintiffs' summary mischaracterizes the referenced filing, ProPetro denies such mischaracterizations. The second sentence of Paragraph 309 concerns matters stricken from the

Complaint pursuant to the Court's March 18, 2022 Order and no response is required.

### D.  Loss Causation

310.    ProPetro denies the allegations in Paragraph 310.

311.    ProPetro denies the allegations in Paragraph 311.

312.    Paragraph 312 purports to characterize the Company's Form 8-K, filed August 8, 2019, and historical stock market price data, which speak for themselves, and to which no response is required.  To the extent Plaintiffs' summary mischaracterizes the referenced filing and data, ProPetro denies such mischaracterizations. ProPetro denies any remaining allegations in Paragraph 312.

313.    ProPetro denies the allegations in Paragraph 313.

314.    Paragraph 314 purports to characterize the Company's Form 8-K, filed August 30, 2019, and historical stock market price data, which speak for themselves, and to which no response is required.  To the extent Plaintiffs' summary mischaracterizes the referenced filing and data, ProPetro denies such mischaracterizations. ProPetro denies any remaining allegations in Paragraph 314.

315.    ProPetro denies the allegations in Paragraph 315.

316.    Paragraph 316 purports to characterize a Reuters report, dated October 18, 2019, and historical stock market price data, which speak for themselves, and to which no response is required. To the extent Plaintiffs' summary mischaracterizes the referenced filing and data, ProPetro denies such mischaracterizations.  ProPetro denies any remaining allegations in Paragraph 316.

317.    ProPetro denies the allegations in Paragraph 317.

318.    Paragraph 318 purports to characterize a Culper Research report, dated October 31, 2019, and historical stock market price data, which speak for themselves, and to which no response is required.  To the extent Plaintiffs' summary mischaracterizes the referenced report and data, ProPetro denies such mischaracterizations. ProPetro denies any remaining allegations in Paragraph 318.

319.    ProPetro denies the allegations in Paragraph 319.

320.     Paragraph 320 purports to characterize Company's Form 8-K, filed March 16, 2020, and historical stock market price data, which speak for themselves, and to which no response is required.  To the extent Plaintiffs' summary mischaracterizes the referenced filing and data, ProPetro denies such mischaracterizations.  ProPetro denies any remaining allegations in Paragraph 320.

### E.   The Presumption of Reliance

321.     Paragraph 321 states conclusions of law to which no response is required.  To the extent a response is required, ProPetro denies the allegations in Paragraph 321.

322.      Paragraph 322 states conclusions of law to which no response is required.  To the extent a response is required, ProPetro denies the allegations in Paragraph 322.

323.     Paragraph 323 states conclusions of law to which no response is required.  To the extent a response is required, ProPetro denies the allegations in Paragraph 323.

### F.   Causes of Action Brought Pursuant to the Exchange Act

**COUNT I**
**VIOLATIONS OF SECTION 10(b) OF THE EXCHANGE ACT AND RULE 10b-5**
**(Against Defendant ProPetro and the Individual Defendants)**

324.     ProPetro adopts and re-alleges its responses to the allegations as set forth above with the same force and effect as if fully set forth herein.

325.     ProPetro denies the allegations in Paragraph 325.

326.     Paragraph 326 states conclusions of law to which no response is required.  To the extent a response is required, ProPetro denies the allegations in Paragraph 326.

327.     ProPetro denies the allegations in Paragraph 327.

328.     ProPetro denies the allegations in Paragraph 328.

329.     ProPetro denies the allegations in Paragraph 329.

330.     ProPetro denies the allegations in Paragraph 330.

331.     ProPetro denies the allegations in Paragraph 331.

332.    ProPetro denies the allegations in Paragraph 332.

333.    ProPetro denies the allegations in Paragraph 333.

334.    ProPetro denies the allegations in Paragraph 334.

## COUNT II
## VIOLATIONS OF SECTION 20(a) OF THE EXCHANGE ACT
### (Against the Individual Defendants)

335.    Paragraph 335 does not contain allegations asserted against ProPetro and, therefore, no response from ProPetro is required.  To the extent a response is required, ProPetro adopts and re-alleges its responses to the allegations as set forth above with the same force and effect as if fully set forth herein.

