| | |
|---|---|
| NYKREDIT PORTEFØLJE ADMINISTRATION A/S, OKLAHOMA FIREFIGHTERS PENSION AND RETIREMENT SYSTEM, OKLAHOMA LAW ENFORCEMENT RETIREMENT SYSTEM, OKLAHOMA POLICE PENSION AND RETIREMENT SYSTEM, OKLAHOMA CITY EMPLOYEE RETIREMENT SYSTEM, POLICE AND FIRE RETIREMENT SYSTEM OF THE CITY OF DETROIT, Individually and on behalf of all other similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>PROPETRO HOLDING CORP., ET AL.,<br><br>    Defendants. | Case No. MO:7:19-CV-00217-DC<br><br>CLASS ACTION |

## DEFENDANT JEFF SMITH'S ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT

Defendant Jeff Smith ("Smith") answers Plaintiffs' Third Amended Complaint ("Complaint," Dkt. 81) as follows:

Smith denies that Plaintiffs have been damaged in any amount, sum, or manner whatsoever by reason of any breach or omission on the part of Smith. Smith denies that Plaintiffs, or any members of the class that Plaintiffs purport to represent, are entitled to any relief, including but not limited to the relief sought in

Smith Answer

Plaintiffs' Prayer for Relief.

Except as otherwise expressly admitted in this Answer, Smith denies each and every allegation contained or implied anywhere in the Complaint, whether in the body, titles, headings, sub-headings, footnotes, or otherwise.[1] For the sake of clarity, and unless otherwise expressly stated, capitalized terms not defined in this Answer have the meanings given to them in the Complaint, but Smith does not concede that any such definitions are proper or accurate. To the extent that the allegations in the Complaint concern knowledge or conduct of persons or entities other than Smith, Smith lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations as to those persons or entities, and responds solely with respect to Smith's knowledge and conduct.

Smith has not knowingly or intentionally waived any applicable defenses. Smith reserves the right to supplement his Answer and reserves the right to add additional defenses of which he becomes aware through discovery or other investigation.

## **NUMBERED PARAGRAPHS**

With respect to the numbered Paragraphs of the Complaint, Smith answers as follows:

1.     Paragraph 1 characterizes Plaintiffs' action and states legal conclusions,

---

[1] For ease of reference, captions and headings used in the Complaint are included in this Answer, but Smith does not thereby admit the truth of any allegation contained in the captions and headings or any inference that could be drawn from those captions or headings.

to which no response is required. To the extent that a response is required, Smith lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 1, and therefore denies them.

2.  Paragraph 2 characterizes Plaintiffs' action and beliefs and states legal conclusions, to which no response is required. To the extent that a response is required, Smith lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 2, and therefore denies them.

3.  Paragraph 3 characterizes Plaintiffs' action and states legal conclusions, to which no response is required. To the extent that a response is required, Smith denies the allegations Paragraph 3, except admits that Plaintiffs purport to bring this action on behalf of themselves and others against the named defendants, and to premise their claims on the statutes and rules cited.

## I.     **PRELIMINARY STATEMENT – EXCHANGE ACT CLAIMS ONLY**

4.  Smith denies the allegations in Paragraph 4.

5.  The first three sentences of Paragraph 5 purport to characterize ProPetro's public filings, which speak for themselves, and to which no response is required. Smith respectfully refers the Court to the referenced filings and denies any allegations inconsistent therewith. Smith denies the remaining allegations in Paragraph 5.

6.  Smith denies the allegations in the first sentence of Paragraph 6. The second sentence of Paragraph 6 purports to selectively quote and characterize ProPetro's Form 8-K, dated November 13, 2019, to which no response is required. To

the extent that Plaintiffs' summary mischaracterizes the referenced filing, Smith denies such mischaracterizations.

7. Smith denies the allegations in Paragraph 7.

8. Smith denies the allegations in Paragraph 8.

9. Smith denies the allegations in the first sentence of Paragraph 9. The second sentence of Paragraph 9 selectively quotes from and characterizes ProPetro's Forms 8-K filed July 12, 2019, August 8, 2019, August 31, 2019, October 9, 2019, and November 13, 2019, and Form 10-K filed June 22, 2020, to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced filings, Smith denies such mischaracterizations. Smith lacks information sufficient to admit or deny the allegations in the third sentence of Paragraph 9, and therefore denies them.

10. Paragraph 10 purports to selectively quote and characterize ProPetro's Forms 8-K filed July 12, 2019, August 8, 2019, and November 13, 2019, and Form 10-K filed June 22, 2020, and historical stock price data, which speak for themselves, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced filings and data, Smith denies such mischaracterizations. Smith denies the remaining allegations in Paragraph 10.

11. Paragraph 11 purports to characterize ProPetro's Forms 8-K, filed August 31, 2019, and historical stock price data, which speak for themselves, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced filings and data, Smith denies such

mischaracterizations. Smith denies the remaining allegations in Paragraph 11.

12.     Paragraph 12 purports to characterize media reports, dated October 18, 2019, and historical stock price data, which speak for themselves, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced filing and data, Smith denies such mischaracterizations. Smith denies the remaining allegations in Paragraph 12.

13.     Paragraph 13 purports to characterize a report by Culper Research dated October 31, 2019, and historical stock price data, both of which speak for themselves, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced report and data, Smith denies such mischaracterizations. Smith denies the remaining allegations in Paragraph 13.

14.     Paragraph 14 purports to characterize ProPetro's Form 8-K filed on March 16, 2020, and historical stock price data, which speaks for itself, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced filing and data, Smith denies such mischaracterizations. Smith denies the remaining allegations in Paragraph 14.

15.     Paragraph 15 purports to characterize ProPetro's Form 10-K filed June 22, 2020, which speaks for itself, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced filing, Smith denies such mischaracterizations.

16.     Paragraph 16 purports to selectively quote and characterize ProPetro's Form 10-Q filed July 2, 2020, which speaks for itself, and to which no response is

required. To the extent that Plaintiffs' summary mischaracterizes the referenced filing, Smith denies such mischaracterizations. Smith denies the remaining allegations in Paragraph 16.

17. The first sentence of Paragraph 17 purports to characterize ProPetro's Form 8-K filed November 13, 2019, which speaks for itself, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced filings, Smith denies such mischaracterizations. The remaining allegations in this paragraph have been stricken from the Complaint pursuant to the Court's March 18, 2022 Order, and no response is required.

18. Paragraph 18 contains allegations related to claims that have been dismissed and conclusions of law to which no response is required. To the extent that a response is required, Paragraph 18 purports to characterize ProPetro's Form 10-K filed June 22, 2020, which speaks for itself, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced filing, Smith denies such mischaracterizations. Smith denies the remaining allegations in Paragraph 18.

19. Paragraph 19 contains argument and legal conclusions to which no response is required. To the extent that a response is required, Smith denies the allegations in the first four sentences of Paragraph 19. The last sentence of Paragraph 19 purports to characterize ProPetro's Form 10-K filed June 22, 2020, and Form 10-Q filed July 2, 2020, which speaks for themselves, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced

filings, Smith denies such mischaracterizations. Smith denies the remaining allegations in Paragraph 19.

20. Smith denies the allegations in the first sentence of Paragraph 20, except admits that ProPetro implemented new policies and procedures relating to its internal controls. Smith admits the allegations in the second sentence of Paragraph 20.

21. Smith denies the Paragraph 21, except admits Plaintiffs have filed this action.

## II. JURISDICTION AND VENUE

22. Paragraph 22 alleges conclusions of law as to which no response is required. To the extent that a response is required, Smith admits that Plaintiffs purport to assert claims based upon the statutes, rules, and regulations they cite in Paragraph 22, and otherwise denies the allegations in Paragraph 22.

23. Paragraph 23 alleges conclusions of law as to which no response is required. To the extent that a response is required, Smith admits that Plaintiffs purport to premise jurisdiction over the subject matter of this action on the statutes cited in Paragraph 23, and otherwise denies the allegations in Paragraph 23.

24. Paragraph 24 alleges conclusions of law as to which no response is required. To the extent that a response is required, Smith admits that Plaintiffs purport to premise venue in this district on the statutes cited in Paragraph 24, and the purported acts and transactions in this district, and that ProPetro maintains its corporate headquarters and principal executive offices in this district. Smith

otherwise denies the allegations in Paragraph 24.

25. Paragraph 25 alleges conclusions of law as to which no response is required. To the extent that a response is required, Smith denies the allegations in Paragraph 25.

## III. THE PARTIES

### A. Plaintiffs

26. Smith denies that any funds represented by NPA have suffered any damages as a result of any conduct by Smith. Smith lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 26, and therefore denies them.

27. Smith lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 27, and therefore denies them.

28. Smith lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 28, and therefore denies them.

29. Smith lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 29, and therefore denies them.

30. Smith lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 30, and therefore denies them.

31. Smith denies that ProPetro's IPO Public Offering Documents were materially false and misleading, and denies that Oklahoma Firefighters, Oklahoma Law Enforcement, Oklahoma Police, and Oklahoma City suffered damages as a result of any conduct by Smith. Smith lacks knowledge or information sufficient to form a

belief as to the truth or falsity of the remaining allegations in Paragraph 31, and therefore denies them.

32. Smith denies that Detroit PFRS suffered damages as a result of any conduct of Smith. Smith lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 32, and therefore denies them.

33. Smith admits the allegations in Paragraph 33.

**B.     Exchange Act Defendants**

34. Smith admits the allegations in Paragraph 34.

35. Smith admits the allegations in the first three sentences of Paragraph 45 and denies the remaining allegations in Paragraph 35.

36. Smith admits the allegations in the first sentence of Paragraph 36; denies the second sentence of Paragraph 36, except admits that Smith was reassigned as Special Advisor to the Chief Executive Officer in March 2020; and denies the remaining allegations in Paragraph 36.

37. Smith admits the first sentence of Paragraph 37. The remaining allegations in Paragraph 37 have been stricken from the Complaint pursuant to the Court's March 18, 2022 Order, and no response is required.

38. Smith admits the allegations in the first two sentences of Paragraph 38. The remaining allegations in Paragraph 38 have been stricken from the Complaint pursuant to the Court's March 18, 2022 Order, and no response is required.

39. The first sentence of Paragraph 39 purports to characterize the Complaint, which speaks for itself and to which no response is required. Smith admits

that Redman, Smith, and Denholm were involved in management of the day-to-day operations of ProPetro for certain periods of time and otherwise denies the allegations except to the extent that they state legal conclusions to which no response is required.

40. Paragraph 40 purports to characterize the Complaint, which speaks for itself, and to which no response is required.

## IV. EXCHANGE ACT CLAIMS

### A. Background and Summary of the Fraud

#### 1. ProPetro's Business Operations

41. Smith admits the allegations in Paragraph 41, except denies that Redman is the ProPetro's current CEO and that Smith is its current Chief Administrative Officer.

42. Paragraph 42 purports to characterize the ProPetro's "IPO Prospectus" (*i.e.*, the prospectus pursuant to Rule 424(b)(4) dated March 16, 2017 and filed on March 20, 2017), which speaks for itself, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced filings, Smith denies such mischaracterizations.

43. Paragraph 43 purports to characterize ProPetro's "IPO Registration Statement" (*i.e.*, Form S-1 filed on February 8, 2017) and "IPO Registration Statement Amendments" (*i.e.*, Forms S-1A filed on February 23, 2017, March 7, 2017, and March 13, 2017), which speak for themselves, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced filings, Smith denies such mischaracterizations.

