**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

RICHARD LOGAN, INDIVIDUALLY AND
ON BEHALF OF ALL OTHERS SIMILARLY
SITUATED, ET AL.,
     *Plaintiffs,*

VS.

PROPETRO HOLDING CORP., ET AL.,
     *Defendants.*

CASE No. MO:19-CV-00217-DC

<u>**OBJECTIONS TO UNAUTHORIZED SUPPLEMENTAL FILINGS
AND MOTION TO STRIKE**</u>

HUGHES HUBBARD & REED LLP
1775 I Street, N.W.
Washington, D.C.  20006-2401
Tel: (202) 721-4600
Fax: (202) 721-4646

## I.    BACKGROUND

On July 1, 2022, almost five weeks after the Court-ordered deadline for Lead Plaintiffs to move for class certification, Lead Plaintiffs filed (without requesting the Court's consent) four so-called "supplemental" or "amended" declarations in support of their motion for class certification. *See* ECF 130-133.[1]  The purpose of these untimely and improper declarations is to cover up the misconduct of Lead Plaintiffs' counsel—specifically, their submission of a false declaration to this Court (ECF 126-1) and their violation of a standing order issued by another federal district court to address misleading conduct by Lead Plaintiffs' counsel in that court.

In April 2021, United States District Judge William Alsup of the United States District Court for the Northern District of California found that Lead Plaintiffs' counsel, Bernstein, Litowitz, Berger & Grossman, LLP ("BLBG") misled the Court regarding matters relevant to its appointment as class counsel in a then-pending securities fraud class action.  *See SEB Inv. Mgmt. AB v. Symantec Corp.,* 2021 WL 1540996 (N.D. Cal. Apr. 20, 2021); Ex. A.[2]  Judge Alsup found that BLBG had not properly disclosed the nature of its relationship with the lead plaintiff (particularly, that BLBG had hired the lead plaintiff representative without advising the court), that this relationship raised concerns about an improper "pay to play" *quid pro quo* arrangement

---

[1]    The four declarations in question are (i) a Supplemental Joint Declaration of James A. Harrod and Daniel L. Berger in Support of Plaintiff's Motion for Class Certification (ECF. No. 130, "Supplemental Joint Declaration"), (ii) an Amended Declaration of Duane Michael on behalf of Oklahoma Law Enforcement Retirement System ("OLERS") in Support of Plaintiffs' Motion for Class Certification (ECF. No. 131, "Amended Michael Declaration"), (iii) and Amended Declaration of Chase Rankin on behalf of Oklahoma Firefighters Pension and Retirement System ("OFPRS") in Support of Plaintiffs' Motion for Class Certification (ECF No. 132, "Amended Rankin Declaration"), and (iv) a Supplemental Declaration of Chase Rankin on behalf of OFPRS in Support of Plaintiffs' Motion for Class Certification (ECF No. 133, "Supplemental Rankin Declaration") (collectively, the "July 1 Declarations").

[2]    "Ex." refers to the exhibits attached hereto.

between BLBG and the lead plaintiff representative supposedly supervising BLBG, and that BLBG's explanations about the relationship "to the Court proved misleading." *Id.*, at *1.

While the Court determined that it was not clear whether an improper *quid pro quo* had occurred, Judge Alsup ordered BLBG to notify all class members of the underlying issues at its own cost and further ordered that, for the next three years, "*BLBG in seeking appointment as class counsel shall bring this order to the attention of the assigned judge and the decision-maker for the lead plaintiff who is to select counsel.*"  *Id.* (emphasis added).

At the time Judge Alsup issued his order in April 2021, this Court had already appointed Lead Plaintiffs and approved their choice of BLBG and Grant & Eisenhofer P.A. ("G&E") as lead counsel for the putative class.  *See* ECF 43 ("The Court finds the law firms are adequate to represent the interests of the prospective class.").  However, BLBG did not notify the Court of Judge Alsup's order until thirteen months later.[3]  On May 27, 2022, Lead Plaintiffs moved to certify a class in this action.  *See* ECF 126.  In support of that motion, BLBG and G&E submitted a joint declaration.  *See* ECF 126-1 (the "Joint Declaration").  In the last paragraph of that declaration, Lead Plaintiffs' counsel finally disclosed Judge Alsup's order and represented that they had provided Judge Alsup's order to each Lead Plaintiff and that each Lead Plaintiff had considered the order and ratified their selection of BLBG and G&E:

