UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| NYKREDIT PORTEFØLJE ADMINISTRATION A/S, OKLAHOMA FIREFIGHTERS PENSION AND RETIREMENT SYSTEM, OKLAHOMA LAW ENFORCEMENT RETIREMENT SYSTEM, OKLAHOMA POLICE PENSION AND RETIREMENT SYSTEM, OKLAHOMA CITY EMPLOYEE RETIREMENT SYSTEM, POLICE AND FIRE RETIREMENT SYSTEM OF THE CITY OF DETROIT, Individually and on behalf of all others similarly situated,<br><br>                        Plaintiffs,<br><br>     vs.<br><br>PROPETRO HOLDING CORP., DALE REDMAN, JEFFREY SMITH, IAN DENHOLM, and SPENCER D. ARMOUR III,<br><br>                        Defendants. | §§§§§§§§§§§§§§§§§§§§§§§§ | Civil Action No. 7:19-CV-00217-DC<br><br>__CLASS ACTION__<br><br>Hon. Walter David Counts, III |

__PLAINTIFFS' OPPOSED MOTION TO COMPEL DISCOVERY__

**TABLE OF CONTENTS**

Page(s)

I.   INTRODUCTION ................................................................................................ 1

II.  BACKGROUND ................................................................................................. 3

    A.   ProPetro's Audit Committee Concluded That ███████████████ ███████████████ ███████████ Evidenced Material Weaknesses in Its Internal Controls ................................................................................................ 3

    B.   ProPetro Rebuffs Plaintiffs' Request Concerning the Audit Committee's Finding of Material Weaknesses in ProPetro's Internal Controls ......................... 6

III. ANALYSIS ......................................................................................................... 7

    A.   Legal Standard ......................................................................................... 7

    B.   The Requested ███████████ Custodians and Search Terms Are Relevant and Proportionate to Plaintiffs' Claims .................................................... 7

IV.  CONCLUSION ................................................................................................. 10

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Emps. Ret. Sys. of Gov't of the V.I. v. Blanford,*
794 F.3d 297 (2d Cir. 2015)......................................................................................9

*Indacon, Inc. v. Facebook, Inc.,*
2012 WL 12862665 (W.D. Tex. May 7, 2012) ...........................................................7

*Kilmon v. Saulsbury Industries, Inc.,*
MO:17-CV-99-DC, 2018 WL 5800757 (W.D. Tex. Feb. 28, 2018) (Counts, J.)......................7

*McLeod, Alexander, Powel & Apffel, P.C. v. Quarles,*
894 F.2d 1482 (5th Cir. 1990) .................................................................................7

Plaintiffs respectfully submit this Motion to Compel against Defendant ProPetro Holding Corp. ("ProPetro" or the "Company") under Federal Rule of Civil Procedure 37 (the "Motion").[1]

## I.    INTRODUCTION

This Motion is directed at Defendant ProPetro's refusal to produce a narrow set of documents that concern key findings in the Audit Committee investigation that triggered this litigation. *See* Ex. A. ProPetro's Audit Committee ███████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████ The Audit Committee concluded that ██████

███████████████████████████████████████████████████████

██████████████████████████████████

These are core issues in this case. The Audit Committee ultimately found that ████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████████████████████ Importantly, this Court noted the importance of the "tone at the top" allegations in its order on Defendants' motion to dismiss: "Distilled, the heart of the Complaint is that ProPetro had defective internal controls resulting from a pervasive 'tone at the top.'" Motion to Dismiss Order (Doc. 105) (the "MTD Order"), at 28-29. The Court further addressed Defendants' approach to internal controls in its scienter analysis. *Id.* at 53 ("[S]ince Redman was involved in formulating ProPetro's internal

---

[1]  Plaintiffs are Nykredit Portefølje Administration A/S, Oklahoma Firefighters Pension and Retirement System, Oklahoma Law Enforcement Retirement System, Oklahoma Police Pension and Retirement System, Oklahoma City Employee Retirement System, and Police and Fire Retirement System of the City of Detroit (collectively, "Plaintiffs"). Plaintiffs' Motion is accompanied by the Declaration of Alexander T. Payne and the Exhibits thereto (referred to as "Ex.").

controls and disclosure policies to the market, knowledge of Redman as CEO as to his share pledges can be imputed to ProPetro . . . ."); *id.* at 54 ("[T]he Court finds that ProPetro's breakdown in internal controls and failure to institute an employee expense reimbursement policy supports an inference of scienter . . . ."); *id.* at 56 (concerning Defendant "Armour's role").  Despite the relevance of information concerning "tone at the top" to Plaintiffs' case and the low burden of providing modest discovery concerning these subjects, ProPetro has flatly refused to produce *any documents* or *provide information* ███████████████████████████████

