**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

| | |
|---|---|
| NYKREDIT PORTEFØLJE ADMINISTRATION A/S, OKLAHOMA FIREFIGHTERS PENSION AND RETIREMENT SYSTEM, OKLAHOMA LAW ENFORCEMENT RETIREMENT SYSTEM, OKLAHOMA POLICE PENSION AND RETIREMENT SYSTEM, OKLAHOMA CITY EMPLOYEE RETIREMENT SYSTEM, POLICE AND FIRE RETIREMENT SYSTEM OF THE CITY OF DETROIT, Individually and on behalf of all other similarly situated, *Plaintiffs,* <br><br> VS. <br><br> PROPETRO HOLDING CORP., ET AL., *Defendants.* | CASE No. MO:19-CV-00217-DC |

**DEFENDANTS' REPLY IN SUPPORT OF OBJECTIONS TO UNAUTHORIZED
SUPPLEMENTAL FILINGS AND MOTION TO STRIKE**

HUGHES HUBBARD & REED LLP
1775 I Street, N.W.
Washington, D.C.  20006-2401
Tel: (202) 721-4600
Fax: (202) 721-4646

## TABLE OF CONTENTS

I.    ARGUMENT..................................................................................................................1

      A.    Lead Counsel's Explanations Regarding The *Symantec* Order Only Raise
            Additional Concerns...............................................................................................1

      B.    The Rankin Supplemental Declaration Is Improper............................................5

II.   CONCLUSION...............................................................................................................6

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Cole v. Collier*, 2020 WL 2813454 (S.D. Tex. May 28, 2020) .......................................................4

*Conkling v. Turner,* 883 F.2d 431 (5th Cir. 1989).............................................................................5

*Kansas City Power & Light Co. v. Pittsburg & Midway Coal Min. Co.*, 133
    F.R.D. 171 (D. Kan. 1989) .......................................................................................................5

*Raytheon Co. v. Indigo Sys. Corp.*, 2009 WL 424773 (E.D. Tex. Feb. 18, 2009)...........................5

*SEB Inv. Mgmt. AB v. Symantec Corp.*, 2021 WL 1540996 (N.D. Cal. Apr. 20,
    2021) ...............................................................................................................................1, 2, 3, 4

*United States v. Mierzwicki*, 500 F.Supp. 1331 (D. Md. 1980) .......................................................5

*United States v. O'Malley*, 786 F.2d 786 (7th Cir. 1986).................................................................5

**Statutes and Rules**

Fed. R. Civ. P. 30(e) .....................................................................................................................5, 6

Defendants ProPetro Holding Corp. ("ProPetro" or the "Company"), Dale Redman, Jeffrey Smith, Ian Denholm, and Spencer D. Armour (collectively, "Defendants") respectfully submit this memorandum of law in further support of their Objections to Unauthorized Supplemental Filings and Motion to Strike.[1]

## I.    ARGUMENT

On July 1, 2022—five weeks after the deadline for Lead Plaintiffs to move for class certification—Lead Plaintiffs filed four "supplemental" declarations in further support of their motion for class certification, without meeting and conferring with Defendants or seeking approval from the Court.  Defendants objected.  Lead Plaintiffs now, in a show of feigned indignation, complain about Defendants' objections to Lead Plaintiffs' untimely and unauthorized filings.  As discussed below, Lead Plaintiffs' assertions are meritless.

### A.    Lead Counsel's Explanations Regarding The *Symantec* Order Only Raise Additional Concerns

Lead Counsel's assertion that BLBG has provided the *Symantec* Order to other courts and other clients (Opp. at 3, 7-10) whether accurate or not, is irrelevant.  The questions here are whether the *Symantec* Order was provided to the relevant decision-makers in the present action and accurately disclosed to this Court.  Lead Plaintiffs'—or rather Lead Counsel's submissions—do not answer these questions.

