**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

|  |  |
|---|---|
| NYKREDIT PORTEFØLJE ADMINISTRATION A/S, OKLAHOMA FIREFIGHTERS PENSION AND RETIREMENT SYSTEM, OKLAHOMA LAW ENFORCEMENT RETIREMENT SYSTEM, OKLAHOMA POLICE PENSION AND RETIREMENT SYSTEM, OKLAHOMA CITY EMPLOYEE RETIREMENT SYSTEM, POLICE AND FIRE RETIREMENT SYSTEM OF THE CITY OF DETROIT, Individually and on behalf of all other similarly situated, *Plaintiffs,*<br><br>VS.<br><br>PROPETRO HOLDING CORP., ET AL., *Defendants.* | CASE No. MO:19-CV-00217-DC |

**DEFENDANT PROPETRO'S OPPOSITION TO PLAINTIFFS' OPPOSED**
**<u>MOTION TO COMPEL DISCOVERY</u>**

HUGHES HUBBARD & REED LLP
1775 I Street, N.W.
Washington, D.C.  20006-2401
Tel: (202) 721-4600
Fax: (202) 721-4646

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ......................................................................................................1

BACKGROUND .........................................................................................................................2

    A.    The Court's Orders Limiting The Scope Of Plaintiffs' Claims...............................2

    B.    ProPetro Responds To Plaintiffs' Document Requests In Accordance With The Court's Limitation Of Plaintiffs' Claims...........................................................4

    C.    The Current Dispute................................................................................................5

ARGUMENT...............................................................................................................................6

    A.    Plaintiffs' Request For Additional Document Discovery Is Untimely....................6

    B.    The Additional Requested Discovery Is Not Related To Plaintiffs' Surviving Claims ...................................................................................................7

    C.    Plaintiffs' Motion Is Largely Moot.......................................................................10

CONCLUSION.........................................................................................................................10

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Dishner v. Universal Health Servs., Inc.*, 2018 WL 1617844
(N.D. Tex. Apr. 4, 2018)...................................................................................................7

*Fath v. Texas Department of Transportation*, 2016 WL 7442870
(W.D. Tex. Oct. 19, 2016) ............................................................................................8, 9

*Rivera v. United States*, 2015 WL 13649403 (W.D. Tex. Dec. 22, 2015) .................................7, 9

*Siegel v. Compass Bank*, 2020 WL 7696000 (N.D. Tex. Dec. 24, 2020).......................................7

*Tijerina-Salazar v. Venegas*, 2022 WL 1085620 (W.D. Tex. April 11, 2022).............................10

Defendant ProPetro Holding Corp. ("ProPetro") respectfully submits this memorandum of law in opposition to Plaintiffs' motion to compel discovery, dated July 25, 2022 (the "Motion," ECF 151).

## PRELIMINARY STATEMENT

Plaintiffs' Motion is another attempt at expanding the scope of their surviving claims, despite the Court's very clear instructions in its September 13, 2021 and March 18, 2022 orders (ECF 105, ECF 116) that the *only* claims still at issue in this case are those relating to (i) the adequacy of ProPetro's internal controls at the time of its initial public offering (the "IPO") on March 17, 2017; (ii) statements made prior to May 10, 2018 regarding ProPetro' internal controls in relation to expense reimbursements and related parties; and (iii) statements during the putative class period (March 17, 2017 to March 13, 2020) regarding ProPetro's internal controls in relation to share pledges by the company's former CEO, Dale Redman.

The Court provided this direction because it recognized that it would be inappropriate to burden Defendants with responding to discovery regarding irrelevant and impertinent allegations and matters. Nonetheless, Plaintiffs now seek to compel ProPetro to provide discovery regarding issues that have no connection to their remaining claims. ▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

---

[1]　Citations to "P. Ex." are to the exhibits attached to the July 25, 2022 declaration of Alexander Payne (ECF 151-1); citations to "Ex." are to exhibits accompanying the August 1, 2022 declaration of Sean Reilly.

Plaintiffs' Motion now seeks discovery into those unrelated topics. This is inappropriate. While Plaintiffs repeatedly assert that the newly sought discovery is directly relevant to their claims, they make no attempt to explain how this discovery relates to the claims remaining in this case as articulated in the Court's September 13, 2021 and March 18, 2022 orders—indeed, Plaintiffs' Motion reads as if those orders simply do not exist. But they do, and Plaintiffs must comply with them. As discussed further below, the Motion should be denied in its entirety.

