# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF TEXAS

# MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| NYKREDIT PORTEFØLJE ADMINISTRATION A/S, OKLAHOMA FIREFIGHTERS PENSION AND RETIREMENT SYSTEM, OKLAHOMA LAW ENFORCEMENT RETIREMENT SYSTEM, OKLAHOMA POLICE PENSION AND RETIREMENT SYSTEM, OKLAHOMA CITY EMPLOYEE RETIREMENT SYSTEM, POLICE AND FIRE RETIREMENT SYSTEM OF THE CITY OF DETROIT, Individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br> vs.<br><br>PROPETRO HOLDING CORP., DALE REDMAN, JEFFREY SMITH, IAN DENHOLM, and SPENCER D. ARMOUR III,<br><br>      Defendants. | § § § § § § § § § § § § § § § § § § § § § § § § | Civil Action No. 7:19-CV-00217-DC<br><br>**CLASS ACTION**<br><br>Hon. Walter David Counts, III |

**PLAINTIFFS' REPLY MEMORANDUM OF LAW IN FURTHER
SUPPORT OF THEIR OPPOSED MOTION TO COMPEL DISCOVERY**

Plaintiffs respectfully submit this Reply Memorandum of Law in Further Support of their Opposed Motion to Compel Discovery (the "Motion," Doc. 151) against Defendant ProPetro.[1]

## I. INTRODUCTION

ProPetro opposes the Motion by distorting it into an "attempt at expanding the scope of [Plaintiffs'] surviving claims" (Opp. at 1), a strawman argument to be ignored since it is plainly impossible to *expand claims through a discovery motion*. ProPetro otherwise largely ignores Plaintiffs' actual arguments, including the explanation of how the requested material directly relates to the *sustained claims* in this case, particularly as relevant to questions of scienter. Critically, the Court cited the pervasively poor "tone at the top" as evidence integral to Plaintiffs' claims. Doc. 105 at 28-29. The requested documents concern particular examples of how Defendants set that poor "tone at the top."

The Motion presents a narrowly tailored request for documents related to two discrete topics—Defendants' ███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████ The thrust of the Audit Committee's findings, and indeed Plaintiffs' claims, is that Defendants created a poor "tone at the top," and then exploited it to engage in a multitude of improper conduct, including undisclosed third-party transactions, expenses reimbursements, Redman's share pledges—*i.e.*, the subjects of the live claims in the case. The Motion seeks evidence directly relevant to Defendants' scienter—their state of mind when they misrepresented the state of and their compliance with the internal controls.

ProPetro's opposition is flawed because it focuses nearly exclusively on whether the requested discovery relates to the falsity of Defendants' statements concerning internal controls.

---

[1] All defined, capitalized terms have the meanings assigned in the Motion.

In so doing, ProPetro's opposition makes no attempt to explain how the Audit Committee's conclusion that Defendants' "tone at the top" created a deficient control regime has no bearing on those same Defendants' states of mind when they flouted such controls to engage in undisclosed misconduct. ProPetro also makes no serious attempt to explain why the ███████ ████████████████████████████████████████████████████████████████████████████████████ ████████████████ (*see* Ex. A at PUMP_WDTX_00011251)—have no relevance to the live claims notwithstanding that the conduct the complaints describe predate ProPetro's offerings. Further, the ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ ████████ Ex. D at PUMP_WDTX_00271329, 00271331-1332.

ProPetro attempts to further misdirect the Court by presenting a misleading account of the Parties' meet and confer prior to the Motion. Defendants offered only a terse relevance objection, agreed the parties were at an impasse, and their belated revelation that they ████████████ ██████████████████████████ (Opp. at 10) which they certainly could have communicated to Plaintiffs prior to the Motion and anytime in the month after Plaintiffs first requested this discovery, evidences gamesmanship rather than a good faith effort to resolve discovery disputes. *See* Harrod Declaration (filed herewith).

## II.   FACTUAL CONTEXT

ProPetro's opposition—which, as discussed, focuses on the relevance of the requested discovery to the falsity element of the Exchange Act claims—would only make sense if Defendants have admitted or conceded that they acted with scienter when making the alleged false statements and omissions. But they have not conceded scienter. In fact, as the Court noted in its discussion of scienter when sustaining Plaintiffs' claims, "ProPetro argues that Defendants'

2

statements cannot be false because the Complaint did not 'plead facts showing that management *knew* the controls were insufficient or ignored red flags of such deficiency at the time they made the disclosures and certifications.'" Doc. 105 at 51. The Motion's narrowly tailored discovery request concerning Defendants' ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮ is exactly the type of evidence Defendants had argued was relevant to this case: contemporaneous evidence of Defendants knowingly or recklessly misrepresenting the Company's internal controls and disregarding red flags concerning those controls, which, here, had the form of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

As the Court stated in its Order sustaining Plaintiffs' claims, scienter is "an intent to deceive, manipulate, or defraud or that severe recklessness in which the danger of misleading buyers or sellers is either known to the defendant or is so obvious that the defendant must have been aware of it." Doc. 105 at 23 (quoting *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.,* 565 F.3d 200, 207 (5th Cir. 2009)). The Court further noted "[s]cienter here as to ProPetro thus rises or falls with its determination as to the corporate officers who made the challenged statements." *Id*. at 52. The Audit Committee concluded that the Company's deficient controls, rising to the level of material weaknesses, were the product of the Individual Defendants' pervasively poor "tone at the top," which promoted an environment of non-compliance. Ex. A at PUMP_WDTX_00011251. In other words, the Audit Committee's investigation placed blame for the Company's deficient controls squarely on the Individual Defendants and concluded the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ were direct evidence supporting that conclusion. *Id.* at PUMP_WDTX_00011251, 00011253-1254. Moreover, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ the alleged expense reimbursement misstatements that are live in

3

the case. Ex. D. at PUMP_WDTX_00271329, 00271331-1332. Specifically, ▉▉▉▉▉▉

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

*Id*. These subjects are thus directly relevant to establishing that Defendants knowingly or recklessly misrepresented the adequacy of and adherence to the Company's controls.

