UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| NYKREDIT PORTEFØLJE ADMINISTRATION A/S, OKLAHOMA FIREFIGHTERS PENSION AND RETIREMENT SYSTEM, OKLAHOMA LAW ENFORCEMENT RETIREMENT SYSTEM, OKLAHOMA POLICE PENSION AND RETIREMENT SYSTEM, OKLAHOMA CITY EMPLOYEE RETIREMENT SYSTEM, POLICE AND FIRE RETIREMENT SYSTEM OF THE CITY OF DETROIT, Individually and on behalf of all others similarly situated, | § § § § § § § § § § § § § | Civil Action No. 7:19-CV-00217-DC <br><br> <u>CLASS ACTION</u> <br><br> Hon. Walter David Counts, III |
| Plaintiffs, | § § § | |
| vs. | § § § | |
| PROPETRO HOLDING CORP., DALE REDMAN, JEFFREY SMITH, IAN DENHOLM, and SPENCER D. ARMOUR III, | § § § § § | |
| Defendants. | § § § § | |

**DECLARATION OF JAMES A. HARROD IN SUPPORT OF**
<u>**PLAINTIFFS' OPPOSED MOTION TO COMPEL DISCOVERY**</u>

I, James A. Harrod, declare as follows:

1.      I am a partner in the law firm of Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz"), which is Court-appointed Co-Lead Counsel in this matter. I am a member in good standing in the Bar of the State of New York and have been admitted *pro hac vice* to practice before this Court. I have personal knowledge of the matters set forth herein.

2.      I provide this Declaration in further support of Plaintiffs' Opposed Motion to Compel Discovery (Doc. 151) (the "Motion") and the Reply submitted herewith to specifically respond to certain contentions in Defendant ProPetro's Opposition to the Motion (Doc. 158) ("Opposition") concerning the meet and confer process that preceded the filing of the current Motion.

3.      I personally participated in the review of the relevant discovery materials that are referenced in and sought by the Motion.  Based on Plaintiffs' review of the documents produced by ProPetro through June 1, 2022, the deadline for ProPetro to "substantially complete" its production of documents, it was apparent that there were certain gaps in the production concerning documents and events that were described in the Audit Committee's investigation of the facts that led to this lawsuit.

4.      To that end, on June 15, 2022 I sent a letter to ProPetro's counsel and requested that they produce the documents sought in the Motion.  I requested a response to that letter by June 21, 2022.  On June 27, 2022, ProPetro had not responded to my June 15, 2022 letter so I requested that Alexander Payne, one of the Associates working on this litigation at my firm, send a follow-up email to ProPetro's counsel, requesting a response to my letter.

5.      On July 7, 2022, ProPetro's counsel responded to my June 15 letter, refusing to add the requested search terms or custodians.  On July 10, 2022 Mr. Payne emailed ProPetro's

counsel and asked them for a meet and confer the following day.  They indicated that the first day they were available was Thursday, July 14, 2022.

6.      On July 14, 2022—nearly a month after Plaintiffs' initial request was sent—we conducted a meet and confer with ProPetro's lawyers from Hughes Hubbard & Reed, including Kevin Abikoff, Shahzeb Lari and Sean Reilly.  I participated in the call on behalf of Plaintiffs, along with several other lawyers from my firm and our co-counsel at Grant & Eisenhofer, P.C.

7.      At the outset of the call, I indicated that if Defendants were unwilling to make any compromise from the position expressed in Mr. Reilly's July 7, 2022 email, the discussion would likely be "short."  I asked Defendants if they had anything to add to the position expressed in Mr. Reilly's email.  They did not expand on the views expressed in that email.  When I indicated that the materials sought by this Motion were highly relevant to the "tone at the top" findings and Defendants' scienter, Mr. Abikoff said words to the effect of, "You think those issues are relevant to securities fraud?" I responded "yes," and ███████████████████████████ ███████████████████████████████████████████████ I disagreed, stating that it evidences individual scienter as to the alleged false statements.

8.      I then asked Defendants again if they would consider altering their position.  They indicated they would not.  I then specifically asked ProPetro's counsel whether they agreed that Plaintiffs could represent to the Court that we had met and conferred regarding these subjects and were at an impasse.  Mr. Abikoff responded by saying, "You can."

9.      We then proceeded to draft and file the Motion.  At no point in the discovery process, after we had sent ProPetro our June 15, 2022 letter, waited for a response, sent them an email on June 27, they responded on July 7, 2022 and we had a telephonic meet and confer on July 14, 2022, did ProPetro indicate what they have now indicated to the Court "moots" part of

the Motion— ███████████████████████████████████████████████

Defendants had multiple opportunities to engage on and share that information, and to reach a compromise on the matters requested by Plaintiffs' Motion, and chose not to share that information, offer a compromise, or narrow the scope of the issues now presented to the Court.

I declare under penalty of perjury, that the foregoing is true and correct to the best of my knowledge.

Executed this 8th day of August, 2022.

/s/ James A. Harrod
James A. Harrod

3

## CERTIFICATE OF SERVICE

I certify that on August 8, 2022, a true and correct copy of the foregoing document was filed with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to all counsel of record.

*/s/ James A. Harrod*