## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| NYKREDIT PORTEFØLJE ADMINISTRATION A/S, OKLAHOMA FIREFIGHTERS PENSION AND RETIREMENT SYSTEM, OKLAHOMA LAW ENFORCEMENT RETIREMENT SYSTEM, OKLAHOMA POLICE PENSION AND RETIREMENT SYSTEM, OKLAHOMA CITY EMPLOYEE RETIREMENT SYSTEM, POLICE AND FIRE RETIREMENT SYSTEM OF THE CITY OF DETROIT, Individually and on behalf of all others similarly situated, | § § § § § § § § § § § | No. MO:19-CV-217-DC |
| *Plaintiffs,* | § § § | |
| v. | § § | |
| PROPETRO HOLDING CORP., DALE REDMAN, JEFFREY SMITH, IAN DENHOLM, and SPENCER D. ARMOUR III, | § § § § § | |
| *Defendants.* | § § | |

## ORDER PRELIMINARILY APPROVING SETTLEMENT
## AND PROVIDING FOR NOTICE

BEFORE THE COURT is Plaintiffs' Unopposed Motion for Preliminary Approval of Settlement Pursuant to Fed. R. Civ. P. 23. (Doc. 168). After due consideration, Plaintiffs' Motion is hereby **GRANTED** (Doc. 168), and Plaintiffs' Motion to Certify Class (Doc. 126), Defendants' Motion to Strike (Doc. 135), Defendants' Motions to Exclude Expert Testimony (Docs. 146, 149), and Plaintiffs' Motions to Compel (Docs. 151, 153) are **DENIED** as moot.

WHEREAS, a securities class action is pending in this Court entitled *Nykredit Portefølje Administration A/S et al. v. ProPetro Holding Corp. et al.*, No. MO:19-CV-217-DC (the "Action");

WHEREAS, (a) Court-appointed Lead Plaintiffs Nykredit Portefølje Administration A/S, Oklahoma Firefighters Pension and Retirement System, Oklahoma Law Enforcement Retirement System, Oklahoma Police Pension and Retirement System, and Oklahoma City Employee Retirement System (together, "Lead Plaintiffs"), and plaintiff Police and Fire Retirement System of the City of Detroit (together with Lead Plaintiffs, "Plaintiffs"), on behalf of themselves and the Settlement Class  (defined below); and (b) Defendants ProPetro Holding Corp. ("ProPetro" or the

"Company"), Dale Redman, Jeffrey Smith, Ian Denholm, and Spencer D. Armour III (the "Individual Defendants" and, with ProPetro, "Defendants") have determined to settle all claims asserted in the Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated September 22, 2022 (the "Stipulation"), subject to the approval of this Court (the "Settlement");

WHEREAS, Plaintiffs have made a motion, pursuant to Rule 23(e)(1) of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation and allowing notice to Settlement Class Members as more fully described herein;

WHEREAS, the Court has read and considered: (a) Plaintiffs' motion for preliminary approval of the Settlement and authorization to send notice of the Settlement to the Settlement Class, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto; and

WHEREAS, unless otherwise defined in this Order, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

THEREFORE, IT IS ORDERED:

1.    **Proposed Class Certification for Settlement Purposes** – The Parties have proposed the certification of the following Settlement Class pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure and solely for purposes of effectuating the proposed Settlement:  all persons and entities who (a) purchased or otherwise acquired ProPetro common stock on the open market during the period from March 17, 2017 to March 13, 2020, both dates inclusive (the "Class Period"), and were damaged thereby, or (b) purchased ProPetro common stock in or traceable to the Company's March 17, 2017 Initial Public Offering (the "Settlement Class").    Excluded from the Settlement Class are: Defendants; ProPetro's affiliates and subsidiaries; the Officers and directors of ProPetro and its subsidiaries and affiliates at all relevant times; members of the Immediate Family of any excluded person; heirs, successors and assigns of any excluded person or entity; and any entity in which any excluded person has or had a controlling interest.  Also excluded from the Settlement Class are any persons and entities that submit a request for exclusion that is accepted by the Court.

2.    **Class Findings** – The Court finds, pursuant to Rule 23(e)(1)(B)(ii) of the Federal Rules of Civil Procedure, that it will likely be able to certify the Settlement Class for purposes of the proposed Settlement.  Specifically, the Court finds that each element required for certification of the Settlement Class for purposes of the proposed Settlement pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met or will likely be met:  (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class that predominate over any individual questions; (c) the claims of Plaintiffs in the Action are typical of the claims of the Settlement Class; (d) Plaintiffs and Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action for purposes of the proposed Settlement.

3.     The Court also finds, pursuant to Rule 23(e)(1)(B)(ii) of the Federal Rules of Civil Procedure, that for purposes of the proposed Settlement it will likely be able to certify Plaintiffs as Class Representatives for the Settlement Class and appoint Lead Counsel as Class Counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

4.     **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, and finds, pursuant to Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure, that it will likely be able to finally approve the Settlement under Rule 23(e)(2) as being fair, reasonable, and adequate to the Settlement Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

5.     **Settlement Hearing** – The Court will hold a settlement hearing (the "Settlement Hearing") on **April 11, 2023, at 1:30 p.m.** Central Time, in person in Courtroom 3 of the United States Courthouse, 200 East Wall Street, Midland, TX 79701, for the following purposes:  (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class, and should be finally approved by the Court; (b) to determine whether a judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (c) to determine whether the Settlement Class should be certified for purposes of the Settlement; (d) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (e) to determine whether the motion by Lead Counsel for attorney fees and reimbursement of expenses should be approved; and (f) to consider any other matters that may properly be brought before the Court in connection with the Settlement.  Notice of the Settlement and the Settlement Hearing shall be given to Settlement Class Members as set forth in paragraph 7 of this Order.

6.     The Court may adjourn the Settlement Hearing without further notice to the Settlement Class and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class.  The Court may decide to hold the Settlement Hearing by telephone or video conference without further notice to the Settlement Class.  Any Settlement Class Member (or his, her, or its counsel) who wishes to appear at the Settlement Hearing should consult the Court's docket and/or the settlement website for any change in date, time, or format of the hearing.

7.     **Retention of Claims Administrator and Manner of Giving Notice** – Lead Counsel are hereby authorized to retain JND Legal Administration (the "Claims Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below.  Notice of the Settlement and the Settlement Hearing shall be given by Lead Counsel as follows:

(a)     within ten (10) business days of the date of entry of this Order, ProPetro shall provide or cause to be provided to Lead Counsel or the Claims Administrator in electronic format (at no cost to the Settlement Fund, Lead Counsel, or the Claims Administrator) a list (consisting of names and mailing addresses) of the record holders of ProPetro common stock during the Class Period;

(b)     not later than twenty (20) business days after the date of entry of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Claim Form, substantially in the forms attached hereto as Exhibits 1 and 2, respectively (the "Notice Packet"), to be mailed by first-class mail or emailed to potential Settlement Class Members at the addresses set forth in the records provided or caused to be provided by ProPetro, or who otherwise may be identified through further reasonable effort;

(c)     contemporaneously with the mailing of the Notice Packet, the Claims Administrator shall cause copies of the Notice and the Claim Form to be posted on a website to be developed for the Settlement, from which copies of the Notice and Claim Form can be downloaded;

(d)     not later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit 3, to be published once in *Investor's Business Daily* and to be transmitted once over *PR Newswire*; and

(e)     not later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

8.     **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Notice, the Claim Form, and the Summary Notice, attached hereto as Exhibits 1, 2, and 3, respectively, and (b) finds that the mailing and distribution of the Notice and Claim Form and the publication of the Summary Notice in the manner and form set forth in paragraph 7 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Lead Counsel's motion for attorney fees and reimbursement of expenses, of their right to object to the Settlement, the Plan of Allocation and/or Lead Counsel's motion for fees and expenses, of their right to exclude themselves from the Settlement Class, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 77z-1, 78u-4, as amended, and all other applicable laws and rules.  The date and time of the Settlement Hearing shall be included in the Notice and Summary Notice before they are mailed and published, respectively.

9.     **Nominee Procedures** – Brokers and other nominees who purchased or otherwise acquired ProPetro common stock during the Class Period for the benefit of another person or entity shall:  (a) within seven (7) calendar days of receipt of the Notice, request from the Claims Administrator sufficient copies of the Notice Packet to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such

beneficial owners; or (b) within seven (7) calendar days of receipt of the Notice, send a list of the names, mailing addresses, and, if available, email addresses of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly mail or email the Notice Packet to such beneficial owners.  Upon full compliance with this Order, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

10.     **CAFA Notice** – As provided in the Stipulation, Defendants shall serve the notice required under the Class Action Fairness Act, 28 U.S.C. § 1715 *et seq.* ("CAFA"), no later than ten (10) calendar days following the filing of the Stipulation with the Court.  Defendants are solely responsible for the costs of the CAFA notice and administering the CAFA notice.  No later than seven (7) calendar days before the Settlement Hearing, Defendants shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with 28 U.S.C. § 1715(b).

11.     **Participation in the Settlement** – Settlement Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Claim Forms must be postmarked or received no later than one hundred twenty (120) calendar days after the Notice Date.  Notwithstanding the foregoing, Lead Counsel may, in their discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Settlement Class.  By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim and the subject matter of the Settlement.

12.     Each Claim Form submitted must satisfy the following conditions:  (a) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her, or its current authority to act on behalf of the Settlement Class Member must be included in the Claim Form to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

13.     Any Settlement Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court:  (a) shall be deemed to have waived his, her, or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the

Action relating thereto, including, without limitation, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against each and all of the Defendants' Releasees, as more fully described in the Stipulation and Notice.  Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 11 above.

14.     **Exclusion From the Settlement Class** – Any member of the Settlement Class who wishes to exclude himself, herself, or itself from the Settlement Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that:  (a) any such request for exclusion from the Settlement Class must be mailed or delivered such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, to:    *ProPetro Securities Litigation*, EXCLUSIONS, c/o JND Legal Administration, P.O. Box 91309, Seattle, WA 98111, and (b) each request for exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *Nykredit Portefølje Administration A/S et al. v. ProPetro Holding Corp. et al.*, No. MO:19-CV-217-DC (W.D. Tex.); (iii) state the number of shares of ProPetro common stock that the person or entity requesting exclusion purchased/acquired and/or sold during the Class Period, as well as the date, number of shares, and price of each such purchase/acquisition and sale, and whether the shares were purchased in or traceable to ProPetro's IPO; and (iv) be signed by the person or entity requesting exclusion or an authorized representative.  A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above or is otherwise accepted by the Court.  Lead Counsel is authorized to request from any person or entity requesting exclusion additional transaction information or documentation sufficient to prove his, her, or its trading in ProPetro common stock.

15.     Any person or entity that timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Settlement Class shall not be a Settlement Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action, and shall not receive any payment out of the Net Settlement Fund.

16.     Any Settlement Class Member that does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order:  (a) shall be deemed to have waived his, her, or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders, and judgments in the Action, including, but not limited to, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against any of the Defendants' Releasees, as more fully described in the Stipulation and Notice.

