# Exhibit 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

| | |
|---|---|
| NYKREDIT PORTEFØLJE ADMINISTRATION A/S, OKLAHOMA FIREFIGHTERS PENSION AND RETIREMENT SYSTEM, OKLAHOMA LAW ENFORCEMENT RETIREMENT SYSTEM, OKLAHOMA POLICE PENSION AND RETIREMENT SYSTEM, OKLAHOMA CITY EMPLOYEE RETIREMENT SYSTEM, POLICE AND FIRE RETIREMENT SYSTEM OF THE CITY OF DETROIT, Individually and on behalf of all others similarly situated,<br><br>*Plaintiffs,*<br><br>v.<br><br>PROPETRO HOLDING CORP., DALE REDMAN, JEFFREY SMITH, IAN DENHOLM, and SPENCER D. ARMOUR III,<br><br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br><br>No. MO:19-CV-217-DC |

**DECLARATION OF ANDREAS THIELEMANN WAGNER,
SENIOR LEGAL COUNSEL OF NYKREDIT PORTEFØLJE ADMINISTRATION A/S
IN SUPPORT OF (A) PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
SETTLEMENT AND PLAN OF ALLOCATION; AND (B) LEAD COUNSEL'S
MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES**

I, Andreas Thielemann Wagner, pursuant to 28 U.S.C. 1746, declare as follows:

1.       I am the Senior Legal Counsel of Nykredit Portefølje Administration A/S

("Nykredit"), one of the Court-appointed Lead Plaintiffs in the above-captioned action (the

"Action").[1]  I submit this declaration in support of: (a) Plaintiffs' motion for final approval of the

---

[1] Capitalized terms that are not defined in this declaration have the same meanings as set forth in the Stipulation and Agreement of Settlement dated September 22, 2022 (ECF No. 168-1) (the "Stipulation").

proposed settlement of the Action for $30 million in cash (the "Settlement") and approval of the proposed Plan of Allocation; (b) Lead Counsel's motion for an award of attorneys' fees and payment of expenses to Plaintiffs' Counsel; and (c) Nykredit's request to recover its reasonable costs and expenses incurred in connection with the prosecution of this litigation. I have personal knowledge of the matters stated herein and, if called upon, I could and would competently testify thereto.

## I.    Background

### A.    Nykredit

2.    Nykredit is a regulated investment management company based in Denmark that manages more than $114 billion in assets. During the Class Period, investment funds under the management of Nykredit purchased over 400,000 shares of ProPetro common stock and suffered substantial losses as result of the violations of securities laws alleged in this Action.

3.    On December 16, 2019, the Court issued an Order appointing Nykredit and Oklahoma Firefighters Pension and Retirement System, Oklahoma Law Enforcement Retirement System, Oklahoma Police Pension and Retirement System, and Oklahoma City Employee Retirement System (the "Oklahoma Funds") as Lead Plaintiffs in the Action pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), and approving Lead Plaintiffs' selection of Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz") and Grant & Eisenhofer P.A. as co-Lead Counsel in the Action.

4.    Nykredit has actively supervised and monitored the prosecution and settlement of this Action through the active and continuous involvement of myself and other Nykredit employees. We have had regular communications with Bernstein Litowitz concerning the prosecution and settlement of this case. We have communicated with Bernstein Litowitz

2

throughout the litigation, including in connection with each material event in the case and when important decisions needed to be made.

5.     Based on its active participation in the prosecution of this Action, Nykredit has been able to capably oversee the prosecution of this case as well as the ultimate settlement of the Action. Nykredit was able to directly observe the substantial efforts undertaken by Lead Counsel to obtain an excellent proposed recovery for the Settlement Class, notwithstanding the meaningful risks Plaintiffs faced in this litigation.

6.     Nykredit, consistent with its strong interest in the outcome of this litigation and the exercise of its fiduciary duties to the Settlement Class, worked diligently to ensure that the recovery in this Action was maximized to the greatest extent possible in light of the risks and circumstances of the case.

**B.     Nykredit's Extensive Participation in the Prosecution and Settlement of this Action**

7.     Throughout the litigation, Nykredit has engaged in frequent discussions with Bernstein Litowitz concerning case developments and strategy, and received periodic status reports from Bernstein Litowitz. Among other things, in its role as a Lead Plaintiff, Nykredit has:

a.     Analyzed the merits of the potential case prior to seeking appointment as Lead Plaintiff in this Action, including evaluating: (i) the potential alleged wrongdoing of and securities claims against ProPetro and the other Defendants; and (ii) the critical legal and procedural issues involved in prosecuting the Action;

b.     Reviewed pleadings filed in the Action, including the Amended Class Action Complaint for Violations of the Federal Securities Laws, the Second Amended Class Action Complaint for Violations of the Federal Securities Laws and the Third Amended Class Action Complaint for Violations of the Federal Securities Laws ("Complaint");

3

c.    Reviewed briefs filed in the Action, including the documents filed in opposition to Defendants' motions to dismiss the Complaint and in support of Plaintiffs' motion to certify the class;

d.    Reviewed and commented on the discovery requests served on Plaintiffs in this Action;

e.    Assisted in searching for and producing documents and electronically stored information in response to Defendants' document requests on Plaintiffs;

f.    Consulted with Bernstein Litowitz regarding counsel's review and assessment of the document discovery obtained;

g.    Two employees from the Nykredit group prepared for their depositions and were deposed by Defendants via Zoom as representatives of Nykredit, which included my deposition on July 6, 2022 and the deposition of Kasper Illemann Hansen, Nykredit Bank's head of training and systematic strategies, on July 7, 2022.

h.    Participated in the mediation process and consulted with Bernstein Litowitz concerning the settlement negotiations that ultimately led to the agreement in principle to settle the Action; and

i.    Evaluated and approved the mediator's recommendation that the Action be settled for $30 million in cash.

