# Exhibit 4

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| NYKREDIT PORTEFØLJE ADMINISTRATION A/S, OKLAHOMA FIREFIGHTERS PENSION AND RETIREMENT SYSTEM, OKLAHOMA LAW ENFORCEMENT RETIREMENT SYSTEM, OKLAHOMA POLICE PENSION AND RETIREMENT SYSTEM, OKLAHOMA CITY EMPLOYEE RETIREMENT SYSTEM, POLICE AND FIRE RETIREMENT SYSTEM OF THE CITY OF DETROIT, Individually and on behalf of all others similarly situated, | § § § § § § § § § § § § | No. MO:19-CV-217-DC |
| *Plaintiffs,* | § § § | |
| v. | § § § | |
| PROPETRO HOLDING CORP., DALE REDMAN, JEFFREY SMITH, IAN DENHOLM, and SPENCER D. ARMOUR III, | § § § § § | |
| *Defendants.* | § § § § § | |

**DECLARATION OF GINGER SIGLER, EXECUTIVE DIRECTOR OF OKLAHOMA POLICE PENSION RETIREMENT SYSTEM IN SUPPORT OF (A) PLAINTIFFS' MOTION FOR FINAL APPROVAL OF SETTLEMENT AND PLAN OF ALLOCATION; AND (B) LEAD COUNSEL'S MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES AND PLAINTIFFS' MOTION FOR AWARDS**

I, Ginger Sigler, pursuant to 28 U.S.C. 1746, declare as follows:

1.    I am the Executive Director of Oklahoma Police Pension Retirement System ("OPPRS"), one of the Court-appointed Lead Plaintiffs in the above-captioned action (the "Action").[1]  I submit this declaration in support of: (a) Plaintiffs' motion for final approval of the

---

[1] Capitalized terms that are not defined in this declaration have the same meanings as set forth in the Stipulation and Agreement of Settlement dated September 22, 2022 (Doc. 168-1) (the "Stipulation").

proposed settlement of the Action for $30 million in cash (the "Settlement") and approval of the proposed Plan of Allocation; (b) Lead Counsel's motion for an award of attorneys' fees and payment of expenses to Plaintiffs' Counsel and Plaintiffs' request for awards equivalent to their reasonable costs and expenses incurred in connection with the prosecution of this litigation. I have personal knowledge of the matters stated herein and, if called upon, I could and would competently testify thereto.

I.      **Background**

        A.      **Oklahoma Police Pension Retirement System**

        2.      OPPRS is a benefit pension fund based in Oklahoma City, Oklahoma that manages more than $3 billion in assets as of February 28, 2023. During the Class Period, investment funds under the management of OPPRS purchased 51,832 shares of ProPetro common stock and suffered substantial losses as result of the violations of securities laws alleged in this Action.

        3.      On December 16, 2019, the Court issued an Order appointing Nykredit Portefølje Administration A/S, Oklahoma Firefighters Pension and Retirement System, Oklahoma Law Enforcement Retirement System, Oklahoma Police Pension and Retirement System, and Oklahoma City Employee Retirement System as Lead Plaintiffs in the Action pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), and approving Lead Plaintiffs' selection of Grant & Eisenhofer P.A. ("G&E") and Bernstein Litowitz Berger & Grossmann LLP as co-Lead Counsel in the Action.

        4.      OPPRS has actively supervised and monitored the prosecution and settlement of this Action through the active and continuous involvement of myself and other OPPRS employees. We have had regular communications with G&E concerning the prosecution and settlement of this

case.  We have communicated with G&E throughout the litigation, including in connection with each material event in the case and when important decisions needed to be made.

5.      Based on its active participation in the prosecution of this Action, OPPRS has been able to capably oversee the prosecution of this case as well as the ultimate settlement of the Action. OPPRS was able to directly observe the substantial efforts undertaken by Lead Counsel to obtain an excellent proposed recovery for the Settlement Class, notwithstanding the meaningful risks Plaintiffs faced in this litigation.

6.      OPPRS, consistent with its interest in the outcome of this litigation and the exercise of its fiduciary duties to the Settlement Class, worked diligently to ensure that the recovery in this Action was maximized to the greatest extent possible in light of the risks and circumstances of the case.

**B.      OPPRS's Extensive Participation in the Prosecution and Settlement of this Action**

7.      Throughout the litigation, OPPRS has engaged in frequent discussions with G&E concerning case developments and strategy, and received periodic status reports from G&E. Among other things, in its role as a Lead Plaintiff, OPPRS has:

a.      Analyzed the merits of the potential case prior to seeking appointment as Lead Plaintiff in this Action, including evaluating: (i) the potential alleged wrongdoing of and securities claims against ProPetro and the other Defendants; and (ii) the critical legal and procedural issues involved in prosecuting the Action;

b.      Reviewed pleadings filed in the Action, including the Amended Class Action Complaint for Violations of the Federal Securities Laws, the Second Amended Class Action Complaint for Violations of the Federal Securities Laws and the Third Amended Class Action Complaint for Violations of the Federal Securities Laws ("Complaint");

