**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| NYKREDIT PORTEFØLJE ADMINISTRATION A/S, OKLAHOMA FIREFIGHTERS PENSION AND RETIREMENT SYSTEM, OKLAHOMA LAW ENFORCEMENT RETIREMENT SYSTEM, OKLAHOMA POLICE PENSION AND RETIREMENT SYSTEM, OKLAHOMA CITY EMPLOYEE RETIREMENT SYSTEM, POLICE AND FIRE RETIREMENT SYSTEM OF THE CITY OF DETROIT, Individually and on behalf of all others similarly situated, | § § § § § § § § § § § § | No. MO:19-CV-217-DC<br><br>CLASS ACTION<br><br>Hon. David Counts |
| *Plaintiffs,* | § § § | |
| v. | § § | |
| PROPETRO HOLDING CORP., DALE REDMAN, JEFFREY SMITH, IAN DENHOLM, and SPENCER D. ARMOUR III, | § § § § | |
| *Defendants.* | § § § | |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF (I) PLAINTIFFS'
MOTION FOR FINAL APPROVAL OF SETTLEMENT AND PLAN OF
ALLOCATION AND (II) LEAD COUNSEL'S MOTION FOR ATTORNEYS' FEES
AND LITIGATION EXPENSES AND PLAINTIFFS' MOTION FOR AWARDS**

## TABLE OF CONTENTS

**Page**

I.    PRELIMINARY STATEMENT ...................................................................................... 1

II.   THE SETTLEMENT CLASS'S REACTION SUPPORTS APPROVAL OF THE
      SETTLEMENT, PLAN OF ALLOCATION, AND REQUESTED
      ATTORNEYS' FEES AND LITIGATION EXPENSES .................................................. 2

      A.    The Robust Court-Approved Notice Program ......................................................... 2

      B.    The Settlement Class's Reaction Supports Approval of the Settlement and
            the Plan of Allocation ........................................................................................ 4

      C.    The Settlement Class's Reaction Supports Approval of the Fee and
            Expense Request ................................................................................................ 6

      D.    Claims Received ................................................................................................ 7

III.  CONCLUSION ............................................................................................................ 8

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*In re AT&T Corp. Sec. Litig.*,
 2005 WL 6716404 (D.N.J. Apr. 25, 2005) ...............................................................................5

*Bethea v. Sprint Commc'ns Co.*,
 2013 WL 228094 (S.D. Miss. Jan. 18, 2013) ...........................................................................6

*In re Bisys Sec. Litig.*,
 2007 WL 2049726 (S.D.N.Y. July 16, 2007) ...........................................................................7

*Blackmon v. Zachary Holdings, Inc.*,
 2022 WL 3142362 (W.D. Tex. Aug. 5, 2022) ......................................................................4, 6

*In re Citigroup Inc. Bond Litig.*,
 296 F.R.D. 147 (S.D.N.Y. 2013) ..............................................................................................5

*Erica P. John Fund, Inc. v. Halliburton Co.*,
 2018 WL 1942227 (N.D. Tex. Apr. 25, 2018) .....................................................................4, 6

*Grigson v. Farmers Grp., Inc.*,
 2020 WL 13598801 (W.D. Tex. May 22, 2020) .......................................................................6

*Marcus v. J.C. Penney Co., Inc.*,
 2017 WL 6590976 (E.D. Tex. Dec. 18, 2017*), report and recommendation
 adopted*, 2018 WL 307024 (E.D. Tex. Jan 4, 2018) ................................................................5

*Quintanilla v. A & R Demolition Inc.*,
 2008 WL 9410399 (S.D. Tex. May 7, 2008) ............................................................................4

*Reed v. Gen. Motors Corp.*,
 703 F.2d 170 (5th Cir. 1983) ....................................................................................................4

*In re Rite Aid Corp. Sec. Litig.*,
 396 F.3d 294 (3d Cir. 2005) ......................................................................................................7

*Schwartz v. TXU Corp.*,
 2005 WL 3148350 (N.D. Tex. Nov. 8, 2005) .......................................................................4, 5

*Spegele v. USAA Life Ins. Co.*,
 2021 WL 4935978 (W.D. Tex. Aug. 26, 2021) ........................................................................4

