# Exhibit 4

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| NYKREDIT PORTEFØLJE ADMINISTRATION A/S, OKLAHOMA FIREFIGHTERS PENSION AND RETIREMENT SYSTEM, OKLAHOMA LAW ENFORCEMENT RETIREMENT SYSTEM, OKLAHOMA POLICE PENSION AND RETIREMENT SYSTEM, OKLAHOMA CITY EMPLOYEE RETIREMENT SYSTEM, POLICE AND FIRE RETIREMENT SYSTEM OF THE CITY OF DETROIT, Individually and on behalf of all others similarly situated, | § § § § § § § § § § § | No. MO:19-CV-217-DC |
| *Plaintiffs,* | § § § | |
| v. | § § | |
| PROPETRO HOLDING CORP., DALE REDMAN, JEFFREY SMITH, IAN DENHOLM, and SPENCER D. ARMOUR III, | § § § § | |
| *Defendants.* | § § § § | |

**[PROPOSED] ORDER AWARDING
ATTORNEYS' FEES AND LITIGATION EXPENSES**

This matter came on for hearing on May 11, 2023 (the "Settlement Hearing") on Lead Counsel's Motion for Attorneys' Fees and Litigation Expenses and Plaintiffs' Motion for Awards. The Court having considered all matters submitted to it at the Settlement Hearing and otherwise; it appearing that: (i) Notice of the Settlement Hearing substantially in the form approved by the Court was mailed to all Settlement Class Members who or which could be identified with reasonable effort, and (ii) a summary notice of the hearing substantially in the form approved by the Court was published in *Investor's Business Daily* and released over *PR Newswire* pursuant to

the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and Litigation Expenses requested,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated September 22, 2022 (Doc. 168-1) (the "Stipulation") and all terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2. The Court has jurisdiction to enter this Order and over the subject matter of the Action and all Parties to the Action, including all Settlement Class Members.

3. Notice of Lead Counsel's Motion for Attorneys' Fees and Litigation Expenses and Plaintiffs' Motion for Awards was given to all Settlement Class Members who or which could be identified with reasonable effort. The form and method of notifying the Settlement Class of the for attorneys' fees and Litigation Expenses satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 77z-1, 78u-4, as amended, and all other applicable laws and rules, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4. Plaintiffs' Counsel are hereby awarded attorneys' fees in the amount of 20% of the Settlement Fund, or $6,000,000 (plus interest on that amount at the same rate as earned by the Settlement Fund), as well as $486,411.27 in payment of Plaintiffs' Counsel's litigation expenses (which fees and expenses shall be paid from the Settlement Fund), which sums the Court finds to be fair and reasonable. Lead Counsel shall allocate the attorneys' fees awarded amongst Plaintiffs' Counsel in a manner which they, in good faith, believe reflects the contributions of such counsel to the institution, prosecution, and settlement of the Action.

5. In making this award of attorneys' fees and payment of expenses from the Settlement Fund, the Court has considered and found that:

(a.) The Settlement has created a fund of $30,000,000 in cash that has been funded into escrow pursuant to the terms of the Stipulation, and numerous Settlement Class Members who submit acceptable Claim Forms will benefit from the Settlement that occurred because of the efforts of Plaintiffs' Counsel;

(b.) The requested fee has been reviewed and approved as reasonable by Plaintiffs, six sophisticated institutional investors that actively supervised the Action;

(c.) Copies of the Notice were mailed to over 72,000 potential Settlement Class Members and nominees stating Lead Counsel would apply for attorneys' fees in an amount not to exceed 20% of the Settlement Fund and for Litigation Expenses in an amount not to exceed $750,000, and no objections to the requested attorneys' fees and Litigation Expenses were received;

(d.) Plaintiffs' Counsel conducted the litigation and achieved the Settlement with skill, perseverance, and diligent advocacy;

(e.) The Action raised a number of complex issues;

(f.) Had Plaintiffs' Counsel not achieved the Settlement there would remain a significant risk that Plaintiffs and the other members of the Settlement Class may have recovered less or nothing from Defendants;

(g.) Plaintiffs' Counsel's attorneys devoted over 8,900 hours, with a lodestar value of over $6.3 million, to achieve the Settlement; and

(h.) The amount of attorneys' fees awarded and expenses to be paid from the Settlement Fund are fair and reasonable and consistent with awards in similar cases.

6. Lead Plaintiff Nykredit Portefølje Administration A/S is hereby awarded $18,075.00 from the Settlement Fund in reimbursement for its reasonable costs and expenses directly related to its representation of the Settlement Class.

7. Lead Plaintiff Oklahoma Firefighters Pension and Retirement System is hereby awarded $4,583.00 from the Settlement Fund in reimbursement for its reasonable costs and expenses directly related to its representation of the Settlement Class.

8. Lead Plaintiff Oklahoma Law Enforcement Retirement System is hereby awarded $2,425.00 from the Settlement Fund in reimbursement for its reasonable costs and expenses directly related to its representation of the Settlement Class.

9. Lead Plaintiff Oklahoma Police Pension and Retirement System is hereby awarded $4,074.00 from the Settlement Fund in reimbursement for its reasonable costs and expenses directly related to its representation of the Settlement Class.

10. Lead Plaintiff Oklahoma City Employee Retirement System is hereby awarded $7,798.70 from the Settlement Fund in reimbursement for its reasonable costs and expenses directly related to its representation of the Settlement Class.

11. Plaintiff Police and Fire Retirement System of the City of Detroit is hereby awarded $2,860.30 from the Settlement Fund in reimbursement for its reasonable costs and expenses directly related to its representation of the Settlement Class.

12. Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees and expense application shall in no way disturb or affect the finality of the Judgment.

4

5

13.    Exclusive jurisdiction is hereby retained over the Parties and the Settlement Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order.

14.    In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.

15.    There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

SO ORDERED this _____ day of _____ 2023.

_____
The Honorable David Counts
United States District Judge