336.    Paragraph 336 does not contain allegations asserted against ProPetro and states conclusions of law and argument, and, therefore, no response from ProPetro is required.  To the extent a response is required, ProPetro denies the allegations in Paragraph 336.

337.    Paragraph 337 does not contain allegations asserted against ProPetro and states conclusions of law and argument, and, therefore, no response from ProPetro is required.  To the extent a response is required, ProPetro denies the allegations in Paragraph 337.

338.    Paragraph 338 does not contain allegations asserted against ProPetro and states conclusions of law and argument, and, therefore, no response from ProPetro is required.  To the extent a response is required, ProPetro denies the allegations in Paragraph 338.

339.    Paragraph 339 does not contain allegations asserted against ProPetro and states conclusions of law and argument, and, therefore, no response from ProPetro is required.  To the extent a response is required, ProPetro denies the allegations in Paragraph 339.

340.    Paragraph 340 does not contain allegations asserted against ProPetro and states conclusions of law and argument, and, therefore, no response from ProPetro is required.  To the extent a response is required, ProPetro denies the allegations in Paragraph 340.

## V.   SECURITIES ACT CLAIMS

341.   Paragraph 341 characterizes the Complaint and states conclusions of law to which no response is required. To the extent a response is required, ProPetro denies the allegations in Paragraph 341.

342.   ProPetro admits the allegations in Paragraph 342.

343.   ProPetro denies the allegations in Paragraph 343.

344.   ProPetro denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 344, and for that reason, denies them.

### A.   Securities Act Defendants

345.   Paragraph 345 states conclusions of law to which no response is required. To the extent a response is required, ProPetro denies the allegations in Paragraph 345.

346.   ProPetro admits the allegations in Paragraph 346.

347.   ProPetro admits the allegations in Paragraph 347.

348.   Paragraph 348 characterizes the Complaint to which no response is required. To the extent a response is required, ProPetro admits the allegations in Paragraph 348.

### B.   The IPO Offering Documents Contained Materially Untrue Statements and Omitted to Disclose Material Facts

349.   The first sentence of Paragraph 349 contains argument and conclusions of law to which no response is required. To the extent a response is required, ProPetro denies such allegations. The remainder of Paragraph 349 purports to characterize the Company's IPO Offering Documents, which speak for themselves and to which no response is required. To the extent Plaintiffs' summary mischaracterizes ProPetro's filings, ProPetro denies such mischaracterizations. ProPetro denies any remaining allegations in Paragraph 349.

350.   Paragraph 350 purports to characterize the Company's Form 8-K, filed August 8, 2019, which speaks for itself, and to which no response is required. To the extent Plaintiffs' summary

mischaracterizes the referenced filing, ProPetro denies such mischaracterizations. ProPetro denies any remaining allegations in Paragraph 350.

351.    Paragraph 351 purports to selectively quote and characterize the Company's Form 8-K, filed August 8, 2019, which speaks for itself, and to which no response is required. To the extent Plaintiffs' summary mischaracterizes the referenced filing, ProPetro denies such mischaracterizations. ProPetro denies any remaining allegations in Paragraph 351.

352.    Paragraph 352 purports to selectively quote and characterize the Company's Form 8-K, filed October 9, 2019, which speaks for itself, and to which no response is required. To the extent Plaintiffs' summary mischaracterizes the referenced filing, ProPetro denies such mischaracterizations.

353.    Paragraph 353 contains allegations related to claims that have been dismissed to which no response is required. To the extent a response is required, Paragraph 353 purports to selectively quote and characterize the Company's Form 8-K, filed November 13, 2019, which speaks for itself, and to which no response is required. To the extent Plaintiffs' summary mischaracterizes the referenced filing, ProPetro denies such mischaracterizations.