44. Paragraph 44 purports to characterize the "IPO Offering Documents"

(*i.e.*, the IPO Prospectus together with the IPO Registration Statement, IPO Registration Statement Amendments, and Underwriting Agreement), which speak for themselves, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced filings, Smith denies such mischaracterizations.

45.    Paragraph 45 purports to selectively quote and characterize the "Underwriting Agreement" which speaks for itself, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced filings, Smith denies such mischaracterizations.

46.    Paragraph 46 selectively quotes and characterizes ProPetro's IPO Prospectus, which speaks for itself, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced filing, Smith denies such mischaracterizations.

47.    Paragraph 47 selectively quotes and characterizes ProPetro's IPO Prospectus, which speaks for itself, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced filing, Smith denies such mischaracterizations.

48.    Paragraph 48 selectively quotes and characterizes ProPetro's IPO Prospectus, which speaks for itself, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced filing, Smith denies such mischaracterizations.

49.    Paragraph 49 selectively quotes and characterizes ProPetro's IPO

Prospectus, which speaks for itself, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced filing, Smith denies such mischaracterizations.

50. Paragraph 50 selectively quotes and characterizes ProPetro's IPO Prospectus, which speaks for itself, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced filing, Smith denies such mischaracterizations.

51. Paragraph 51 selectively quotes and characterizes industry analyst reports, which speak for themselves, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced reports, Smith denies such mischaracterizations.

### 2. Throughout the Class Period, Investors Focused on ProPetro's Leadership Team and Their Longstanding Relationships as Fundamental to ProPetro's Rapid Success

52. Smith admits that ProPetro had consistent full-fleet utilization and longstanding customer relationships. Smith asserts that the remainder of the allegations in the first sentence of Paragraph 52 are vague, indecipherable, and speculative, to which no response is required, and to the extent that a response is required Smith denies the remaining allegations in the first sentence of Paragraph 52. Smith admits the remaining allegations in Paragraph 52.

53. Paragraph 53 purports to selectively quote and characterize an August 8, 2017 ProPetro press release and August 9, 2017 conference call with investors, which speak for themselves, and to which no response is required. To the extent that

Plaintiffs' summary mischaracterizes the referenced conference call transcript, Smith denies such mischaracterizations.

54. Paragraph 54 purports to selectively quote and characterize ProPetro's conference call with investors, which speaks for itself, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced conference call transcript, Smith denies such mischaracterizations.

55. Paragraph 55 purports to selectively quote and characterize ProPetro's Form 10-K for the fiscal years 2018 and 2019, which are publicly available and speak for themselves, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes ProPetro's disclosures, Smith denies such mischaracterizations.

56. Smith lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding the state of mind of "the market" or "investors" contained in Paragraph 56, and therefore denies them.

57. Smith lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning the state-of-mind of unnamed "analysts" contained in Paragraph 57, and therefore denies them.

58. Paragraph 58 selectively quotes and characterizes a Credit Suisse report, dated April 11, 2017, which speaks for itself, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the report, Smith denies such mischaracterizations.

59. Paragraph 59 selectively quotes and characterizes a Credit Suisse

report, dated May 11, 2017, which speaks for itself, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the report, Smith denies such mischaracterizations.

60. Smith lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 60, and therefore denies them.

61. Paragraph 61 contains argument and legal conclusion as to which no response is required. To the extent that a response is required, Smith denies the allegations in Paragraph 61.

### 3. Defendants Were Required to Maintain Adequate Internal and Disclosure Controls and to Disclose Material Related-Party Transactions

62. Paragraph 62 contains argument and legal conclusions as to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced laws, rules, and regulations, Smith denies such mischaracterizations.

63. Paragraph 63 contains argument and legal conclusions as to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced laws, rules, and regulations, Smith denies such mischaracterizations.

64. Paragraph 64 contains argument and legal conclusions as to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced laws, rules, and regulations, Smith denies such mischaracterizations.

65. Paragraph 65 contains argument and legal conclusions as to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced statutes, regulations, and standards, Smith denies such mischaracterizations.

66. Paragraph 66 contains argument and legal conclusions as to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced laws, Smith denies such mischaracterizations.

67. Paragraph 67 contains argument, legal conclusions, and selective quotes from and characterization of Section 302 of the Sarbanes-Oxley Act of 2002, to which no response is required. To the extent that Plaintiffs' summary mischaracterizes Section 302, Smith denies such mischaracterizations.

68. Paragraph 68 contains argument, conclusions of law, and selective quotes from and characterization of Section 404 of the Sarbanes-Oxley Act of 2002, to which no response is required. To the extent that Plaintiffs' summary mischaracterizes Section 404, Smith denies such mischaracterizations.

69. Paragraph 69 contains argument, conclusions of law, and selective quotes from and characterization of the PCAOB's Accounting Standards, which speak for themselves, as to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced accounting standards, Smith denies such mischaracterizations. Smith denies the remaining allegations in Paragraph 69.

70. Paragraph 70 contains argument, conclusions of law, and characterization of Item 307 of SEC Regulation S-K, which speaks for itself, as to which no response is required. To the extent that Plaintiffs' summary mischaracterizes Item 307, Smith denies such mischaracterizations.

71. Paragraph 71 contains argument, conclusions of law, and characterization of Item 308 of SEC Regulation S-K, which speaks for itself, as to

which no response is required. To the extent that Plaintiffs' summary mischaracterizes Item 308, Smith denies such mischaracterizations.

72. Paragraph 72 contains argument, conclusions of law, and quotes from and characterization of the COSO framework, which speaks for itself, as to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced framework, Smith denies such mischaracterizations.

73. Paragraph 73 contains argument, conclusions of law, and quotes from and characterization of the COSO framework, to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced framework, Smith denies such mischaracterizations.

74. Paragraph 74 contains argument, conclusions of law, and quotes from and characterization of the COSO framework, to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced framework, Smith denies such mischaracterizations.

75. Paragraph 75 contains argument, conclusions of law, and quotes from and characterization of the COSO framework, to which no response is required. Smith respectfully refers the Court to the referenced framework and denies any allegations inconsistent therewith.

76. Paragraph 76 contains argument, conclusions of law, and quotes from and characterization of the COSO framework, to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced framework, Smith denies such mischaracterizations.

77. Paragraph 77 contains argument, conclusions of law, and quotes from and characterization of Item 404 of SEC Regulation S-K, to which no response is required. To the extent that Plaintiffs' summary mischaracterizes Item 404, Smith denies such mischaracterizations.

78. Paragraph 78 contains argument, conclusions of law, and characterizations of GAAP, to which no response is required. To the extent that Plaintiffs' summary mischaracterizes GAAP, Smith denies such mischaracterizations.

79. Paragraph 79 contains argument, conclusions of law, and quotes from and characterization of ASC 850, to which no response is required. To the extent that Plaintiffs' summary mischaracterizes ASC 850, Smith denies such mischaracterizations.

80. Paragraph 80 contains argument, conclusions of law, and characterization of ASC 850, to which no response is required. To the extent that Plaintiffs' summary mischaracterizes ASC 850, Smith denies such mischaracterizations.

81. Paragraph 81 contains argument, conclusions of law, and quotes from and characterization of Section 1001.03 of the AICPA Professional Standards, to which no response is required. To the extent that Plaintiffs' summary mischaracterizes Section 1001.03, Smith denies such mischaracterizations.

82. Paragraph 82 contains argument, conclusions of law, and characterization of Sarbanes-Oxley, SEC regulations, GAAP, and ProPetro's public

disclosures, to which no response is required. To the extent that Plaintiffs' summary mischaracterizes these sources, Smith denies such mischaracterizations.

### 4. Throughout the Class Period, Defendants Represented, and Investors Understood, That ProPetro Had Adequate Internal and Disclosure Controls and That All Related-Party Transactions Had Been Disclosed

83. Paragraph 83 purports to characterize ProPetro's public filings, which speak for themselves, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced filings, Smith denies such mischaracterizations. Smith lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding the state-of-mind of "investors" in the second sentence in Paragraph 83, and therefore denies them.

84. Paragraph 84 purports to characterize ProPetro's quarterly and annual SEC filings, which speak for themselves, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes ProPetro's filings, Smith denies such mischaracterizations. Smith denies any remaining allegations in Paragraph 84.

85. Paragraph 85 purports to characterize ProPetro's quarterly and annual SEC filings, which speak for themselves, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes ProPetro's filings, Smith denies such mischaracterizations. Smith lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding the state-of-mind of "investors" in Paragraph 85, and therefore denies them.

86. Paragraph 86 purports to selectively quote and characterize ProPetro's quarterly and annual SEC filings, which speak for themselves, and to which no

response is required. To the extent that Plaintiffs' summary mischaracterizes ProPetro's filings, Smith denies such mischaracterizations.

87. Smith lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding the state-of-mind of "investors" contained in Paragraph 87, and therefore denies them.

88. Smith denies the allegations in Paragraph 88.

**5. Redman's Share Pledges Were an Active and Knowing Violation of ProPetro's Internal Controls, Code of Conduct, Insider Trading Policies and Various Agreements**

89. Paragraph 89 purports to selectively quote and characterize ProPetro's Form 8-K, filed March 16, 2020, which speaks for itself, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced filing, Smith denies such mischaracterizations. Smith denies any remaining allegations in Paragraph 89.

90. Paragraph 90 purports to selectively quote and characterize ProPetro's Form 8-K, filed March 16, 2020, which speaks for itself, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced filing, Smith denies such mischaracterizations. Smith denies any remaining allegations in Paragraph 90.

91. Paragraph 91 purports to characterize ProPetro's public disclosures, which speaks for themselves, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced filing, Smith denies such mischaracterizations. Smith denies any remaining allegations in Paragraph 91.

92. Paragraph 92 purports to characterize ProPetro's Code of Ethics and Conduct, which speaks for itself, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced filing, Smith denies such mischaracterizations. Smith denies any remaining allegations in Paragraph 92.

93. Paragraph 93 purports to characterize ProPetro's Form 8-K, dated March 16, 2020, which speaks for itself, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced filing, Smith denies such mischaracterizations. Smith denies the remaining allegations in Paragraph 93.

94. Paragraph 94 purports to selectively quote from ProPetro's Form 10-K, filed June 22, 2020, which speaks for itself, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced disclosure, Smith denies such mischaracterizations.

95. Paragraph 95 purports to selectively quote from and characterize ProPetro public filings, which speak for themselves, and to which no response is required. To the extent that Plaintiffs mischaracterize such filings, Smith denies such mischaracterizations. As to the remaining allegations in Paragraph 95, Smith lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, and therefore denies them.

96. Paragraph 96 purports to selectively quote and characterize ProPetro's Code of Ethics and Conduct, which speaks for itself, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced code, Smith denies such mischaracterizations.

97. Paragraph 97 purports to selectively quote and characterize ProPetro's Code of Ethics and Conduct, which speaks for itself, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced code, Smith denies such mischaracterizations.

98. Paragraph 98 purports to selectively quote ProPetro's Code of Ethics and Conduct, which speaks for itself, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced code, Smith denies such mischaracterizations.

99. Paragraph 99 purports to selectively quote and characterize ProPetro's Code of Ethics and Conduct, which speaks for itself, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced code, Smith denies such mischaracterizations.

100. Paragraph 100 contains argument and legal conclusions to which no response is required. To the extent that a response is required, Smith denies the allegations.