> Bernstein Litowitz and Grant & Eisenhofer have, respectively, provided the order to Plaintiffs Nykredit Portefølje Administration A/S, Oklahoma Firefighters Pension and Retirement System, Oklahoma Law Enforcement Retirement System, Oklahoma Police Pension and Retirement System, Oklahoma City Employee Retirement System, and Police and Fire Retirement System of the City of Detroit communicated [sic] its content and circumstances with them. *Plaintiffs have considered the order and reaffirm their selection of Class Counsel.*

---

[3]    As discussed below, it remains unclear when or whether BLBG notified each Lead Plaintiff's decision-makers of Judge Alsup's order.

ECF 126-1, ¶ 15 (emphasis added).[4]

This representation was quickly proven false. Depositions of Lead Plaintiffs commenced on June 27, 2022.  The first deposition was of Chase Rankin, as OFPRS' designee pursuant to Rule 30(b)(6).  Mr. Rankin repeatedly testified that he had *never* seen Judge Alsup's order before; that the order had never been provided to OFPRS' board; that OFPRS' board (not Mr. Rankin) selected counsel, including in this action; and that OFPRS' board never "reaffirmed" the selection of BLBG or G&E as lead counsel in this action.  *See* Ex. B, Rankin 6/27/22 Tr. at 100:4-101:23, 105:16-106:8, 71:18-25, 72:24-73:11, 93:3-94:19.



*See* Ex. C, Sigler 6/30/22 Tr. at 40:11-25, 63:19-21, 64:18-24.

In an attempt to cover up these failings, Lead Plaintiffs—or Lead Plaintiffs' counsel—filed the Supplemental Joint Declaration and the Supplemental Rankin Declaration on July 1, 2022.[5]  The specifics of each of these supplemental declarations are discussed below, but in a nutshell:

---

[4]    Oklahoma Firefighters Pension and Retirement System, Oklahoma Law Enforcement Retirement System, Oklahoma Police Pension and Retirement System, Oklahoma City Employee Retirement System are collectively referred to as the "Oklahoma Funds."

[5]    The Amended Rankin and Michael Declarations do not address the failure to comply with Judge Alsup's order.  They appear to correct errors in the original Rankin and Michael Declarations about the number of ProPetro

- In the Supplemental Joint Declaration, BLBG and G&E acknowledge that their prior declaration is false because they never provided Judge Alsup's order to three of the Lead Plaintiffs (OPPRS, OLERS and OCERS); did not provide the order to OFPRS in this case; and that OFPRS, OPPRS, OLERS and OCERS had not considered the order or reaffirmed their selection of BLBG and G&E at the time the initial declaration was filed. *See* ECF 130, ¶¶ 3-6. BLBG and G&E claim that their prior misrepresentation was inadvertent and that they have now provided Judge Alsup's order to all the Lead Plaintiffs and that each Lead Plaintiff has now reaffirmed the selection of G&E and BLBG. *See id.*, ¶ 6.

- In his Supplemental Declaration, Mr. Rankin recants his June 27 deposition testimony. Despite his sworn testimony just four days prior that he had never seen Judge Alsup's order before, Mr. Rankin now claims to have been provided a copy by BLBG on April 23, 2021 in connection with an unrelated case. *See* ECF 133, ¶ 5. He also states that he—not the OFPRS board which has sole decision-making authority over such issues, but Mr. Rankin personally—has now reconsidered Judge Alsup's order and that it does not affect *his* position on class certification. *See id.*, ¶ 6.

These are the same type of "shifting-sands set of explanations" that led to Judge Alsup's order in the first place. *See SEB,* 2021 WL 1540996, at *1. They raise significant questions about the fitness of BLBG and G&E to act as class counsel and OFPRS' suitability as a class representative, which will be more fully addressed in Defendants' opposition to class certification. However, the underlying misconduct also merits immediate sanctions, as set forth below.