Given that the whistleblower and ███████████ were found by the Audit Committee to be direct evidence of the poor "tone at the top" set by the Individual Defendants, documents concerning the Defendants' handling of these matters are clearly relevant and directly responsive to Plaintiffs' document requests.  Yet a review of the documents produced to date makes clear that ProPetro has not produced documents concerning these subjects and has refused to do so, or to even disclose the ████████████████████ To that end, Plaintiffs sent a detailed letter to ProPetro on June 15, 2022 requesting that ProPetro ████████████████████ ███████████████████████████████████████ ██████ as search terms to be run against all agreed-upon custodians' files.  Ex. B.  Three weeks later ProPetro refused Plaintiffs' request in a conclusory email.  Ex. C.  The parties then had a meet-and-confer on July 14, 2022 and ProPetro continued in their refusal to provide additional discovery.  The resulting impasse necessitated this Motion.

ProPetro's material weaknesses in its internal control environment—which the Audit Committee concluded was the product of Defendants' poor "tone at the top"—directly contradicted Defendants' statements to investors about the sufficiency and efficacy of the Company's internal controls.  As such, documents evidencing senior management's flouting of

such controls while mishandling ██████████████████████████████ ████████, are directly relevant to Plaintiff's claims. Plaintiffs therefore respectfully request that the Court require ProPetro to fully respond to Plaintiffs' discovery requests as set forth in the accompanying proposed order.

## II.   BACKGROUND

### A.   ProPetro's Audit Committee Concluded That ███████████ ███████████ Evidenced Material Weaknesses in Its Internal Controls

The Third Amended Class Action Complaint (Doc. 81) (the "Complaint" or "TAC") detailed how ProPetro and its senior leadership, including the Individual Defendants, failed to establish and adhere to internal and disclosure controls designed to ensure the Company's disclosures were accurate by detecting, evaluating, and disclosing related-party transactions and conflicts of interest, such as Redman's undisclosed and improper share pledges. TAC ¶¶146-51, 179-90, 194-98, 204-17; MTD Order at 28-29 (quoted above). The Company's Audit Committee ultimately concluded that those control deficiencies—central to this case—were the product of a pervasive culture of misconduct within the Company in which Defendants engaged in undisclosed related-party transactions, self-dealing, received undisclosed compensation and expense reimbursements from the Company, and violated the Company's Code of Ethics by pledging ProPetro stock to secure personal loans. *See* MTD Order at 11, 15, 17 (describing allegation that "[i]n June 2020, ProPetro confirmed 'material weaknesses' in its 'control environment' and "placed blame" on Defendants Smith, Redman, and Denholm with the conclusion there was a "*failure to maintain appropriate tone at the top*") (emphasis added); Ex. A, at PUMP_WDTX_00011251.[2]

---

[2] Plaintiffs anticipate that ProPetro will argue in response to this Motion that the documents and information sought are not relevant to the case based on the Court's ruling on the Motion to Strike

In May of 2019, the Audit Committee commenced an internal investigation (the "Audit Committee Investigation") to review the adequacy of the Company's internal and disclosure controls, including concerning related-party transactions and expense reimbursements. TAC ¶¶147, 170. On June 22, 2020, the Company disclosed the findings of the Audit Committee Investigation, which included admissions that the Company had several material weaknesses in its disclosure and internal controls over financial reporting, that the Company "did not maintain controls designed to sufficiently identify, evaluate, and disclose related party transactions," and that ProPetro's "failure to maintain appropriate tone at the top had a pervasive impact, and as such, resulted in a risk that could have impacted virtually all financial statement account balances and disclosures." TAC ¶¶204-07, 211. Critically, the Company disclosed that the "poor tone at the top" had resulted in an incident where "certain whistleblower allegations were not properly investigated and elevated to the [Audit Committee]." TAC ¶208.

ProPetro has produced a few reports that provide some further detail about how Defendants' "poor tone at the top" was evidenced by the Company's failure to properly investigate several whistleblower allegations. ███████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████ *See* Ex. A, at PUMP_WDTX_00011251. ████

████████████████████████████████████████████

---

(Doc. 116). This is wrong and far too constrained a view of Plaintiffs' case. First, the allegations related to "tone at the top" were not stricken from the TAC. Moreover, the documents sought here provide key evidence of the Defendants' scienter, as noted by the Court and cited above. Defendants' failure to encourage a culture of compliance at ProPetro and their lack of regard for internal controls—including as evidenced by their treatment ████████████████████████ ███████████████████—are relevant to whether they acted intentionally or recklessly in making the allegedly false and misleading statements to investors about those controls and related matters.