***First***, Lead Plaintiffs continue to attempt to minimize the *Symantec* Order.  *See* Opp. at 2. To be clear, although the *Symantec* court found that there was insufficient evidence of an improper

---

[1]    Unless otherwise defined, capitalized terms have the same meaning as in Defendants' Objections to Unauthorized Filings and Motion to Strike, dated July 5, 2022 (ECF 135).  "Opp." refers to Lead Plaintiffs' Opposition to Defendants' Objection to Unauthorized Filings and Motion to Strike, dated July 19, 2022 (ECF 139).  "*Symantec* Order" refers to the order issued by United States District Judge William Alsup in *SEB Inv. Mgmt. AB v. Symantec Corp.*, 2021 WL 1540996 (N.D. Cal. Apr. 20, 2021).

1

"pay to play" arrangement between BLBG and the individual lead plaintiff representative in that case, it found that it was "crystal clear" that BLBG had not appropriately disclosed its relationship with that individual; that BLBG's conduct raised "arched eyebrows;" that "BLBG's initial explanation to the Court proved misleading;" and that its "shifting-sands set of explanations is concerning." *Symantec* Order at 1-2.

*Second*, the contention that Judge Alsup's directions did not require the *Symantec* Order to be provided to the Oklahoma Funds because they are represented by G&E, not BLBG (Opp. at 10) lacks credibility. This Court appointed BLBG and G&E as joint co-counsel for Lead Plaintiffs in their capacity as class representatives. *See* ECF 43 at 8-9. More fundamentally, ***Lead Counsel represented to this Court that it had provided the Symantec Order to the Oklahoma Funds***. *See* ECF 126-1 at ¶ 15. Lead Counsel has admitted that representation was false. That is the issue here. If Lead Plaintiffs truly thought providing the order to their clients was not necessary, their misrepresentation to the Court is even more inexplicable.

*Third*, Lead Counsel contend that they have now satisfied Judge Alsup's direction to provide the *Symantec* Order to the relevant decision-making bodies at each of their clients because they have provided the order to their individual contacts at each institution, ostensibly because those individuals are empowered to "manage and oversee" litigation once the organizational decision-makers decide to initiate litigation and hire counsel. *See* Opp. at 14.

This is misleading. Each of the referenced individuals testified that the power to "manage and oversee" cases does ***not*** include the ability to either select or replace counsel, which is the only relevant authority here. *See Symantec* Order, at 2 ("[I]n future cases [. . .] BLBG in seeking appointment as class counsel shall bring this order to the attention of the assigned judge and the decision-maker for the lead plaintiff who is to select counsel."); ▮▮▮▮▮▮▮▮▮▮▮▮

2



**Fourth,** as expected (ECF 135 at 5), Lead Counsel contends that their misrepresentation was an "oversight" caused by an inadvertent failure to send a planned e-mail attaching the *Symantec* Order to the Oklahoma Funds. *See* Opp. at 10-11. If Lead Counsel's inaccurate declaration simply stated that they had sent the *Symantec* Order to the Oklahoma Funds, this explanation might hold water (although it would indicate a concerning level of negligence). But the declaration was not so limited: it specifically stated that the *Symantec* Order had been provided to Lead Plaintiffs **and Lead Plaintiffs had "re-affirm[ed]" their selection of Lead Counsel.** ECF 126-1 at ¶ 15. Lead Counsel remains unable to explain how they overlooked that Lead Plaintiffs had never taken the affirmative steps required to "re-affirm" Lead Counsel's engagement.

The only explanation suggested by Lead Counsel's submissions is that they assumed that their individual contacts at each Lead Plaintiff would passively acquiesce to Lead Counsel's approach and that Lead Counsel felt empowered to represent to the Court that Lead Plaintiffs had "reaffirmed" their selection of counsel in the absence of any affirmative action by anyone at the

---

2 ███████████████████████████████

Oklahoma Funds, much less their decision makers.  *See* ECF 140 at ¶ 8.  This abdication of the individual representatives' supervisory responsibilities to Lead Counsel is the precise concern addressed in the *Symantec* Order.  Tellingly, Lead Plaintiffs have not submitted any written documentation or declarations from Lead Plaintiffs (other than OFPRS) to support Lead Counsel's conclusory assertion that their engagement has been "re-affirmed."