**BACKGROUND**

**A.      The Court's Orders Limiting The Scope Of Plaintiffs' Claims**

On September 13, 2021, the Court issued an order (the "September 13 Order") which partially granted and partially denied Defendants' motion to dismiss Plaintiffs' Third Amended Complaint (the "TAC"). *See* ECF 105 at 64-5. Although the September 13 Order did not dismiss the TAC in its entirety, it significantly restricted the scope of Plaintiffs' claims as follows:

(a)    Plaintiffs' claims under Section 10(b) of the Securities Exchange Act of 1934 were limited to statements regarding the adequacy of ProPetro's internal controls in relation to (i) expense reimbursements to Redman and Smith (limited to statements made prior to the IPO and secondary offerings); (ii) related-party transactions (limited to statements made prior to the IPO and secondary offerings) [2]; and (iii) Redman's pledging of ProPetro's stock as collateral for personal loans. *See id.* at 64.

(b)    Plaintiffs' claims under Section 11 of the Securities Act of 1933 were limited to "[s]tatements regarding the adequacy of ProPetro's internal and disclosure controls made in connection with the IPO" on March 17, 2017. *Id.* at 65.

The Court held that "[c]laims based on any statements outside the scope of the categories listed above will not go forward." *Id.* at 64. The Court also gave Plaintiffs fourteen days to seek leave to amend the TAC. *See id.* at 67. Plaintiffs declined to do so.

---

[2]      The latest relevant secondary offering took place on May 10, 2018.

The Court confirmed its limitation of Plaintiffs' claims in its March 18, 2022 order, which granted Defendants' motion to strike irrelevant allegations from the TAC (the "March 18 Order"). *See* ECF 116 at 3-4, 6-7. The March 18 Order reiterated that:

> Plaintiffs' remaining 10(b)-5 claims therefore are limited to (i) ProPetro's pre-IPO and secondary offering statements regarding its internal and disclosure controls in relation to expense reimbursements and related parties; and (ii) ProPetro's statements during the class period regarding its internal controls in relation to Redman's share pledges. Plaintiffs' Section 11 claims are limited singularly to "statements regarding the adequacy of ProPetro's internal and disclosure controls made in connection with the IPO …."

*Id.* at 4 (citing ECF 105 at 65). Accordingly, the Court struck all allegations from the TAC that were unrelated to the above issues in order to "streamline the present litigation, avoid unnecessary forays into immaterial matters, and protect Defendants from being forced to litigate issues after the Court has dismissed certain claims and theories." *Id.* at 7.

As the Court found, this was necessary to focus this litigation on the relevant issues and to avoid unnecessary and burdensome discovery into issues that were not relevant to Plaintiffs' surviving claims:

> Prejudice results to the moving party where the [challenged] allegation . . . would have the effect of confusing the issues or is so lengthy and complex that it places an undue burden on the responding party. While 26(b) provides remedies for unduly broad and burdensome discovery, the scope of permissible discovery is tethered to the pleaded claims and defenses. Rule 26 provides no remedy for the prejudice that occurs from requiring Defendants to respond to masses of immaterial and impertinent allegations, nor does it provide ex ante protection against unnecessary discovery.

*Id.* at 5.

3

### B.    ProPetro Responds To Plaintiffs' Document Requests In Accordance With The Court's Limitation Of Plaintiffs' Claims

On December 9, 2021, Plaintiffs served broad document requests on ProPetro, seeking discovery into various matters that had been dismissed from this case pursuant to the Court's September 13 Order. *See* P. Ex. E. On January 10, 2022, ProPetro objected to Plaintiffs' document requests to the extent that they called "for the production of documents relating to claims or subjects no longer at issue in this Action in light of the Court's September 13, 2021 Order." Ex. 1 at 4. Specifically, ProPetro objected that the order:

> limited Plaintiffs' claims to the following: (1) with respect to Plaintiffs' claims under Section 11 of the Securities Act of 1933, to '[s]tatements regarding the adequacy of ProPetro's internal and disclosure controls made in connection with the IPO;' and (2) with respect to Plaintiffs' claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, to '[s]tatements regarding the adequacy of ProPetro's internal and disclosure controls in relation to (i) improper expense reimbursements to Redman and Smith (limited to statements made prior to the IPO and secondary offerings), (ii) related-party transactions (limited to statements made prior to the IPO and secondary offerings), and (iii) Redman's pledging of ProPetro stock as collateral for personal loans.