Finally, Defendants' contentions regarding the meet and confer process are, at best, misleading. *See* Harrod Decl. (filed herewith). Defendants ignored Plaintiffs for nearly a month and rejected the argument the documents were relevant to scienter. ProPetro's counsel specifically confirmed that the parties were at an impasse (*see id.*) and never shared that they ▉▉▉▉▉ ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ Plaintiffs attempted to confer in good faith.

### III. THE REQUESTED DISCOVERY IS RELEVANT AND PROPORTIONATE

As explained above, the factual information concerning the "tone at the top" set by the Defendants is decidedly relevant to Plaintiffs' claims because the ProPetro Audit Committee itself ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ as evidence of the poor tone at the top concerning Defendants' approach to internal controls.

The standard for relevance is "broad." *Miller v. Sam Houston State Univ.*, 986 F.3d 880, 891 (5th Cir. 2021). The information requested by Plaintiffs meets the relatively low bar for relevance as it "will help the Parties prove or disprove . . . Plaintiff[s'] claims and will enable the Parties to establish a picture of the events leading to the" Defendants' alleged misstatements regarding internal controls. *Vasquez v. Conquest Completion Servs., LLC*, 2018 WL 3611799, at *3 (W.D. Tex. Jan. 10, 2018). *See, e.g.*, *Crow v. ProPetro Servs., Inc.*, 2016 WL 9776368, at *2 (W.D. Tex. June 6, 2016) (finding relevant, in an overtime compensation suit, information regarding unrelated prior wage-and-hour complaints); *Thompson v. Toyota Motor Sales, USA, Inc.*,

4

2017 WL 5194108, at *4 (W.D. Tex. May 30, 2017) (finding relevant, in a products liability suit, information related to vehicle models from foreign markets not required to meet U.S. standards).[2]

As "the party resisting discovery," Defendants do not make the required showing that the requested discovery is not relevant. *Crow*, 2016 WL 9776368, at *2; *Parrish v. Premier Directional Drilling, L.P.*, 2017 WL 8774230, at *2 (W.D. Tex. Mar. 1, 2017) ("the party resisting discovery bears the burden of establishing . . . the requested discovery . . . does not come within the broad scope of relevance under Rule 26(b)(1)" (citing *SEC v. Brady*, 238 F.R.D. 429, 435 (N.D.Tex. 2006)). Notably, Defendants do not contend that the requests are overbroad and not proportionate. Defendants instead rest their argument solely on a relevance objection. Where, as here, the discovery sought is narrowly tailored and relevant to an element of Plaintiffs' case, relevance objections are overruled. *See, e.g.*, *Conquest Completion Servs., LLC*, 2018 WL 3611799, at *3 (finding relevant, in a personal injury suit, the driver's cell phone records during the accident—despite plaintiff's theory centering on drunk driving—because plaintiff also alleged failure to maintain proper control of the vehicle and otherwise improper driving).

## IV. CONCLUSION

Plaintiffs respectfully request the Court enter the Proposed Order filed with the Motion.

---

[2] Regarding Defendants' argument on timing, Plaintiffs reasonably anticipated that documents concerning the requested subjects would be included in ProPetro's production to be "substantially completed" by June 1. When that production failed to address these issues, Plaintiffs promptly raised them with Defendants by June 14, 2022. Discovery frequently evolves as the requesting party gains a more detailed understanding of the case. Further, no discovery deadline has passed—discovery ends on September 16, 2022. Defendants cite *Siegel v. Compass Bank*, but in that case, the court denied plaintiffs' discovery motion in large part because it "was filed more than three months after the extended deadline for completion of discovery, and *less than six weeks before the trial date.*" 2020 WL 7696000, at *3 (N.D. Tex. Dec. 24, 2020).

Dated: August 8, 2022					Respectfully submitted,

By:    */s/ James A. Harrod*
Jeroen van Kwawegen
James Harrod
Alexander T. Payne
**BERNSTEIN LITOWITZ BERGER
 & GROSSMANN LLP**
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1448
Jim.Harrod@blbglaw.com
Jeroen@blbglaw.com
Alex.Payne@blbglaw.com

**GRANT & EISENHOFER P.A.**
Daniel L. Berger
Caitlin M. Moyna
485 Lexington Avenue
New York, NY 10017
Telephone: (646) 722-8500
Facsimile: (646) 722-8501
dberger@gelaw.com
cmoyna@gelaw.com

*Counsel for Plaintiffs, Lead Counsel for the Class and proposed Class Counsel*

**MARTIN & DROUGHT, P.C.**
Gerald T. Drought
State Bar No. 06134800
Federal Bar No. 8942
Frank B. Burney
State Bar No. 03438100
Bank of America Plaza, 25th Floor 300
Convent Street San Antonio, Texas 78205
Telephone: (210) 227-7591
Facsimile: (210) 227-7924
gdrought@mdtlaw.com
fburney@mdtlaw.com

*Liaison Counsel for Plaintiffs*

**CLARK HILL PLC**
Ronald A. King
212 E. Cesar Chavez Ave
Lansing, MI 48906
Telephone: (517) 318-3015
Facsimile: (517) 318-3068
rking@clarkhill.com

*Counsel for Plaintiff Police and Fire Retirement System of the City of Detroit*

## **CERTIFICATE OF SERVICE**

I certify that on August 8, 2022 a true and correct copy of the foregoing document was filed with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to all counsel of record.

<em>/s/ James A. Harrod</em>