17.     **Appearance and Objections at Settlement Hearing** – Any Settlement Class Member that does not request exclusion from the Settlement Class may enter an appearance in the Action at his, her, or its own expense, individually or through counsel of his, her, or its own

choice, by filing with the Clerk of Court and delivering a notice of appearance to both Lead Counsel and Representative Defendants' Counsel, at the addresses set forth in paragraph 18 below, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct.  Any Settlement Class Member who does not enter an appearance will be represented by Lead Counsel.

18.     Any Settlement Class Member that does not request exclusion from the Settlement Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorney fees and reimbursement of expenses and appear and show cause, if he, she, or it has any cause, why the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorney fees and reimbursement of expenses should not be approved; *provided, however*, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation, and/or the motion for attorney fees and reimbursement of expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on Lead Counsel and Representative Defendants' Counsel at the addresses set forth below such that they are received no later than twenty-one (21) calendar days prior to the Settlement Hearing.

<table>
<tr><td align="center"><b><u>Lead Counsel</u></b></td><td align="center"><b><u>Representative Defendants'</u></b><br><b><u>Counsel</u></b></td></tr>
<tr><td align="center">Bernstein Litowitz Berger &<br>Grossmann LLP<br>James A. Harrod, Esq.<br>1251 Avenue of the Americas<br>New York, NY 10020</td><td align="center">Hughes  Hubbard  &  Reed  LLP<br>Kevin T. Abikoff, Esq.<br>1775 I Street, NW<br>Washington, DC 20006</td></tr>
<tr><td align="center">Grant & Eisenhofer P.A.<br>Daniel L. Berger, Esq.<br>485 Lexington Avenue<br>New York, NY 10017</td><td align="center">Hughes Hubbard & Reed LLP<br>Shahzeb Lari, Esq.<br>One Battery Park Plaza<br>New York, NY 10004-1482</td></tr>
</table>

19.     Any objections, filings, and other submissions by the objecting Settlement Class Member:   (a) must identify the case name and docket number, *Nykredit Portefølje Administration A/S et al. v. ProPetro Holding Corp. et al.*, No. MO:19-CV-217-DC (W.D. Tex.); (b) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (c) must state whether the objector is represented by counsel and, if so, the name, address, and telephone number of the objector's counsel; (d) must state with specificity the grounds for the Settlement Class Member's objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class; and (e) must include documents sufficient to prove membership in the Settlement Class, including the number of shares of ProPetro common stock that the objecting Settlement Class Member purchased/acquired and/or sold during the Class Period, as well as the date, number of shares, and price of each such purchase/acquisition and sale, and the shares purchased in or traceable to ProPetro's IPO, including the date, number of shares, and price of each such purchase/acquisition.  The objecting Settlement Class Member shall provide

documentation establishing membership in the Settlement Class through copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement.  Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.  Objectors shall be allowed to present argument and evidence solely at the discretion of the Court.

20.     Any Settlement Class Member that does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorney fees and reimbursement of expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, or the requested attorney fees and reimbursement of expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation, or the requested attorney fees and reimbursement of expenses in this or any other proceeding.

21.     **Administrative Closure, Stay, and Temporary Injunction** – Until otherwise ordered by the Court, this case shall remain **ADMINISTRATIVELY CLOSED** and all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation shall be **STAYED**.  Pending final determination of whether the Settlement should be approved, the Court (a) bars and enjoins Plaintiffs and all other members of the Settlement Class from commencing or prosecuting any and all of the Released Plaintiffs' Claims against each and all of the Defendants' Releasees, and (b) bars and enjoins Defendants from commencing or prosecuting any and all of the Released Defendants' Claims against each and all of the Plaintiffs' Releasees.  Consistent with the Parties' agreement, subject to the provisions of ¶ 35 of the Stipulation, all motions in the Action pending before the Court when the Stipulation was executed are deemed withdrawn.

22.     **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying Settlement Class Members and notifying them of the Settlement as well as in administering the Settlement shall be paid as set forth in the Stipulation without further order of the Court.

23.     **Settlement Fund** – The contents of the Settlement Fund held by Huntington National Bank (which the Court approves as the Escrow Agent) shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

24.     **Taxes** – Lead Counsel are authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

25.    **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Plaintiffs, the other Settlement Class Members, and Defendants, and the Parties shall revert to their respective positions in the Action immediately prior to reaching their agreement in principle to settle on August 11, 2022, as provided in the Stipulation.

26.    **Use of this Order** – Neither this Order, the Term Sheet, the Stipulation (whether or not approved by the Court), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):  (a) shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any civil, criminal, arbitration, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any civil, criminal, arbitration, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; *provided, however*, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

27.    **Supporting Papers** – Lead Counsel shall file and serve the opening papers in support of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for attorney fees and reimbursement of expenses no later than thirty-five (35) calendar days prior to the Settlement Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

It is so **ORDERED.**

SIGNED this 27th day of September, 2022.

DAVID  COUNTS
UNITED STATES DISTRICT JUDGE

# Exhibit 1

**Exhibit 1**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| NYKREDIT PORTEFØLJE ADMINISTRATION A/S, OKLAHOMA FIREFIGHTERS PENSION AND RETIREMENT SYSTEM, OKLAHOMA LAW ENFORCEMENT RETIREMENT SYSTEM, OKLAHOMA POLICE PENSION AND RETIREMENT SYSTEM, OKLAHOMA CITY EMPLOYEE RETIREMENT SYSTEM, POLICE AND FIRE RETIREMENT SYSTEM OF THE CITY OF DETROIT, Individually and on behalf of all others similarly situated, | § § § § § § § § § § | |
| | § | No. MO:19-CV-217-DC |
| *Plaintiffs,* | § § | |
| v. | § § | |
| PROPETRO HOLDING CORP., DALE REDMAN, JEFFREY SMITH, IAN DENHOLM, and SPENCER D. ARMOUR III, | § § § § | |
| *Defendants.* | § § | |

## NOTICE OF (I) PENDENCY OF CLASS ACTION
## AND PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING; AND
## <u>(III) MOTION FOR ATTORNEY FEES AND LITIGATION EXPENSES</u>

**QUESTIONS?  PLEASE CALL (877) 917-0135 OR VISIT**
**www.ProPetroSecuritiesLitigation.com**

**TO:** **All persons who purchased or otherwise acquired common stock of ProPetro Holdings Corp. ("ProPetro") on the open market during the period from March 17, 2017 to March 13, 2020, inclusive, and all persons who purchased ProPetro common stock in or traceable to ProPetro's Initial Public Offering on March 17, 2017**

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS ACTION.

PLEASE NOTE THAT IF YOU ARE A SETTLEMENT CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE. TO CLAIM YOUR SHARE OF THE SETTLEMENT PROCEEDS, YOU MUST SUBMIT A VALID PROOF OF CLAIM AND RELEASE FORM ("PROOF OF CLAIM") **POSTMARKED OR SUBMITTED ONLINE ON OR BEFORE February 23, 2023**.

This Notice has been sent to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Western District of Texas (the "Court"). The purpose of this Notice is to inform you of the pendency of this class action (the "Action") between Lead Plaintiffs Nykredit Portefølje Administration A/S, Oklahoma Firefighters Pension and Retirement System, Oklahoma Law Enforcement Retirement System, Oklahoma Police Pension and Retirement System, and Oklahoma City Employee Retirement System (together, "Lead Plaintiffs"), and additional named plaintiff Police and Fire Retirement System of the City of Detroit (together, with Lead Plaintiffs, "Plaintiffs") and Defendants ProPetro Holding Corp. ("ProPetro"), Dale Redman, Jeffrey Smith, Ian Denholm, and Spencer D. Armour III ("Defendants") and the proposed $30,000,000 settlement reached therein (the "Settlement") and of the hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement as well as counsel's application for fees and expenses. This Notice describes what steps you may take in relation to the Settlement and this class action.[1]

This Notice is not intended to be, and should not be construed as, an expression of any opinion by the Court with respect to the truth of the allegations in the Action as to any of the Defendants or the merits of the claims or defenses asserted by or against the Defendants. This Notice is solely to advise you of the proposed Settlement of the Action and of your rights in connection therewith.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A PROOF OF CLAIM FORM** | The only way to be eligible to receive a payment from the Settlement. **Proof of Claim forms must be postmarked or submitted online on or before February 23, 2023.** |

---

[1] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings provided in the Stipulation of Settlement dated September 22, 2022 (the "Settlement Agreement" or "Stipulation"), which is available on the website www.ProPetroSecuritiesLitigation.com.

**QUESTIONS?  PLEASE CALL (877) 917-0135 OR VISIT**
**www.ProPetroSecuritiesLitigation.com**

| EXCLUDE YOURSELF | Get no payment.  This is the only option that *potentially* allows you to ever be part of any other lawsuit against the Defendants about the legal claims being resolved by this Settlement.  Should you elect to exclude yourself from the Settlement Class you should understand that Defendants will have the right to assert any and all defenses they may have to any claims that you may seek to assert, including, without limitation, the defense that any such claims are untimely under applicable statutes of limitations and statutes of repose.  **Exclusions must be postmarked on or before March 21, 2023.** |
|---|---|
| OBJECT | Write to the Court about why you do not like the Settlement, the Plan of Allocation, and/or the request for attorney fees and expenses.   You will still be a Settlement Class Member. **Objections must be *received* by the Court and counsel on or before March 21, 2023.  If you submit a written objection, you may (but do not have to) attend the hearing.** |
| GO TO THE HEARING ON April 11, 2023 | Ask to speak in Court about the fairness of the Settlement. **Requests to speak must be *received* by the Court and counsel on or before March 21, 2023.** |
| DO NOTHING | Receive no payment.  You will, however, still be a Settlement Class Member, which means that you give up your right to ever be part of any other lawsuit against the Defendants about the legal claims being resolved by this Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

## <u>SUMMARY OF THIS NOTICE</u>

**Statement of Class Recovery**

Pursuant to the Settlement described herein, a $30 million Settlement Fund has been established. Based on Plaintiffs' estimate of the number of affected shares of ProPetro common stock eligible to recover under the Settlement, the average distribution per share under the Plan of Allocation is approximately $0.17 per share, before deduction of any taxes on the income earned on the Settlement Amount, Notice and Administration Costs, Litigation Expenses, and the attorney fees and expenses as determined by the Court.  **Settlement Class Members should note, however, that this only an estimate.**  A Settlement Class Member's actual recovery will be a proportion of the Net Settlement Fund determined by that claimant's claims as compared to the total claims of all Settlement Class Members who submit acceptable Proof of Claim Forms.  An individual Settlement Class Member may receive more or less than this estimated average amount.  *See* Plan of Allocation set forth and discussed at pages XX-XX below for more information on the calculation of your claim.

**QUESTIONS?  PLEASE CALL (877) 917-0135 OR VISIT**
**www.ProPetroSecuritiesLitigation.com**

**Statement of Potential Outcome of Case**

The Parties disagree on both liability and damages and do not agree on the amount of damages that would be recoverable even if the Settlement Class prevailed on each claim alleged. Defendants have denied and continue to deny that they violated the federal securities laws. Defendants deny that they are liable to the Settlement Class and deny that the Settlement Class has suffered any damages. The issues on which the parties disagree are many, but include: (1) whether Defendants engaged in conduct that would give rise to any liability to the Settlement Class under the federal securities laws, or any other laws; (2) whether Defendants have valid defenses to any such claims of liability; (3) the appropriate economic model for determining the amount by which the prices of ProPetro shares were allegedly artificially inflated (if at all); (4) the amount, if any, by which the price of ProPetro shares were allegedly artificially inflated (if at all); (4) the effect of various market forces on the price of ProPetro shares; (5) the extent to which external factors influenced the prices of ProPetro shares at various times; (5) whether the various matters that Plaintiffs alleged were materially false or misleading were, in fact, false or misleading; (6) the extent to which the various matters that Plaintiffs alleged were materially false or misleading influenced (if at all) the price of ProPetro shares at various times; and (7) the extent to which the various allegedly adverse material facts that Plaintiffs alleged were omitted influenced (if at all) the price of ProPetro shares at various times.