8.    In addition, Nykredit has and will review the briefs and other documents related to the Settlement, including drafts of the papers that are presently being submitted in support of (a) final approval of the Settlement and approval of the proposed Plan of Allocation; and (b) approval of Lead Counsel's application for an award of attorneys' fees and expenses.

4

## II.    Nykredit Strongly Endorses Approval of the Settlement and the Plan of Allocation

9.    Based on Nykredit's oversight of the prosecution and negotiations for the proposed settlement of this Action, Nykredit strongly endorses the Settlement and believes it provides an excellent recovery for the Settlement Class, especially when measured against the substantial risks of establishing liability and damages. Nykredit also strongly endorses the proposed Plan of Allocation, and believes that it represents a fair and reasonable method for valuing claims submitted by Settlement Class Members, and for distributing the Net Settlement Fund to Settlement Class Members who submit valid and timely Claim Forms.

## III.    Nykredit Supports Lead Counsel's Motion for Attorneys' Fees and Litigation Expenses

10.    Nykredit also supports Lead Counsel's requested fee (for all Plaintiffs' Counsel) of 20% of the Settlement Fund. Nykredit takes seriously its role as a Lead Plaintiff to ensure that the attorneys' fees are fair in light of the result achieved for the Settlement Class and reasonably compensate Plaintiffs' Counsel for the work involved and the substantial risks they undertook in litigating the Action. Nykredit negotiated and approved that fee, subject to Court approval, at the outset of the Action. Nykredit negotiated and approved the fee with Bernstein Litowitz pursuant to a retention agreement providing for different levels of percentage fees based on the state of litigation at which settlement was reached. Following the agreement to settle the Action, Nykredit has again reviewed the proposed fee and believes it is fair and reasonable in light of the very favorable result obtained for the Settlement Class, the excellent work performed by Plaintiffs' Counsel, and the risks undertaken by counsel in this Action.

11.    Nykredit further believes Plaintiffs' Counsel's litigation expenses are reasonable and represent costs and expenses necessary for the prosecution and resolution of this securities

5

class action. As a result, Nykredit has approved the request for payment of expenses submitted by Plaintiffs' Counsel.

12. Based on the foregoing, and consistent with its obligation to the Settlement Class to obtain the best result at the most efficient cost, Nykredit supports Lead Counsel's motion for attorneys' fees and expenses.

## IV. Nykredit's Request for Reimbursement of Costs and Expenses

13. Nykredit understands that reimbursement of a lead plaintiff's reasonable costs and expenses is authorized under the PSLRA. For this reason, in connection with Lead Counsel's request for payment of Litigation Expenses, Nykredit seeks reimbursement for the time that its employees dedicated to the representation of the Settlement Class in the Action.

14. One of my responsibilities as Senior Legal Counsel for Nykredit is to monitor outside litigation matters, including Nykredit's activities in securities class actions where (as here) it has been appointed lead plaintiff. In addition to me, the following officers and employees of Nykredit (or Nykredit Bank) also participated in the prosecution and settlement of this Action: Kasper Illemann Hansen, Nykredit's Head of Trading and Systematic Strategies; and my colleagues in the legal department: Peter Holdt Holsteen, Head of Fund Legal and Phillip Mortensen-Lange, Legal Counsel.

15. The time that I and other Nykredit employees devoted to the representation of the Settlement Class in this Action was time that we otherwise would have expected to spend on other work for Nykredit and, thus, represented a cost to Nykredit. Nykredit seeks reimbursement in the amount of $18,075 for the time of the following personnel:

6

| Personnel | Hours[2] | Hourly Rate[3] | Total |
|---|---|---|---|
| Andreas Thielemann Wagner, Senior Legal Counsel | 57.5 | $200 | $11,500 |
| Kasper Illemann Hansen, Head of Training and Systematic Strategies | 26.5 | $150 | $3,975 |
| Phillip Mortensen-Lange, Legal Counsel | 9 | $200 | $1,800 |
| Peter Holdt Holsteen, Head of Fund Legal | 4 | $200 | $800 |
| TOTAL | 97 | | $18,075 |

## V.    Conclusion

16.    In conclusion, Nykredit was closely involved with the prosecution and settlement of this Action, strongly endorses the proposed Settlement as fair, reasonable, and adequate, and believes that it represents an excellent recovery for the Settlement Class in light of the risks of continued litigation.  We have reviewed and endorse the proposed Plan of Allocation as fair and reasonable for the Settlement Class.  Nykredit further respectfully requests that the Court approve Lead Counsel's motion for attorneys' fees and expenses for Plaintiffs' Counsel.  And finally, Nykredit requests reimbursement for its costs and expenses under the PSLRA as set forth above.

I declare under penalty of perjury under the laws of the United State of America that the foregoing is true and correct.  Executed this 17 day of JANUARY, 2023.

ANDREAS THIELEMANN WAGNER
Senior Legal Counsel
Nykredit Portefølje Administration A/S

---

[2] While Nykredit devoted a significant amount of time to this Action, its request for reimbursement of costs is based on a conservative estimate of the number of hours we spent on this litigation.

[3] The hourly rates used for purposes of this request are based on the internal hourly rates (translated into USD) the Nykredit charges to affiliates for the time and effort of the respective personnel who worked on this Action.