3

c.      Reviewed briefs filed in the Action, including the documents filed in opposition to Defendants' motions to dismiss the Complaint and in support of Plaintiffs' motion to certify the class;

d.      Reviewed and commented on the discovery requests served on Plaintiffs in this Action;

e.      Assisted in searching for and producing documents and electronically stored information in response to Defendants' document requests on Plaintiffs;

f.      Consulted with G&E regarding counsel's review and assessment of the document discovery obtained;

g.      Met with G&E on several occasions to review all pleadings, memoranda, documents produced in discovery, and additional case matters in June 2022, in preparation for my deposition as a representative of OPPRS;

h.      Testified during a deposition on June 30, 2022 about matters concerning OPPRS's purchases of ProPetro securities, decision to participate in this litigation as a lead plaintiff, participation in the litigation, and oversight of counsel;

i.      Actively participated in the mediation process and consulted with G&E concerning the settlement negotiations that ultimately led to the agreement in principle to settle the Action, including discussing and evaluating each demand made by Lead Plaintiffs, and counterproposals by Defendants and Lead Plaintiffs that ultimately led to the agreement to settle the Action for $30 million in cash; and

j.      Evaluated and approved the mediator's recommendation that the Action be settled for $30 million in cash.

8.      In addition, OPPRS has and will review the briefs and other documents related to the Settlement, including drafts of the papers that are presently being submitted in support of (a) final approval of the Settlement and approval of the proposed Plan of Allocation; and (b) approval of Lead Counsel's application for an award of attorneys' fees and expenses and Plaintiffs' motion for awards equivalent to the reasonable costs and expenses incurred in connection with the prosecution of this litigation.

II.     **OPPRS Strongly Endorses Approval of the Settlement and the Plan of Allocation**

9.      Based on OPPRS's oversight of the prosecution and negotiations for the proposed settlement of this Action, OPPRS strongly endorses the Settlement and believes it provides an excellent recovery for the Settlement Class, especially when measured against the substantial risks of establishing liability and damages.  OPPRS also endorses the proposed Plan of Allocation, and believes that it represents a fair and reasonable method for valuing claims submitted by Settlement Class Members, and for distributing the Net Settlement Fund to Settlement Class Members who submit valid and timely Claim Forms.

III.    **OPPRS Supports Lead Counsel's Motion for Attorneys' Fees and Litigation Expenses**

10.     OPPRS also supports Lead Counsel's requested fee (for all Plaintiffs' Counsel) of 20% of the Settlement Fund.  OPPRS takes seriously its role as a Lead Plaintiff to ensure that the attorneys' fees are fair in light of the result achieved for the Settlement Class and reasonably compensate Plaintiffs' Counsel for the work involved and the substantial risks they undertook in litigating the Action.  OPPRS negotiated and approved that fee, subject to Court approval, at the outset of the Action.  OPPRS negotiated a retention agreement with G&E that provides that G&E may seek attorneys' fees up to 25% of the recovery to the Class.  Following the agreement to settle the Action, OPPRS has again reviewed the proposed 20% fee and believes it is fair and

5

reasonable in light of the favorable result obtained for the Settlement Class, the excellent work performed by Plaintiffs' Counsel, and the risks undertaken by counsel in this Action. OPPRS notes that the 20% fee is less than the fee that was permitted under the retention agreement, but believes such fee is reasonable in the circumstances present here.

11. OPPRS further believes Plaintiffs' Counsel's litigation expenses are reasonable and represent costs and expenses necessary for the prosecution and resolution of this securities class action. As a result, OPPRS has approved the request for payment of expenses submitted by Plaintiffs' Counsel.

12. Based on the foregoing, and consistent with its obligation to the Settlement Class to obtain the best result at the most efficient cost, OPPRS supports Lead Counsel's motion for attorneys' fees and expenses.

## IV.    OPPRS's Request for Reimbursement of Costs and Expenses

13. OPPRS understands that reimbursement of a lead plaintiff's reasonable costs and expenses is authorized under the PSLRA. For this reason, in connection with Lead Counsel's request for payment of litigation expenses, OPPRS seeks reimbursement for the time that its employees dedicated to the representation of the Settlement Class in the Action.

14. One of my responsibilities as Executive Director for OPPRS is to monitor outside litigation matters, including OPPRS's activities in securities class actions where (as here) it has been appointed lead plaintiff.

15. The time that I and other OPPRS employees devoted to the representation of the Settlement Class in this Action was time that we otherwise would have expected to spend on other work for OPPRS and, thus, represented a cost to OPPRS. OPPRS seeks reimbursement in the amount of $4,074.00 for my time, which represents 42 hours at an hourly rate of $97.00.

6

## V.    Conclusion

16.    In conclusion, OPPRS was closely involved with the prosecution and settlement of this Action, strongly endorses the proposed Settlement as fair, reasonable, and adequate, and believes that it represents an excellent recovery for the Settlement Class in light of the risks of continued litigation. We have reviewed and endorse the proposed Plan of Allocation as fair and reasonable for the Settlement Class. OPPRS further respectfully requests that the Court approve Lead Counsel's motion for attorneys' fees and expenses for Plaintiffs' Counsel. And finally, OPPRS requests reimbursement for its costs and expenses under the PSLRA as set forth above.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this __6th__ day of March, 2023.

GINGER SIGLER
Executive Director
Oklahoma Police Pension Retirement System

7