*In re Veeco Instruments Inc. Sec. Litig.*,
 2007 WL 4115808 (S.D.N.Y. Nov. 7, 2007) ............................................................................6

*In re Veeco Instruments Inc. Sec. Litig.*,
  2007 WL 4115809 (S.D.N.Y. Nov. 7, 2007) ...............................................................................5


**STATUTES**

Class Action Fairness Act of 2005,
  28 U.S.C. § 1715(b) ...................................................................................................................3

Private Securities Litigation Reform Act of 1995,
  15 U.S.C. §§ 77z-1, 78u-4 .........................................................................................................3

iii

Lead Plaintiffs Nykredit Portefølje Administration A/S, Oklahoma Firefighters Pension and Retirement System, Oklahoma Law Enforcement Retirement System, Oklahoma Police Pension and Retirement System, and Oklahoma City Employee Retirement System, along with plaintiff Police and Fire Retirement System of the City of Detroit (collectively, "Plaintiffs"), on behalf of themselves and the Settlement Class, and Lead Counsel respectfully submit this reply memorandum of law in further support of (i) Plaintiffs' Motion for Final Approval of Settlement and Plan of Allocation (Doc. 170), and (ii) Lead Counsel's Motion for Attorneys' Fees and Litigation Expenses and Plaintiffs' Motion for Awards (Doc. 171) (the "Motions").[1]

## I.    PRELIMINARY STATEMENT

In Plaintiffs' opening papers in support of the Motions, Plaintiffs demonstrated that the proposed $30 million Settlement satisfies all the criteria for final approval of a class action settlement and that Lead Counsel's request for attorneys' fees and Litigation Expenses is fair and reasonable.

Since then, the Claims Administrator, under the supervision of Lead Counsel, has completed the extensive notice program set out in the Court's September 27, 2022 Order Preliminarily Approving Settlement and Providing for Notice (Doc. 169) ("Preliminary Approval Order"). The notice program included mailing the Notice Packet to over 72,000 potential Settlement Class Members, as well as publication in a financial periodical, over *PR Newswire*, and on the internet. In response to this notice program, *no Settlement Class Member has objected to any aspect of the Settlement, the Plan of Allocation, or the requested fees and expenses*. Only

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement, dated September 22, 2022 (Doc. 168-1) or the Joint Declaration of James A. Harrod and Daniel L. Berger in Support of (I) Plaintiffs' Motion for Final Approval of Settlement and Plan of Allocation and (II) Lead Counsel's Motion for Attorneys' Fees, Litigation Expenses, and Awards to Plaintiffs (Doc. 172) (the "Joint Declaration" or "Joint Decl.").

one request for exclusion from the Settlement Class has been received, from an individual investor who purchased just 50 shares of ProPetro common stock during the Class Period.  This represents a significant endorsement by the Settlement Class of all aspects of the proposed Settlement and Lead Counsel's and Plaintiffs' fee and expense requests.  Moreover, all six sophisticated institutional-investor Plaintiffs have endorsed the Settlement and the requested attorneys' fees and expenses.  *See* Doc. 172-1, at ¶¶ 9-12; Doc. 172-2, at ¶¶ 9-12; Doc. 172-3, at ¶¶ 9-12; Doc. 172-4, at ¶¶ 9-12; Doc. 172-5, at ¶¶ 9-12; Doc. 172-6, at ¶¶ 7-10.

As explained below, the Settlement Class's overwhelmingly positive reaction further demonstrates that the proposed Settlement, Plan of Allocation, and request for attorneys' fees and Litigation Expenses are fair and reasonable, and should be approved.

## II.   THE SETTLEMENT CLASS'S REACTION SUPPORTS APPROVAL OF THE SETTLEMENT, PLAN OF ALLOCATION, AND REQUESTED ATTORNEYS' FEES AND LITIGATION EXPENSES

Plaintiffs and Lead Counsel respectfully submit that their opening papers demonstrate why approval of the Motions is warranted.  Now that the time for objecting or requesting exclusion from the Settlement Class has passed, the lack of a single objection and the overwhelmingly positive reaction of the Settlement Class provides additional strong support for approval of the Motions.