354.    The first sentence of Paragraph 354 purports to selectively quote and characterize the Company's Form 8-K, filed November 13, 2019, which speaks for itself, and to which no response is required. To the extent Plaintiffs' summary mischaracterizes the referenced filing, ProPetro denies such mischaracterizations. ProPetro denies the remaining allegations in Paragraph 354.

355.    Paragraph 355 contains allegations related to claims that have been dismissed to which no response is required.

356.    Paragraph 356 contains allegations related to claims that have been dismissed to which no response is required.

357.    Paragraph 357 contains allegations related to claims that have been dismissed to which no response is required.

358.    Paragraph 358 contains allegations related to claims that have been dismissed to which no response is required.   To the extent a response is required, Paragraph 358 purports to characterize the Company's Form 10-K, filed June 22, 2020, which speaks for itself, and to which no response is required.   To the extent Plaintiffs' summary mischaracterizes the referenced filing, ProPetro denies such mischaracterizations.   ProPetro denies the remaining allegations in Paragraph 358.

359.    Paragraph 359 purports to selectively quote and characterize the Company's Form 10-K, filed June 22, 2020, which speaks for itself, and to which no response is required.   To the extent Plaintiffs' summary mischaracterizes the referenced filing, ProPetro denies such mischaracterizations. ProPetro denies any remaining allegations in Paragraph 359.

360.    Paragraph 360 purports to selectively quote and characterize the Company's Form 10-K, filed June 22, 2020, which speaks for itself, and to which no response is required.   To the extent Plaintiffs' summary mischaracterizes the referenced filing, ProPetro denies such mischaracterizations. ProPetro denies any remaining allegations in Paragraph 360.

361.    Paragraph 361 purports to selectively quote and characterize the Company's Form 10-K, filed June 22, 2020, which speaks for itself, and to which no response is required.   To the extent Plaintiffs' summary mischaracterizes the referenced filing, ProPetro denies such mischaracterizations.

362.    Paragraph 362 purports to selectively quote and characterize the Company's Form 10-K, filed June 22, 2020, which speaks for itself, and to which no response is required.   To the extent Plaintiffs' summary mischaracterizes the referenced filing, ProPetro denies such mischaracterizations.

363.    Paragraph 363 purports to selectively quote and characterize the Company's Form 10-K, filed June 22, 2020, which speaks for itself, and to which no response is required.   To the extent Plaintiffs' summary mischaracterizes the referenced filing, ProPetro denies such mischaracterizations.

364.    Paragraph 364 purports to selectively quote and characterize the Company's Form 10-K, filed June 22, 2020, which speaks for itself, and to which no response is required.   To the extent

Plaintiffs' summary mischaracterizes the referenced filing, ProPetro denies such mischaracterizations.

365.    Paragraph 365 purports to selectively quote and characterize the Company's Form 10-K, filed June 22, 2020, which speaks for itself, and to which no response is required.  To the extent Plaintiffs' summary mischaracterizes the referenced filing, ProPetro denies such mischaracterizations.

366.    Paragraph 366 purports to selectively quote and characterize the Company's Form 10-K, filed June 22, 2020, which speaks for itself, and to which no response is required.  To the extent Plaintiffs' summary mischaracterizes the referenced filing, ProPetro denies such mischaracterizations.

367.    Paragraph 367 contains allegations related to claims that have been dismissed to which no response is required.    To the extent a response is required, Paragraph 367 purports to characterize the Company's Form 10-K, filed June 22, 2020, which speaks for itself, and to which no response is required.  To the extent Plaintiffs' summary mischaracterizes the referenced filing, ProPetro denies such mischaracterizations. ProPetro denies the remaining allegations in Paragraph 367.

368.    Paragraph 368 contains allegations related to claims that have been dismissed to which no response is required.    To the extent a response is required, Paragraph 368 purports to selectively quote and characterize the Company's Form 8-K, filed August 8, 2019, and Form 10-K, filed June 22, 2020, which speak for themselves, and to which no response is required.  To the extent Plaintiffs' summary mischaracterizes the referenced filing, ProPetro denies such mischaracterizations.  ProPetro denies the remaining allegations in Paragraph 368.