101. Smith lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 101, and therefore denies them.

102. Paragraph 102 contains argument and legal conclusions to which no response is required. To the extent that a response is required, Smith denies the allegations.

103. Paragraph 103 contains argument and legal conclusions to which no

response is required. To the extent that a response is required, Smith lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 103, and therefore denies them.

104. Smith lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 104, and therefore denies them.

105. Paragraph 105 contain conclusions of law, and purports to selectively quote from or characterize ProPetro's Form 8-K filed March 16, 2020, and Form 10-K filed June 22, 2020, to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced filings, Smith denies such mischaracterizations. Smith denies any remaining allegations in Paragraph 105.

106. Paragraph 106 contains legal conclusions to which no response is required. To the extent that a response is required, Smith lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 106, and therefore denies them.

107. Paragraph 107 contains argument and legal conclusions, and purports to characterize ProPetro's Form 10-K filed June 22, 2020, to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced filings, Smith denies such mischaracterizations. Smith denies any remaining allegations in Paragraph 107.

108. Paragraph 108 contains argument and legal conclusions to which no response is required. To the extent that a response is required, Smith lacks knowledge or information sufficient to form a belief as to the truth or falsity of the

allegations in Paragraph 106, and therefore denies them.

### 6. ProPetro's Rapid Growth

109. Paragraph 109 contains argument to which no response is required. To the extent that a response is required, Smith denies the allegations in Paragraph 109, except admits that ProPetro experienced rapid growth from the first quarter of 2017 through the first quarter of 2019, with a pause in growth during the third and fourth quarters of 2018.

110. Paragraph 110 contains argument to which no response is required. To the extent that a response is required, Smith denies the allegations in Paragraph 110, except admits that ProPetro's revenue effectively tripled from the first quarter of 2017 through the first quarter of 2019.

111. Paragraph 111 contains argument to which no response is required. To the extent that a response is required, Smith denies the allegations in Paragraph 111.

112. Smith lacks knowledge or information sufficient to form a belief as to the views of unidentified analysts, and therefore denies the allegation in Paragraph 112.

### 7. ProPetro CAO Denholm's Undisclosed Moonlighting at PBEX

113. Paragraph 113 concerns allegations that have been dismissed and stricken from the Complaint pursuant to the Court's March 18, 2022 Order, and no response is required.

114. Paragraph 114 concerns allegations that have been dismissed and stricken from the Complaint pursuant to the Court's March 18, 2022 Order, and no

response is required.

115. Paragraph 115 concerns allegations that have been dismissed and stricken from the Complaint pursuant to the Court's March 18, 2022 Order, and no response is required.

116. Paragraph 116 concerns allegations that have been dismissed and stricken from the Complaint pursuant to the Court's March 18, 2022 Order, and no response is required.

117. Paragraph 117 concerns allegations that have been dismissed and stricken from the Complaint pursuant to the Court's March 18, 2022 Order, and no response is required.

118. Paragraph 118 concerns allegations that have been dismissed and stricken from the Complaint pursuant to the Court's March 18, 2022 Order, and no response is required.

119. Paragraph 119 concerns allegations that have been dismissed and stricken from the Complaint pursuant to the Court's March 18, 2022 Order, and no response is required.

120. Paragraph 120 concerns allegations that have been dismissed and stricken from the Complaint pursuant to the Court's March 18, 2022 Order, and no response is required.

121. Paragraph 121 concerns allegations that have been dismissed and stricken from the Complaint pursuant to the Court's March 18, 2022 Order, and no response is required. To the extent that a response is required, Smith denies the

allegations in Paragraph 121.

### 8. ProPetro Has a History of Related-Party Transactions, and Its Senior Executives and Directors Control Several Undisclosed Related Entities

122.    Paragraph 122 purports to characterize ProPetro's SEC filings, which speak for themselves, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced filings, Smith denies such mischaracterizations. Smith denies any remaining allegations in Paragraph 122.

123.    Paragraph 123 purports to characterize the ProPetro's SEC filings, which speak for themselves, and to which no response is required.  To the extent that Plaintiffs' summary mischaracterizes the referenced filings, Smith denies such mischaracterizations.

124.    Paragraph 124 purports to characterize ProPetro's SEC filings, which speak for themselves, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced filings, Smith denies such mischaracterizations.

125.    Paragraph 125 purports to characterize ProPetro's SEC filings, which speak for themselves, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced filings, Smith denies such mischaracterizations. Smith denies any remaining allegations in Paragraph 125.

126.    Paragraph 126 purports to characterize ProPetro's Form 10-K, filed June 22, 2020, which speaks for itself, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced filing, Smith denies such mischaracterizations.

127. Paragraph 127 contains allegations related to claims that have been dismissed to which no response is required. To the extent that a response is required, Paragraph 127 selectively quotes and characterizes a report by Culper Research, dated October 31, 2019, and/or public filings, which speak for themselves, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced report or public filings, Smith denies such mischaracterizations. Smith denies all remaining allegations in Paragraph 127.

128. Paragraph 128 has been stricken from the Complaint pursuant to the Court's March 18, 2022 Order and no response is required.

129. Paragraph 129 has been stricken from the Complaint pursuant to the Court's March 18, 2022 Order and no response is required.

130. Paragraph 130 has been stricken from the Complaint pursuant to the Court's March 18, 2022 Order and no response is required.

131. Paragraph 131 has been stricken from the Complaint pursuant to the Court's March 18, 2022 Order and no response is required.

**9. ProPetro Conducts Two Subsequent Secondary Offerings While Concealing Internal Control Deficiencies, Related-Party Transactions, and Redman's Improper Share Pledges**

132. Paragraph 132 selectively quotes and characterizes ProPetro's Forms S-1 filed November 2 and 6, 2017, which speak for themselves, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced filings, Smith denies such mischaracterizations.

133. Paragraph 133 purports to characterize ProPetro's Prospectus filed

November 6, 2017, which speaks for itself, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced Prospectus, Smith denies such mischaracterizations.

134. Paragraph 134 purports to characterize ProPetro's press release dated May 10, 2018, which speaks for itself, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced press release, Smith denies such mischaracterizations.

135. Paragraph 135 purports to characterize ProPetro's preliminary prospectus filed May 10, 2018, and prospectus supplements filed May 11 and 14, 2018, and a registration statement filed May 10, 2018, which speak for themselves, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced filings, Smith denies such mischaracterizations.

136. Smith lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 136, and therefore denies them.

137. Smith denies the first sentence of Paragraph 137. The second sentence of Paragraph 137 purports to characterize ProPetro's 2017 and 2018 Secondary Offering documents, which speak for themselves, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced documents, Smith denies such mischaracterizations.

138. The first sentence of Paragraph 138 purports to characterize ProPetro's 2017 Secondary Offering Prospectus dated November 6, 2017, and 2018 Secondary Offering Prospectus Supplement dated May 14, 2018, which speak for themselves,

Smith Answer

and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes ProPetro's filings, Smith denies such mischaracterizations. Smith lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the second sentence of Paragraph 138, and therefore denies them.

**10.    ProPetro Experiences Major Board Turnover, Replacing its Chairman and Losing Two of the Four Members of its Audit Committee**

139.    Paragraph 139 contains argument to which no response is required.  To the extent that a response is required, Paragraph 139 purports to characterize ProPetro's Form 8-K filed July 12, 2019, which speaks for itself, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced filing, Smith denies such mischaracterizations. Smith denies any remaining allegations in Paragraph 139.

140.    Paragraph 140 purports to characterize ProPetro's Form 8-K filed July 12, 2019, which speak for itself, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced filing, Smith denies such mischaracterizations. Smith denies any remaining allegations in Paragraph 140.

141.    Paragraph 141 purports to characterize ProPetro's Form 8-K filed August 1, 2019, which speaks for itself, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced filing, Smith denies such mischaracterizations.

142.    Paragraph 142 contains allegations related to claims that have been dismissed to which no response is required. To the extent that a response is required, Paragraph 142 characterizes ProPetro's Forms 8-K filed July 12, 2019, August 1,

2019, and August 8, 2019, which speak for themselves, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced filings, Smith denies such mischaracterizations. Smith denies any remaining allegations in Paragraph 142.

> **11.** **The Truth Us Revealed: Defendants Admit That They Engaged in Material Undisclosed Related-Party Transactions, That ProPetro Had Material Weaknesses in its Internal Controls, and That Redman Engaged in Improper, Undisclosed Share Pledges**

143. Smith denies the allegations in Paragraph 143.

144. Smith denies the allegations in the first sentence of Paragraph 144. The remaining sentences in Paragraph 144 purport to selectively quote and characterize ProPetro's public disclosures, including Form 10-K filed June 22, 2020, which speak for themselves, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced disclosures, Smith denies such mischaracterizations. Smith denies any remaining allegations in Paragraph 144.

145. Smith denies the allegations in Paragraph 145.

> **a. August 8, 2019—ProPetro Discloses an Internal Investigation Into Improper Expense Reimbursements and Related Party Transactions**

146. Paragraph 146 purports to characterize ProPetro's Form 8-K and press release filed August 8, 2019, which speak for themselves, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced filings, Smith denies such mischaracterizations.

147. Paragraph 147 purports to selectively quote and characterize ProPetro's Form 8-K filed August 8, 2019, which speaks for itself, and to which no response is

required. To the extent that Plaintiffs' summary mischaracterizes the referenced filing, Smith denies such mischaracterizations.

148. Smith denies the allegations in Paragraph 148.

149. Paragraph 149 purports to selectively quote and characterize ProPetro's Form 8-K filed August 8, 2019, which speaks for itself, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced filing, Smith denies such mischaracterizations. Smith denies any remaining allegations in Paragraph 139.

150. Paragraph 150 purports to selectively quote and characterize ProPetro's Form 8-K filed August 8, 2019, and Form 10-K filed June 22, 2020, which speak for themselves, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced filings, Smith denies such mischaracterizations. Smith denies any remaining allegations in Paragraph 150.

151. Paragraph 151 purports to selectively quote and characterize ProPetro's Form 8-K, filed August 8, 2019, which speaks for itself, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced filing, Smith denies such mischaracterizations.

152. Paragraph 152 purports to selectively quote and characterize ProPetro's Form 8-K, filed August 8, 2019, which speaks for itself, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced filing, Smith denies such mischaracterizations.

153. Paragraph 153 contains argument, legal conclusions, and historical

stock price data, to which no response is required. To the extent that a response is required, Smith denies the allegations in Paragraph 153.

154. Smith lacks knowledge or information sufficient to form a belief as to the truth or falsity of the information contained in Paragraph 154, and therefore denies it, except to the extent that it purports to selectively quote and characterize a Jeffries report dated August 8, 2019, which speaks for itself, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced report, Smith denies such mischaracterizations.

155. Smith lacks knowledge or information sufficient to form a belief as to the truth or falsity of the information contained in Paragraph 155, and therefore denies it, except to the extent that it purports to selectively quote and characterize a JPMorgan report dated August 8, 2019, which speaks for itself, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced report, Smith denies such mischaracterizations.

156. Paragraph 156 purports to selectively quote and characterize Stephens and Wolfe Research reports dated August 9, 2019, which speak for themselves, and to which no response is required. To the Smith Plaintiffs' summary mischaracterizes the referenced reports, Smith denies such mischaracterizations.

157. Paragraph 157 purports to selectively quote and characterize a Wells Fargo report dated August 11, 2019, which speaks for itself, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced report, Smith denies such mischaracterizations.