## II.    ARGUMENT

### A.    BLBG and G&E's Supplemental Joint Declaration Lacks All Credibility

Although BLBG and G&E now admit that their prior Joint Declaration was false, the Joint Supplemental Declaration raises new questions and, equally importantly, continues to demonstrate a troubling lack of candor. The Joint Supplemental Declaration admits that BLBG and G&E *never* provided Judge Alsup's order to three of the Lead Plaintiffs (OPPRS, OLERS, and OCERS); did *not* provide the order to OFPRS in this case; and *never* received reaffirmation of BLBG and G&E's

---

shares purchased by OFPRS and OLERS, inaccuracies (at least with respect to OFPRS) that were revealed during Mr. Rankin's deposition. *See* ECF 131, 132.

appointment from the lead decision-makers at any of the Oklahoma Funds—all despite counsels' prior express representation to the Court that they had provided Judge Alsup's order to each of the Oklahoma Funds and received confirmation of their status as lead counsel. *Compare* ECF 130, ¶¶ 3-6 *with* ECF 126-1, ¶ 15.

BLBG and G&E now claim that the falsity of their prior representations was an "oversight" and that, once they realized this "oversight," they provided Judge Alsup's order to the Oklahoma Funds, and that each of these Lead Plaintiffs has since ratified their choice of BLBG and G&E as class counsel. *See* ECF 130, ¶¶ 3-6. Not only does this explanation lack credibility, it raises further questions regarding the accuracy of BLBG and G&E's representations to the Court.

*First*, contrary to their insinuation, BLBG and G&E did not spontaneously recognize and attempt to correct the inaccuracy of the Joint Declaration. Its falsity came to light as a result of Defendants' deposition of Mr. Rankin—which forced BLBG and G&E to acknowledge the untruth of their prior representations. *See supra* at 105:12-106:21. If not for Defendants' discovery, it is likely that the truth would never have been acknowledged.

*Second*, the notion that the Joint Declaration's misstatements were an "oversight" is difficult to credit. The Joint Declaration does not simply state that Judge Alsup's order was provided to the Oklahoma Funds, but that each of the Oklahoma Funds considered the order *and affirmatively re-confirmed their choice of BLBG and G&E. See* ECF 126-1, ¶ 15 ("Plaintiffs have considered the order and reaffirm their selection of Class Counsel."). How is it possible that G&E and BLBG "overlooked" the fact that none of the four Oklahoma Funds had "reaffirmed" their selection of G&E and BLBG? It is not. Unless the lawyers who signed the joint declarations on behalf of BLBG and G&E simply did not review the Joint Declaration—which would have been in violation of their obligations under both Rule 11 and their oath under penalty of perjury.

5

Tellingly, the Supplemental Joint Declaration does not explain *how* counsel overlooked the fact that their clients had not re-affirmed their selection.

*Third*, the Supplemental Joint Declaration *still does not* establish compliance with Judge Alsup's order. Judge Alsup's order required BLBG to furnish it to "the decision-maker for the lead plaintiff who is to select counsel"—here, the boards of the Oklahoma Funds. *See supra* at *2. The Supplemental Joint Declaration does not state that any of the respective boards have been provided with Judge Alsup's order; it merely states that Lead Plaintiffs have been provided with the order, without providing any evidentiary support for that assertion. *See* ECF 130, ¶ 6.

████████████████████████████████████████████████████████████

███████████████████████████

- ████████████████████████████████████████████████████████████ *See* Ex. B at 105:16-106:8; Ex. C at 64:18-24.

- Neither of Mr. Rankin's new declarations contend that the order has been provided to the OFPRS Board since his deposition. *See* ECF 132, 133.

- ████████████████████████████████████████████████████████████ *See* ECF 133, ¶¶5-6; Ex. C at 64:18-24.

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████ It is highly unlikely, and Lead Plaintiffs do not contend, that the relevant boards convened emergency meetings, were presented with copies of Judge Alsup's order, including an explanation of the context in which the information is being provided, and formally determined to "reaffirm" the

engagement of BLBG and G&E, all in the time between Mr. Rankin and Ms. Sigler's June 27 and June 30 depositions and the filing of the Supplemental Joint Declaration on July 1

In light of these circumstances, Defendants respectfully request that the Court order Lead Plaintiffs' counsel to (i) provide all documentation and communications with Lead Plaintiffs proving that Judge Alsup's order has been communicated to the boards of the Oklahoma Funds and that the boards have reaffirmed the selection of BLBG and G&E as lead counsel for the class; and (ii) provide a sworn explanation of the circumstances leading to the Joint Declaration's misrepresentations regarding counsel's provision of Judge Alsup's order to the decision-makers at the Oklahoma Funds and the purported reaffirmation of BLBG and G&E's retention as counsel.