4

████████████████████████████████████████████████████████████████

████████████████████████████████████████████ *Id.* ██████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████ *Id.*

In a separate report ███████████████████████████████████████

████████████████████████████████████████████████████████████████

███████████████████████████████████████████████ Ex. D, at

PUMP_WDTX_00271328. ████████████████████████████████████

████████████████████████████████████████████████████████████████

███████████████████████████████████ *Id.* █████████████████

████████████████████████████████████████████████████████████████

██████ *Id.* ███████████████████████████████████████████

████████████████████████████████████████████████████████████████

███████████████████████████████████████████ *Id.*

The Audit Committee Report also shed light ████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

5

████████  Ex. A, at PUMP_WDTX_00011253-54.

**B.  ProPetro Rebuffs Plaintiffs' Request Concerning the Audit Committee's Finding of Material Weaknesses in ProPetro's Internal Controls**

Plaintiffs' First Request for the Production of Documents to ProPetro on December 9, 2021 requested, among other things, "Documents Concerning the effectiveness of the Company's Internal Controls or disclosure controls, including documents that were reviewed or relied on in connection with any identification, by the Company or any other Person, of any weaknesses or deficiencies in the Company's Internal Controls or disclosure controls." *See* Ex. E (Request No. 5). By letter dated June 15, 2022, Plaintiffs requested that ProPetro ████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████  Ex. B.

Over three weeks later, and after multiple prompts for a response, on July 7, 2022, ProPetro, by email, notified Plaintiffs of their refusal to ████████████████

████████████████████████████████

Ex. C.  ProPetro's July 7 email merely asserted a boilerplate objection that "the proposed custodians or search terms . . . are not relevant to any of the matters at issue or proportional to the needs in the case" and made no attempt to explain how the requested discovery is not relevant to the live claims or otherwise objectionable. *Id.* At a subsequent meet-and-confer on July 14, 2022, ProPetro continued to assert the same boilerplate objection without explaining how the requested discovery is not relevant to Plaintiffs' claims. ProPetro took this position notwithstanding that the

████████████████████████████████

6

████████████████████████████████████████████████████

████████████████████████████████████████████████████

Having reached an impasse, the instant Motion ensued.

## III.  ANALYSIS

### A.  Legal Standard

"Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. ..." Fed. R. Civ. P. 26(b)(1). "Courts construe discovery rules liberally to serve the purposes of discovery: providing the parties with information essential to the proper litigation of all relevant facts, eliminating surprise, and promoting settlement." *Indacon, Inc. v. Facebook, Inc.*, 2012 WL 12862665, at *2 (W.D. Tex. May 7, 2012). Federal Rule of Civil Procedure "37 allows [a motion to compel] when a party fails to . . . respond to a request for production [or inspection] under Federal Rule of Civil Procedure 34, provided such discovery requests are within the scope of Rule 26(b)." *See Kilmon v. Saulsbury Industries, Inc.*, MO:17-CV-99-DC, 2018 WL 5800757, at *2 (W.D. Tex. Feb. 28, 2018) (Counts, J.). "'[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond' under Rule 37." *Id.*, (*quoting* Fed. R. Civ. P. 37(a)(4)). "The party resisting discovery must show specifically how each discovery request is not relevant or otherwise objectionable." *Id.* (*citing McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990)).

### B.  The Requested Whistleblower Custodians and Search Terms Are Relevant and Proportionate to Plaintiffs' Claims

The requested ████████████████████████████ search term are unquestionably relevant to Plaintiffs' claims since they are connected to the key admission that the Company lacked an appropriate tone at the top necessary to promote a culture of compliance. Noting the central importance that this admission has with respect to Plaintiffs' claims, the Court

7

recognized in its Order partially denying Defendants' Motion to Dismiss that "[d]istilled, the heart of the Complaint is that ProPetro had defective internal controls resulting from a pervasive 'tone at the top.'" MTD Order at 28-29. The ███████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████ In particular, these two reports ██████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████ *See, e.g.,* Ex. A, at PUMP_WDTX_00011251, 11253. ██████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████ As such, documents reflecting Defendants' handling ████████████████

████████████████████████████████████████ and their internal communications about those issues—*i.e.,* the subjects of the documents ProPetro now refuse to produce—must be produced so that Plaintiffs are able to test and explore these issues as well.