**Fifth**, Lead Counsel's assertion that there is no "conceivable reason or advantage" from concealing the *Symantec* Order (Opp. at 3) is frivolous.  The obvious advantage to them is that the senior decision-makers of Lead Counsel's institutional clients would not be apprised of the concerns expressed by Judge Alsup and would not have occasion to reconsider the engagement of BLBG. ███████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

███████████████████████████

                              *    *    *

In these circumstances, Lead Counsel's communications with Lead Plaintiffs (particularly, the individual Lead Plaintiffs' representatives) bear directly on Lead Counsel's compliance with the *Symantec* Order and the accuracy of Lead Counsel and Lead Plaintiffs' representations to the Court.  And those communications have been put directly at issue by Lead Counsel and Lead Plaintiffs' representations and testimony.  *Compare* ECF 126-1 at ¶ 15, *and* ECF 130 at ¶ 6, *with*

████████████████████████████████████████████████████████████

████████████████████████████████████████  Therefore, Lead Counsel and Lead Plaintiffs should not be allowed to shield those communications from discovery by claiming attorney-client privilege.  *See, e.g.*, *Cole v. Collier*, 2020 WL 2813454, at *4 (S.D. Tex. May 28, 2020) ("Attorney-client privilege is waived when a litigant places information protected by it in

4

issue through some affirmative act for his own benefit, and to allow the privilege to protect against disclosure of such information would be manifestly unfair to the opposing party.") (internal quotation omitted); *Conkling v. Turner,* 883 F.2d 431, 434 (5th Cir. 1989) ("When confidential communications are made a material issue in a judicial proceeding, fairness demands treating the defense as a waiver of the privilege.") (quoting *United States v. Mierzwicki*, 500 F. Supp. 1331, 1335 (D. Md. 1980)).[3]

### B.    The Rankin Supplemental Declaration Is Improper

Lead Plaintiffs' assertion that substantive changes to deposition testimony are accepted as a routine practice (Opp. at 16) is mistaken.  As a threshold matter, the scope of permissible corrections in an errata sheet subject to Federal Rule of Civil Procedure 30(e) is irrelevant to the question of whether Rankin's revision of his testimony through a declaration is appropriate.  If Lead Plaintiffs thought that amending Rankin's deposition testimony through an errata sheet was appropriate, that is what they should have done, instead of filing an untimely, self-serving declaration.[4]

---

[3]    The cases cited by Lead Plaintiffs are inapposite.  In neither case did a litigant make the subject matter of attorney-client communications an issue before the court and then seek to hide behind the attorney-client privilege to prevent revealing the full scope of the communications. *See United States v. O'Malley*, 786 F.2d 786, 794 (7th Cir. 1986) (holding that attorney-client privilege was not waived where information was communicated to third party); *Kansas City Power & Light Co. v. Pittsburg & Midway Coal Min. Co.*, 133 F.R.D. 171, 174 (D. Kan. 1989) (holding attorney-client privileged was not waived where attorney-client communications were wrongfully provided to opposing counsel).

[4]    BLBG was present at Rankin's deposition but neither reserved the right for Rankin to review the transcript of his deposition as required under Rule 30(e)(1) nor conducted any examination to "correct" the record. *See, e.g., Raytheon Co. v. Indigo Sys. Corp.*, No. 4:07-CV-109, 2009 WL 424773, at *3 (E.D. Tex. Feb. 18, 2009) (Rule 30(e)(1)'s procedural requirements must be complied with).