*Id*. at 4.

Plaintiffs initially contested that objection, claiming that the September 13 Order had not restricted their claims, but abandoned that argument once the Court issued its March 18 Order. ProPetro proceeded with its document production:

- After six weeks of negotiations, Plaintiffs and ProPetro agreed to a detailed search protocol and list of custodians to govern ProPetro's collection, review and production of documents. *See* Ex. 2 and Ex. 3.

- On March 18, 2022, ProPetro made its first production of documents. The April 17 Memo focused on by Plaintiffs' Motion was included in this production.

- ProPetro continued to make document productions on a rolling basis on April 18, and May 5, 2022, and substantially completed its document production on June 1, 2022, the deadline for substantial completion of ProPetro's document production. *See* ECF 116 at 9. ProPetro produced a small number of additional documents on June 10, 2022.

4

### C.    The Current Dispute

On June 15, 2022—nearly three months after ProPetro produced the April 17 Memo and after the deadline for ProPetro's document production—Plaintiffs demanded that ProPetro provide additional discovery regarding three additional subjects referenced in the April 17 Memo. *See* P. Ex. B.  Those additional topics are:



On July 7, 2022, ProPetro notified Plaintiffs that it objected to adding the proposed custodians and search terms because they were not relevant to Plaintiffs' claims as limited by the

Court's September 13 and March Orders. *See* P. Ex. C at 1. Contrary to Plaintiffs' assertion that ProPetro simply made a "boilerplate" objection with no explanation (Motion at 6), ProPetro expressly explained its position that Plaintiffs' demand was outside the scope of Plaintiffs' existing claims:



P. Ex. C at 1.

ProPetro also told Plaintiffs it was available to discuss this issue. *See id.* On July 14, 2022, the parties had a telephonic meet-and-confer. Plaintiffs' counsel stated at the outset of the meet-and-confer that the call was going to be "short;" insisted that ProPetro restate its objection to Plaintiffs' new request; refused to listen to ProPetro's attempt to explain its position; and peremptorily hung up the telephone. This Motion followed.

## ARGUMENT

### A.    Plaintiffs' Request For Additional Document Discovery Is Untimely

As noted, ProPetro produced the April 17 Memo to Plaintiffs in its initial production of documents on March 18, 2022. *See* Reilly Decl. ¶ 5. However, Plaintiffs did not make their request for additional discovery until three months later (June 15, 2022)—despite the fact that Plaintiffs' request for additional discovery is based almost exclusively on the matters discussed in

6

the April 17 Memo.[3]   By the time Plaintiffs made this additional request, the deadline for ProPetro's document production had already expired. *See* ECF 116 at 9.  This alone is sufficient grounds to deny Plaintiffs' Motion. *See, e.g.*, *Siegel v. Compass Bank*, 2020 WL 7696000, at \*2 (N.D. Tex. Dec. 24, 2020) ("The Fifth Circuit Court of Appeals has noted that its 'precedent suggests that a district court is within its discretion to deny a motion to compel filed on or after the court-ordered discovery deadline—regardless of the requested discovery's value to the party's case.'") (citations omitted).

That is especially true because Plaintiffs are not arguing that Defendants failed to produce documents in response to any specific outstanding document request.   Rather, Plaintiffs are demanding that ProPetro modify agreed-upon search protocols and produce new discovery materials based on the April 17 Memo.[4]

## B.   The Additional Requested Discovery Is Not Related To Plaintiffs' Surviving Claims

The Court has explained that "the scope of permissible discovery is tethered to the pleaded claims and defenses."  ECF 116 at 5 (citing *Dishner v. Universal Health Servs., Inc.*, 2018 WL 1617844, at \*1 (N.D. Tex. Apr. 4, 2018)); *see also Rivera v. United States*, 2015 WL 13649403, at \*2 (W.D. Tex. Dec. 22, 2015) ("the Court will not consider claims that are not currently part of the pleadings in this case, including those dismissed by the District Court" in ruling on a motion

---

[3] ███████████████████████████████████████████

[4]     The Motion fleetingly references Plaintiffs' Document Request No. 5, which requested "Documents Concerning the effectiveness of the Company's Internal Controls or disclosure controls." *See* Motion at 6; P. Ex. E at 7.  ProPetro made clear in its response to that request that it would only produce "non-privileged documents concerning the effectiveness of the Company's internal and disclosure controls at the time of the IPO and internal and disclosure controls related to executive compensation, related-party transactions, and security ownership of officers and directors during the Relevant Period" in response to that request. *See* Ex. 1 at 10-11.