**Statement of Attorney Fees and Expenses Sought**

Since the Action's inception, Lead Counsel have expended considerable time and effort in the prosecution of this Action on a wholly contingent basis and have advanced the expenses of the Action in the expectation that if they were successful in obtaining a recovery for the Settlement Class, they would be paid from such recovery. Lead Counsel will apply to the Court for an award of attorney fees for all Plaintiffs' Counsel in an amount not to exceed 20% of the Settlement Amount plus interest earned on that amount at the same rate as earned by the Settlement Fund. Lead Counsel will also apply for payment or reimbursement of costs and expenses incurred in prosecuting the Action in an amount not to exceed $750,000, which may include payments to Plaintiffs to reimburse them for their time and expenses incurred in representing the Settlement Class. If the amounts requested are approved by the Court, the average cost per affected share of ProPetro common stock will be approximately $0.04.

**Further Information**

For further information regarding the Action, this Notice, or to review the Stipulation of Settlement, please contact JND Legal Administration who is the Claims Administrator, toll-free at (877) 917-0135 or visit the website, www.ProPetroSecuritiesLitigation.com.

You may also contact a representative of counsel for the Settlement Class: James A. Harrod, Bernstein Litowitz Berger & Grossmann LLP, 1251 Avenue of the Americas, New York, NY 10020, 1-800-380-8496, settlements@blbglaw.com; or Daniel L. Berger, Grant & Eisenhofer P.A., 485 Lexington Avenue, New York, NY 10017, 1-646-722-8500, www.gelaw.com.

**QUESTIONS?  PLEASE CALL (877) 917-0135 OR VISIT**
**www.ProPetroSecuritiesLitigation.com**

**Please Do Not Call the Court or Defendants with Questions About the Settlement.**

**Reasons for the Settlement**

Plaintiffs' principal reason for entering into the Settlement is that it provides substantial benefits to the Settlement Class now, without further risk or the delays inherent in continued litigation. The cash benefit under the Settlement must be considered against the significant risk that a smaller recovery – or, indeed, no recovery at all – might be achieved after contested motions, trial, and likely appeals, a process that could last several years into the future.   For the Defendants, who have denied and continue to deny all allegations, liability, fault, or wrongdoing whatsoever, the principal reason for entering into the Settlement is to eliminate the uncertainty, risk, costs, and distraction inherent in any litigation, especially in complex cases such as this Action.  Defendants have concluded that further proceedings in this Action could be protracted, costly, and distracting.

**BASIC INFORMATION**

1.      **Why did I get this Notice package?**

This Notice was sent to you pursuant to an Order of a U.S. District Court because you or someone in your family or an account for which you serve as custodian may have: (a) purchased or otherwise acquired ProPetro common stock during the period from March 17, 2017 to March 13, 2020, both dates inclusive ("Class Period"); or (b) purchased ProPetro common stock in or traceable to ProPetro's Initial Public Offering on March 17, 2017.

This Notice explains the class action lawsuit, the Settlement, Settlement Class Members' legal rights in connection with the Settlement, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the Action is the United States District Court for the Western District of Texas, Midland/Odessa Division, and the case is known as *Nykredit Portefølje Administration A/S et al. v. ProPetro Holding Corp. et al.*, No. MO:19-CV-217-DC.  The case has been assigned to the Honorable Walter David Counts III.  The entities representing the Settlement Class are Nykredit Portefølje Administration A/S ("Nykredit"), Oklahoma Firefighters Pension and Retirement System, Oklahoma Law Enforcement Retirement System, Oklahoma Police Pension and Retirement System, Oklahoma City Employee Retirement System (the "Oklahoma Funds"), and Police and Fire Retirement System of the City of Detroit ("Detroit Police & Fire"), also called the "Plaintiffs," and the companies and individuals it sued are called the Defendants.

2.      **What is this lawsuit about?**

This Action was brought on behalf of all persons and entities who (a) purchased or otherwise acquired ProPetro common stock on the open market during the period from March

**QUESTIONS?  PLEASE CALL (877) 917-0135 OR VISIT**
**www.ProPetroSecuritiesLitigation.com**

17, 2017 to March 13, 2020, both dates inclusive; or (b) purchased ProPetro common stock in or traceable to ProPetro's Initial Public Offering on March 17, 2017.

On September 16, 2019, a class action complaint was filed in the United States District Court for the Western District of Texas, styled *Logan v. ProPetro Holding Corp., et al.*, Case No. 7:19-CV-217.  On December 16, 2019, the Court appointed Nykredit and the Oklahoma Funds as Lead Plaintiffs and approved Lead Plaintiffs' selection of Bernstein Litowitz Berger & Grossmann LLP and Grant & Eisenhofer P.A. as Lead Counsel.  On February 13, 2020, Lead Plaintiffs and Detroit Police & Fire filed the Amended Class Action Complaint for Violations of the Federal Securities Laws.  On April 14, 2020, Plaintiffs filed the Second Amended Class Action Complaint for Violations of the Federal Securities Laws.  On July 30, 2020, Plaintiffs filed the Third Amended Class Action Complaint for Violations of the Federal Securities Laws (the "Complaint"), which alleges that Defendants made materially false and misleading statements during the Class Period and in connection with ProPetro's Initial Public Offering on March 17, 2017 (the "IPO"), in violation of Section 10(a) and 20(a) of the Securities Exchange Act of 1934 and Sections 11 and 15 of the Securities Act of 1933.

From the outset of the Action, Defendants have denied any wrongdoing or liability and consistently maintained that they never intentionally made any statement that was false or misleading, and that they made no false or misleading statements in the documents that comprised ProPetro's registration statement for the IPO (the "Registration Statement"). Defendants believed at the time that ProPetro's public statements made during the Class Period were truthful, accurate, and not misleading, and contained no material misstatements or omissions of fact.  Defendants also believed, and continue to believe, that the Registration Statement was truthful, accurate, and not misleading, and contained no material misstatements or omissions of fact.  Defendants believe that Plaintiffs cannot prove any element of their claims.

On August 31, 2020, Defendants filed motions to dismiss the Complaint.  On September 30, 2020, Plaintiffs filed their omnibus memorandum of law in opposition to those motions and, on October 30, 2020, Defendants filed their reply papers.

On September 13, 2021, the Court entered an order granting in part and denying in part Defendants' motions to dismiss the Complaint.

On October 22, 2021, Defendants filed a motion to strike portions of the Complaint under Federal Rule of Civil Procedure 12(f) contending that these portions were rendered "immaterial" and "impertinent" by the Court's order dated September 13, 2021 granting in part and denying in part Defendants' motions to dismiss the Complaint (the "Motion to Strike").  On November 5, 2021, Plaintiffs filed an opposition to the Motion to Strike.

On March 18, 2022, the Court granted the Motion to Strike.

On April 1, 2022, Defendants filed their Answers and Affirmative Defenses to the Complaint.

On May 27, 2022, Plaintiffs filed their motion for class certification (the "Class Certification Motion") and supporting papers, including a report from an expert on market efficiency.

On July 1, 2022, Plaintiffs filed four supplemental declarations in support of the Class Certification Motion. On July 5, 2022, Defendants filed a motion to strike the supplemental declarations dated July 1, 2022 contending that they were untimely and improper declarations. On July 19, 2022, Plaintiffs filed an opposition to Defendants' July 5, 2022 motion to strike the supplemental declarations.

On July 22, 2022 Defendants filed their opposition to Plaintiffs' Class Certification Motion and a motion to exclude Plaintiffs' market efficiency expert.

Discovery in this Action commenced in October 2021 and continued up until the parties agreed to stay all discovery on August 22, 2022. Plaintiffs prepared and served initial disclosures and a set of document requests on the Defendants. Additionally, Plaintiffs prepared and served document subpoenas on twenty non-parties. Plaintiffs also served interrogatories on ProPetro and Defendant Redman. Plaintiffs exchanged numerous letters and held numerous meet and confers with Defendants concerning discovery issues. Defendants and third parties produced a total of over 350,000 pages of documents to Plaintiffs, and Plaintiffs produced over 30,000 pages of documents to Defendants in response to their requests. A total of eight depositions of representatives for each of the Plaintiffs and of Plaintiffs' expert on market efficiency were taken in connection with Plaintiffs' motion for class certification, and eight additional depositions of Defendants and related witnesses were noticed.

On August 22, 2022, Lead Counsel for Plaintiffs and Counsel for Defendants informed the Court that a settlement had been reached.

**3.    Why is there a settlement?**

The Court has not decided in favor of Defendants or Plaintiffs. Instead, both sides agreed to the Settlement to avoid the distraction, costs, and risks of further litigation, and Plaintiffs agreed to the Settlement in order to ensure that Settlement Class Members will receive compensation.

Plaintiffs and Lead Counsel believe that the claims asserted against Defendants have merit. They recognize, however, the significant expense and length of the continued proceedings that would be necessary to pursue their claims against Defendants through the completion of discovery, certification of the class, summary judgment, trial, and appeals, as well as the substantial risks they would face in establishing liability and damages.

Defendants have argued, and would continue to argue, that they did not violate the federal securities laws. More specifically, Defendants have argued, and would continue to argue, that they did not make any misleading statements or omissions and that any alleged misstatements were immaterial. In addition, with respect to the Exchange Act claims, Defendants would

contend that any alleged misstatements were not made with "scienter," or fraudulent intent; and that Plaintiffs would not be able to prove that the alleged misleading statements or omissions caused Plaintiffs' losses, or the amount of damages. Overcoming these arguments would have presented significant challenges to Plaintiffs.

In light of these risks, the amount of the Settlement, and the immediacy of recovery to the Settlement Class, Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class. Plaintiffs and Lead Counsel believe that the Settlement provides a favorable result for the Settlement Class, namely $30,000,000 in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller, or no, recovery after full discovery, a class certification motion, summary judgment, trial, and appeals, possibly years in the future.

Defendants are entering into the Settlement solely to eliminate the uncertainty, burden, and expense of further protracted litigation. Each of the Defendants denies any wrongdoing, and denies that Plaintiffs have asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing, or damages whatsoever.

## WHO IS IN THE SETTLEMENT

### 4.      How do I know if I am a Settlement Class Member?

The Settlement Class is comprised of all persons or entities who, (a) directly or through an intermediary purchased or otherwise acquired ProPetro common stock on the open market during the period from March 17, 2017 to March 13, 2020, both dates inclusive, and were damaged thereby; or (b) purchased ProPetro common stock in or traceable to ProPetro's Initial Public Offering on March 17, 2017.