### A.   The Robust Court-Approved Notice Program

Pursuant to the Court's Preliminary Approval Order, the Court-authorized Claims Administrator, JND Legal Administration ("JND"), conducted an extensive notice campaign, including mailing the Notice and Claim Form to 72,190 potential Settlement Class Members and their nominees, publishing a summary notice in *Investor's Business Daily* and over *PR Newswire*, and posting relevant information and documents on a dedicated settlement website, www.ProPetroSecuritiesLitigation.com.   *See* Supplemental Declaration of Luiggy Segura

Regarding: (A) Mailing of the Notice and Claim Form and (B) Report on Requests for Exclusion and Claims Received, attached as Ex. 1 ("Suppl. Segura Decl."); Declaration of Luiggy Segura Regarding: (A) Mailing of the Notice and Claim Form; (B) Publication of the Summary Notice; and (C) Report on Requests for Exclusion Received to Date (Doc. 172-7) ("Initial Segura Decl.").

The Notice informed Settlement Class Members of the terms of the proposed Settlement and Plan of Allocation, and that Lead Counsel would apply for an award of attorneys' fees in an amount not to exceed 20% of the Settlement Fund and payment of Litigation Expenses in an amount not to exceed $750,000. See Initial Segura Decl. Ex. A, at 3, 12. The Notice also apprised Settlement Class Members of their right to object to the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and expenses; their right to exclude themselves from the Settlement Class; and the March 21, 2023 deadline for objections and requests for exclusion. *See id*. at 2, 11-13.

On March 7, 2023, 14 days prior to the objection and exclusion deadline, Plaintiffs and Lead Counsel filed their opening papers in support of the Settlement, Plan of Allocation, and fee and expense request. These papers are available on the public docket (Docs. 170-172) and on the Settlement website. *See* Suppl. Segura Decl. ¶ 3. On April 4, 2023, the Settlement website was updated to inform Settlement Class Members of the revised date for the Settlement Hearing (May 11, 2023). In addition, notice of the Settlement was also provided by Defendants to appropriate federal and state officials pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b). *See* Doc. 173.

As noted above, following this notice program, not a single Settlement Class Member has objected to the Settlement, the Plan of Allocation, Lead Counsel's application for attorneys' fees and Litigation Expenses, or Plaintiffs' motion for awards under the Private Securities Litigation

3

Reform Act of 1995 ("PSLRA"). Only one request for exclusion from the Settlement Class was received. *See* Supp. Segura Decl. ¶ 4 and Ex. A. The request for exclusion was submitted by an individual investor who purchased just 50 shares during the Class Period and then sold all 50 shares in June 2018—before the first alleged corrective disclosure in the Action. *See* Supp. Segura Decl. Ex. A. The investor's letter requesting exclusion does not criticize any aspect of the proposed Settlement, the Plan of Allocation, or the requested fees and expenses. *Id.*

**B.      The Settlement Class's Reaction Supports Approval of the Settlement and the Plan of Allocation**

The reaction of the Settlement Class should be considered with respect to Plaintiffs' motion for approval of the Settlement and Plan of Allocation. *See Reed v. Gen. Motors Corp.*, 703 F.2d 170, 172 (5th Cir. 1983) (the court should consider, among other factors, "the opinions of class counsel, class representatives, and absent class members").

The absence of any objections and the small number of requests for exclusion support a finding that the Settlement is fair, reasonable, and adequate. *See, e.g.*, *Blackmon v. Zachary Holdings, Inc.*, 2022 WL 3142362, at *4 (W.D. Tex. Aug. 5, 2022) ("the lack of any objections from members of the Settlement Class . . . further support[s] final approval"), *Spegele v. USAA Life Ins. Co.*, 2021 WL 4935978, at *9 (W.D. Tex. Aug. 26, 2021) ("[T]he very small number of class members who have excluded themselves (26) from the Settlement or objected thereto (4), indicates the Settlement is well-received by absent class members, which supports approval of the Settlement."); *Erica P. John Fund, Inc. v. Halliburton Co.*, 2018 WL 1942227, at *5 (N.D. Tex. Apr. 25, 2018) ("Receipt of few or no objections can be viewed as indicative of the adequacy of the settlement."); *Schwartz v. TXU Corp.*, 2005 WL 3148350, at *22-23 (N.D. Tex. Nov. 8, 2005) (finding, where there were eight objections, that "the overwhelming response of absent Class Members overall . . . strongly supports approval of the settlement"); *Quintanilla v. A & R*

4

*Demolition Inc*., 2008 WL 9410399, at \*5 (S.D. Tex. May 7, 2008) ("Here, there were no objections to the settlement.  None of the class members elected to opt out of the settlement.  This indicates that the class is overwhelmingly in favor of settlement.").