369.    Paragraph 369 purports to selectively quote and characterize the Company's Form 8-K, filed August 8, 2019, and Form 10-K, filed June 22, 2020, which speak for themselves, and to which no response is required.  To the extent Plaintiffs' summary mischaracterizes the referenced filing, ProPetro denies such mischaracterizations.

370.    Paragraph 370 purports to selectively quote and characterize the Company's Form 10-K, filed June 22, 2020, which speaks for itself, and to which no response is required.  To the extent

Plaintiffs' summary mischaracterizes the referenced filing, ProPetro denies such mischaracterizations.

371.    Paragraph 371 purports to selectively quote and characterize the Company's Form 10-K, filed June 22, 2020, which speaks for itself, and to which no response is required.  To the extent Plaintiffs' summary mischaracterizes the referenced filing, ProPetro denies such mischaracterizations.

372.    Paragraph 372 purports to selectively quote and characterize the Company's Form 10-K, filed June 22, 2020, which speaks for itself, and to which no response is required.  To the extent Plaintiffs' summary mischaracterizes the referenced filing, ProPetro denies such mischaracterizations. ProPetro denies the remaining allegations in Paragraph 372.

### 1.  Materially False and Misleading Statements and Omissions Concerning Redman's Improper, Undisclosed Share Pledges

373.    Paragraph 373 has been stricken from the Complaint pursuant to the Court's March 18, 2022 Order and no response is required.

374.    Paragraph 374 has been stricken from the Complaint pursuant to the Court's March 18, 2022 Order and no response is required.

375.    Paragraph 375 has been stricken from the Complaint pursuant to the Court's March 18, 2022 Order and no response is required.

376.    Paragraph 376 has been stricken from the Complaint pursuant to the Court's March 18, 2022 Order and no response is required.

377.    Paragraph 377 has been stricken from the Complaint pursuant to the Court's March 18, 2022 Order and no response is required.

### 2.  Materially False and Misleading Statements Concerning Related-Party Transactions

378.    Paragraph 378 has been stricken from the Complaint pursuant to the Court's March 18, 2022 Order and no response is required.

379.    Paragraph 379 has been stricken from the Complaint pursuant to the Court's March

18, 2022 Order and no response is required.

380.     Paragraph 380 has been stricken from the Complaint pursuant to the Court's March 18, 2022 Order and no response is required.

381.     Paragraph 381 has been stricken from the Complaint pursuant to the Court's March 18, 2022 Order and no response is required.

### 3. Materially False and Misleading Statements Concerning ProPetro's Internal Controls and Procedures

382.      ProPetro denies the first sentence of Paragraph 382.  The remainder of Paragraph 382 purports to selectively quote the IPO Offering Documents, which speak for themselves, and to which no response is required.  To the extent Plaintiffs' summary mischaracterizes ProPetro's filings, ProPetro denies such mischaracterizations.

383.     Paragraph 383 contains allegations related to claims that have been dismissed to which no response is required.  To the extent a response is required, the second, sixth and eighth sentences purport to characterize the IPO Offering Documents and Form 10-K, filed June 22, 2020, which speak for themselves, and to which no response is required.  To the extent Plaintiffs' summary mischaracterizes ProPetro's filings, ProPetro denies such mischaracterizations.  ProPetro denies the remaining allegations in Paragraph 383.

### COUNT III
### VIOLATIONS OF SECTION 11 OF THE SECURITIES ACT IN CONNECTION WITH THE IPO
### (Against the Securities Act Defendants)

384.     ProPetro adopts and re-alleges its responses to the allegations as set forth above with the same force and effect as if fully set forth herein.  Paragraph 384 states conclusions of law and Plaintiffs' characterization of the Complaint to which no response is required.  To the extent a response is required, ProPetro denies the allegations in Paragraph 384.