158. Paragraph 158 purports to selectively quote and characterize a Wells Fargo report dated August 11, 2019, which speaks for itself, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced report, Smith denies such mischaracterizations.

159. Paragraph 159 purports to selectively quote and characterize a JPMorgan report dated August 12, 2019, which speaks for itself, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced report, Smith denies such mischaracterizations.

### b. August 30, 2019—ProPetro's General Counsel Announces His Resignation in the Wake of the Audit Committee Investigation

160. Paragraph 160 purports to characterize ProPetro's Form 8-K filed August 30, 2019, which speaks for itself, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced filing, Smith denies such mischaracterizations

161. Paragraph 161 purports to characterize historical stock price data, which speaks for itself, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced data, Smith denies such mischaracterizations. Smith denies any remaining allegations in Paragraph 161.

162. Smith lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 162, and therefore denies them, except to the extent that it purports to selectively quote and characterize an Alta Corp. Capital report dated September 2, 2019, which speaks for itself, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the

referenced report, Smith denies such mischaracterizations.

163. Paragraph 163 purports to selectively quote and characterize a Simmons report dated September 3, 2019, which speaks for itself, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced report, Smith denies such mischaracterizations.

### c. October 9, 2019—CAO Denholm Resigns

164. Paragraph 164 purports to selectively quote and characterize ProPetro's Form 8-K filed October 9, 2019, which speaks for itself, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced filing, Smith denies such mischaracterizations.

165. Paragraph 165 purports to selectively quote and characterize ProPetro's Form 8-K filed October 9, 2019, which speaks for itself, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced filing, Smith denies such mischaracterizations.

166. Paragraph 166 purports to selectively quote and characterize ProPetro's Form 8-K filed October 9, 2019, which speaks for itself, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced filing, Smith denies such mischaracterizations.

167. Paragraph 167 purports to selectively quote and characterize ProPetro's Form 8-K filed October 9, 2019, which speaks for itself, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced filings, Smith denies such mischaracterizations.

168. Paragraph 168 purports to selectively quote and characterize ProPetro's

Form 8-K filed October 9, 2019, which speaks for itself, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced filing, Smith denies such mischaracterizations.

169. Paragraph 169 purports to selectively quote and characterize ProPetro's Form 8-K and the attached separation agreement with Denholm filed October 9, 2019, which speak for themselves, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced documents, Smith denies such mischaracterizations. Smith denies any remaining allegations in Paragraph 169.

170. Paragraph 170 purports to selectively quote and characterize ProPetro's Form 8-K filed October 9, 2019, which speaks for itself, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced filing, Smith denies such mischaracterizations.

171. Paragraph 171 purports to selectively quote and characterize ProPetro's Form 8-K filed October 9, 2019, which speaks for itself, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced filing, Smith denies such mischaracterizations.

172. Smith lacks knowledge or information sufficient to form a belief as to the truth or falsity of the information contained in Paragraph 172, and therefore denies it, except to the extent that it purports to selectively quote and characterize a Barclay's report dated October 10, 2019, which speaks for itself, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the

referenced report, Smith denies such mischaracterizations. Smith denies any remaining allegations in Paragraph 172.

173. Paragraph 173 purports to selectively quote and characterize a Credit Suisse report dated October 9, 2019, which speaks for itself, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced report, Smith denies such mischaracterizations.

### d. October 18, 2019—the Market Learns of SEC Investigation

174. Paragraph 174 purports to selectively quote and characterize a Reuters report dated October 18, 2019, which speaks for itself, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced report, Smith denies such mischaracterizations.

175. Smith denies the allegations in Paragraph 175, except to the extent that they purport to characterize historical stock price data, which speaks for itself, and to which no response is required. Smith respectfully refers the Court to the referenced data and denies any mischaracterizations thereof.

176. Smith lacks knowledge or information sufficient to form a belief as to the truth or falsity of the information contained in Paragraph 176, and for that reason, denies them, except to the extent that it purports to selectively quote and characterize an Alta Corp. Capital report dated October 20, 2019, which speaks for itself, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced report, Smith denies such mischaracterizations.

177. Paragraph 177 purports to selectively quote a Stephens report dated

October 21, 2019, which speaks for itself, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced report, Smith denies such mischaracterizations.

178. Paragraph 178 purports to selectively quote a JPMorgan report dated October 28, 2019, and an Alta Corp. Capital report dated October 31, 2019, which speak for themselves, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced reports, Smith denies such mischaracterizations.

### e. October 31, 2019—Additional Details Regarding Denholm's Related Party Transactions Emerge

179. Paragraph 179 purports to characterize a Culper Research report dated October 31, 2019, which speaks for itself, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced report, Smith denies such mischaracterizations. Smith denies any remaining allegations in Paragraph 179.

180. Paragraph 180 purports to characterize a Culper Research report dated October 31, 2019, which speaks for itself, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced report, Smith denies such mischaracterizations. Smith denies any remaining allegations in Paragraph 180.

181. Paragraph 181 purports to characterize a Culper Research report dated October 31, 2019, which speaks for itself, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced report, Smith

denies such mischaracterizations. Smith denies any remaining allegations in Paragraph 181.

182. Paragraph 182 contains allegations related to claims that have been dismissed and stricken from the Complaint pursuant to the Court's March 18, 2022 Order, and no response is required. To the extent that a response is required, Paragraph 182 purports to characterize a Culper Research report dated October 31, 2019, which speaks for itself, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced report, Smith denies such mischaracterizations. Smith denies any remaining allegations in Paragraph 182.

183. Paragraph 183 purports to characterize a Culper Research report dated October 31, 2019, which speaks for itself, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced report, Smith denies such mischaracterizations. Smith denies any remaining allegations in Paragraph 183.

184. Smith denies the allegations in Paragraph 184, except to the extent that they purport to characterize historical stock price data, which speaks for itself, and to which no response is required. Smith respectfully refers the Court to the referenced data and denies any mischaracterizations thereof.

185. Paragraph 185 purports to selectively quote and characterize a Seeking Alpha report dated October 31, 2019, which speaks for itself, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced report, Smith denies such mischaracterizations.

186. Paragraph 186 purports to selectively quote and characterize a Reuters report dated October 31, 2019, and a Bloomberg report, which speak for themselves, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced reports, Smith denies such mischaracterizations.

187. Paragraph 187 purports to selectively quote and characterize ProPetro's Form 8-K filed November 13, 2019, which speaks for itself, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced filing, Smith denies such mischaracterizations. Smith denies any remaining allegations in Paragraph 187.

188. Paragraph 188 purports to selectively quote and characterize ProPetro's Form 8-K filed November 13, 2019, which speaks for itself, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced filing, Smith denies such mischaracterizations.

189. Paragraph 189 purports to selectively quote and characterize ProPetro's Form 8-K filed November 13, 2019, which speaks for itself, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced filing, Smith denies such mischaracterizations.

190. Paragraph 190 purports to selectively quote and characterize ProPetro's Form 8-K filed November 13, 2019, which speaks for itself, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced filing, Smith denies such mischaracterizations.

191. Paragraph 191 purports to selectively quote and characterize ProPetro's

Form 8-K filed November 13, 2019, which speaks for itself, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced filing, Smith denies such mischaracterizations. Smith denies any remaining allegations in Paragraph 191.

192. Paragraph 192 purports to characterize ProPetro's Form 8-K filed November 13, 2019, which speaks for itself, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced filing, Smith denies such mischaracterizations. Smith denies any remaining allegations in Paragraph 192.

193. Paragraph 193 purports to selectively quote and characterize an Alta Capital Corp. report dated November 13, 2019, which speaks for itself, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced report, Smith denies such mischaracterizations.

**f. March 16, 2020—ProPetro Discloses Redman's Resignation, Smith Steps Down, and ProPetro Discloses Additional Violations**

194. Smith denies the first sentence of Paragraph 194. The second sentence of Paragraph 194 purports to characterize ProPetro's Form 8-K filed March 16, 2020, which speaks for itself, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced filing, Smith denies such mischaracterizations. Smith denies any remaining allegations in Paragraph 194.

195. Paragraph 195 purports to characterize ProPetro's Form 8-K filed March 16, 2020, which speaks for itself, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced filing, Smith denies

such mischaracterizations. Smith denies any remaining allegations in Paragraph 195.

196. Paragraph 196 purports to characterize ProPetro's Form 8-K filed March 16, 2020, which speaks for itself, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced filing, Smith denies such mischaracterizations. Smith denies any remaining allegations in Paragraph 196.

197. Paragraph 197 characterizes ProPetro's Form 8-K filed March 16, 2020, which speaks for itself, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced filing, Smith denies such mischaracterizations. Smith denies any remaining allegations in Paragraph 197.

198. Paragraph 198 characterizes ProPetro's Form 8-K filed March 16, 2020, which speaks for itself, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced filing, Smith denies such mischaracterizations. Smith denies any remaining allegations in Paragraph 198.

199. Smith denies the allegations in Paragraph 199, except to the extent that they purport to characterize historical stock price data, which speaks for itself, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced data, Smith denies such mischaracterizations.

200. Paragraph 200 purports to selectively quote and characterize a Reuters report dated March 16, 2020, which speaks for itself, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced

report, Smith denies such mischaracterizations.

201. Paragraph 201 purports to selectively quote and characterize a Reuters report dated March 16, 2020, which speaks for itself, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced report, Smith denies such mischaracterizations.

202. Smith lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence regarding the views of "analysts," and therefore denies them. The remainder of Paragraph 202 purports to selectively quote and characterize a Stephens report dated March 16, 2020, which speaks for itself, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced report, Smith denies such mischaracterizations.

203. Smith denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence regarding the views and activities of "market commentary" or "news outlets," and therefore denies them. The remainder of Paragraph 203 purports to selectively quote and characterize a Reuters report dated March 19, 2020, which speaks for itself, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced report, Smith denies such mischaracterizations.

**12. After the Class Period, ProPetro Confirms the Existence of Severe Internal Control Deficiencies**

204. Paragraph 204 purports to characterize ProPetro's Form 10-K filed June 22, 2020, which speaks for itself, and to which no response is required. To the extent

that Plaintiffs' summary mischaracterizes the referenced filing, Smith denies such mischaracterizations. Smith denies any remaining allegations in Paragraph 204.

205. Paragraph 205 purports to selectively quote and characterize ProPetro's Form 10-K filed June 22, 2020, which speaks for itself, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced filing, Smith denies such mischaracterizations. Smith denies any remaining allegations in Paragraph 205.

206. Paragraph 206 purports to selectively quote and characterize ProPetro's Form 10-K filed June 22, 2020, which speaks for itself, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced filing, Smith denies such mischaracterizations.

207. Paragraph 207 purports to selectively quote and characterize ProPetro's Form 10-K filed June 22, 2020, which speaks for itself, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced filing, Smith denies such mischaracterizations. Smith denies any remaining allegations in Paragraph 207.

208. Paragraph 208 purports to selectively quote and characterize ProPetro's Form 10-K filed June 22, 2020, which speaks for itself, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced filing, Smith denies such mischaracterizations. Smith denies any remaining allegations in Paragraph 208.

209. Paragraph 209 purports to selectively quote and characterize ProPetro's

Form 10-K filed June 22, 2020, which speaks for itself, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced filing, Smith denies such mischaracterizations.

210. Paragraph 210 purports to selectively quote and characterize ProPetro's Form 10-K filed June 22, 2020, which speaks for itself, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced filing, Smith denies such mischaracterizations.