Having put BLBG and G&E's compliance with Judge Alsup's order, the accuracy of their prior sworn statements to the Court, and their communications with the Oklahoma Funds at issue, neither Lead Plaintiffs nor their counsel can argue that these communications are subject to any attorney-client privilege. *See, e.g.*, *Conkling v. Turner*, 883 F.2d 431, 434 (5th Cir. 1989) ("The great weight of authority holds that the attorney-client privilege is waived when a litigant place[s] information protected by it in issue through some affirmative act for his own benefit, and to allow the privilege to protect against disclosure of such information would be manifestly unfair to the opposing party.").

B.     The Court Should Strike the Supplemental Rankin Declaration

It is axiomatic that courts should strike declarations that "impeach[], without explanation, sworn testimony." *Hacienda Records, L.P. v. Ramos*, 718 Fed. Appx. 223, 235 (quoting *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 495 (5th Cir. 1996); *see also Porto v. Chevron NA*

*Exploration & Prod. Co.*, 2018 U.S. Dist. LEXIS 123757, \*47.[6]  But that is precisely what the Supplemental Rankin Declaration attempts to do.  Two days after testifying—repeatedly and under oath—that he had never previously seen Judge Alsup's order, Mr. Rankin now claims to have reviewed the order one year ago, in relation to another matter.  *See* ECF 133, ¶ 5.[7]  Mr. Rankin cannot simply "take back" unfavorable deposition testimony by filing an unauthorized declaration that directly contradicts that testimony just a few days later and in the midst of discovery.

This behavior is also in violation of this Court's March 18, 2022 scheduling order, which set May 27, 2022 as the deadline for Lead Plaintiffs to submit papers in support of class certification. *See* ECF 116 (the "Scheduling Order"). For that reason alone, Plaintiffs' efforts to "supplement" their class certification motion through the filing of an unauthorized and untimely declaration should be rejected under Rule 16(f) and Rule 37(b)(2)(A)(iii).[8]

Finally, the Supplemental Rankin Declaration is irrelevant.   Judge Alsup's order required—and the Joint Declaration represented—that BLBG and G&E provide the order to OFPRS' "decision-maker" (*i.e.* its Board) and receive confirmation as lead counsel from that decision-maker in this case.  But *Mr. Rankin's declaration does not claim that the order was*

---

[6]     Although some courts have questioned whether the "sham affidavit" rule applies outside of the summary judgment context, the principle that a witness cannot simply nullify unfavorable testimony by filing a contrary affidavit is fully applicable here, and the Court certainly has the inherent authority to strike the Supplemental Rankin Declaration.

[7]     Mr. Rankin does not specify the matter but, based on OFPRS' publicly available board minutes, BLBG was representing OFPRS in two matters in April 2021: *Electrical Workers Pension Fund Local 03 v. Six Flags Entertainment*, No. 4:20-cv-00201 (N.D. Tex.) and *Lehigh County Employees Retirement System v. Novo Nordisk A/S*, No. 17-CV-00209 (D.N.J.).  OFPRS publicly available board minutes from April 2021 to June 2021 do not indicate that the board took any actions with respect to the reaffirmation of lead counsel in those cases, nor do the public entries on the dockets for those cases indicate that Judge Alsup's order was provided to either court.

[8]     This is simply the latest example of Lead Plaintiffs' disregard for the Court's Scheduling Order.  For example, the Scheduling Order required Lead Plaintiffs to complete their document production by June 7, 2022 but the Oklahoma Funds *did not produce a single document* before the deadline and have still not completed their document production.  Indeed, OLERS made an additional document production today, one month after the Court-ordered deadline, with no explanation for its tardiness.

8

*provided to the OPFRS board or that the board has reaffirmed BLBG and G&E as lead counsel at any time, whether prior to the filing of the incorrect Joint Declaration or today.*  *See* ECF 133, ¶¶ 5-6.  The Supplemental Rankin Declaration is nothing more than obfuscation.

## III.    CONCLUSION

In addition to the relief requested above, Defendants also respectfully request that the Court consider whether any further sanctions against BLBG and G&E or Lead Plaintiffs are warranted.