The requested discovery is plainly relevant to Plaintiffs' case, including as to Defendants' scienter. For example, Defendants' communications ██████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████████████████████████ These documents are directly relevant to proving that each Defendant acted with scienter—*i.e.,* that they

knowingly or recklessly misrepresented the adequacy of ProPetro's disclosure and internal controls. Defendants' understanding or lack of understanding as to ████████████████ ████████████████████████████████████████ to proving that Defendants knowingly or recklessly misrepresented the sufficiency of the Company's controls and whether they knowingly or recklessly violated the Company's Code of Ethics.

In addition, this evidence is relevant to the falsity of Defendants' statements concerning ProPetro's internal controls, their knowledge of the effectiveness of such controls, and their compliance with the requirements of the Sarbanes Oxley Act, which require the CEO and CFO to provide an accurate assessment of the Company's internal controls. As described in the ████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████ Ex. A, at PUMP_WDTX_00011251. It is indeed hard to imagine documents more relevant to whether Defendants misrepresented the effectiveness of the Company's internal controls than documents evidencing that Defendants ████████████ ████████████████████████ *See Emps.' Ret. Sys. of Gov't of the V.I. v. Blanford*, 794 F.3d 297, 308 (2d Cir. 2015) ("Defendants' efforts to conceal inventory from auditors demonstrate their intent to deceive or defraud.").

Further, the improper conduct and practices ████████████████ ████████████████████████████████████████ ████████ Thus, given that the prospectus for the Secondary Offering was filed on May 10, 2018, ████████████████████████████████████████ ████████████████████████████████████████

9

██████████████████████████ Moreover, because Defendants failed to address and continued to conceal the existence of these complaints and the related internal control problems, ProPetro's share prices remained artificially inflated.

Put simply, the requested documents are essential for establishing whether Defendants' handling of these matters reflect a willful or reckless abandonment of ProPetro's internal controls and Code of Ethics, and for establishing why Defendants failed ████████████████████ ██████████████████████████████████████ These requests are also proportionate and narrowly tailored to the issues arising from the Audit Committee Report.

## IV.    CONCLUSION

For these reasons, Plaintiffs respectfully request the Court order ProPetro to ███████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

███████████████████████████

10

Dated: July 25, 2022

Respectfully submitted,

By: /s/ *James A. Harrod*
    James Harrod
    Jeroen van Kwawegen
    Alexander T. Payne
    **BERNSTEIN LITOWITZ**
    **BERGER & GROSSMANN LLP**
    1251 Avenue of the Americas
    New York, New York 10020
    Telephone: (212) 554-1400
    Facsimile: (212) 554-1448
    Jim.harrod@blbglaw.com
    Jeroen@blbglaw.com
    Alex.Payne@blbglaw.com

    **GRANT & EISENHOFER P.A.**
    Daniel L. Berger
    Caitlin M. Moyna
    485 Lexington Avenue
    New York, NY 10017
    Telephone: (646) 722-8500
    Facsimile: (646) 722-8501
    dberger@gelaw.com
    cmoyna@gelaw.com

    *Counsel for Plaintiffs, Lead Counsel for the*
    *Class and proposed Class Counsel*

    **MARTIN & DROUGHT, P.C.**
    Gerald T. Drought
    State Bar No. 06134800
    Federal Bar No. 8942
    Frank B. Burney
    State Bar No. 03438100
    Bank of America Plaza, 25th Floor 300
    Convent Street San Antonio, Texas 78205
    Telephone: (210) 227-7591
    Facsimile: (210) 227-7924
    gdrought@mdtlaw.com
    fburney@mdtlaw.com

    *Liaison Counsel for Plaintiffs*

11

**CLARK HILL PLC**
Ronald A. King
212 E. Cesar Chavez Ave
Lansing, MI 48906
Telephone: (517) 318-3015
Facsimile: (517) 318-3068
rking@clarkhill.com

*Counsel for Plaintiff Police and Fire
Retirement System of the City of Detroit*

13

## CERTIFICATE OF CONFERENCE

I certify that I have attempted in good faith to resolve the disputes presented in this motion, but after exchanging correspondence and conducting a verbal discussion, Plaintiffs and ProPetro have come to a complete impasse on the issues presented in this motion. Consequently, Plaintiffs present this motion to the Court for determination.

*/s/ James A. Harrod*

14

## CERTIFICATE OF SERVICE

I certify that on July 25, 2022 a true and correct copy of the foregoing document was filed with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to all counsel of record.

*/s/ James A. Harrod*