Moreover, "the U.S. Court of Appeals for the Fifth Circuit has not addressed the scope of permissible substantive corrections to a deposition under Rule 30(e)." *Broussard v. Bd. Of Supervisors of La. St. Univ.*, 2021 WL 3032666, at \*6 (M.D. La. July 19, 2021). However, a "substantial and growing minority" of federal courts "hold that Rule 30(e) is to be used for corrective, and not contradictory, changes. A vision animates this school: if a deponent can freely revise their testimony afterward, the deposition has become a take home examination, and its utility as a discovery device wholly forfeited." *Id.* at \*5 (quotation omitted). That is particularly true here. Lead Plaintiffs did not offer to make Rankin available for additional deposition testimony before they filed the Supplemental Rankin Declaration or in response to Defendants' offer to discuss a resolution of their motion to strike. Instead, they waited until three days before Defendants' opposition to Lead Plaintiffs' class certification motion was due—thereby mooting the utility of additional testimony—before offering to make Rankin available for further questioning.

Regardless, Defendants are willing to accept Lead Plaintiffs' offer, if Lead Plaintiffs agree that Defendants may, if necessary, submit an additional 3-page brief in further opposition to Lead Plaintiffs' class certification motion addressing any pertinent issues raised by Rankin's additional testimony.

## II.    CONCLUSION

In addition to the relief requested above and in Defendants' Objections, Defendants also respectfully request that the Court consider whether any further remedial measures against BLBG and G&E or Plaintiffs are warranted.

6

DATED: July 26, 2022                    Respectfully submitted,


                                        **HUGHES HUBBARD & REED LLP**

                                        By: /s/ Kevin T. Abikoff
                                        Kevin T. Abikoff (Texas Bar No. 24034118)
                                        Benjamin S. Britz (admitted *pro hac vice*)
                                        Sean M. Reilly (admitted *pro hac vice*)
                                        Jonathan Zygielbaum (admitted *pro hac vice*)
                                        1775 I Street, NW
                                        Washington, DC 20006
                                        Telephone: (202) 721-4600
                                        Fax: (202) 721-4646
                                        Email: kevin.abikoff@hugheshubbard.com
                                        Email: benjamin.britz@hugheshubbard.com
                                        Email: sean.reilly@hugheshubbard.com
                                        Email: jonathan.zygielbaum@hugheshubbard.com

                                        Shahzeb Lari (admitted *pro hac vice*)
                                        One Battery Park Plaza
                                        New York, NY 10004-1482
                                        Telephone: (212) 837 6000
                                        Fax: (212) 422 4726
                                        Email: shahzeb.lari@hugheshubbard.com

                                        *Attorneys for Defendants ProPetro Holding Corp.*
                                        *and Spencer D. Armour, III*

                                        **WINSTEAD PC**

                                        By: /s/ Toby M. Galloway
                                        Toby M. Galloway (Texas Bar No. 00790733)
                                        Matthias Kleinsasser (Texas Bar No. 24071357)
                                        300 Throckmorton Street
                                        Suite 1700
                                        Fort Worth, Texas 76102
                                        Telephone: (817) 420-8200
                                        Fax: (817) 420-8201
                                        Email: tgalloway@winstead.com
                                        Email: mkleinsasser@winstead.com

                                        *Attorneys for Defendant Dale Redman*

                                        **BELL NUNNALLY & MARTIN LLP**

                                        By: /s/ Craig M. Warner

7

Craig M. Warner (Texas Bar No. 24084158)
Parker Burns
2323 Ross Avenue
Suite 1900
Dallas, Texas 75201
Telephone: (214) 740-1400
Fax: (214) 740-1499
Email: cwarner@bellnunnally.com
Email: pburns@bellnunnally.com

*Attorneys for Defendant Ian Denholm*

**EDMUNDSON SHELTON WEISS PLLC**

By: */s/* J. Kevin Edmundson
J. Kevin Edmundson (Texas Bar No. 24044020)
Jesse Z. Weiss (Texas Bar No. 24013728)
317 Grace Lane
Suite 210
Austin, Texas 78746
Telephone: (512) 596-3058
Fax: (512) 532-6637
Email: kevin@eswpllc.com
Email: jesse@eswpllc.com

*Attorneys for Defendant Jeffrey Smith*

8

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing document was filed with the Court's

electronic case filing (ECF) system on July 26, 2022, which caused an electronic copy of this

document to be served on all counsel of record in this matter.

 /s/ Kevin T. Abikoff
Kevin T. Abikoff

9