7

to compel); *Fath v. Texas Department of Transportation*, 2016 WL 7442870, at \*1-2 (W.D. Tex. Oct. 19, 2016) (denying motion to compel regarding issues that "are not the subject of Plaintiffs claims against Defendants").

The Court has also—on two separate occasions—made clear that Plaintiffs' claims are limited to the discrete issues of: (i) the adequacy of ProPetro's internal controls at the time of its IPO in March 2017; (ii) statements prior to May 10, 2018 regarding ProPetro' internal and disclosure controls in relation to expense reimbursements and related parties; and (iii) statements during the putative class period (March 17, 2017 to March 13, 2020) regarding ProPetro's internal controls in relation to Redman's share pledges. *See supra* at 2-3.

Thus, the scope of discovery in this case is limited to the above issues. However, the discovery sought by Plaintiffs' Motion has nothing to do with them. ███████████████████

████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████

█████████████████████ Plaintiffs do not argue otherwise. In fact, Plaintiffs do not address the Court's September 13 and March 18 Orders and their narrowing of Plaintiffs' claims at all. Instead, Plaintiffs contend that the Motion seeks discovery that is relevant to the allegations contained in the TAC—with no attempt at explaining how this discovery relates to Plaintiffs' claims as narrowed by the Court's prior orders.

For example:

████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████



- The assertion that the extraneous issues identified in the April 17 Memo are "directly relevant to proving that each Defendant acted with scienter" (Motion at 8) is misplaced for the same reason: they have no relevance to whether any of the Defendants had knowledge of, or was reckless regarding, the specific internal control weaknesses still at issue in this case.



That is not the applicable standard. Rather, Plaintiffs are limited to discovery regarding the specific claims at issue in this case. The discovery sought by Plaintiffs' Motion is not related to those claims; this requires denial of the Motion. *See, e.g.*, *Rivera*, 2015 WL 13649403, at *2 (denying motion to compel discovery into dismissed claims); *Fath*, 2016 WL 7442870, at *1-2 (denying motion to compel discovery into issues that "are not the subject of Plaintiff's claims").

9

### C.    Plaintiffs' Motion Is Largely Moot

As noted, on the July 14, 2022 meet-and-confer between Plaintiffs and ProPetro, Plaintiffs' counsel refused to have any meaningful discussion regarding Plaintiffs' additional discovery demands and hung up the telephone when ProPetro's counsel attempted to explain its position. *See, e.g.*, *Tijerina-Salazar v. Venegas*, 2022 WL 1085620, at *2 (W.D. Tex. April 11, 2022) ("The movant is required to at least attempt a two-way communication and avoid treat[ing] the informal negotiation process as simply a formal prerequisite to judicial review of the discovery dispute.").

If not for this behavior, Plaintiffs would know that their Motion is largely moot. ████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

█████████████████████████████████████████████

### CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Compel should be denied in its entirety.

DATED: August 01, 2022                    Respectfully submitted,


                                          **HUGHES HUBBARD & REED LLP**

                                          By: */s/* Kevin T. Abikoff
                                          Kevin T. Abikoff (Texas Bar No. 24034118)
                                          Benjamin S. Britz (admitted *pro hac vice*)
                                          Sean M. Reilly (admitted *pro hac vice*)
                                          Jonathan Zygielbaum (admitted *pro hac vice*)
                                          1775 I Street, NW
                                          Washington, DC 20006
                                          Telephone: (202) 721-4600
                                          Fax: (202) 721-4646
                                          Email: kevin.abikoff@hugheshubbard.com
                                          Email: benjamin.britz@hugheshubbard.com
                                          Email: sean.reilly@hugheshubbard.com
                                          Email: jonathan.zygielbaum@hugheshubbard.com

                                          Shahzeb Lari (admitted *pro hac vice*)
                                          One Battery Park Plaza
                                          New York, NY 10004-1482
                                          Telephone: (212) 837 6000
                                          Fax: (212) 422 4726
                                          Email: shahzeb.lari@hugheshubbard.com

                                          *Attorneys for Defendant ProPetro Holding Corp.*

11

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed with the Court's electronic case filing (ECF) system on August 01, 2022, which caused an electronic copy of this document to be served on all counsel of record in this matter.

/s/ Kevin T. Abikoff
Kevin T. Abikoff

12