Excluded from the Settlement Class are: (i) Defendants; (ii) ProPetro's affiliates and subsidiaries; (iii) the Officers and directors of ProPetro and its subsidiaries and affiliates at all relevant times; (iv) members of the Immediate Family of any excluded person; (v) heirs, successors and assigns of any excluded person or entity; and (vi) any entity in which any excluded person has or had a controlling interest. Also excluded from the Settlement Class are any persons and entities that submit a request for exclusion that is accepted by the Court.

**Please Note**:  Receipt of this Notice does not mean that you are a Settlement Class Member or that you will be entitled to receive a payment from the Settlement. If you are a Settlement Class Member and you wish to be eligible to participate in the distribution of proceeds from the Settlement, you are required to submit the Proof of Claim Form that is being distributed with this Notice and the required supporting documentation as set forth therein postmarked or submitted online on or before February 23, 2023.

### 5.      What if I am still not sure if I am included?

If you are still not sure whether you are included, you can ask for free help. You can contact the Claims Administrator toll-free at (877) 917-0135, contact Lead Counsel, or you can

fill out and return the Proof of Claim Form enclosed with this Notice package, to see if you qualify.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

**6.     What does the Settlement provide?**

The Settlement provides that, in exchange for the release of the Released Claims (defined below) and dismissal of the Action, Defendants have agreed to cause to be paid by their insurers $30 million in cash to be distributed after any Taxes, Notice and Administration Costs, Litigation Expenses awarded by the Court, attorney fees awarded by the Court, and any other costs and fees approved by the Court, *pro rata*, to Settlement Class Members who send in a valid Proof of Claim Form pursuant to the Court-approved Plan of Allocation.  The Plan of Allocation is described in more detail at the end of this Notice.

**7.     How much will my payment be?**

Your share of the Net Settlement Fund will depend on several things, including the total amount of claims represented by the valid Proof of Claim Forms that Settlement Class Members send in, compared to the amount of your claim, all as calculated under the Plan of Allocation discussed below.

## HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM

**8.     How can I get a payment?**

To be eligible to receive a payment from the Settlement, you must submit a Proof of Claim Form.  A Proof of Claim Form is enclosed with this Notice or it may be downloaded at www.ProPetroSecuritiesLitigation.com.  Read the instructions carefully, fill out the Proof of Claim Form, include all the documents the form asks for, sign it, and **mail or submit it online so that it is postmarked or received no later than February 23, 2023.**  The Proof of Claim Form may be submitted online at www.ProPetroSecuritiesLitigation.com.

**9.     When would I get my payment?**

**The Court will hold a Settlement Hearing on April 11, 2023 at 1:30 p.m.**, to decide whether to approve the Settlement.  If the Court approves the Settlement, there might be appeals. It is always uncertain whether appeals can be resolved, and if so, how long it would take to resolve them.  It also takes time for all the Proof of Claim Forms to be processed.  Please be patient.  As of the date of this Notice, the Court has preliminarily approved the Settlement Agreement and the Settlement set forth therein, and found that the Settlement has resulted from arms-length bargaining between the parties and as such may be submitted to the Settlement Class for consideration pursuant to Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure.  Those matters will be addressed by the Court at the Settlement Hearing.

**10.     What am I giving up to get a payment or to stay in the Settlement Class?**

Unless you timely and validly exclude yourself, you are staying in the Settlement Class, and that means you and your respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, cannot sue, continue to sue, or be part of any other lawsuit against the "Defendants' Releasees" (as defined below) about "Released Plaintiffs' Claims" (as defined below) in this case. It also means that all of the Court's orders will apply to you and legally bind you. If you remain a Settlement Class Member, and if the Settlement is approved, you will give up all "Released Plaintiffs' Claims" (as defined below), including "Unknown Claims" (as defined below), against the "Defendants' Releasees" (as defined below):

- "Class Period" means the period from March 17, 2017 to March 13, 2020, both dates inclusive.

- "Complaint" means the Third Amended Class Action Complaint filed in the Action on July 30, 2020.

- "Defendants" means ProPetro and the Individual Defendants.

- "Defendants' Releasees" means Defendants and their respective current and former parents, affiliates, subsidiaries, officers, directors, agents, successors, predecessors, assigns, assignees, partnerships, partners, trustees, trusts, employees, Immediate Family members, insurers, reinsurers, and attorneys, in their capacities as such.

- "Detroit Police & Fire" means plaintiff Police and Fire Retirement System of the City of Detroit.

- "Effective Date" means the first date by which all the events and conditions specified in paragraph 33 of the Stipulation of Settlement have been met and have occurred or have been waived.

- "Immediate Family" means children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothersin-law, and sisters-in-law. As used in this paragraph, "spouse" shall mean a husband, a wife, or a partner in a state-recognized domestic relationship or civil union.

- "Individual Defendants" means Dale Redman, Jeffrey Smith, Ian Denholm, and Spencer D. Armour III.

- "Judgment" means the final judgment to be entered by the Court approving the Settlement.

- "Lead Counsel" means the law firms of Bernstein Litowitz Berger & Grossmann LLP and Grant & Eisenhofer P.A.

- "Lead Plaintiffs" means Nykredit Portefølje Administration A/S, Oklahoma Firefighters Pension and Retirement System, Oklahoma Law Enforcement

Retirement System, Oklahoma Police Pension and Retirement System, and Oklahoma City Employee Retirement System.

- "Officer" means any officer as that term is defined in Securities and Exchange Act Rule 16a-1(f).

- "Parties" means Defendants and Plaintiffs, on behalf of themselves and the Settlement Class.

- "Plaintiffs" means Lead Plaintiffs and Detroit Police & Fire.

- "Plaintiffs' Counsel" means Lead Counsel; Martin & Drought, P.C., liaison counsel for Plaintiffs and the Settlement Class; and Clark Hill PLC, counsel for Detroit Police & Fire.

- "Plaintiffs' Releasees" means Plaintiffs, Plaintiffs' Counsel, Settlement Class Members, and their respective current and former parents, affiliates, subsidiaries, officers, directors, agents, successors, predecessors, assigns, assignees, partnerships, partners, trustees, trusts, employees, Immediate Family members, insurers, reinsurers, and attorneys, in their capacities as such.

- "Released Claims" means all Released Defendants' Claims and all Released Plaintiffs' Claims.

- "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common or foreign law, that arise out of or relate to the prosecution or settlement of the claims asserted against Defendants in the Action.  Released Defendants' Claims do not include: (i) any claims relating to the enforcement of the Settlement; (ii) any claims against any person or entity that submits a request for exclusion from the Settlement Class that is accepted by the Court; or (iii) any claims that any Defendant may have under or relating to any policy of liability, any other insurance policy, or any contractual or statutory right to indemnification. For the avoidance of doubt, the Stipulation shall not release any insurer, co-insurer, excess insurer, or re-insurer from any obligation owed to any Defendant in the Action for indemnity or coverage under or relating to any policy of liability or other insurance policy.

- "Released Plaintiffs' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common or foreign law, that Plaintiffs or any other member of the Settlement Class (i) asserted in any complaint filed in the Action, including the Complaint (the "Complaints"), (ii) could have asserted in any forum that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaints and that relate to the purchase or acquisition of ProPetro common stock during the Class Period or in or traceable to the Company's March 17, 2017 Initial Public Offering; or (iii) that arise out of or relate in any way to the

institution, prosecution, or settlement of the claims against Defendants.  Released Plaintiffs' Claims do not include:  (i) the claims asserted in any shareholder derivative action and (ii) any claims relating to the enforcement of the Settlement.

- "Releasee(s)" means each and any of the Defendants' Releasees and each and any of the Plaintiffs' Releasees.

- "Settlement" means the settlement between Plaintiffs, on behalf of the Settlement Class, and Defendants on the terms and conditions set forth in the Settlement Agreement.

- "Settlement Class" means all persons and entities who (a) purchased or otherwise acquired ProPetro common stock on the open market during the Class Period, and were damaged thereby, or (b) purchased ProPetro common stock in or traceable to the Company's March 17, 2017 Initial Public Offering.  Excluded from the Settlement Class are Defendants; ProPetro's affiliates and subsidiaries; the Officers and directors of ProPetro and its subsidiaries and affiliates at all relevant times; members of the Immediate Family of any excluded person; heirs, successors and assigns of any excluded person or entity; and any entity in which any excluded person has or had a controlling interest.  Also excluded from the Settlement Class are any persons and entities that submit a request for exclusion that is accepted by the Court.

- "Settlement Class Member" means each person and entity who or which is a member of the Settlement Class.

- "Unknown Claims" means any Released Plaintiffs' Claims that Plaintiffs or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims that any Defendant does not know or suspect to exist in his or its favor at the time of the release of such claims, and that, if known by him, her, or it, might have affected his, her, or its decision(s) with respect to this Settlement.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Plaintiffs and Defendants shall expressly waive, and each of the other Settlement Class Members shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or principle of common law or foreign law that is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Plaintiffs and Defendants acknowledge, and each of the other Settlement Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

## EXCLUDING YOURSELF FROM THE SETTLEMENT CLASS

If you do not want to participate in this Settlement, and you want to keep the right to potentially sue Defendants' Releasees, on your own, about the claims being released by the Settlement, then you must take steps to remove yourself from the Settlement Class. This is called excluding yourself – or is sometimes referred to as "opting out." If you are requesting exclusion because you want to bring your own lawsuit based on the matters alleged in this Action, you may want to consult an attorney and discuss whether any claim that you may wish to pursue would be barred, including by the applicable statutes of limitation or repose or on other grounds.

**11.    How do I get out of the Settlement Class and the proposed Settlement?**

To exclude yourself from the Settlement Class and the Settlement, you must send a letter by First-Class Mail stating that you "request exclusion from the Settlement Class in the '*ProPetro Securities Settlement*.'" Your letter must identify your purchases or acquisitions of ProPetro common stock during the Class Period, including the dates, the number of ProPetro shares purchased or acquired, and price paid for each such purchase or acquisition, and whether the shares were purchased in or traceable to the ProPetro Initial Public Offering. In addition, you must include your name, address, telephone number, and your signature. Alternatively, you may email your application to the address below.

You must submit your exclusion request so that it is **postmarked no later than March 21, 2023** to:

**EXCLUSIONS**
*ProPetro Securities Litigation* c/o
JND Legal Administration P.O.
Box 91309
Seattle, Washington 98111
(877) 917-0135

If you ask to be excluded, you will not get any payment from the Settlement, and you cannot object to the Settlement. You will not be legally bound by anything that happens in this lawsuit, and you may be able to sue Defendants' Releasees about the Released Plaintiffs' Claims in the future.

**12.    If I do not exclude myself, can I sue the Defendants and other Releasees for the same conduct later?**

**QUESTIONS?  PLEASE CALL (877) 917-0135 OR VISIT**
**www.ProPetroSecuritiesLitigation.com**

No.  Unless you exclude yourself, you give up any rights you may potentially have to sue Defendants' Releasees for any and all Released Plaintiffs' Claims.  If you have a pending lawsuit against any Releasees, speak to your lawyer in that case immediately.  You must exclude yourself from the Settlement Class in this Action to continue your own lawsuit.  Remember, the exclusion deadline is **March 21, 2023**.

### 13.      If I exclude myself, can I get money from the proposed Settlement?

No.  If you exclude yourself, you should not send in a Proof of Claim Form to ask for any money.  But you may have the right to potentially sue or be part of a different lawsuit against Defendants' Releasees.