Plaintiffs are sophisticated institutional investors, as are many other Settlement Class Members.  The absence of any objections or requests for exclusion by these institutional investors provides particularly strong evidence of the fairness of the Settlement.  *See In re AT&T Corp. Sec. Litig*., 2005 WL 6716404, at \*4 (D.N.J. Apr. 25, 2005) (the reaction of the class "weigh[ed] heavily in favor of approval" where "no objections were filed by any institutional investors who had great financial incentive to object"); *In re Citigroup Inc. Bond Litig*., 296 F.R.D. 147, 156 (S.D.N.Y. 2013) (the reaction of the class supported the settlement where "not one of the objections or requests for exclusion was submitted by an institutional investor").

The positive reaction of the Settlement Class also supports approval of the Plan of Allocation.  *See, e.g., Marcus v. J.C. Penney Co., Inc*., 2017 WL 6590976, at \*5 (E.D. Tex. Dec. 18, 2017) (recommending that the plan of allocation be approved where "[n]o objections have been filed by any class members"), *report and recommendation adopted*, 2018 WL 307024 (E.D. Tex. Jan. 4, 2018); *Schwartz*, 2005 WL 3148350, at \*24 (finding plan of allocation fair and reasonable where, "[m]ost importantly, there has only been one objection to the Plan of Allocation"); *In re Veeco Instruments Inc. Sec. Litig*., 2007 WL 4115809, at \*14 (S.D.N.Y. Nov. 7, 2007) ("[N]ot one class member has objected to the Plan of Allocation which was fully explained in the Notice of Settlement sent to all Class Members.  This favorable reaction of the Class supports approval of the Plan of Allocation.").

The lack of any objection further confirms the quality of the result achieved in this case. The Settlement was reached only after three years of vigorous litigation, and after substantial

5

arm's-length settlement negotiations, including two full-day mediation sessions assisted by an experienced mediator, and was based on that mediator's recommendation.  *See* Joint Decl. ¶ 51. Indeed, the Settlement represents a highly favorable result for the Settlement Class in light of the risks of the litigation and potential outcomes at trial—including the risk that Plaintiffs would be unable to prove their claims or prove that Defendants' alleged violations caused their losses—and represents a material portion of the Settlement Class's potentially recoverable damages.  In sum, the Settlement is an outstanding outcome for a case of this nature, satisfies the requirements of Rule 23(e), and warrants approval.

**C.     The Settlement Class's Reaction Supports Approval of the Fee and Expense Request**

The positive reaction of the Settlement Class should also be considered with respect to Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses.  The absence of any objections to the requested attorneys' fees and Litigation Expenses supports a finding that the request is fair and reasonable.  *See, e.g., Blackmon*, 2022 WL 3142362, at *5 (approving requested fee and noting that "importantly, there have been no objections to the requested fee award from class members"); *Grigson v. Farmers Grp., Inc*., 2020 WL 13598801, at *5 (W.D. Tex. May 22, 2020) (finding that the "lack of substantial objections further supports that the fee requested is reasonable" where one objection to attorneys' fees was filed); *Halliburton*, 2018 WL 1942227, at *12 ("lack of objections" was "relevant in considering the reasonableness and fairness of the [fee] award"); *Bethea v. Sprint Commc'ns Co*., 2013 WL 228094, at *5 (S.D. Miss. Jan. 18, 2013) ("The absence of objection by class members to Settlement Class Counsel's fee-and-expense request further supports finding it reasonable."); *In re Veeco Instruments Inc. Sec. Litig*., 2007 WL 4115808, at *10 (S.D.N.Y. Nov. 7, 2007) (the reaction of class members to a fee and expense request "is entitled to great weight by the Court" and the absence of any objections "suggests that

the fee request is fair and reasonable").