385.     Paragraph 385 states conclusions of law and Plaintiffs' characterization of the

Complaint to which no response is required.  To the extent a response is required, ProPetro denies the allegations in Paragraph 385.

386.    Paragraph 386 states conclusions of law to which no response is required.  To the extent a response is required, ProPetro denies the allegations in Paragraph 386, except admits that Redman and Smith signed the IPO Registration Statement.

387.    Paragraph 387 states conclusions of law to which no response is required.  To the extent a response is required, ProPetro denies the allegations in Paragraph 387.

388.    ProPetro denies the allegations in Paragraph 388.

389.    ProPetro denies the allegations in Paragraph 389.

390.    ProPetro denies the allegations in Paragraph 390.

391.    ProPetro denies the allegations in Paragraph 391.

392.    ProPetro denies the allegations in Paragraph 392.

393.    ProPetro denies the allegations in Paragraph 393.

394.    ProPetro denies the allegations in Paragraph 394.

395.    ProPetro denies the allegations in Paragraph 395.

## COUNT IV
## VIOLATIONS OF SECTION 15 OF THE SECURITIES ACT IN CONNECTION WITH THE IPO
### (Against Defendants Redman and Smith)

396.    Paragraph 396 does not contain allegations asserted against ProPetro and, therefore, no response from ProPetro is required.  To the extent a response is required, ProPetro adopts and re-alleges its responses to the allegations as set forth above with the same force and effect as if fully set forth herein and denies the allegations in Paragraph 396.

397.    Paragraph 397 does not contain allegations asserted against ProPetro and states conclusions of law and argument, and, therefore, no response from ProPetro is required.  To the extent a response is required, ProPetro denies the allegations in Paragraph 397.

398.    Paragraph 398 does not contain allegations asserted against ProPetro and states conclusions of law and argument, and, therefore, no response from ProPetro is required. To the extent a response is required, ProPetro denies the allegations in Paragraph 398.

399.    Paragraph 399 does not contain allegations asserted against ProPetro and states conclusions of law and argument, and, therefore, no response from ProPetro is required. To the extent a response is required, ProPetro denies the allegations in Paragraph 399.

400.    Paragraph 400 does not contain allegations asserted against ProPetro and states conclusions of law and argument, and, therefore, no response from ProPetro is required. To the extent a response is required, ProPetro denies the allegations in Paragraph 400.

## VI.    CLASS ACTION ALLEGATIONS

401.    Paragraph 401 contains allegations that purport to characterize the nature of the action, and, therefore, no response is required. To the extent a response is required, ProPetro denies the allegations in Paragraph 401, except admits that Plaintiffs purport to bring a putative class action lawsuit on behalf of the putative class described in Paragraph 401.

402.    Paragraph 402 states conclusions of law and argument, to which no response is required. To the extent a response is required, ProPetro denies the allegations in Paragraph 402, except admits that ProPetro common shares are traded on the New York Stock Exchange and that, as of April 30, 2019, ProPetro had approximately 100,419,802 shares of common stock outstanding.

403.    Paragraph 403 states conclusions of law and argument, to which no response is required. To the extent a response is required, ProPetro denies the allegations in Paragraph 403.

404.    Paragraph 404 states conclusions of law and argument, to which no response is required. To the extent a response is required, ProPetro denies the allegations in Paragraph 404.

405.    Paragraph 405 states conclusions of law and argument, to which no response is required. To the extent a response is required, ProPetro denies the allegations in Paragraph 405.

406.    Paragraph 406 states conclusions of law and argument, to which no response is required.  To the extent a response is required, ProPetro denies the allegations in Paragraph 406.

407.    Paragraph 407 states conclusions of law and argument, to which no response is required.  To the extent a response is required, ProPetro denies the allegations in Paragraph 407.

## VII.    THE INAPPLICABILITY OF THE STATUTORY SAFE HARBOR

408.    Paragraph 408 states conclusions of law and argument, to which no response is required.  To the extent a response is required, ProPetro denies the allegations in Paragraph 408.