211. Paragraph 211 purports to selectively quote and characterize ProPetro's Form 10-K filed June 22, 2020, which speaks for itself, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced filing, Smith denies such mischaracterizations. Smith denies any remaining allegations in Paragraph 211.

212. Paragraph 212 purports to selectively quote and characterize ProPetro's Form 10-K filed June 22, 2020, which speaks for itself, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced filing, Smith denies such mischaracterizations. Smith denies any remaining allegations in Paragraph 212.

213. Paragraph 213 purports to selectively quote and characterize ProPetro's Form 10-K filed June 22, 2020, which speaks for itself, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced filing, Smith denies such mischaracterizations.

214. Paragraph 214 purports to selectively quote and characterize ProPetro's

Form 10-K filed June 22, 2020, which speaks for itself, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced filing, Smith denies such mischaracterizations. Smith denies any remaining allegations in Paragraph 214.

215. Paragraph 215 purports to selectively quote and characterize ProPetro's Form 10-K filed June 22, 2020, which speaks for itself, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced filing, Smith denies such mischaracterizations.

216. Paragraph 216 purports to selectively quote and characterize ProPetro's Form 10-K filed June 22, 2020, which speaks for itself, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced filing, Smith denies such mischaracterizations.

217. Paragraph 217 purports to selectively quote and characterize ProPetro's Form 10-K filed June 22, 2020, which speaks for itself, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced filing, Smith denies such mischaracterizations. Smith denies any remaining allegations in Paragraph 217.

218. Smith lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 218, and therefore denies them.

219. Smith admits the allegations in Paragraph 219 except with regard to the last clause, with regard to which Smith lacks knowledge or information sufficient

to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies them.

## B. Additional Allegations of Scienter

220. Paragraph 220 contains argument and characterizations of Plaintiffs' claims to which no response is required. To the extent that a response is required, Smith denies the allegations in Paragraph 220.

221. Paragraph 221 contains argument and characterizations of Plaintiffs claims to which no response is required. To the extent that a response is required, Smith denies the allegations in Paragraph 221, except to the extent that they selectively quote and characterize ProPetro's Form 10-K filed June 22, 2020, which speaks for itself, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced filing, Smith denies such mischaracterizations.

222. Paragraph 222 contains argument and characterizations of Plaintiffs' claims to which no response is required. To the extent that a response is required, Smith lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 222, and therefore denies them. To the extent that the allegations in Paragraph 222 selectively quote and characterize ProPetro's Form 8-K filed March 16, 2020, this document speaks for itself, and no response is required. To the extent Plaintiffs' summary mischaracterizes the referenced filing, Smith denies such mischaracterizations.

223. Paragraph 223 contains argument and characterizations of Plaintiffs' claims to which no response is required. To the extent a response is required, Smith

denies the allegations in Paragraph 223, except to the extent that the second sentence of Paragraph 223 purports to characterize ProPetro's Forms 8-K filed August 8, 2019, and November 13, 2019, and Form 10-K filed June 22, 2020, which speaks for themselves, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced filings, Smith denies such mischaracterizations.

224. Paragraph 224 contains argument and characterizations of Plaintiffs' claims to which no response is required. To the extent a response is required, Smith denies the allegations in Paragraph 224, except to the extent that the last four sentences of Paragraph 224 purport to characterize ProPetro's publicly filed certifications, and quarterly and annual filings, which speak for themselves, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes ProPetro's filings, Smith denies such mischaracterizations.

225. Paragraph 225 contains argument and characterizations of Plaintiffs' claims to which no response is required. To the extent a response is required, Smith lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Redman's state of mind contained in the first and second sentences of Paragraph 225, and therefore denies them. Smith denies the remaining allegations in Paragraph 225.

226. Paragraph 225 contains argument and characterizations of Plaintiffs' claims to which no response is required. To the extent a response is required, Smith denies the allegations in Paragraph 226.

227. Paragraph 227 contains argument and characterizations of Plaintiffs' claims to which no response is required. To the extent a response is required, Smith admits that while Redman remained CEO and Smith moved from Chief Financial Officer to Chief Administrative Officer, ProPetro assigned responsibility for certifying its financial statements to other ProPetro executives. Smith denies the remaining allegations in the first and second sentences of Paragraph 227. The third sentence purports to characterize the representations of Redman and Smith in ProPetro's public filings, which speak for themselves, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes ProPetro's filings, Smith denies such mischaracterizations. Smith denies the allegations in the fourth sentence of Paragraph 227, and any remaining allegations in Paragraph 227.

228. Paragraph 228 contains argument and characterizations of Plaintiffs' claims to which no response is required. To the extent a response is required, the first six sentences of Paragraph 228 purport to characterize ProPetro's Forms 8-K filed on October 9, 2019 and March 16, 2020, which speak for themselves, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes ProPetro's filings, Smith denies such mischaracterizations. Smith denies the allegations in the seventh sentence of Paragraph 228, and any remaining allegations in Paragraph 228.

229. Paragraph 229 contains argument and characterizations of Plaintiffs' claims to which no response is required. To the extent a response is required, the first five sentences of Paragraph 229 purport to characterize ProPetro's Forms 8-K filed

on October 9, 2019 and March 16, 2020, which speak for themselves, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes ProPetro's filings, Smith denies such mischaracterizations. Smith denies the sixth and seventh sentence of Paragraph 229, and any remaining allegations in Paragraph 229.

230. Paragraph 230 contains argument and characterizations of Plaintiffs' claims to which no response is required. To the extent a response is required, the first six sentences of Paragraph 230 purport to characterize ProPetro's Forms 8-K filed on July 12, 2019 and August 1, 2019, and Form 10-K filed on June 22, 2020, which speak for themselves, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes ProPetro's filings, Smith denies such mischaracterizations. Smith denies the seventh sentence of Paragraph 230.

231. Paragraph 231 contains argument and characterizations of Plaintiffs' claims to which no response is required. To the extent a response is required, the first, third, fourth, fifth, and sixth sentences of Paragraph 231 purport to characterize ProPetro's Forms 8-K filed on August 30, 2019, and October 9, 2019, which speak for themselves, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes ProPetro's filings, Smith denies such mischaracterizations. Smith denies the allegations in the second sentence of Paragraph 231.

232. Paragraph 232 was stricken from the Complaint pursuant to the Court's March 18, 2022 Order, and no response is required.

233. Paragraph 233 contains argument and characterizations of Plaintiffs' claims to which no response is required. To the extent a response is required, the first, third, fourth, fifth, and sixth sentences of Paragraph 233 purport to characterize ProPetro's Forms 8-K filed on August 8, 2019 and October 9, 2019, Form 10-K filed on June 22, 2020, and Form 10-Q filed on July 2, 2020, which speak for themselves, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes ProPetro's filings, Smith denies such mischaracterizations. Smith denies the allegations in the second and seventh sentence of Paragraph 233.

234. Paragraph 234 contains argument and characterizations of Plaintiffs' claims to which no response is required. To the extent that a response is required, the first, second, third, and fourth sentences of Paragraph 234 characterize ProPetro's Forms 4 filed between March 17, 2017 and March 13, 2020, which speak for themselves, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes ProPetro's filings, Smith denies such mischaracterizations. Smith denies any remaining allegations in Paragraph 234.

## C. Defendants' Materially False and Misleading Statements and Omissions

235. Smith denies the allegations in Paragraph 235.

### 1. Materially False and Misleading Statements and Omissions Contained in Offering Documents

#### a. Statements and Omissions Concerning Redman's Improper, Undisclosed Share Pledges

236. Paragraph 236 has been stricken from the Complaint pursuant to the Court's March 18, 2022 Order, and no response is required.

237. Paragraph 237 has been stricken from the Complaint pursuant to the Court's March 18, 2022 Order, and no response is required.

238. Paragraph 238 has been stricken from the Complaint pursuant to the Court's March 18, 2022 Order, and no response is required.

239. Paragraph 239 has been stricken from the Complaint pursuant to the Court's March 18, 2022 Order, and no response is required.

240. Paragraph 240 has been stricken from the Complaint pursuant to the Court's March 18, 2022 Order, and no response is required.

241. Paragraph 241 has been stricken from the Complaint pursuant to the Court's March 18, 2022 Order, and no response is required.

242. Paragraph 242 has been stricken from the Complaint pursuant to the Court's March 18, 2022 Order, and no response is required.

243. Paragraph 243 has been stricken from the Complaint pursuant to the Court's March 18, 2022 Order, and no response is required.

### b. Statements Concerning ProPetro's Internal Controls and Disclosure Controls and Procedures

244. Smith denies the allegations in the first sentence of Paragraph 244. The remaining sentences of Paragraph 244 purport to characterize the IPO Offering Documents, which speak for themselves, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes ProPetro's filings, Smith denies such mischaracterizations.

245. Smith denies the allegations in Paragraph 245, except to the extent that they purport to characterize ProPetro's Form 8-K filed August 8, 2019, and Form 10-

K filed June 22, 2020, which speak for themselves, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes ProPetro's filings, Smith denies such mischaracterizations.

246. Paragraph 246 purports to characterize the Secondary Offering Documents, which speak for themselves, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes ProPetro's filings, Smith denies such mischaracterizations.

247. Smith denies the allegations in Paragraph 248 except with respect to the last sentence, which has been stricken from the Complaint pursuant to the Court's March 18, 2022 Order, and to which no response is required.

248. Smith denies the allegations in Paragraph 248.

249. The first two sentences of Paragraph 249 purports to characterize the 2018 Secondary Offering Documents and other filings that were incorporated by reference, which speak for themselves, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes ProPetro's filings, Smith denies such mischaracterizations. Smith denies the remaining allegations in Paragraph 249.

### c. Statements Concerning Related-Party Transactions

250. Paragraph 250 has been stricken from the Complaint pursuant to the Court's March 18, 2022 Order and no response is required.

251. Paragraph 251 has been stricken from the Complaint pursuant to the Court's March 18, 2022 Order and no response is required.

252. Paragraph 252 has been stricken from the Complaint pursuant to the Court's March 18, 2022 Order and no response is required.

253. Paragraph 253 has been stricken from the Complaint pursuant to the Court's March 18, 2022 Order and no response is required.

254. Paragraph 254 has been stricken from the Complaint pursuant to the Court's March 18, 2022 Order and no response is required.

255. Paragraph 255 has been stricken from the Complaint pursuant to the Court's March 18, 2022 Order and no response is required.

### 2. Materially False and Misleading Statements and Omissions Contained in ProPetro's Forms 10-Q

#### a. Statements Concerning Internal and Disclosure Controls

256. Paragraph 256 purports to selectively quote or characterize ProPetro's Form 10-Q filed May 12, 2017, which speaks for itself, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced filing, Smith denies such mischaracterizations.

257. Paragraph 257 purports to selectively quote or characterize ProPetro's Form 10-Q filed May 12, 2017, which speaks for itself, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced filing, Smith denies such mischaracterizations.

258. Paragraph 257 purports to selectively quote or characterize ProPetro's Form 10-Q filed May 12, 2017, which speaks for itself, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced filing, Smith denies such mischaracterizations.

259. The third, fifth, seventh, and ninth sentences of Paragraph 259 purport to selectively quote or characterize ProPetro's Form 8-K filed August, 8, 2019, and

Form 10-K filed June 22, 2020, which speak for themselves, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes ProPetro's filings, Smith denies such mischaracterizations. Smith denies the remaining allegations in Paragraph 259.