DATED: July 5, 2022

**HUGHES HUBBARD & REED LLP**

By: /s/ Kevin T. Abikoff
Kevin T. Abikoff (Texas Bar No. 24034118)
Benjamin S. Britz (admitted *pro hac vice*)
Sean M. Reilly (admitted *pro hac vice*)
Jonathan Zygielbaum (admitted *pro hac vice*)
1775 I Street, NW
Washington, DC 20006
Telephone: (202) 761-4600
Fax: (202) 721-4646
Email: kevin.abikoff@hugheshubbard.com
Email: benjamin.britz@hugheshubbard.com

Shahzeb Lari (admitted *pro hac vice*)
One Battery Park Plaza
New York, NY 10004-1482
Telephone: (212) 837 6000
Fax: (212) 422 4726
Email: shahzeb.lari@hugheshubbard.com

*Attorneys for Defendants ProPetro Holding Corp., and Spencer D. Armour, III*

**WINSTEAD PC**

By:   /s/ Toby M. Galloway
Toby M. Galloway (Texas Bar No. 00790733)
Matthias Kleinsasser (Texas Bar No. 24071357)
300 Throckmorton Street
Suite 1700
Fort Worth, Texas 76102

9

Telephone: (817) 420-8200
Fax: (817) 420-8201
Email: tgalloway@winstead.com
Email: mkleinsasser@winstead.com

*Attorneys for Defendant Dale Redman*

**BELL NUNNALLY & MARTIN LLP**

By: ___/s/ Craig M. Warner_____
Craig M. Warner (Texas Bar No. 24084158)
2323 Ross Avenue
Suite 1900
Dallas, Texas 75201
Telephone: (214) 740-1400
Fax: (214) 740-1499
Email: cwarner@bellnunnally.com

*Attorney for Defendant Ian Denholm*

**EDMUNDSON SHELTON WEISS**

By: _/s/ J. Kevin Edmundson_____
J. Kevin Edmundson (Texas Bar No. 24044020)
Jesse Z. Weiss (Texas Bar No. 24013728)
317 Grace Lane
Suite 210
Austin, Texas 78746
Telephone: (512) 596-3058
Fax: (512) 532-6637
Email: kevin@eswpllc.com
Email: jesse@eswpllc.com

*Attorneys for Defendant Jeffrey Smith*

10

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing document was filed with the Court's electronic case filing (ECF) system on July 5, 2022, which caused an electronic copy of this document to be served on all counsel of record in this matter.

 /s/ Kevin T. Abikoff
Kevin T. Abikoff

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule7(G), I certify that Defendants' counsel conferred by email with counsel for Plaintiffs regarding Defendants Objections to Unauthorized Supplemental Filings and Motion to Strike under FRCP 16(f) via email on Tuesday, July 5, 2022.  Plaintiffs' counsel has stated, via email, that the Plaintiffs oppose the motion.  Although Defendants and Plaintiffs' counsel have not yet had the opportunity to speak, given upcoming deadlines and depositions in this matter, Defendants are filing this motion today, but have notified Plaintiffs that they remain willing to discuss a resolution to the relief requested by the motion while it remains pending.

 */s/* Kevin T. Abikoff
Kevin T. Abikoff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## MIDLAND/ODESSA DIVISION

RICHARD LOGAN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, ET AL.,
    *Plaintiffs,*

VS.

PROPETRO HOLDING CORP., ET AL.,
    *Defendants.*

CASE No. MO:19-CV-00217-DC

## ORDER GRANTING DEFENDANTS' MOTION TO STRIKE

IT IS HEREBY ORDERED THAT:

Defendants' Motion to Strike the Supplemental Declaration of Chase Rankin on behalf of OFPRS in Support of Plaintiffs' Motion for Class Certification (ECF No. 133) is hereby GRANTED; and

Plaintiffs' counsel shall (i) provide all documentation and communications with Lead Plaintiffs proving that Judge Alsup's order has been communicated to the boards of the Oklahoma Funds and that the boards have reaffirmed the selection of BLBG and G&E as lead counsel for the class; and (ii) provide a sworn explanation of the circumstances leading to the Joint Declaration's misrepresentations regarding counsel's provision of Judge Alsup's order to the decision-makers at the Oklahoma Funds and the purported reaffirmation of BLBG and G&E's retention as counsel.

DATED this_____ day of_____ 2022.

13

_____
UNITED STATES DISTRICT JUDGE DAVID
COUNTS

14