## THE LAWYERS REPRESENTING THE SETTLEMENT CLASS

### 14.      Do I have a lawyer in this case?

The Court has appointed Bernstein Litowitz Berger & Grossmann LLP and Grant & Eisenhofer P.A. to represent the Settlement Class Members, including you.  These lawyers are called Lead Counsel.  If you want to be represented by your own lawyer, you may hire one at your own expense.

### 15.      How will the lawyers be paid?

Lead Counsel will apply to the Court for an award of attorney fees not to exceed 20% of the Settlement Amount, plus interest on such fees at the same rate as earned by the Settlement Fund, and for litigation expenses, costs and charges incurred in connection with the Action in an amount not to exceed $750,000, which may include payment to Plaintiffs to reimburse them for their time and expenses incurred in representing the Settlement Class.  Such sums will be paid from the Settlement Fund if they are approved by the Court.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or any part of it.

### 16.      How do I tell the Court that I object to the proposed Settlement?

If you are a Settlement Class Member, you can comment on or object to the proposed Settlement, the proposed Plan of Allocation and/or Lead Counsel's fee and expense application. You can write to the Court setting out your comment or objection.  The Court will consider your views.  To comment or object, you must send a signed letter saying that you wish to comment on or object to the proposed Settlement in the *ProPetro Settlement*.  Any objections:  (a) must identify the case name and docket number, *Nykredit Portefølje Administration A/S et al. v. ProPetro Holding Corp. et al.*, No. MO:19-CV-217-DC; (b) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (c) must state whether the objector is represented by counsel and, if so, the name, address, and telephone number of the objector's counsel; (d) must state with specificity the grounds for the Settlement

Class Member's objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class; and (e) must include documents sufficient to prove membership in the Settlement Class, including the number of shares of ProPetro common stock that the objecting Settlement Class Member purchased/acquired and/or sold during the Class Period (from March 17, 2017 through March 13, 2020, inclusive), as well as the date, number of shares, and price of each such purchase/acquisition and sale, and the number of  shares purchased in or traceable to ProPetro's IPO and the date, number of shares, and price of each such purchase.  The objecting Settlement Class Member must provide documentation establishing membership in the Settlement Class through copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement.   Your comments or objection must be filed with the Court and mailed or delivered to each of the following addresses such that it is *received* **no later than March 21, 2023:**

| COURT | LEAD COUNSEL | DEFENDANTS' COUNSEL |
|---|---|---|
| CLERK OF THE COURT UNITED STATES DISTRICT COURT WESTERN DISTRICT OF TEXAS MIDLAND/ODESSA DIVISION<br>200 East Wall, Room 222 Midland, TX 79701 | BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP JAMES A. HARROD<br>1251 Avenue of the Americas New York, NY 10020 | HUGHES HUBBARD & REED LLP KEVIN T. ABIKOFF<br>1775 I Street, NW Washington, DC 20006 |
| | GRANT  &  EISENHOFER  P.A. DANIEL L. BERGER<br>485 Lexington Avenue, 29th Floor New York, NY 10017 | HUGHES HUBBARD & REED LLP SHAHZEB LARI<br>One Battery Park Plaza New  York,  NY  10004-1482 |

REPRESENTATIVE

**17.      What is the difference between objecting and excluding?**

Objecting is simply telling the Court that you do not like something about the Settlement. You can object **only** if you stay in the Settlement Class.

Excluding yourself is telling the Court that you do not want to be paid and do not want to release any claims you think you may have against Defendants' Releasees.  If you exclude yourself, you cannot object to the Settlement because it does not affect you.

**THE COURT'S SETTLEMENT HEARING**

The Court will hold a hearing to decide whether to approve the proposed Settlement.  You may attend and you may ask to speak, but you do not have to.

**QUESTIONS?  PLEASE CALL (877) 917-0135 OR VISIT**
**www.ProPetroSecuritiesLitigation.com**

18.     **When and where will the Court decide whether to approve the proposed Settlement?**

The Court will hold a hearing (the "Settlement Hearing") at **1:30 p.m., on April 11, 2023**, before the Honorable David Counts, either in person at the United States District Court for the Western District of Texas, Midland/Odessa Division, 200 East Wall, Midland, Texas 79701, or by telephone or videoconference, in the discretion of the Court.  At the hearing, the Court will consider whether the Settlement and the Plan of Allocation are fair, reasonable, and adequate.  If there are objections, the Court will consider them, even if you do not ask to speak at the hearing.  The Court will listen to people who have asked to speak at the hearing.  The Court will also consider whether, for purposes of the proposed Settlement only, the Action should be certified as a class action on behalf of the Settlement Class, Plaintiffs should be certified as Class Representatives for the Settlement Class, and Lead Counsel should be appointed as Class Counsel for the Settlement Class.  The Court will consider Lead Counsel's motion for attorney fees and expenses, and may also decide how much to pay to Lead Counsel and Plaintiffs.  After the Settlement Hearing, the Court will decide whether to approve the Settlement and the Plan of Allocation.  We do not know how long these decisions will take.  You should be aware that the Court may change the date and time of the Settlement Hearing without another notice being sent to Settlement Class Members.  **Any updates regarding the date or time of the Settlement Hearing or concerning whether the Settlement Hearing will be held by phone or video, will be posted to the Settlement website, www.ProPetroSecuritiesLitigation.com.**  Please review that website or contact Lead Counsel if you plan to attend the Settlement Hearing.

19.     **Do I have to come to the hearing?**

No.  Lead Counsel will answer questions the Court may have.  But, you are welcome to come at your own expense.  If you send an objection, you do not have to come to Court to talk about it.  As long as you mailed or submitted your written objection on time, the Court will consider it.  You may also pay your own lawyer to attend, but it is not necessary.  Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.

20.     **May I speak at the hearing?**

If you object to the Settlement, the Plan of Allocation, and/or the fee and expense application, you may ask the Court for permission to speak at the Settlement Hearing.  To do so, you must include with your objection (*see* question 16 above) a statement saying that it is your "Notice of Intention to Appear in the '*ProPetro Settlement*.'"  Persons who intend to object to the Settlement, the Plan of Allocation, and/or any attorney fees and expenses to be awarded to Lead Counsel or Plaintiffs and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing.  Your notice of intention to appear must be *received* **no later than March 21, 2023**, and addressed to the Clerk of Court, Lead Counsel, and Defendants' Counsel, at the addresses listed above in question 16.

You cannot speak at the hearing if you exclude yourself from the Settlement Class.

**IF YOU DO NOTHING**

**21.      What happens if I do nothing?**

If you do nothing, you will not receive any money from this Settlement.  In addition, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants' Releasees about the Released Plaintiffs' Claims in this case.

**GETTING MORE INFORMATION**

**22.      How do I get more information?**

For even more detailed information concerning the matters involved in this Action, you can obtain answers to common questions regarding the proposed Settlement by contacting the Claims Administrator toll-free at (877) 917-0135.  Copies of the Settlement Agreement, papers in support of approval of the Settlement, Orders entered by the Court related to the Settlement, and to other settlement-related papers filed in the Action have been or will be posted on the Settlement website at www.ProPetroSecuritiesLitigation.com.  Documents related to the Action may also be inspected at the Office of the Clerk of the United States District Court for the Western District of Texas, Midland/Odessa Division, during regular business hours.  For a fee, all papers filed in this Action are available at www.pacer.gov.

**SPECIAL NOTICE TO BROKERS AND OTHER NOMINEES**

If you purchased or acquired ProPetro common stock during the period from March 17, 2017 to March 13, 2020, inclusive, or if you purchased ProPetro common stock in or traceable to ProPetro's Initial Public Offering on March 17, 2017 for the beneficial interest of an individual or organization other than yourself, the Court has directed that, WITHIN SEVEN (7) DAYS OF YOUR RECEIPT OF THIS NOTICE, you either (a) provide to the Claims Administrator a list of the names, mailing addresses, and, if available, email addresses of all such beneficial owners, or (b) request additional copies of this Notice and the Proof of Claim Form, which will be provided to you free of charge, and within seven (7) days mail the Notice and Proof of Claim Form directly to the beneficial owners of the shares referred to herein.  If you choose to follow alternative procedure (b), upon such mailing, you must send a statement to the Claims Administrator confirming that the mailing was made as directed and retain the names and addresses for any future mailings to Settlement Class Members.   You are entitled to reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of postage expense and the cost of ascertaining the names and addresses of beneficial owners.  Your reasonable expenses will be paid upon request and submission of appropriate supporting documentation.  All communications concerning the foregoing should be addressed to the Claims Administrator:

*ProPetro Securities Litigation* c/o
JND Legal Administration P.O.
Box 91309
Seattle, Washington 98111

**QUESTIONS?  PLEASE CALL (877) 917-0135 OR VISIT**
**www.ProPetroSecuritiesLitigation.com**

(877) 917-0135
info@ProPetroSecuritiesLitigation.com
-- or --
www.ProPetroSecuritiesLitigation.com

DATED: _____

                                 BY ORDER OF THE COURT
                                 UNITED STATES DISTRICT COURT
                                 WESTERN DISTRICT OF TEXAS
                                 MIDLAND/ODESSA DIVISION

# APPENDIX A

## Proposed Plan of Allocation of Net Settlement Fund

1.      The Plan of Allocation (the "Plan") set forth herein is the plan that is being proposed to the Court for approval by Plaintiffs after consultation with their damages expert. The Court may approve the Plan with or without modification, or approve another plan of allocation, without further notice to the Settlement Class. Any Orders regarding a modification to the Plan will be posted to www.ProPetroSecuritiesLitigation.com. Defendants have had, and will have, no involvement or responsibility for the terms or application of the Plan.

2.      The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund to those Settlement Class Members who suffered economic losses as a result of the alleged violations of the federal securities laws.

3.      In developing the Plan of Allocation, Plaintiffs considered the estimated amount of artificial inflation in the price of ProPetro common stock that was allegedly caused by Defendants' alleged false and misleading statements and material omissions as calculated by Plaintiffs' damages expert. In calculating the estimated artificial inflation, Plaintiffs' damages expert calculated the "Abnormal Return" for each corrective disclosure allegedly revealing the truth concerning Defendants' alleged misrepresentations and material omissions by considered the price changes in ProPetro common stock on the trading day immediately following the disclosures, adjusting for price changes that day that were attributable to market or industry forces. In addition, as discussed further below, to determine the artificial inflation used in this Plan of Allocation, Plaintiffs have adjusted the Abnormal Return for each corrective disclosure date to account for specific litigation risks related to proving that the full Abnormal Return for that disclosure was related to the alleged misstatements, including risks related to disaggregating the effect of unrelated statements.

4.      For losses to be compensable damages under Section 10(b) of the Exchange Act, the disclosure of the allegedly misrepresented information must be the cause of the decline in the price of the ProPetro common stock. In the Action, Plaintiffs allege that Defendants made false statements and omitted material facts during the period from March 17, 2017 through March 13, 2020, inclusive, which had the effect of artificially inflating the price of ProPetro common stock. Plaintiffs further allege that corrective information was released to the market through a series of corrective disclosures on August 8, 2019, August 30, 2019, October 18, 2019, October 31, 2019, and March 16, 2020, which partially removed artificial inflation from the price of ProPetro common stock on August 9, 2019, September 3, 2019, October 18, 2019, October 31, 2020, and March 16, 2020. In addition, Plaintiffs allege that Defendants' disclosure on October 9, 2019, caused the price of ProPetro's common stock to increase, which had the effect of partially increasing artificial inflation on October 10, 2019.