As with approval of the Settlement, the lack of objections from institutional investors particularly supports approval of the fee request. *See In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 305 (3d Cir. 2005) (the fact that "a significant number of investors in the class were 'sophisticated' institutional investors that had considerable financial incentive to object had they believed the requested fees were excessive" and did not do so, supported approval of the fee request); *In re Bisys Sec. Litig.*, 2007 WL 2049726, at *1 (S.D.N.Y. July 16, 2007) (noting that only one individual raised any objection, "even though the class included numerous institutional investors who presumably had the means, the motive, and the sophistication to raise objections if they thought the [requested] fee was excessive").

In short, the reaction of the Settlement Class further supports the approval of Lead Counsel's motion for fees and expenses. As set forth in Lead Counsel's opening papers in support of the motion, the requested fee of 20% of the Settlement Fund is strongly supported by the significant time and effort expended by Plaintiffs' Counsel, the complexity of the litigation and skill of counsel required, the substantial risks of the litigation, the support of the fee by sophisticated Plaintiffs, and the fee awards in comparable cases.

### D.    Claims Received

The Notice informed potential members of the Settlement Class that, if they wished to participate in the Settlement, they must submit a Claim Form to JND, with supporting documentation, postmarked (or submitted online) by February 23, 2023. *See* Initial Segura Decl. Ex. A, at 1, 2, 8, 23, 31. To date, JND has received 18,553 claims. *See* Suppl. Segura Decl. ¶ 5. These claims are still being processed and are subject to a deficiency process (in which Settlement Class members will be given the chance to cure any deficiencies in their claims) and further reviews and audits for quality control and fraud prevention. *Id.* ¶ 6.

\*       \*       \*

In sum, the overwhelmingly favorable reaction of the Settlement Class strongly supports approval of the Settlement, Plan of Allocation, and the fee and expense request.

## III.    CONCLUSION

For the foregoing reasons, and those set forth in their opening papers, Plaintiffs and Lead Counsel respectfully request that the Court approve the Settlement, the Plan of Allocation, and the request for attorneys' fees and Litigation Expenses and Plaintiffs' motion for awards pursuant to the PSLRA.    Copies of the (i) proposed Judgment Approving Class Action Settlement, (ii) proposed Order Approving Plan of Allocation of Net Settlement Fund, and (iii) proposed Order Awarding Attorneys' Fees and Litigation Expenses are attached hereto as Exhibits 2, 3, and 4.

Dated: April 4, 2023                                            Respectfully submitted,

By: /s/ *James A. Harrod*
      James A. Harrod
      Jeroen van Kwawegen
      Alexander T. Payne
      **BERNSTEIN   LITOWITZ   BERGER**
        **& GROSSMANN LLP**
      1251 Avenue of the Americas
      New York, New York 10020
      Telephone: (212) 554-1400
      Facsimile: (212) 554-1448
      Jim.harrod@blbglaw.com
      Jeroen@blbglaw.com
      Alex.Payne@blbglaw.com

      **GRANT & EISENHOFER P.A.**
      Daniel L. Berger
      Caitlin M. Moyna
      485 Lexington Avenue
      New York, NY 10017
      Telephone: (646) 722-8500
      Facsimile: (646) 722-8501
      dberger@gelaw.com
      cmoyna@gelaw.com

9

*Counsel for Plaintiffs, Lead Counsel for the Settlement Class and proposed Class Counsel*

**MARTIN & DROUGHT, P.C.**
Gerald T. Drought
State Bar No. 06134800
Federal Bar No. 8942
Frank B. Burney
State Bar No. 03438100
Bank of America Plaza, 25th Floor 300
Convent Street San Antonio, Texas 78205
Telephone: (210) 227-7591
Facsimile: (210) 227-7924
gdrought@mdtlaw.com
fburney@mdtlaw.com

*Liaison Counsel for Plaintiffs*

**CLARK HILL PLC**
Ronald A. King
212 E. Cesar Chavez Ave
Lansing, MI 48906
Telephone: (517) 318-3015
Facsimile: (517) 318-3068
rking@clarkhill.com

*Counsel for Plaintiff Police and Fire Retirement System of the City of Detroit*

#3269687

9

## <u>CERTIFICATE OF SERVICE</u>

I certify that on April 4, 2023 a true and correct copy of the foregoing document was filed with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to all counsel of record.

/s/ <u>*James A. Harrod*</u>
James A. Harrod