409.    Paragraph 409 states conclusions of law and argument, to which no response is required.  To the extent a response is required, ProPetro denies the allegations in Paragraph 409.

## VIII.    PRAYER FOR RELIEF

ProPetro denies that Plaintiffs are entitled to the relief requested in the prayer for relief.

## AFFIRMATIVE AND OTHER DEFENSES

ProPetro asserts the following defenses with respect to the causes of action alleged against it in the Complaint without assuming the burden of proof or persuasion where such burden rests on Plaintiffs.  ProPetro reserves the right to supplement its defenses and/or raise additional defenses that may be available or appropriate.

## FIRST DEFENSE

The Complaint fails to state a claim against ProPetro upon which relief can be granted.

## SECOND DEFENSE

This action, in whole or in part, is not maintainable as a class action under Federal Rule of Civil Procedure 23.

## THIRD DEFENSE

Plaintiffs cannot meet their burden of proving the essential elements of a claim under Section 10(b) of the Exchange Act: (1) a material misstatement or omission, (2) by the defendant, (3) made in

connection with the purchase or sale of a security, (4) and with scienter, (5) on which the investor reasonably relied, (6) that resulted in economic loss, (7) proximately caused by the alleged misstatement or omission (*i.e.,* loss causation).

## FOURTH DEFENSE

Plaintiffs cannot meet their burden of proving the essential elements of a claim under Section 11 of the Securities Act: (1) registration statement contained a materially untrue statement or misleading omission and (2) plaintiff purchased a registered security in or traceable to the offering.

## FIFTH DEFENSE

Plaintiffs' purported claims and those of the putative class are barred because the Complaint fails to allege facts demonstrating false or misleading statements and to adequately describe the manner in which those statements were false or misleading as required by the Private Securities Litigation Reform Act ("PSLRA").

## SIXTH DEFENSE

Plaintiffs' purported claims and those of the putative class are barred based on the truth and sufficiency of all statements upon which their alleged claims are based.

## SEVENTH DEFENSE

Plaintiffs' purported claims and those of the putative class are barred because Defendant had no duty of disclosure with respect to the alleged misrepresentations or omissions.

## EIGHTH DEFENSE

Plaintiffs' purported claims and those of the putative class are barred because the allegedly false and misleading statements were immaterial.

## NINTH DEFENSE

Plaintiffs' purported claims and those of the putative class are barred because the allegedly false and misleading statements were non-actionable "puffery."

## TENTH DEFENSE

Plaintiffs' purported claims and those of the putative class are barred by the "Bespeaks Caution Doctrine" and the "Safe Harbor Provision" of the PSLRA.

## ELEVENTH DEFENSE

Plaintiffs' purported claims and those of the putative class are inactionable under the *Santa Fe* doctrine.

## TWELFTH DEFENSE

Plaintiffs' purported claims and those of the putative class are barred as and to the extent that they are allegations of "fraud by hindsight."

## THIRTEENTH DEFENSE

Plaintiffs' purported claims and those of the putative class are barred because the Complaint fails to allege facts demonstrating a strong inference of scienter or actual knowledge of falsity, and Plaintiffs are unable to prove any such facts with regard to the Defendant and as to each alleged misstatement.

## FOURTEENTH DEFENSE

Plaintiffs' purported claims and those of the putative class are barred because Defendant acted in good faith.

## FIFTEENTH DEFENSE

Plaintiffs' purported claims and those of the putative class are barred because the Defendant's actions or alleged omissions were not the direct or proximate cause of Plaintiffs' or the putative class's averred damages and requisite "loss causation" is lacking.

## SIXTEENTH DEFENSE

Plaintiffs' purported claims and those of the putative class are barred because there is no causal link between the alleged misrepresentations and the harm alleged to have occurred.

## SEVENTEENTH DEFENSE

Any decline in the value in ProPetro shares was caused by intervening and superseding causes.

## EIGHTEENTH DEFENSE

Plaintiffs' purported claims and those of the putative class are barred because the damages allegedly suffered (which the Defendant contends are none) are the proximate result of affirmative and/or independent actions of one or more third persons or parties over whom Defendant had no control and for whom Defendant is not liable.