260. The allegations in Paragraph 260 purport to characterize ProPetro's Forms 10-Q filed between August 10, 2017 and May 9, 2018, that pre-date the IPO and secondary offerings, which speak for themselves, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes ProPetro's filings, Smith denies such mischaracterizations.

261. Smith denies the allegations in Paragraph 261.

262. Smith denies the allegations Paragraph 262 except to the extent that they purport to selectively quote and characterize ProPetro's Form 10-Q filed May 8, 2019, Form 8-K filed November 13, 2019, and Form 10-K filed June 22, 2020, which speak for themselves, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes ProPetro's filings, Smith denies such mischaracterizations.

263. The first sentence of Paragraph 263 purports to selectively quote and characterize ProPetro's Forms 10-Q filed May 12, 2017, August 11, 2017, and November 2, 2017, which speak for themselves, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes ProPetro's filings, Smith denies such mischaracterizations. Smith denies the allegations in the second sentence of Paragraph 263.

Smith Answer

264. The first sentence of Paragraph 264 purports to characterize ProPetro's Form 10-Q filed May 8, 2019, which speaks for itself, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced filing, Smith denies such mischaracterizations. Smith denies the remaining allegations in Paragraph 264.

### b. Statements Concerning Related-Party Transactions

265. Paragraph 265 has been stricken from the Complaint pursuant to the Court's March 18, 2022 Order and no response is required.

266. Paragraph 266 has been stricken from the Complaint pursuant to the Court's March 18, 2022 Order and no response is required.

267. Paragraph 267 has been stricken from the Complaint pursuant to the Court's March 18, 2022 Order and no response is required.

### 3. Materially False and Misleading Statements and Omissions Contained in ProPetro's Forms 10-K

### a. Statements Concerning Internal Controls and Disclosure Controls

268. Paragraph 268 purports to selectively quote and characterize ProPetro's Forms 10-K filed March 27, 2018 and March 1, 2019, which speak for themselves, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes ProPetro's filings, Smith denies such mischaracterizations.

269. Paragraph 269 purports to selectively quote and characterize ProPetro's Forms 10-K filed March 27, 2018 and March 1, 2019, which speak for themselves, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes ProPetro's filings, Smith denies such mischaracterizations.

270. Paragraph 270 purports to selectively quote and characterize ProPetro's Forms 10-K filed March 27, 2018 and March 1, 2019, which speak for themselves, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes ProPetro's filings, Smith denies such mischaracterizations.

271. Paragraph 271 purports to selectively quote and characterize ProPetro's Forms 10-K filed March 27, 2018 and March 1, 2019, which speak for themselves, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes ProPetro's filings, Smith denies such mischaracterizations.

272. Paragraph 272 purports to selectively quote and characterize ProPetro's Forms 10-K filed March 27, 2018 and March 1, 2019, which speak for themselves, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes ProPetro's filings, Smith denies such mischaracterizations. Smith denies the remaining allegations in Paragraph 272.

273. Paragraph 273 purports to selectively quote and characterize ProPetro's Forms 10-K filed March 27, 2018 and March 1, 2019, which speak for themselves, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes ProPetro's filings, Smith denies such mischaracterizations.

274. Paragraph 274 contains argument and legal conclusions to which no response is required. To the extent that a response is required, Smith denies the allegations in Paragraph 274.

275. The second sentence of Paragraph 275 purports to selectively quote and characterize ProPetro's Form 8-K filed November 13, 2019, which speaks for itself,

and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced filing, Smith denies such mischaracterizations. Smith denies the remaining allegations in Paragraph 275.

276. Paragraph 276 purports to characterize ProPetro's Form 10-K filed March 1, 2019, which speaks for itself, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced filing, Smith denies such mischaracterizations.

277. Paragraph 277 contains argument and legal conclusions to which no response is required. To the extent that a response is required, Smith denies the allegations in Paragraph 277.

278. Paragraph 278 purports to characterize ProPetro's Form 10-K filed March 1, 2019, which speaks for itself, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced filing, Smith denies such mischaracterizations.

279. Paragraph 279 contains argument and legal conclusions to which no response is required. To the extent that a response is required, Smith denies the allegations in Paragraph 279.

### b. Statements Concerning Related-Party Transactions

280. Paragraph 280 has been stricken from the Complaint pursuant to the Court's March 18, 2022 Order and no response is required.

281. Paragraph 281 has been stricken from the Complaint pursuant to the Court's March 18, 2022 Order and no response is required.

282. Paragraph 282 has been stricken from the Complaint pursuant to the

Court's March 18, 2022 Order and no response is required.

283. Paragraph 283 has been stricken from the Complaint pursuant to the Court's March 18, 2022 Order and no response is required.

**4. Materially False and Misleading Statements and Omissions Contained in ProPetro's August 16, 2017 Form 8-K**

284. Paragraph 284 has been stricken from the Complaint pursuant to the Court's March 18, 2022 Order and no response is required.

285. Paragraph 285 has been stricken from the Complaint pursuant to the Court's March 18, 2022 Order and no response is required.

**5. Materially False and Misleading Statements and Omissions Contained in ProPetro's Proxy Statements**

286. Paragraph 286 has been stricken from the Complaint pursuant to the Court's March 18, 2022 Order and no response is required.

287. Paragraph 287 has been stricken from the Complaint pursuant to the Court's March 18, 2022 Order and no response is required.

288. Paragraph 288 contains allegations related to claims that have been dismissed to which no response is required. To the extent that a response is required, Paragraph 288 purports to characterize ProPetro's Proxy filed April 16, 2018, which speaks for itself, and to which no response is required. Smith respectfully refers the Court to the referenced filing and denies any allegations inconsistent therewith.

289. Paragraph 288 purports to selectively quote and characterize ProPetro's Proxy filed April 16, 2018, which speaks for itself, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced

filing, Smith denies such mischaracterizations.

290. Smith denies the allegations in Paragraph 290, except as to the second sentence of Paragraph 290 which has been stricken from the Complaint pursuant to the Court's March 18, 2022 Order, and to which no response is required.

291. Paragraph 291 has been stricken from the Complaint pursuant to the Court's March 18, 2022 Order and no response is required.

292. Paragraph 292 has been stricken from the Complaint pursuant to the Court's March 18, 2022 Order and no response is required.

293. Paragraph 293 has been stricken from the Complaint pursuant to the Court's March 18, 2022 Order and no response is required.

294. Paragraph 294 has been stricken from the Complaint pursuant to the Court's March 18, 2022 Order and no response is required.

295. Paragraph 295 has been stricken from the Complaint pursuant to the Court's March 18, 2022 Order and no response is required.

### 6. Materially False and Misleading Statements and Omissions Contained in ProPetro's Code of Ethics and Conduct

296. Smith denies the allegations in Paragraph 296, except admits that ProPetro maintained a "Code of Ethics and Conduct" on its website and referred to the Code in some SEC filings.

297. The second sentence of Paragraph 297 purports to characterize ProPetro's Code of Conduct & Ethics at the time this action was filed, which speaks for itself, and to which no response is required. Smith respectfully refers the Court to the referenced code and denies any allegations inconsistent therewith. Smith denies

the remaining allegation in Paragraph 297.

298. Paragraph 298 contains allegations related to claims that have been dismissed to which no response is required. To the extent that a response is required, the first sentence of Paragraph 298 purports to characterize ProPetro's Proxies filed April 16, 2018 and April 23, 2019, which speak for themselves, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced filings, Smith denies such mischaracterizations. Smith denies the remaining allegations in Paragraph 298.

299. Paragraph 299 contains allegations related to claims that have been dismissed to which no response is required. To the extent that a response is required, the first sentence of Paragraph 299 purports to characterize ProPetro's Forms 10-K filed March 27, 2018 and March 1, 2019, and ProPetro's Proxies filed April 16, 2018, and April 23, 2019, which speak for themselves, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced filings, Smith denies such mischaracterizations. Smith denies the remaining allegations in Paragraph 299.

300. Paragraph 300 purports to characterize ProPetro's 2017 Secondary Offering Documents which speak for themselves, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced filings, Smith denies such mischaracterizations. Smith denies the remaining allegations in Paragraph 300.

301. Paragraph 301 contains allegations related to claims that have been

dismissed to which no response is required. To the extent that a response is required, the second and third sentence of Paragraph 301 purport to selectively quote and characterize ProPetro's Form 10-K filed June 22, 2020, which speaks for itself, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced filing, Smith denies such mischaracterizations. Smith denies the remaining allegations in Paragraph 301.

### a. Statements Concerning Related-Party Transactions

302.    Paragraph 302 purports to selectively quote and characterize ProPetro's Code of Conduct & Ethics at the time this action was filed, which speaks for itself, and to which no response is required. Smith respectfully refers the Court to the referenced code and denies any allegations inconsistent therewith.

303.    Paragraph 303 purports to selectively quote and characterize ProPetro's Code of Conduct & Ethics at the time this action was filed, which speaks for itself, and to which no response is required. Smith respectfully refers the Court to the referenced code and denies any allegations inconsistent therewith.

304.    The first, second, third, and seventh sentences of Paragraph 304 concern matters stricken from the Complaint pursuant to the Court's March 18, 2022 Order and no response is required. Smith denies the remaining allegations in Paragraph 304 except to the extent they purport to characterize ProPetro's Code of Conduct & Ethics at the time this action was filed, and Form 10-K filed June 22, 2020, which speak for themselves, and to which no response is required. Smith respectfully refers the Court to the referenced code and filings and denies any allegations inconsistent therewith.

### b. Statements Concerning Internal and Disclosure Controls

305. Smith denies the allegation in the first sentence of Paragraph 305. The second sentence of Paragraph 305 purports to selectively quote and characterize ProPetro's Code of Conduct & Ethics at the time this action was filed, which speaks for itself, and to which no response is required. Smith respectfully refers the Court to the referenced code and denies any allegations inconsistent therewith.

306. Paragraph 306 purports to selectively quote and characterize ProPetro's Code of Conduct & Ethics at the time this action was filed, which speaks for itself, and to which no response is required. Smith respectfully refers the Court to the referenced code and denies any allegations inconsistent therewith.

307. Paragraph 307 purports to selectively quote and characterize ProPetro's Code of Conduct & Ethics at the time this action was filed, which speaks for itself, and to which no response is required. Smith respectfully refers the Court to the referenced code and denies any allegations inconsistent therewith.

308. Smith denies the allegations in Paragraph 308.

### c. Defendant Redman and ProPetro Omitted to Disclose That Redman's Undisclosed Pledges Violated ProPetro's Code and Insider Trading Policy

309. The first sentence of Paragraph 309 purports to selectively quote and characterize ProPetro's Form 8-K filed March 16, 2020, which speaks for itself, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced filing, Smith denies such mischaracterizations. The second sentence of Paragraph 309 concerns matters stricken from the Complaint

pursuant to the Court's March 18, 2022 Order and no response is required.

**D.    Loss Causation**

310.    Smith denies the allegations in Paragraph 310.

311.    Smith denies the allegations in Paragraph 311.

312.    Paragraph 312 purports to characterize ProPetro's Form 8-K filed August 8, 2019, and historical stock market price data, which speaks for themselves, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced filing and data, Smith denies such mischaracterizations. Smith denies any remaining allegations in Paragraph 312.

313.    Smith denies the allegations in Paragraph 313.

314.    Paragraph 314 purports to characterize ProPetro's Form 8-K filed August 30, 2019, and historical stock market price data, which speaks for itself, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced filing and data, Smith denies such mischaracterizations. Smith denies any remaining allegations in Paragraph 314.