5.      Recognized Loss Amounts for transactions in ProPetro common stock are calculated under the Plan of Allocation based on the difference in the amount of alleged artificial inflation in the price of ProPetro common stock at the time of purchase and the time of sale or the difference between the actual purchase price and sale price.  In order to have a Recognized Loss Amount under the Plan of Allocation, a Settlement Class Member who purchased or otherwise acquired ProPetro common stock prior to the first corrective disclosure, which occurred before the opening of trading on August 9, 2019, must have held his, her, or its ProPetro common stock through that time.  A Settlement Class Member who purchased or otherwise acquired publicly traded ProPetro Common Stock from August 9, 2019 through and including March 13, 2020 must have held those shares through at least one subsequent alleged corrective disclosure date, when additional corrective information was released to the market and removed the remaining artificial inflation from the price of ProPetro Common Stock, in order to have a Recognized Loss Amount.

6.      As noted above, the artificial inflation in ProPetro stock was determined by considering the Abnormal Return on each of the corrective disclosure dates and the inflationary disclosure date, with adjustments to the amount made to account for the risks of establishing that the full Abnormal Return on that date was related to alleged fraud (and thus was compensable as damages in the Action).  Specifically, (a) the Abnormal Return on August 9, 2019 has been discounted by 40% to reflect the potential difficulties of disaggregating unrelated earnings news that day; (b) the Abnormal Return on September 3, 2019 has been discounted by 75% to reflect the potential difficulties of proving a causal connection between the alleged misstatements and the price decline this day; (c) the Abnormal Return on October 10, 2019 has been discounted by 75% to reflect the potential difficulties of proving a causal connection between this alleged misstatement and the price increase on this day; (d) the Abnormal Return on October 18, 2019 has been discounted by 75% to reflect the lack of material new information concerning control deficiencies on this disclosure date; (e) the Abnormal Return on October 31, 2019 has been discounted by 75% to reflect the nature of the disclosure—a short seller report—and its arguably attenuated relationship to the sustained claims; and (f) the Abnormal Return on March 16, 2020 has been discounted by 75% to reflect material risks to proving the statistical significance of this Abnormal Return, as well as concerns related to connecting the price decline on this day to the sustained claims and disclosure of internal control problems.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

7.      Based on the formula stated below, a "**Recognized Loss Amount**" will be calculated for each purchase or acquisition of ProPetro common stock during the Class Period that is listed on the Claim Form and for which adequate documentation is provided.  The **Recognized Loss Amount** for each purchase or acquisition of ProPetro common stock during the Class Period shall be *the greater of* (a) the **Exchange Act Loss Amount** calculated under paragraph 8 below, if any, *or* (b) the **Securities Act Loss Amount** calculated under paragraph 9 below, if any.  \

**Exchange Act Loss Amounts**

8.      For each share of ProPetro common stock purchased or otherwise acquired in ProPetro's IPO or on the open market during the period from March 17, 2017 through March 13, 2020, inclusive, and:

a)   sold before August 9, 2019, the **Exchange Act Loss Amount** is zero;

b)   sold from August 9, 2019 through the close of trading on March 13, 2020, the **Exchange Act Loss Amount** is **the lesser of:** (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A *minus* the amount of artificial inflation per share on the date of sale as stated in Table A; or (ii) the purchase price *minus* the sale price;

c)   sold after the close of trading on March 13, 2020 through the close of trading on June 12, 2020, the **Exchange Act Loss Amount** is equal to **the least of:** (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A; (ii) the purchase price *minus* the sale price; or (iii) the purchase price *minus* the average closing price between March 16, 2020 and the date of sale as stated in Table B;

d)   held as of the close of trading on June 12, 2020, the **Exchange Act Loss Amount** is equal to **the lesser of:** (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A; or (ii) the purchase price *minus* $4.00.[2]

**Securities Act Loss Amounts**

9.      For each share of ProPetro common stock purchased or otherwise acquired in ProPetro's IPO or on the open market during the period from March 17, 2017 through and including September 12, 2017, the final day prior to the expiration of the lock-up on sales of shares of ProPetro common stock held by ProPetro's directors and executive officers, and other investors who held ProPetro stock prior to the IPO (the "Lock-Up Period"), and:

---

[2]   Pursuant to Section 21D(e)(1) of the Exchange Act, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the Exchange Act, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of ProPetro common stock during the "90-day look-back period," from March 16, 2020 through June 12, 2020. The mean (average) closing price for ProPetro common stock during this period was $4.00.

(a)   sold before the close of trading on September 16, 2019 (the date the first lawsuit alleging claims against Defendants was filed), the **Securities Act Loss Amount** is the purchase price per share (not to exceed $14.00) minus the sale price per share;

(b)   sold after the close of trading on September 16, 2019 but before the close of trading on June 12, 2020, the **Securities Act Loss Amount** is the purchase price per share (not to exceed $14.00) *minus* the greater of: (i) the sale price per share or (ii) $11.43 (the closing price of ProPetro Common Stock on September 16, 2019);

(c)   held as of the close of trading on June 12, 2020, **the Securities Act Loss Amount** is the purchase price per share (not to exceed $14.00) *minus* $11.43.

10.     As noted above, for each purchase or acquisition of ProPetro common stock during the Class Period, a **Recognized Loss Amount** will be calculated which is ***the greater of***: the Exchange Act Loss Amount, if any, or the Securities Act Loss Amount, if any.  If a Recognized Loss Amount calculates to a negative number, the Recognized Loss Amount for that transaction will be zero.

## ADDITIONAL PROVISIONS

11.     The Net Settlement Fund will be allocated among all Authorized Claimants whose Distribution Amount (defined in paragraph 18 below) is $10.00 or greater.

12.     **Calculation of a Claimant's "Recognized Claim":** A Claimant's "Recognized Claim" will be the sum of his, her, or its Recognized Loss Amounts as calculated above with respect to all purchases or acquisitions of ProPetro common stock during the Class Period.

13.     **FIFO Matching:**  If a Settlement Class Member made more than one purchase/acquisition or sale of ProPetro common stock during the Class Period, all purchases/acquisitions and sales will be matched on a First In, First Out ("FIFO") basis.  Class Period sales will be matched against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

14.     **"Purchase/Sale" Prices:** For the purposes of calculations under this Plan of Allocation, "purchase price" means the actual price paid, excluding all fees, taxes, and commissions, and "sale price" means the actual amount received, not deducting any fees, taxes, and commissions.

15.     **"Purchase/Sale" Dates:** Purchases, acquisitions, and sales of ProPetro common stock will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.  Moreover, the receipt or grant by gift, inheritance, or operation of law of ProPetro common stock during the Class Period shall not be deemed an eligible purchase, acquisition, or sale, nor shall the receipt or grant be deemed an assignment of any claim relating to the shares unless (i) the donor or decedent purchased or acquired the stock during the Class Period; (ii) the instrument of gift or assignment specifically provides that it is intended to transfer such rights; and (iii) no Claim was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to those shares.

16.     **Short Sales:**  The date of covering a "short sale" is deemed to be the date of purchase of the ProPetro common stock.  The date of a "short sale" is deemed to be the date of sale of the ProPetro common stock.  "Short sales" and the purchases covering "short sales" shall not be entitled to recovery under the Plan of Allocation.

17.     **Derivatives and Options:**   The only security eligible to participate in the Settlement is ProPetro common stock.  Option contracts or any other securities are not eligible to participate in the Settlement.  With respect to ProPetro common stock purchased or sold through the exercise of an option, the purchase/sale date of the ProPetro common stock is the exercise date of the option and the purchase/sale price is the exercise price of the option.

18.     **Determination of Distribution Amount:**   The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their Recognized Claims.   Specifically, a "**Distribution Amount**" will be calculated for each Authorized Claimant, which shall be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

19.     If an Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculations and no distribution will be made to that Authorized Claimant.

20.     After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks.  To the extent any monies remain in the Net Settlement Fund after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determine that it is cost-effective to do so, the Claims Administrator, no less than seven (7) months after the initial distribution, will conduct another distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such distribution.  Additional distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determine that additional distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such further distributions, would be cost-effective. At such time as it is determined that the further distribution of funds remaining in the Net Settlement Fund is not costeffective, the remaining balance will be contributed to one or more non-sectarian, not-for-profit, 501(c)(3) organizations to be selected by Lead Counsel and approved by the Court.

21.     Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, will be conclusive against all Claimants.  No person or entity shall have any claim against Plaintiffs, Plaintiffs' Counsel, the Claims Administrator, or any other agent designated by Lead Counsel, or Defendants' Releasees and/or their respective

counsel, arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or any order of the Court.  Plaintiffs and Defendants, and their respective counsel, and all other Releasees shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the plan of allocation approved by the Court, or the determination, administration, calculation, or payment of any claim or nonperformance of the Claims Administrator, the payment or withholding of Taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

**TABLE A**

**Estimated Artificial Inflation in**
**ProPetro Common Stock from March 17, 2017 through and including March 13, 2020**

| Date Range | Artificial Inflation Per Share |
|---|---|
| March 17, 2017 – August 8, 2019 | $2.72 |
| August 9, 2019 – September 2, 2019 | $0.40 |
| September 3, 2019 – October 9, 2019 | $0.21 |
| October 10, 2019 – October 17, 2019 | $0.59 |
| October 18, 2019 – October 30, 2019 | $0.40 |
| October 31, 2019 – March 13, 2020 | $0.24 |
| After March 13, 2020 and later | $0.00 |

**TABLE B**

**90-Day Look-Back Table for ProPetro Common Stock**
**(Average Closing Price: March 16, 2020 – June 12, 2020)**

| Sale Date | Average Closing Price from March 16, 2020 through Date | Sale Date | Average Closing Price from March 16, 2020 through Date |
|---|---|---|---|
| 3/16/2020 | $2.50 | 4/30/2020 | $3.07 |
| 3/17/2020 | $2.26 | 5/1/2020 | $3.09 |
| 3/18/2020 | $2.01 | 5/4/2020 | $3.12 |
| 3/19/2020 | $2.03 | 5/5/2020 | $3.15 |
| 3/20/2020 | $2.01 | 5/6/2020 | $3.17 |
| 3/23/2020 | $2.01 | 5/7/2020 | $3.20 |
| 3/24/2020 | $2.04 | 5/8/2020 | $3.24 |
| 3/25/2020 | $2.07 | 5/11/2020 | $3.27 |
| 3/26/2020 | $2.12 | 5/12/2020 | $3.30 |
| 3/27/2020 | $2.13 | 5/13/2020 | $3.32 |
| 3/30/2020 | $2.14 | 5/14/2020 | $3.34 |
| 3/31/2020 | $2.17 | 5/15/2020 | $3.36 |
| 4/1/2020 | $2.17 | 5/18/2020 | $3.40 |
| 4/2/2020 | $2.22 | 5/19/2020 | $3.43 |
| 4/3/2020 | $2.28 | 5/20/2020 | $3.46 |
| 4/6/2020 | $2.36 | 5/21/2020 | $3.49 |
| 4/7/2020 | $2.43 | 5/22/2020 | $3.52 |
| 4/8/2020 | $2.53 | 5/26/2020 | $3.55 |
| 4/9/2020 | $2.61 | 5/27/2020 | $3.58 |
| 4/13/2020 | $2.68 | 5/28/2020 | $3.61 |
| 4/14/2020 | $2.74 | 5/29/2020 | $3.64 |
| 4/15/2020 | $2.78 | 6/1/2020 | $3.66 |
| 4/16/2020 | $2.78 | 6/2/2020 | $3.68 |
| 4/17/2020 | $2.81 | 6/3/2020 | $3.70 |
| 4/20/2020 | $2.83 | 6/4/2020 | $3.73 |
| 4/21/2020 | $2.84 | 6/5/2020 | $3.78 |
| 4/22/2020 | $2.87 | 6/8/2020 | $3.84 |
| 4/23/2020 | $2.91 | 6/9/2020 | $3.90 |
| 4/24/2020 | $2.93 | 6/10/2020 | $3.94 |
| 4/27/2020 | $2.96 | 6/11/2020 | $3.97 |
| 4/28/2020 | $2.98 | 6/12/2020 | $4.00 |
| 4/29/2020 | $3.03 | | |