## NINETEENTH DEFENSE

Plaintiffs' purported claims and those of the putative class are barred to the extent that they are based on statements that are not attributable to Defendant.

## TWENTIETH DEFENSE

Plaintiffs' purported claims and those of the putative class are barred because Plaintiffs cannot prove reliance on any alleged statement or omission.

## TWENTY-FIRST DEFENSE

Plaintiffs' purported claims and those of the putative class are barred because Defendant did not employ any device, scheme, or artifice to defraud and did not engage in any act, practice, or course of conduct that operates or would operate as a fraud or deceit in connection with the purchase or sale of securities.

## TWENTY-SECOND DEFENSE

The Complaint fails to state a claim against Defendant based upon "fraud-on-the-market" principles for any class member who did not trade shares between the time the alleged misstatements were made and the time the purported "truth" was "revealed."

## TWENTY-THIRD DEFENSE

The Complaint fails to state a claim against Defendant based upon "fraud-on-the-market"

principles because the alleged misrepresentations and omissions would not have induced a reasonable investor to misjudge the value of ProPetro.

## TWENTY-FOURTH DEFENSE

To the extent Defendant failed to disclose material information, which Defendant denies, the "truth-on-the-market" doctrine precludes Plaintiffs' claims because the information at issue was credibly made available to the market by other sources.

## TWENTY-FIFTH DEFENSE

Plaintiffs' purported claims and those of the putative class are barred because Defendant did not know, and in the exercise of reasonable care could not have known, of any untruth or material omission that may be proved by Plaintiffs.

## TWENTY-SIXTH DEFENSE

Plaintiffs' purported claims and those of the putative class are barred by Plaintiffs' failure to mitigate damages as required by law and/or to the extent any alleged damages are not attributable to alleged violations of law.

## TWENTY-SEVENTH DEFENSE

Plaintiffs' purported claims and those of the putative class are barred based on the doctrines of contributory negligence, comparative negligence and/or assumption of the risk.  Plaintiffs knew, or in the exercise of reasonable care should have known, the risks inherent in investing in the securities at issue and thus assumed the risk of a decline in value of their investments.

## TWENTY-EIGHTH DEFENSE

Plaintiffs' purported claims and those of the putative class are barred, in whole or in part, by the doctrines of estoppel, laches, waiver, ratification, acquiescence and/or the applicable statutes of limitation and repose.

## TWENTY-NINTH DEFENSE

Plaintiffs are not entitled to recover attorneys' fees in this action.

## THIRTIETH DEFENSE

Any recovery by Plaintiffs and the putative class against Defendant would constitute unjust enrichment.

## THIRTY-FIRST DEFENSE

Plaintiffs lack standing to prosecute this action.

## THIRTY-SECOND DEFENSE

Additional facts that are currently unknown to Defendant may be revealed through the course of discovery and further investigation that will support additional defenses. Defendant reserves the right to assert such defenses in the future.

## THIRTY-THIRD DEFENSE

Plaintiffs' purported claims and those of the putative class are barred because they have "unclean hands."

Respectfully submitted,

**HUGHES HUBBARD & REED LLP**

By:   /s/ Kevin T. Abikoff
Kevin T. Abikoff
Texas Bar No. 24034118
Benjamin Britz (admitted *pro hac vice*)
D.C. Bar No. 499232
1775 I Street, N.W.
Washington, D.C. 20006-2401
Tel:  202-721-4600
Fax:  202-721-4646
Email: kevin.abikoff@hugheshubbard.com
Email: benjamin.britz@hugheshubbard.com

*Attorneys for Defendant ProPetro Holding Corp.*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Answer of Defendant ProPetro Holding Corp. to Plaintiffs' Third Amended Complaint was served on all counsel of record via the Court's CM/ECF system on April 1, 2022.

/s/ *Kevin Abikoff*

Kevin T. Abikoff