315.    Smith denies the allegations in Paragraph 315.

316.    Paragraph 316 purports to characterize a Reuters report dated October 18, 2019, and historical stock market price data, which speaks for itself, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced filing and data, Smith denies such mischaracterizations. Smith denies any remaining allegations in Paragraph 316.

317.    Smith denies the allegations in Paragraph 317.

318.    Paragraph 318 purports to characterize a Culper Research report dated

October 31, 2019, and historical stock market price data, which speaks for itself, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced report and data, Smith denies such mischaracterizations. Smith denies any remaining allegations in Paragraph 318.

319. Smith denies the allegations in Paragraph 319.

320. Paragraph 320 purports to characterize ProPetro's Form 8-K filed March 16, 2020, and historical stock market price data, which speaks for themselves, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced filing and data, Smith denies such mischaracterizations. Smith denies any remaining allegations in Paragraph 320.

### E.    The Presumption of Reliance

321. Paragraph 321 contains legal conclusions to which no response is required. To the extent that a response is required, Smith denies the allegations in Paragraph 321.

322.  Paragraph 322 contains legal conclusions to which no response is required. To the extent that a response is required, Smith denies the allegations in Paragraph 322.

323. Paragraph 323 contains legal conclusions to which no response is required. To the extent that a response is required, Smith denies the allegations in Paragraph 323.

**F.     Causes of Action Brought Pursuant to the Exchange Act**

## COUNT I
### VIOLATIONS OF SECTION 10(b) OF THE EXCHANGE ACT AND RULE 10b-5
### (Against Defendant ProPetro and the Individual Defendants)

324.    Smith adopts and re-alleges its responses to the allegations as set forth above with the same force and effect as if fully set forth herein.

325.    Smith denies the allegations in Paragraph 325.

326.    Paragraph 326 contains legal conclusions to which no response is required. To the extent that a response is required, Smith denies the allegations in Paragraph 326.

327.    Smith denies the allegations in Paragraph 327.

328.    Smith denies the allegations in Paragraph 328.

329.    Smith denies the allegations in Paragraph 329.

330.    Smith denies the allegations in Paragraph 330.

331.    Smith denies the allegations in Paragraph 331.

332.    Smith denies the allegations in Paragraph 332.

333.    Smith denies the allegations in Paragraph 333.

334.    Smith denies the allegations in Paragraph 334.

## COUNT II
### VIOLATIONS OF SECTION 20(a) OF THE EXCHANGE ACT
### (Against the Individual Defendants)

335.    Smith adopts and re-alleges its responses to the allegations as set forth above with the same force and effect as if fully set forth herein.

336.    Smith denies the allegations in Paragraph 336.

337. Smith denies the allegations in Paragraph 337.

338. Smith denies the allegations in Paragraph 338.

339. Smith denies the allegations in Paragraph 339.

340. Smith denies the allegations in Paragraph 340.

## V. **SECURITIES ACT CLAIMS**

341. Paragraph 341 characterizes the Complaint and states conclusions of law to which no response is required. To the extent that a response is required, Smith denies the allegations in Paragraph 341.

342. Paragraph 342 contains legal conclusions and purports to characterize the contents of ProPetro's public filings, to which no response is required. To the extent that Plaintiffs mischaracterize such filings, Smith denies such mischaracterizations.

343. Smith denies the allegations in Paragraph 343.

344. Smith lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 344, and therefore denies them.

### A. **Securities Act Defendants**

345. Paragraph 345 contains legal conclusions to which no response is required. To the extent that a response is required, Smith denies the allegations in Paragraph 345.

346. Smith admits the allegations in Paragraph 346.

347. Smith admits the allegations in Paragraph 347.

348. Paragraph 348 characterizes the Complaint, to which no response is required. To the extent that a response is required, Smith admits the allegations in

Paragraph 348.

**B. The IPO Offering Documents Contained Materially Untrue Statements and Omitted to Disclose Material Facts**

349. The first sentence of Paragraph 349 contains argument and legal conclusions, to which no response is required. To the extent that a response is required, Smith denies the allegations in the first sentence. The remainder of Paragraph 349 purports to characterize ProPetro's IPO Offering Documents, which speak for themselves, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes ProPetro's filings, Smith denies such mischaracterizations. Smith denies any remaining allegations in Paragraph 349.

350. Paragraph 350 purports to characterize ProPetro's Form 8-K filed August 8, 2019, which speaks for itself, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced filing, Smith denies such mischaracterizations. Smith denies any remaining allegations in Paragraph 350.

351. Paragraph 351 purports to selectively quote and characterize ProPetro's Form 8-K filed August 8, 2019, which speaks for itself, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced filing, Smith denies such mischaracterizations. Smith denies any remaining allegations in Paragraph 351.

352. Paragraph 352 purports to selectively quote and characterize ProPetro's Form 8-K filed October 9, 2019, which speaks for itself, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced

filing, Smith denies such mischaracterizations

353. Paragraph 353 contains allegations related to claims that have been dismissed to which no response is required. To the extent that a response is required, Paragraph 352 purports to selectively quote and characterize ProPetro's Form 8-K filed November 13, 2019, which speaks for itself, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced filing, Smith denies such mischaracterizations

354. The first sentence of Paragraph 354 purports to selectively quote and characterize ProPetro's Form 8-K filed November 13, 2019, which speaks for itself, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced filing, Smith denies such mischaracterizations. Smith denies the remaining allegations in Paragraph 354.

355. Paragraph 355 contains allegations related to claims that have been dismissed to which no response is required.

356. Paragraph 356 contains allegations related to claims that have been dismissed to which no response is required.

357. Paragraph 357 contains allegations related to claims that have been dismissed to which no response is required.

358. Paragraph 358 contains allegations related to claims that have been dismissed to which no response is required. To the extent that a response is required, Paragraph 358 purports to characterize ProPetro's Form 10-K filed June 22, 2020, which speaks for itself, and to which no response is required. To the extent that

Plaintiffs' summary mischaracterizes the referenced filing, Smith denies such mischaracterizations. Smith denies the remaining allegations in Paragraph 358.

359. Paragraph 359 purports to selectively quote and characterize ProPetro's Form 10-K filed June 22, 2020, which speaks for itself, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced filing, Smith denies such mischaracterizations. Smith denies any remaining allegations in Paragraph 359.

360. Paragraph 360 purports to selectively quote and characterize ProPetro's Form 10-K filed June 22, 2020, which speaks for itself, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced filing, Smith denies such mischaracterizations. Smith denies any remaining allegations in Paragraph 360.

361. Paragraph 361 purports to selectively quote and characterize ProPetro's Form 10-K filed June 22, 2020, which speaks for itself, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced filing, Smith denies such mischaracterizations.

362. Paragraph 362 purports to selectively quote and characterize ProPetro's Form 10-K filed June 22, 2020, which speaks for itself, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced filing, Smith denies such mischaracterizations

363. Paragraph 363 purports to selectively quote and characterize ProPetro's Form 10-K filed June 22, 2020, which speaks for itself, and to which no response is

required. To the extent that Plaintiffs' summary mischaracterizes the referenced filing, Smith denies such mischaracterizations.

364. Paragraph 364 purports to selectively quote and characterize ProPetro's Form 10-K filed June 22, 2020, which speaks for itself, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced filing, Smith denies such mischaracterizations.

365. Paragraph 365 purports to selectively quote and characterize ProPetro's Form 10-K filed June 22, 2020, which speaks for itself, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced filing, Smith denies such mischaracterizations.

366. Paragraph 366 purports to selectively quote and characterize ProPetro's Form 10-K filed June 22, 2020, which speaks for itself, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced filing, Smith denies such mischaracterizations.

367. Paragraph 367 contains allegations related to claims that have been dismissed to which no response is required. To the extent that a response is required, Paragraph 367 purports to characterize ProPetro's Form 10-K filed June 22, 2020, which speaks for itself, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced filing, Smith denies such mischaracterizations. Smith denies the remaining allegations in Paragraph 367.

368. Paragraph 368 contains allegations related to claims that have been dismissed to which no response is required. To the extent that a response is required,

Paragraph 368 purports to selectively quote and characterize ProPetro's Form 8-K filed August 8, 2019, and Form 10-K filed June 22, 2020, which speak for themselves, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced filing, Smith denies such mischaracterizations. Smith denies the remaining allegations in Paragraph 368.

369. Paragraph 369 purports to selectively quote and characterize ProPetro's Form 8-K filed August 8, 2019, and Form 10-K filed June 22, 2020, which speak for themselves, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced filing, Smith denies such mischaracterizations.

370. Paragraph 370 purports to selectively quote and characterize ProPetro's Form 10-K filed June 22, 2020, which speaks for itself, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced filing, Smith denies such mischaracterizations.

371. Paragraph 371 purports to selectively quote and characterize ProPetro's Form 10-K filed June 22, 2020, which speaks for itself, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced filing, Smith denies such mischaracterizations

372. Paragraph 372 purports to selectively quote and characterize ProPetro's Form 10-K filed June 22, 2020, which speaks for itself, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes the referenced filing, Smith denies such mischaracterizations. Smith denies any remaining

allegations in Paragraph 372.

### 1. Materially False and Misleading Statements and Omissions Concerning Redman's Improper, Undisclosed Share Pledges

373. Paragraph 373 has been stricken from the Complaint pursuant to the Court's March 18, 2022 Order and no response is required.

374. Paragraph 374 has been stricken from the Complaint pursuant to the Court's March 18, 2022 Order and no response is required.

375. Paragraph 375 has been stricken from the Complaint pursuant to the Court's March 18, 2022 Order and no response is required.

376. Paragraph 376 has been stricken from the Complaint pursuant to the Court's March 18, 2022 Order and no response is required.

377. Paragraph 377 has been stricken from the Complaint pursuant to the Court's March 18, 2022 Order and no response is required.

### 2. Materially False and Misleading Statements Concerning Related-Party Transactions

378. Paragraph 378 has been stricken from the Complaint pursuant to the Court's March 18, 2022 Order and no response is required.

379. Paragraph 379 has been stricken from the Complaint pursuant to the Court's March 18, 2022 Order and no response is required.

380. Paragraph 380 has been stricken from the Complaint pursuant to the Court's March 18, 2022 Order and no response is required.

381. Paragraph 381 has been stricken from the Complaint pursuant to the Court's March 18, 2022 Order and no response is required.

### 3. Materially False and Misleading Statements Concerning ProPetro's Internal Controls and Procedures

382. Smith denies the first sentence of Paragraph 382. The remainder of Paragraph 382 purports to selectively quote the IPO Offering, which speak for themselves, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes ProPetro's filings, Smith denies such mischaracterizations.

383. Paragraph 383 contains allegations related to claims that have been dismissed to which no response is required. To the extent that a response is required, the second, sixth and eighth sentences purport to characterize the IPO Offering Documents and Form 10-K filed June 22, 2020, which speak for themselves, and to which no response is required. To the extent that Plaintiffs' summary mischaracterizes ProPetro's filings, Smith denies such mischaracterizations. Smith denies the remaining allegations in Paragraph 383.

### COUNT III
### VIOLATIONS OF SECTION 11 OF THE SECURITIES ACT IN CONNECTION WITH THE IPO
### (Against the Securities Act Defendants)

384. Smith adopts and re-alleges its responses to the allegations as set forth above with the same force and effect as if fully set forth herein. Paragraph 384 contains conclusions of law and Plaintiffs' characterization of the Complaint to which no response is required. To the extent that a response is required, Smith denies the allegations in Paragraph 384.