# Exhibit 2

**Exhibit 2**

***ProPetro Securities Litigation***
**Toll-Free Number:  1-877-917-0135**
**Email:  info@ProPetroSecuritiesLitigation.com**
**Website:  www.ProPetroSecuritiesLitigation.com**

## PROOF OF CLAIM AND RELEASE FORM

To be eligible to receive a share of the Net Settlement Fund in connection with the Settlement of this Action, you must complete and sign this Proof of Claim and Release Form ("Claim Form") and mail it by first-class mail to the address below, with supporting documentation, ***postmarked* no later than February 23, 2023,** or submit it on-line at www.ProPetroSecuritiesLitigation.com by **February 23, 2023**.

# Mail to:

### ***ProPetro Securities Litigation*** c/o
### JND Legal Administration P.O.
### Box 91309
### Seattle, WA 98111

Failure to submit your Claim Form by the date specified will subject your claim to rejection and may preclude you from being eligible to receive a payment from the Settlement.

**Do not mail or deliver your Claim Form to the Court, Lead Counsel, Defendants' Counsel, or any of the Parties to the Action.  Submit your Claim Form only to the Claims Administrator at the address set forth above.**

| TABLE OF CONTENTS | PAGE # |
|---|---|
| PART I – CLAIMANT INFORMATION | 2 |
| PART II – GENERAL INSTRUCTIONS | 3 |
| PART III – SCHEDULE OF TRANSACTIONS IN PROPETRO COMMON STOCK (NYSE TICKER: PUMP, CUSIP: 74347M108) | 6 |
| PART IV – RELEASE OF CLAIMS AND SIGNATURE | 7 |

## PART I – CLAIMANT INFORMATION

The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above. Complete names of all persons and entities must be provided.

Beneficial Owner's Name
First Name

Last Name

Joint Beneficial Owner's Name (*if applicable*)
First Name

Last Name

If this claim is submitted for an IRA, and if you would like any check that you MAY be eligible to receive made payable to the IRA, please include "IRA" in the "Last Name" box above (*e.g.*, Jones IRA).

Entity Name (if the Beneficial Owner is not an individual)

Name of Representative, if applicable (*executor, administrator, trustee, c/o, etc.*), if different from Beneficial Owner

Last 4 digits of Social Security Number or Taxpayer Identification Number

Street Address

City

State/Province     Zip Code

Foreign Postal Code (if applicable)     Foreign Country (if applicable)

Telephone Number (Day)     Telephone Number (Evening)

Email Address (email address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim)

**Type of Beneficial Owner:**

Specify one of the following:

☐ Individual(s)     ☐ Corporation     ☐ UGMA Custodian     ☐ IRA

☐ Partnership     ☐ Estate     ☐ Trust     ☐ Other (describe: _____ )

## PART II – GENERAL INSTRUCTIONS

1.     It is important that you completely read and understand the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses (the "Notice") that accompanies this Claim Form, including the Plan of Allocation of the Net Settlement Fund set forth in the Notice. The Notice describes the proposed Settlement, how Settlement Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court. The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form. By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described therein and provided for herein.

2.     This Claim Form is directed to all persons who (i) purchased or otherwise acquired ProPetro common stock on the open market during the Class Period (from March 17, 2017 through March 13, 2020, inclusive) and were damaged thereby, or (ii) purchased ProPetro common stock in or traceable to ProPetro's March 17, 2019 Initial Public Offering (the "Settlement Class").

3.     By submitting this Claim Form, you will be making a request to receive a payment from the Settlement described in the Notice. IF YOU ARE NOT A SETTLEMENT CLASS MEMBER (*see* the definition of the Settlement Class on page [___] of the Notice, which sets forth who is included in and who is excluded from the Settlement Class), OR IF YOU, OR SOMEONE ACTING ON YOUR BEHALF, SUBMITTED A REQUEST FOR EXCLUSION FROM THE SETTLEMENT CLASS, DO NOT SUBMIT A CLAIM FORM. **YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT IF YOU ARE NOT A SETTLEMENT CLASS MEMBER.** THUS, IF YOU ARE EXCLUDED FROM THE SETTLEMENT CLASS, ANY CLAIM FORM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.

4.     **Submission of this Claim Form does not guarantee that you will be eligible to receive a payment from the Settlement. The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice, if it is approved by the Court, or by such other plan of allocation as the Court approves.**

5.     Use the Schedule of Transactions in Part III of this Claim Form to supply all required details of your transaction(s) in, and holdings of, common stock of ProPetro Holding Corp. ("ProPetro"). On this schedule, provide all of the requested information with respect to your holdings, purchases, acquisitions, and sales of ProPetro common stock (including free transfers and deliveries), whether such transactions resulted in a profit or a loss. **Failure to report all transaction and holding information during the requested time period may result in the rejection of your claim.**

6.     **Please note**: Only shares of ProPetro common stock purchased during the Class Period (*i.e.*, March 17, 2017 through March 13, 2020, inclusive) are eligible for recovery under the Settlement and Plan of Allocation. However, sales of ProPetro common stock during the period after the close of trading on March 13, 2020 through and including the close of trading on June 12, 2020, may be used for purposes of calculating your claim under the Plan of Allocation. Therefore, in order for the Claims Administrator to be able to balance your claim, the requested purchase/acquisition and sale/disposition information during this period must also be provided.

7.     You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of ProPetro common stock as set forth in the Schedule of Transactions in Part III of this Claim Form. Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement. The Parties and the Claims Administrator do not independently have information about your investments in ProPetro common stock. IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OF THE DOCUMENTS OR EQUIVALENT DOCUMENTS FROM YOUR BROKER. FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM. DO NOT SEND ORIGINAL DOCUMENTS. **Please keep a copy of all documents that you send to the Claims Administrator. Also, do not highlight any portion of the Claim Form or any supporting documents.**

8.    Use Part I of this Claim Form entitled "CLAIMANT INFORMATION" to identify the beneficial owner(s) of the ProPetro common stock.  The complete name(s) of the beneficial owner(s) must be entered.  If you held the ProPetro common stock in your own name, you were the beneficial owner as well as the record owner.  If, however, your shares of ProPetro common stock were registered in the name of a third party, such as a nominee or brokerage firm, you were the beneficial owner of the stock, but the third party was the record owner.  The beneficial owner, not the record owner, must sign this Claim Form to be eligible to participate in the Settlement.  If there were joint beneficial owners, each must sign this Claim Form and their names must appear as "Claimants" in Part I of this Claim Form.

9.    **One Claim should be submitted for each separate legal entity or separately managed account**. Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, an individual should not combine his or her IRA transactions with transactions made solely in the individual's name).  Generally, a single Claim Form should be submitted on behalf of one legal entity including all holdings and transactions made by that entity on one Claim Form. However, if a single person or legal entity had multiple accounts that were separately managed, separate Claims may be submitted for each such account.  The Claims Administrator reserves the right to request information on all the holdings and transactions in ProPetro common stock made on behalf of a single beneficial owner.

10.    Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

      (a)    expressly state the capacity in which they are acting;

      (b)    identify the name, account number, last four digits of the Social Security Number (or taxpayer identification number), address, and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the ProPetro common stock; and

      (c)    furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting.  (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade securities in another person's accounts.)

11.    By submitting a signed Claim Form, you will be swearing that you:

      (a)    own(ed) the ProPetro common stock you have listed in the Claim Form; or

      (b)    are expressly authorized to act on behalf of the owner thereof.

12.    By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America.  The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

13.    If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after any appeals are resolved, and after the completion of all claims processing.  The claims process will take substantial time to complete fully and fairly.  Please be patient.

14.    **PLEASE NOTE:**  As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund.  If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

15.    If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator, JND Legal Administration, at the above address, by email at info@ProPetroSecuritiesLitigation.com, or by toll-free phone at 1-877-917-0135, or you can visit the Settlement website, www.ProPetroSecuritiesLitigation.com, where copies of the Claim Form and Notice are available for downloading.

16.     NOTICE REGARDING ELECTRONIC FILES:  Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  To obtain the ***mandatory*** electronic filing requirements and file layout, you may visit the Settlement website at www.ProPetroSecuritiesLitigation.com or you may email the Claims Administrator's electronic filing department at info@ProPetroSecuritiesLitigation.com.  **Any file not in accordance with the required electronic filing format will be subject to rejection.**  The ***complete*** name of the beneficial owner of the securities must be entered where called for (*see* ¶ 8 above).  No electronic files will be considered to have been submitted unless the Claims Administrator issues an email to that effect.  **Do not assume that your file has been received until you receive this email.  If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at info@ProPetroSecuritiesLitigation.com to inquire about your file and confirm it was received.**

## IMPORTANT:  PLEASE NOTE

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD. THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM WITHIN 60 DAYS OF YOUR SUBMISSION.  IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, CONTACT THE CLAIMS ADMINISTRATOR TOLL FREE AT 1-877-917-0135.**

## PART III – SCHEDULE OF TRANSACTIONS IN PROPETRO COMMON STOCK

Use this section to provide information on your holdings and trading of ProPetro common stock (NYSE Ticker Symbol: **PUMP**, CUSIP: 74347M108) during the requested time periods.  Please include proper documentation with your Claim Form as described in detail in Part II – General Instructions, ¶ 7 above.

**1. PURCHASES/ACQUISITIONS FROM MARCH 17, 2017 THROUGH MARCH 13, 2020** – Separately list each and every purchase or acquisition (including free receipts) of ProPetro common stock from March 17, 2017 (including purchases in or traceable to the March 17, 2017 Initial Public Offering) through and including the close of trading on March 13, 2020.  (Must be documented.)