385. Paragraph 385 states conclusions of law and Plaintiffs' characterization

of the Complaint to which no response is required. To the extent that a response is required, Smith denies the allegations in Paragraph 385.

386. Paragraph 386 states legal conclusions, to which no response is required. To the extent that a response is required, Smith denies the allegations in Paragraph 386, except admits that Smith and Redman signed the IPO Registration Statement.

387. Paragraph 387 states legal conclusions, to which no response is required. To the extent that a response is required, Smith denies the allegations in Paragraph 387.

388. Smith denies the allegations in Paragraph 388.

389. Smith denies the allegations in Paragraph 389.

390. Smith denies the allegations in Paragraph 390.

391. Smith denies the allegations in Paragraph 391.

392. Smith denies the allegations in Paragraph 392.

393. Smith denies the allegations in Paragraph 393.

394. Smith denies the allegations in Paragraph 394.

395. Smith denies the allegations in Paragraph 395.

**COUNT IV**
**VIOLATIONS OF SECTION 15 OF THE SECURITIES ACT IN CONNECTION WITH THE IPO**
**(Against Defendants Redman and Smith)**

396. Smith adopts and re-alleges its responses to the allegations as set forth above with the same force and effect as if fully set forth herein.

397. Paragraph 397 contains argument, legal conclusions, and Plaintiffs'

Smith Answer

characterizations of the Complaint, to which a response is not required. To the extent that a response is required, Smith denies the allegations in Paragraph 397.

398.     Paragraph 398 contains argument and legal conclusions, to which a response is not required. To the extent that a response is required, Smith denies the allegations in Paragraph 398.

399.     Paragraph 399 contains argument and legal conclusions, to which no response is required. To the extent that a response is required, Smith denies the allegations in Paragraph 399.

400.     Smith denies the allegations in Paragraph 400.

## VI.     CLASS ACTION ALLEGATIONS

401.     Paragraph 401 contains allegations that purport to characterize the nature of the action, and, therefore, no response is required. To the extent that a response is required, Smith denies the allegations in Paragraph 401, except admits that Plaintiffs purport to bring a putative class action lawsuit on behalf of the putative class described in Paragraph 401.

402.     Paragraph 402 contains conclusions of law and argument, to which no response is required. To the extent that a response is required, Smith denies the allegations in Paragraph 402, except admits that ProPetro common shares are traded on the New York Stock Exchange, and lacks knowledge or information sufficient form a belief as to the truth or falsity of allegations regarding number of shares of common stock ProPetro had outstanding, and therefore denies them.

403.     Paragraph 403 contains conclusions of law and argument, to which no

response is required. To the extent that a response is required, Smith denies the allegations in Paragraph 403.

404. Paragraph 404 contains conclusions of law and argument, to which no response is required. To the extent that a response is required, Smith denies the allegations in Paragraph 404.

405. Paragraph 405 contains conclusions of law and argument, to which no response is required. To the extent that a response is required, Smith denies the allegations in Paragraph 405.

406. Paragraph 406 contains conclusions of law and argument, to which no response is required. To the extent that a response is required, Smith denies the allegations in Paragraph 406.

407. Paragraph 407 contains conclusions of law and argument, to which no response is required. To the extent that a response is required, Smith denies the allegations in Paragraph 407.

## VII. THE INAPPLICABILITY OF THE STATUTORY SAFE HARBOR

408. Paragraph 408 contains conclusions of law and argument, to which no response is required. To the extent that a response is required, Smith denies the allegations in Paragraph 408.

409. Paragraph 409 contains conclusions of law and argument, to which no response is required. To the extent that a response is required, Smith denies the allegations in Paragraph 409.

## VIII.  PRAYER FOR RELIEF

Smith denies that Plaintiffs are entitled to the relief requested in the prayer for relief.

### AFFIRMATIVE AND OTHER DEFENSES

Smith asserts the following defenses with respect to the causes of action alleged against him in the Complaint without assuming the burden of proof or persuasion where such burden rests on Plaintiffs. Smith reserves the right to supplement his defenses and/or raise additional defenses that may be available or appropriate.

### FIRST DEFENSE

The Complaint fails to state a claim against ProPetro upon which relief can be granted.

### SECOND DEFENSE

This action, in whole or in part, is not maintainable as a class action under Federal Rule of Civil Procedure 23.

### THIRD DEFENSE

Plaintiffs cannot meet their burden of proving the essential elements of a claim under Section 10(b) of the Exchange Act: (1) a material misstatement or omission, (2) by the defendant, (3) made in connection with the purchase or sale of a security, (4) and with scienter, (5) on which the investor reasonably relied, (6) that resulted in economic loss, (7) proximately caused by the alleged misstatement or omission (*i.e.,* loss causation).

## **FOURTH DEFENSE**

Plaintiffs cannot meet their burden of proving the essential elements of a claim under Section 11 of the Securities Act: (1) registration statement contained a materially untrue statement or misleading omission and (2) plaintiff purchased a registered security in or traceable to the offering.

## **FIFTH DEFENSE**

Plaintiffs' purported claims and those of the putative class are barred because the Complaint fails to allege facts demonstrating false or misleading statements and to adequately describe the manner in which those statements were false or misleading as required by the Private Securities Litigation Reform Act ("PSLRA").

## **SIXTH DEFENSE**

Plaintiffs' purported claims and those of the putative class are barred based on the truth and sufficiency of all statements upon which their alleged claims are based.

## **SEVENTH DEFENSE**

Plaintiffs' purported claims and those of the putative class are barred because Defendant had no duty of disclosure with respect to the alleged misrepresentations or omissions.

## **EIGHTH DEFENSE**

Plaintiffs' purported claims and those of the putative class are barred because the allegedly false and misleading statements were immaterial.

**NINTH DEFENSE**

Plaintiffs' purported claims and those of the putative class are barred because the allegedly false and misleading statements were immaterial and non-actionable "puffery."

**TENTH DEFENSE**

Plaintiffs' purported claims and those of the putative class are barred by the "Bespeaks Caution Doctrine" and the "Safe Harbor Provision" of the PSLRA.

**ELEVENTH DEFENSE**

Plaintiffs' purported claims and those of the putative class are inactionable under the *Santa Fe* doctrine.

**TWELFTH DEFENSE**

Plaintiffs' purported claims and those of the putative class are barred as and to the extent that they are allegations of "fraud by hindsight."

**THIRTEENTH DEFENSE**

Plaintiffs' purported claims and those of the putative class are barred because the Complaint fails to allege facts demonstrating a strong inference of scienter or actual knowledge of falsity, and Plaintiffs are unable to prove any such facts with regard to the Defendant and as to each alleged misstatement.

**FOURTEENTH DEFENSE**

Plaintiffs' purported claims and those of the putative class are barred because Defendant acted in good faith.

## FIFTEENTH DEFENSE

Plaintiffs' purported claims and those of the putative class are barred because the Defendant's actions or alleged omissions were not the direct or proximate cause of Plaintiffs' or the putative class's averred damages and requisite "loss causation" is lacking.

## SIXTEENTH DEFENSE

Plaintiffs' purported claims and those of the putative class are barred because there is no causal link between the alleged misrepresentations and the harm alleged to have occurred.

## SEVENTEENTH DEFENSE

Any decline in the value in ProPetro shares was caused by intervening and superseding causes.

## EIGHTEENTH DEFENSE

Plaintiffs' purported claims and those of the putative class are barred because the damages allegedly suffered (which the Defendant contends there none) are the proximate result of affirmative and/or independent actions of one or more third persons or parties over whom Defendant had no control and for whom Defendant is not liable.

## NINETEENTH DEFENSE

Plaintiffs' purported claims and those of the putative class are barred to the extent that they are based on statements that are not attributable to Defendant.

Smith Answer

## TWENTIETH DEFENSE

Plaintiffs' purported claims and those of the putative class are barred because Plaintiffs cannot prove reliance on any alleged statement or omission.

## TWENTY-FIRST DEFENSE

Plaintiffs' purported claims and those of the putative class are barred because Defendant did not employ any device, scheme, or artifice to defraud and did not engage in any act, practice, or course of conduct that operates or would operate as a fraud or deceit in connection with the purchase or sale of securities.

## TWENTY-SECOND DEFENSE

The Complaint fails to state a claim against Defendant based upon "fraud-on-the-market" principles for any class member who did not trade shares between the time the alleged misstatements were made and the time the purported "truth" was "revealed."

## TWENTY-THIRD DEFENSE

The Complaint fails to state a claim against Defendant based upon "fraud-on-the-market" principles because the alleged misrepresentations and omissions would not have induced a reasonable investor to misjudge the value of ProPetro.

## TWENTY-FOURTH DEFENSE

To the extent that Defendant failed to disclose material information, which Defendant denies, the "truth-on-the-market" doctrine precludes Plaintiffs' claims because the information at issue was credibly made available to the market by other sources.

Smith Answer

**TWENTY-FIFTH DEFENSE**

Plaintiffs' purported claims and those of the putative class are barred because Defendant did not know, and in the exercise of reasonable care could not have known, of any untruth or material omission that may be proved by Plaintiffs.

**TWENTY-SIXTH DEFENSE**

Plaintiffs' purported claims and those of the putative class are barred by Plaintiffs' failure to mitigate damages as required by law and/or to the extent that any alleged damages are not attributable to alleged violations of law.

**TWENTY-SEVENTH DEFENSE**

Plaintiffs' purported claims and those of the putative class are barred based on the doctrines of contributory negligence, comparative negligence and/or assumption of the risk. Plaintiffs knew, or in the exercise of reasonable care should have known, the risks inherent in investing in the securities at issue and thus assumed the risk of a decline in value of their investments.

**TWENTY-EIGHTH DEFENSE**

Plaintiffs' purported claims and those of the putative class are barred, in whole or in part, by the doctrines of estoppel, laches, waiver, ratification, acquiescence and/or the applicable statutes of limitation and repose.

**TWENTY-NINTH DEFENSE**

Plaintiffs are not entitled to recover attorneys' fees in this action.

**THIRTIETH DEFENSE**

Any recovery by Plaintiffs and the putative class against Defendant would

constitute unjust enrichment.

## THIRTY-FIRST DEFENSE

Plaintiffs lack standing to prosecute this action.

## THIRTY-SECOND DEFENSE

Additional facts that are currently unknown to Smith may be revealed through the course of discovery and further investigation that will support additional defenses. Smith reserves the right to assert such defenses in the future.

## THIRTY-THIRD DEFENSE

Plaintiffs' purported claims and those of the putative class are barred because they have "unclean hands."

Respectfully submitted,

**Edmundson Shelton Weiss PLLC**

By: /s/ *J. Kevin Edmundson*

J. Kevin Edmundson
SBN # 24044020
Ryan T. Shelton
SBN # 24037484
Jesse Z. Weiss
SBN # 24013728
317 Grace Lane, Suite 210
Austin, Texas 78746
Tel: 512-596-3058
Fax: 512-532-6637
Email: kevin@eswpllc.com
　　　　ryan@eswpllc.com
　　　　jesse@eswpllc.com

***Attorneys for Defendant Jeff Smith***

Smith Answer

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that a true and correct copy of the above and foregoing instrument has been served on all counsel of record pursuant to the Federal Rules of Civil Procedure this 1st day of April 2022.

<u>*/s/ J. Kevin Edmundson*</u>
J. Kevin Edmundson