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/Acquired | Purchase Price Per Share | Total Purchase Price (excluding any fees, commissions, and taxes) | Confirm Proof of Purchase Enclosed |
|---|---|---|---|---|
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |

**2. PURCHASES/ACQUISITIONS FROM MARCH 14, 2020 THROUGH JUNE 12, 2020** – State the total number of shares of ProPetro common stock purchased or acquired (including free receipts) after the close of trading on March 13, 2020 through the close of trading on June 12, 2020.  If none, write "zero" or "0."[1] _____

| **3. SALES FROM MARCH 17, 2017 THROUGH JUNE 12, 2020** – Separately list each and every sale or disposition (including free deliveries) of ProPetro common stock from after the opening of trading on March 17, 2017 through and including the close of trading on June 12, 2020.  (Must be documented.) | **IF NONE, CHECK HERE** ☐ |
|---|---|

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (not deducting any fees, commissions, and taxes) | Confirm Proof of Sale Enclosed |
|---|---|---|---|---|
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |

| **4. HOLDINGS AS OF JUNE 12, 2020** – State the total number of shares of ProPetro common stock held as of the close of trading on June 12, 2020.  (Must be documented.)  If none, write "zero" or "0." _____ | Confirm Proof of Position Enclosed ☐ |
|---|---|

**IF YOU REQUIRE ADDITIONAL SPACE FOR THE SCHEDULE ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT.  PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE.  IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX.**  ☐

---

[1] **Please note**:  Information requested with respect to your purchases and acquisitions of ProPetro common stock after the close of trading on March 13, 2020 through the close of trading on June 12, 2020 is needed in order to balance your claim; purchases and acquisitions during this period, however, are not eligible under the Settlement and will not be used for purposes of calculating your Recognized Claim under the Plan of Allocation.

## PART IV - RELEASE OF CLAIMS AND SIGNATURE

### YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE 8 OF THIS CLAIM FORM.

I (we) hereby acknowledge that, pursuant to the terms set forth in the Stipulation, without further action by anyone, upon the Effective Date of the Settlement, I (we), on behalf of myself (ourselves) and my (our) (the claimant(s)') respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such,, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

## CERTIFICATION

By signing and submitting this Claim Form, the claimant(s) or the person(s) who represent(s) the claimant(s) agree(s) to the release above and certifies (certify) as follows:

1.    that I (we) have read and understand the contents of the Notice and this Claim Form, including the releases provided for in the Settlement and the terms of the Plan of Allocation;

2.    that the claimant(s) is a (are) Settlement Class Member(s), as defined in the Notice, and is (are) not excluded by definition from the Settlement Class as set forth in the Notice;

3.    that the claimant(s) did *not* submit a request for exclusion from the Settlement Class;

4.    that I (we) own(ed) the ProPetro common stock identified in the Claim Form and have not assigned the claim against any of the Defendants or any of the other Defendants' Releasees to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

5.    that the claimant(s) has (have) not submitted any other claim covering the same purchases of ProPetro common stock and knows (know) of no other person having done so on the claimant's (claimants') behalf;

6.    that the claimant(s) submit(s) to the jurisdiction of the Court with respect to claimant's (claimants') claim and for purposes of enforcing the releases set forth herein;

7.    that I (we) agree to furnish such additional information with respect to this Claim Form as Lead Counsel, the Claims Administrator, or the Court may require;

8.    that the claimant(s) waive(s) the right to trial by jury, to the extent it exists, and agree(s) to the determination by the Court of the validity or amount of this claim, and waives any right of appeal or review with respect to such determination;

9.    that I (we) acknowledge that the claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

10.    that the claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (i) the claimant(s) is (are) exempt from backup withholding or (ii) the claimant(s) has (have) not been notified by the IRS that he, she, or it is subject to backup withholding as a result of a failure to report all interest or dividends or (iii) the IRS has notified the claimant(s) that he, she, or it is no longer subject to backup withholding.  **If the IRS has notified the claimant(s) that he, she, it, or they is (are) subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

_____          _____
Signature of claimant                                                                                         Date

_____
Print claimant name here

_____          _____
Signature of joint claimant, if any                                                                        Date

_____
Print joint claimant name here

*If the claimant is other than an individual, or is not the person completing this form, the following also must be provided:*

_____          _____
Signature of person signing on behalf of claimant                                             Date

_____
Print name of person signing on behalf of claimant here

_____
Capacity of person signing on behalf of claimant, if other than an individual, *e.g.*, executor, president, trustee, custodian, etc.  (Must provide evidence of authority to act on behalf of claimant – see ¶ 10 on page 4 of this Claim Form.)

## REMINDER CHECKLIST

1. Sign the above release and certification.  If this Claim Form is being made on behalf of joint claimants, then both must sign.

2. Attach only *copies* of acceptable supporting documentation as these documents will not be returned to you.

3. Do not highlight any portion of the Claim Form or any supporting documents.

4. Keep copies of the completed Claim Form and documentation for your own records.

5. The Claims Administrator will acknowledge receipt of your Claim Form by mail within 60 days of your submission. Your claim is not deemed filed until you receive an acknowledgement postcard.  **If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll free at 1-877-917-0135.**

6. If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, you must send the Claims Administrator written notification of your new address.  If you change your name, inform the Claims Administrator.

7. If you have any questions or concerns regarding your claim, contact the Claims Administrator at the address below, by email at info@ProPetroSecuritiesLitigation.com, or by toll-free phone at 1-877-917-0135, or you may visit www.ProPetroSecuritiesLitigation.com.  DO NOT call the Court, ProPetro, or the other Defendants with questions regarding your claim.

THIS CLAIM FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL OR SUBMITTED ONLINE AT WWW.PROPETROSECURITIESLITIGATION.COM, *POSTMARKED* (IF MAILED) OR RECEIVED NO LATER THAN _____, 2023, ADDRESSED AS FOLLOWS:

**ProPetro Securities Litigation**
**c/o JND Legal Administration**
**P.O. Box 91309**
**Seattle, WA 98111**

If mailed, a Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if a postmark date on or before _____, 2023 is indicated on the envelope and it is mailed First Class, and addressed in accordance with the above instructions.  In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms.  Please be patient and notify the Claims Administrator of any change of address.

# Exhibit 3

**Exhibit 3**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| NYKREDIT PORTEFØLJE ADMINISTRATION A/S, OKLAHOMA FIREFIGHTERS PENSION AND RETIREMENT SYSTEM, OKLAHOMA LAW ENFORCEMENT RETIREMENT SYSTEM, OKLAHOMA POLICE PENSION AND RETIREMENT SYSTEM, OKLAHOMA CITY EMPLOYEE RETIREMENT SYSTEM, POLICE AND FIRE RETIREMENT SYSTEM OF THE CITY OF DETROIT, Individually and on behalf of all others similarly situated, | § § § § § § § § § § § | No. MO:19-CV-217-DC |
| *Plaintiffs,* | § § | |
| v. | § § | |
| PROPETRO HOLDING CORP., DALE REDMAN, JEFFREY SMITH, IAN DENHOLM, and SPENCER D. ARMOUR III, | § § § § | |
| *Defendants.* | § § | |

## SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEY FEES AND LITIGATION EXPENSES

**TO:** **All persons who purchased or otherwise acquired the common stock of ProPetro Holding Cop. ("ProPetro") on the open market from March 17, 2017 to March 13, 2020, inclusive, and all persons who purchased ProPetro common stock in or traceable to ProPetro's initial public offering on March 17, 2017**

YOU ARE HEREBY NOTIFIED that, pursuant to an Order of the United States District Court for the Western District of Texas, Midland/Odessa Division, a hearing will be held on **April 11, 2023, at 1:30 p.m**., before the Honorable David Counts, United States District Judge, in person at the United States Courthouse, 200 East Wall, Midland, Texas 79701, to determine: (1) whether a proposed Settlement of *Nykredit Portefølje Administration A/S et al. v. ProPetro Holding Corp. et al.*, No. MO:19-CV-217-DC for the sum of Thirty Million ($30,000,000.00) in

cash should be approved by the Court as fair, reasonable, and adequate, which would result in this Action being dismissed with prejudice and will prevent Settlement Class Members from ever being part of any other lawsuit against the Defendants (and parties related to them) about the legal claims being resolved by this Settlement, as set forth in the Stipulation of Settlement dated September 22, 2022; (2) whether, for purposes of the proposed Settlement only, the Action should be certified as a class action on behalf of the Settlement Class, Plaintiffs should be certified as Class Representatives for the Settlement Class, and Lead Counsel should be appointed as Class Counsel for the Settlement Class; (3) whether the Plan of Allocation of settlement proceeds is fair, reasonable, and adequate and therefore should be approved; and (4) whether Plaintiffs' Counsel should be awarded attorney fees and expenses incurred in connection with this Action, together with interest thereon, and whether the Plaintiffs should receive an award of their costs and expenses in representing the Settlement Class.  Those matters will be addressed by the Court at the Settlement Hearing to be held **April 11, 2023, at 1:30 p.m**.

If you (a) purchased or otherwise acquired ProPetro common stock on the open market during the period from March 17, 2017 to March 13, 2020, both dates inclusive, and were damaged thereby; or (b) purchased ProPetro common stock in or traceable to ProPetro's Initial Public Offering on March 17, 2017, your rights may be affected by this Action and the Settlement thereof. If you have not received a detailed Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorney Fees and Litigation Expenses ("Notice") and a copy of the Proof of Claim and Release Form ("Proof of Claim Form"), you may obtain copies either by downloading this information at www.ProPetroSecuritiesLitigation.com or by writing to *ProPetro Securities Litigation* c/o JND Legal Administration, P.O. Box 91309, Seattle, Washington 98111.

If you are a Settlement Class Member, in order to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim Form by mail (postmarked no later than February 23, 2023), or online at www.ProPetroSecuritiesLitigation.com (submitted no later than February 23, 2023), establishing that you are entitled to a recovery.

You will be bound by any judgment rendered in the Action unless you request to be excluded, in writing, such that it is postmarked no later than March 21, 2023, in the manner and form explained in the detailed Notice referred to above.  If you are a Settlement Class Member and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is postmarked no later than March 21, 2023, in accordance with the instructions set forth in the Notice.  If you ask to be excluded, you will not get any payment from the Settlement, and you cannot object to the Settlement.  You will not be legally bound by anything that happens in the lawsuit, and you may be able to sue Defendants' Releasees about the Released Plaintiffs' Claims in the future.  If you want to bring your own lawsuit based on the matters alleged in this Action, you may want to consult an attorney and discuss whether any individual claim that you may wish to pursue would be time-barred.

Any objection to any aspect of the Settlement, the Plan of Allocation, and/or Lead Counsel's fee and expense application must be filed with the Clerk of the Court and delivered to Lead Counsel and Representative Defendants' Counsel, such that they are received no later than March 21, 2023, in accordance with the instructions set forth in the Notice.

Requests for the Notice and Proof of Claim Form should be made to the Claims Administrator:

*ProPetro Securities Litigation* c/o
JND Legal Administration P.O.
Box 91309
Seattle, Washington 98111

Inquiries, other than requests for the Notice and Proof of Claim Form, may be made to Lead Counsel:

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

James A. Harrod
1251 Avenue of the Americas
New York, New York 10020
Tel.: (212) 554-1400
Fax: (212) 554-1444
Email: settlements@blbglaw.com

**GRANT & EISENHOFER P.A.**

Daniel L. Berger
485 Lexington Avenue
New York, New York 10017
Tel.: (646) 722-8500
Fax: (646) 722-8501
Email: dberger@gelaw.com

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.**

DATED: _____          BY ORDER OF THE COURT
                                        UNITED STATES DISTRICT COURT
                                         FOR THE WESTERN DISTRICT OF TEXAS
                                        MIDLAND/ODESSA DIVISION